LAW OFFICE
# SULLIVAN & WOODS, LLC
5305 LIMESTONE ROAD
SUITE 200
WILMINGTON, DELAWARE 19808
TELEPHONE: (302) 234-6855
FAX: (302) 234-6876

John E. Sullivan, Esq.  
Licensed in DE and PA

James J. Woods, Jr., Esq.  
Licensed in DE

The Honorable Gregory M. Sleet   March 18, 2005
United States District Court
for the District of Delaware
844 N. King Street
Lock Box 19
Wilmington, DE  19801

  RE: **Jan Kopacz v. Delaware River and Bay Authority**
     **C.A. Nos. 04-911 and 04-1281**
     <u>**Letter Brief Pursuant to this Court's Order**</u>

Dear Judge Sleet:

  We are seeking the production of DRBA's complete file pertaining to Mr. Kopacz's entitlement to maintenance and cure for the period August 9, 2002 (the date of the accident) until September 22, 2003 (the date we notified Lamorte Burns & Co., Inc. of our intention to file suit). (See Exhibit 1 attached hereto). The complete file we are seeking includes all internal memoranda and all records of communications to and from Lamorte Burns & Co., Inc., the adjusting firm used by DRBA to handle all of its maritime claims of less than $10,000.00 and all records of communications to and from DRBA's insurer, The United Kingdom Mutual Steam Ship Assurance Association (Bermuda) Limited or its agent, Thomas Miller (Americas) Inc.

  DRBA has produced some of its file but has claimed various privileges as to the rest. Your Honor's Order directed us to file this Brief on the privilege issues.

  Three general considerations underlie the issues before the Court:

  1. "[A]s the Supreme Court has recently made clear, federal courts should not create evidentiary privileges lightly, "[i]nasmuch as '[t]estimonial exclusionary rules and privileges contravene the fundamental principle that the public . . . has a right to every man's evidence.'" *University of Pennsylvania v. EEOC*, 493 U.S. 182, 189, 110 S. Ct. 577, 582, 107 L. Ed. 2d 571 (1990) (quoting *Trammel v. United States*, 445 U.S. 40, 50, 100 S.

The Honorable Gregory M. Sleet
March 18, 2005
Page 2

Ct. 906, 912, 63 L. Ed. 2d 186 (1980) (citation omitted). See *Linde Thompson v. Resolution Trust Corp.*, 5 F.3d 1508, 1514 (D. C. Cir. 1993).

  2. The party seeking to establish the privilege has the burden of proof to demonstrate that all of the requirements for invoking the privilege have been met. *Long v. Anderson University*, 204 F.R.D. 129, 133 (S. D. Ind. 2001).

  3. Federal Rule of Evidence 501 mandates the application of state privileges in civil actions or proceedings for which state law applies the rules of decision and federal privileges for issues or proceedings arising under federal law. This case arises under the admiralty and maritime jurisdiction, so the federal law of privileges applies.

## ATTORNEY - CLIENT PRIVILEGE

Professor Wigmore's standards for parties seeking to assert the attorney-client privilege have been adopted by the Seventh Circuit. See *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) citing 9 J. Wigmore, Evidence §2292 (McNaughton rev. 1961). See also *Long v. Anderson University*, 204 F.R.D. 129, 133 (S.D. Ind. 2001). Pennsylvania law, described as "consistent with the settled law in all American jurisdictions" is also based upon Professor Wigmore's standards. See *United Coal Companies v. Powell Construction Co.*, 839 F.2d 958, 965 (3rd Cir. 1988). We believe the Third Circuit would adopt these standards as applicable to the Federal Law of attorney-client privilege.

The standards, as cited in *United Coal, Davis* and *Long,* require that legal advice be sought from a professional legal advisor in his capacity as such in order for the privilege to attach. That did not occur here.

Lamorte Burns & Co., Inc. is an independent adjusting company which is DRBA's agent for all marine (P & I) claims under $10,000.00. It receives notice of every claim. Some of the adjusters at Lamorte Burns are lawyers and some are not. The individual with whom DRBA deals is John P. Schaffer, and he is a lawyer. Nevertheless, DRBA does not deal with him as a lawyer representing DRBA. This is all set forth in Bonnie Miller's deposition transcript at pp. 9 -11.

DRBA's marine insurance is with an English company named The United Kingdom Mutual Steam Ship Assurance Association (Bermuda) Limited. The American affiliate which handles claims for this association is Thomas Miller (Americas) Inc. DRBA notifies this company of its marine claims, and DRBA deals with Karen Hildebrandt at Thomas Miller's office in Jersey City. Karen Hildebrandt is also a lawyer, but DRBA does not deal with her in her capacity as a lawyer. See Bonnie Miller's

The Honorable Gregory M. Sleet
March 18, 2005
Page 3

deposition transcript at pp. 11-12.

Based on the foregoing, it is clear that the attorney-client privilege is not available.

## WORK PRODUCT PRIVILEGE

The purpose of work product privilege is to afford a lawyer unfettered freedom in the preparation of his case, and it can extend to materials prepared by someone else for the lawyer. See *Linde Thompson v. Resolution Trust Corp.*, 5 F.3d 1508, 1514-1515 (D.C. Cir. 1993). However, the documents must be prepared for a lawyer, so investigation reports made for an insurance company immediately after an accident by an employee of that insurance company are not protected because they were not prepared by or on behalf of a party to the lawsuit. See *Benton v. Brookfield Properties Corp.*, 56 Fed. R. Serv. 3rd 46 (S.D.N.Y. 2003).

The materials must also have been prepared in anticipation of litigation to be protected. If they were not so prepared but were made in the ordinary course of business, they are not protected even though they pertain to an investigation of the claim involved in the lawsuit. Accordingly, the results of an internal investigation into sexual harassment complaints were discoverable because they were created as a result of the University's harassment policy, and were therefore a usual and customary step in how the University conducted its business. This was true even though Plaintiff's counsel had already threatened litigation. See *Long v. Anderson University*, 204 F.R.D. 129, 136-137 (S.D. Ind. 2001).

Insurance files pose some difficulties because it is the business of insurance companies to investigate accidents which may result in claims. In *Guidry v. Jen Marine,LLC*, 2003 U.S. Dist. LEXIS 15272 (E.D. La. 2003) the investigation and file documents compiled over a period of several months were ordered produced because they were not prepared in anticipation of litigation. The investigation was routine, and the file contained not only the investigation results but also a description of the injuries and the adjuster's many efforts to settle the matter prior to the Plaintiff's retention of counsel. The Court said they were not prepared in anticipation of litigation.

A case in point and controlling is *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3rd 124, 138-139 (3rd Cir. 2000). Here a Plaintiff was seeking interest, and his lawyer telephoned a Plan employee about his claim. That prompted a Plan attorney to write a legal memorandum analyzing the claim. The Third Circuit found that the District Court had abused its discretion by refusing to order the production of the legal memorandum. Judge Nygaard observed that "work product prepared in the ordinary

The Honorable Gregory M. Sleet
March 18, 2005
Page 4

course of business is not immune from discovery." 213 F.3rd at 138. He observed that the preparation of the legal memorandum "in connection with" the administrative claim for interest "hardly establishes" that it was prepared in anticipation of litigation. 213 F.3rd at 139.

Bonnie Miller, DRBA's Insurance Manager, testified repeatedly that DRBA was told affirmatively by Kopacz that he was pursuing a claim only against his automobile insurance company and not DRBA. Miller Deposition at pp. 46, 59, 60, 62, 63. It was not until June 2003 that Kopacz informed DRBA that he was looking to them to pay his maintenance and cure. Miller Deposition at pp. 75 -81. It was not until counsel's letter to Lamorte Burns dated September 22, 2003 that litigation could be reasonably anticipated.

The facts demonstrate conclusively that DRBA was not anticipating litigation when the records were prepared, so Plaintiff submits that DRBA's entire file should be produced since it cannot prove it is entitled to any of the privileges it has asserted in its Privilege Log.

Respectfully,

James J. Woods, Jr.

EAS:cde
Enclosure

cc: Mary Elisa Reeves, Esq.
    Donald M. Ransom, Esq.
    Carmella P. Keener, Esq.

## CERTIFICATE OF SERVICE

I, James J. Woods, Jr., hereby certify that on March 18, 2005, two copies of the attached Letter Brief were served on the following:

Mary Elisa Reeves, Esq. (By regular mail)
Donnal Adelsberger & Associates, P.C.
6 Royald Avenue
P.O. Box 530
Glenside, PA 19038

Carmella Keener, Esq. (By hand)
Rosentha, Monhait, Gross & Goddess, P.A.
Suite 140L 919 Market Street
P.O. Box 1070
Wilmington, DE 19899

Donald M. Ransom, Esq. (By hand)
Casarino Christman & Shalk
800 North King Street
Suite 200
P.O. Box 1276
Wilmington, DE 19899

_____
James J. Woods, Esq.