IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ, and KATHY KOPACZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-911 (GMS) |
| | ) | (Consolidated with C.A. No. 04-1281 GMS) |
| DELAWARE RIVER AND BAY | ) | |
| AUTHORITY, and CRAIG SWETT, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

1. The plaintiffs in the above-captioned action seek to compel production of the Delaware River and Bay Authority's (the "DRBA") complete file pertaining to Jan Kopacz's ("Kopacz") alleged injury that occurred August 9, 2002, on the deck of the DRBA ferry. This production request includes correspondence with the DRBA's claims adjuster, John Schaffer ("Schaffer"), of Lamorte Burns, its insurance provider, Karen Hildebrandt ("Hildebrant"), of Thomas Miller Americas, Inc., and its corporate counsel, Michael Houghton ("Houghton"), of Morris, Nichols, Arsht & Tunnel.

2. In response to the plaintiffs' motion to compel, the DRBA contends that the communications sought by the plaintiffs are protected by either attorney-client privilege or the work product doctrine. The DRBA has provided the court with a privilege log to support its position, and contends that the privilege log explains the roles of the named individuals, as well as a general description of the documents at issue. The DRBA also maintains that if the court cannot determine whether the documents are protected by attorney-client privilege or the work product doctrine, then it should review the documents *in camera*.

3. The court has considered the parties' arguments and reviewed their submissions, and finds that Schaffer and Hildebrandt were not acting in their capacity as attorneys for the DRBA for purposes of the communications requested by the plaintiffs. Therefore, the court concludes that the DRBA's correspondence with Schaffer and Hildebrandt are not protected by the attorney-client privilege. The court does find, however, that Houghton was acting in his capacity as attorney for purposes of his communications with the DRBA. Thus, the undated correspondence between Trudy Spence-Parker of the DRBA and Houghton is protected by attorney-client privilege.

4. The court further concludes that the privilege log documents created after June 27, 2003 were created in anticipation of litigation, the plaintiffs have shown no substantial need for them, and they are protected from discovery. However, the record is devoid of evidence that would support a finding that the documents created before August 9, 2002 were prepared in anticipation of litigation, and the court, therefore, concludes that they are not work product.

5. Lastly, the court is unable to determine, for the purposes of a work product inquiry, the nature of the documents created between August 9, 2002 and June 27, 2003. The court is also unable to determine whether attorney-client privilege or the work product doctrine applies to those documents claimed in the DRBA's privilege log that do not contain any information as to when they were created, and only approximate information as to who created them and who had been privy to them.

Therefore, IT IS HEREBY ORDERED that:

1. The plaintiff's motion to compel production of Trudy Spence-Parker's correspondence with Houghton, and those documents claimed in the privilege log and created by the defendants or their representatives after June 27, 2003 is

    DENIED;

2. The plaintiff's motion to compel production of those documents claimed in the privilege log that were created before August 9, 2002 is GRANTED;

3. The DRBA will submit to the court for *in camera* review by August 5, 2005, copies of all materials listed in the privilege log not protected by attorney-client privilege and created between August 9, 2002 and June 27, 2003, for which the defendants continue to seek work product protection; and

4. The DRBA will submit to the court by August 10, 2005 detailed information regarding the date of creation, origin, circulation, and nature of each document claimed under the privilege log entry "Correspondence between Mary Elisa Reeves, Bonnie Miller, John Schaffer, and/or Karen Hildebrandt."

Dated: August 1, 2005                                /s/ Gregory M. Sleet
                                                                                    UNITED STATES DISTRICT JUDGE