**ROSENTHAL, MONHAIT, GROSS & GODDESS, P. A.**
ATTORNEYS AT LAW
SUITE 1401, 919 MARKET STREET
P. O. BOX 1070
WILMINGTON, DELAWARE 19899-1070

JOSEPH A. ROSENTHAL
NORMAN M. MONHAIT
KEVIN GROSS
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN

TELEPHONE (302) 656-4433
FACSIMILE (302) 658-7567
E-MAIL RMGG@RMGGLAW.COM

August 5, 2005

**By Hand with Enclosures;**
**Filed Electronically w/o Enclosures**

The Honorable Gregory M. Sleet
United States District Court, District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   Kopacz v. Del. River and Bay Auth. *et ano.*, D. Del., C.A. No. 04-911 (GMS)
      Kopazc v. Delaware River and Bay Auth., D. Del., C.A. No. 04-1281 (GMS)

Dear Judge Sleet:

In accordance with the Court's August 1, 2005 Order (the "Order") at paragraph 3, Delaware River and Bay Authority submits herewith copies of the documents in the claims file which are dated between August 9, 2002 and June 27, 2003, for *in camera* review. DRBA continues to assert that these documents were prepared in anticipation of litigation, and that they are therefore, protected by the work-product privilege and not discoverable. However, Your Honor will find that as to certain of these documents, for the sake of completeness, we have enclosed non-privileged documents if they were enclosures to a privileged communication. Those non-privileged documents have already been produced to the plaintiffs.

In addition, pursuant to Your Honor's instruction at paragraph 4 of the Order, DRBA provides the following information regarding the documents claimed under the privilege log entry "correspondence between Mary Elisa Reeves, Bonnie Miller, John Schaffer, and/or Karen Hildebrandt." Ms. Reeves. lead counsel for DRBA in this matter, was a participant in each of

The Honorable Gregory M. Sleet
August 5, 2005
Page 2

these pieces of correspondence either as an author or recipient. In addition, all documents which constitute communications involving Mary Elisa Reeves are dated subsequent to June 27, 2003, and are, therefore, covered by the Court's ruling in paragraph 1 of the Order. DRBA respectfully submits that it should not be required to itemize all of these communications, which are covered by both the attorney-client and work-product privilege. Accordingly, DRBA does not anticipate providing any further detail regarding these documents unless so directed by the Court.

Counsel for DRBA stand ready to respond to any further inquiry by this Court regarding the documents enclosed for *in camera* review, and any questions involving the documents referenced in paragraph 4 of the Court's Order.

Respectfully,

*Carmella P. Keener*

Carmella P. Keener
(DSBA No. 2810)

CPK/mcm
Enclosures

cc: James J. Woods, Esquire (via electronic delivery w/o enclosures)
    Mary Elisa Reeves, Esquire (via electronic delivery w/o enclosures)
    Donald M. Ransom, Esquire (via electronic delivery without enclosures)
    Clerk of the Court (via hand delivery, w/o enclosures)