AUG 1 1 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JAN KOPACZ and CATHY KOPACZ,           :
              Plaintiffs,           :           C.A. No. 04-911 GMS
    v.           :
                               :           Jury Trial Demanded
                               :
DELAWARE RIVER AND BAY           :
AUTHORITY,  and CRAIG SWETT,           :
              Defendants.           :
                               :
JAN KOPACZ,           :
              Plaintiff,           :           C.A. No. 04-1281 GMS
    v.           :
                               :
DELAWARE RIVER AND BAY           :
AUTHORITY,           :
              Defendant.           :

## SUBPOENA IN A CIVIL CASE

TO:    Records Keeper for        **DUCES TECUM***
       Eric Balliet, D.D.S.
       13 Chesterfield Dr.
       Lewes, DE 19958              302-644-7174

       YOU ARE COMMANDED TO produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:*

ANY AND ALL records, including but not limited to all office notes, reports, letters to and from your facility, patient questionnaires, evaluations, test results,  surgical reports, film/scan reports, referrals, etc. pertaining to **Jan Kopacz, DOB 3/15/1947, SSN 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.**
**\*PLEASE NOTE YOUR APPEARANCE IS WAIVED IF THE RECORDS ARE RECEIVED IN THE OFFICE OF CASARINO, CHRISTMAN & SHALK, P.A. ON OR BEFORE THE DATE OF THE DEPOSITION.**

PLACE:                                DATE AND TIME:
Casarino, Christman & Shalk, P.A.        August 10, 2005
800 N. King Street,  Suite 200             at 10:00 a.m.
Wilmington, DE  19801
**MAILING ADDRESS:**                     _C. J. Brooks - Montoban_
**Casarino, Christman & Shalk, P.A.**     CHANETA G. BROOKS-MONTOBAN, ESQ.
**P.O. Box 1276**                        Casarino, Christman & Shalk, P.A.
**Wilmington, DE 19899-1276**         800 N. King Street,  Suite 200
                                     P.O. Box 1276
                                     Wilmington, DE  19899
Dated:  _7/25/05_                 (302) 594-4500
                                       Attorney for Defendant Craig Swett

# PROOF OF SERVICE

| SERVED<br>Eric Balliet, D.D.S. | DATE<br>8/2/2005 @<br>11:40 a.m. | PLACE<br>*NEW ADDRESS:  212 W. Market<br>Street, Georgetown, DE  19947 |
|---|---|---|
| Served on (Print Name)<br>Janet Jones | | Manner<br>records custodian |
| Served by (Print Name)<br>John A. Stolzenbach | | Title<br>Special Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Executed on     8/8/2005
                        Date

Signature of Server

P.O. Box 368

Wilmington, DE 19899-0368
            Address of Server

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) Protection of Persons Subject to Subpoenas.**

**(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lest earnings and a reasonable attorney's fee.**

**(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.**

**(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.**

**(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it::**
     **(i) fails to allow reasonable time for compliance,**
     **(ii) requires a person who is not a party or an office of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in Person, except that subject to the provision of clause (c)(3)(B)(iii) of**

this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held ;
     **(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or**
     **(iv) subjects a person to undue burden.**

**(B) If a subpoena**

     **(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or:**
     **(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or**
     **(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.**

**(d)  Duties In Responding to Subpoena.**

**(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.**

**(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.**