IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ, and KATHY KOPACZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-911 (GMS) |
| | ) | (Consolidated with C.A. No. 04-1281 GMS) |
| DELAWARE RIVER AND BAY | ) | |
| AUTHORITY, and CRAIG SWETT, | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM**

Jan Kopacz, an employee of the Delaware River and Bay Authority ("DRBA"), alleges he sustained an on-the-job injury on August 9, 2002. Kopacz now seeks to recover for his injuries in part from DRBA. Presently before the court is Kopacz's motion to compel documents listed on DRBA's privilege log. The court ruled on certain of those documents in an order dated August 1, 2005. (D.I. 37.) As to the remainder of the documents, the court directed DRBA to submit them for *in camera* review. (Id.)

For each document, DRBA claims either work product protection, or attorney-client privilege, or both. The Third Circuit has summarized the work product doctrine as follows:

> The doctrine of work-product immunity "'shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.'" *In re Grand Jury (Impounded)*, 138 F.3d 978, 981 (3d Cir. 1998) (quoting *United States v. Nobles*, 422 U.S. 225, 238, 45 L. Ed. 2d 141, 95 S. Ct. 2160 (1975)). A party claiming work-product immunity bears the burden of showing that the materials in question "were prepared in 'the course of preparation for possible litigation.'" *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 94 (quoting *Hickman v. Taylor*, 329 U.S. 495, 505, 91 L. Ed. 451, 67 S. Ct. 385 (1947); *Conoco, Inc. v. United States Dept. of Justice*, 687 F.2d 724, 730 (3d Cir. 1982) [sic]. Work product prepared in the ordinary course of business is not immune from discovery. If the party asserting the privilege bears its burden of proof, the party seeking production may obtain discovery "only upon a showing that the party... has substantial need of the materials in the preparation of the party's case and that the party is unable without

undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. 26(b)(3).

*Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000). It is insufficient for the party claiming work-product immunity to merely assert that the materials were prepared "in connection with" the subject matter of the dispute. *Id.* at 139. For example, in *Holmes*, the plaintiff pursued a claim to interest on delayed benefits through administrative channels, which prompted one of the defendants' attorneys to write a memorandum analyzing the merits of the plaintiff's claim. *Id.* at 138. The Third Circuit denied work-product protection because the defendants had merely claimed that the memorandum was prepared "in connection with" the plaintiff's claim, and therefore, had not "carried their burden of showing that the memorandum was, in fact, prepared in anticipation of possible litigation." *Id.* at 139. Moreover, "[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision [i.e., work-product immunity]." Fed. R. Civ. P. 26 advisory committee's note. Nevertheless, the documents for which protection is sought need not have been prepared by an attorney. *See* Fed. R. Civ. P. 26(b)(3) (work-product immunity applies to materials prepared by or for the party's representative, not merely the party's attorney).

Attorney-client privilege, on the other hand, "protects the confidences exchanged between an attorney and a client." *United States v. Inigo*, 925 F.2d 641, 656 (3d Cir. 1991). It gives the client the right to object to disclosure of any privileged communications made during the relationship. *Id.* However, "for a communication to be privileged, it must have been made for the purpose of securing legal advice." *Kelly v. Ford Motor Co.*, 110 F.3d 954, 965 (3d Cir. 1997).

The court has carefully reviewed the submitted documents and arrived at the following

conclusions:

DRBA00001: This document is a fax cover sheet from Bonnie Miller, DRBA's Claims and Insurance Manager, to Jon Schaffer, Esq., a claims handler at Lamorte Burns, dated November 11, 2002. The document also contains numerous hand-written notations regarding DRBA's strategy in handling Kopacz's potential claim. The court holds that the hand-written notations on this document were created in "anticipation of possible litigation," *Holmes*, 213 F.3d at 139. Therefore, the court will issue a redacted version of the document for transmittal by the court to the parties.

DRBA00002-03, DRBA00031: These documents are fax cover sheets from Miller to Schaffer, dated August 14, 2002. There being no indication that these documents were prepared in anticipation of litigation, they are not subject to protection under Rule 26(b)(3). The documents are also not shielded by attorney-client privilege because the court previously ruled that Schaffer was not acting in his capacity as an attorney. (D.I. 37 ¶ 3.) Therefore, they are subject to discovery.

DRBA00004-06, DRBA00029: These documents from August 2002 are requests for a Marine Index Bureau ("MIB") Claim Search on Kopacz. There is no evidence that the MIB request was prepared in anticipation of litigation, and it was not the subject of a communication between DRBA and its attorneys. Therefore, they are subject to discovery.

DRBA00007-08: This is a February 12, 2003, cover letter faxed from Schaffer to Karen Hildebrandt, Esq., a claims handler at Thomas Miller (Americas) Inc. informing Hildebrandt that Miller has complied with the requirements of Delaware's Department of Insurance Fraud Prevention Bureau. This document deals only with "public requirements unrelated to litigation." Fed. R. Civ. P. 26 advisory committee's note. Consequently, it is not protected by Rule 26(b)(3). Furthermore, as the court has already ruled that neither Schaffer nor Hildebrandt were acting in their capacities as attorneys (D.I. 37 ¶ 3), the letter is not protected by attorney-client privilege. Thus, it is subject to discovery.

DRBA00009-15: These documents are various emails from August and October 2002, in which DRBA discusses its strategy regarding Kopacz. The court holds that they were prepared in anticipation of litigation. Therefore, they are not subject to discovery.

DRBA00016-27: This document is a DRBA "Complete Claim Status Report" with attachments, dated August 14, 2002. It appears to have been prepared in the ordinary course of business, and not in anticipation of litigation. Furthermore, it was not the subject of an attorney-client communication. Therefore, it is subject to discovery.

DRBA00028: This is an August 19, 2002, email from Hildebrandt to Schaffer, Miller, and one other person. It was not prepared in anticipation of litigation and it is not the subject of an attorney-client communication. Therefore, it is subject to discovery.

DRBA00030: This is an August 15, 2002, letter from Schaffer to G.E. Property & Casualty Insurance Co., in which he requests information about a previous incident regarding Kopacz. There is no evidence it was prepared in anticipation of litigation, or that it is the subject of an attorney-client communication. Therefore, it is subject to discovery.

DRBA00032-66: This is a cover letter with attachments from Miller to the Insurance Fraud Prevention Bureau, dated February 6, 2003. With the exception of two attachments (DRBA00034, which is identical to DRBA00001; and DRBA00051, which is identical to DRBA00015), none of this appears to have been prepared in anticipation of litigation, or the subject of an attorney-client communication. Therefore, except DRBA00034 and DRBA00051, it is subject to discovery.

DRBA00067-69: This is a cover letter from Schaffer to Hildebrandt regarding the Kopacz incident, dated August 15, 2002. There is no evidence that it was prepared in anticipation of litigation, and it is not an attorney-client communication. Therefore, it is subject to discovery.

The court further rules that the privilege log entry entitled "correspondence between Mary Elisa Reeves, Bonnie Miller, John Schaffer, and/or Karen Hildebrandt" is subject to work-product protection pursuant to the court's August 1, 2005, order. (D.I. 37.)

Dated: August 29, 2005

UNITED STATES DISTRICT JUDGE

FILED
AUG 29 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ, and KATHY KOPACZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-911 (GMS) |
| | ) | (Consolidated with C.A. No. 04-1281 GMS) |
| DELAWARE RIVER AND BAY | ) | |
| AUTHORITY, and CRAIG SWETT, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

IT IS HEREBY ORDERED THAT:

Kopacz's motion to compel be GRANTED in part and DENIED in part, in the manner indicated in the accompanying memorandum.

Dated: August 29, 2005

UNITED STATES DISTRICT JUDGE



FILED
AUG 29 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE