**ROSENTHAL, MONHAIT, GROSS & GODDESS, P. A.**
ATTORNEYS AT LAW
SUITE 1401, 919 MARKET STREET
P. O. BOX 1070
WILMINGTON, DELAWARE 19899-1070

JOSEPH A. ROSENTHAL
NORMAN M. MONHAIT
KEVIN GROSS
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN

TELEPHONE (302) 656-4433
FACSIMILE (302) 658-7567
E-MAIL RMGG@RMGGLAW.COM

August 30, 2005

**By Hand and Electronic Filing**

The Honorable Gregory M. Sleet
United States District Court, District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:   Kopacz v. Del. River and Bay Auth. *et ano.*, D. Del., C.A. No. 04-911 (GMS)
      Kopazc v. Del. River and Bay Auth., D. Del., C.A. No. 04-1281 (GMS)

Dear Judge Sleet,

We write on behalf of the DRBA with respect to a discovery dispute which has arisen in this case.

In this lawsuit, plaintiff Jan Kopacz claims an injury to his lower back when he was allegedly struck by defendant Swett's car on board defendant Delaware River and Bay Authority's ferry on August 9, 2002. Plaintiff, an employee of the DRBA, was out of work until November 2002, and thereafter filed suit against the DRBA for negligence, unseaworthiness, maintenance and cure. The DRBA denies that the Swett vehicle actually contacted Mr. Kopacz, and alleges that the claim is fraudulent. Plaintiff eventually filed suit against Swett as well, and the two actions were consolidated.

On December 24, 2004, Mr. Kopacz claimed to have suffered another injury on the ferry to his shoulder and hand. He sought maintenance and cure for this injury, and was found not fit for duty because of low back problems. He is currently collecting long term disability benefits, however, he has previously threatened to sue the DRBA for failure to pay maintenance and cure with respect to this injury. He also claimed that the December 2004 injury was caused by the DRBA's failure to have an adequate crew on the day of the injury.

Honorable Gregory M. Sleet
August 30, 2005
Page 2

    Mr. Kopacz seems to be disabled due to his low back condition. At this point it is unclear whether plaintiff now claims that this is a new injury which occurred on December 24, 2004, or whether that accident simply exacerbated the condition which he alleges was caused by the car accident of August 2002. Therefore, the DRBA served supplemental interrogatories requesting a clarification of plaintiff's position concerning the December accident, and whether it impacted the August 2002 claim. (See Interrogatories 1, 2, 4, 5, 6, 7, attached hereto as Exhibit A). Plaintiff objected, and refuses to respond to these interrogatories. (See Plaintiff's Answers to Third Set of Interrogatories).

    Clearly, the DRBA is entitled to know whether plaintiff claims that the December 2004 incident caused new injuries, or simply exacerbated the injuries arising from the August 2002 incident which is the subject of this lawsuit. Plaintiff is seeking substantial damages as a result of the August 2002 incident, and therefore this line of questioning is clearly relevant as it may lead to the discovery of admissible evidence. Rule 33(c) of the Federal Rules of Civil Procedure specifically provides that an interrogatory is not objectionable simply because it seeks to discovery a party's opinions or contentions in the lawsuit.

    We look forward to discussing this dispute with Your Honor on Thursday morning at 10:00 am.

    Respectfully,

/s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
ROSENTHAL, MONHAIT, GROSS
    & GODDESS, P.A.
919 N. Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com

CPK/jls

cc:    James J. Woods, Esquire (via electronic filing)
        Mary Elisa Reeves, Esquire (via electronic filing)
        Donald M. Ransom, Esquire (via electronic filing)
        Clerk of the Court (via hand delivery)