# EXHIBIT A

DONNA ADELSBERGER & ASSOCIATES, P.C.
BY:   Mary Elisa Reeves, Esquire
6  Royal Avenue
P.O. Box 530
Glenside, PA 19038
(215) 576-8690
Attorneys for Defendant,
Delaware River & Bay Authority

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAN KOPACZ | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 03-CV-4858 (SSB) |
| | : | |
| DELAWARE RIVER & BAY AUTHORITY | : | |

### DEFENDANT'S SECOND SET OF INTERROGATORIES
### ADDRESSED TO PLAINTIFF, JAN KOPACZ

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, please respond
to the following Interrogatories within 30 days.  These Interrogatories are
continuing in character, and you are required to serve modified or supplemental
responses as you obtain further or different information after the date of your initial
answers.

A.    **Definitions**.

1.    "You and "your" means Plaintiff, his attorneys, agents, servants or
other representatives in connection with this case.

2.    "Identify" means (1) if referring to a person, the full name and home
and business addresses of such person; and (2) if referring to a document, a
complete description of the document and the name, address and title of the
person(s) who have present custody of the document; in lieu of identifying
document(s), a clear copy of each document may be attached to your answer.

3.    "Accident" or "Incident" refers to the set of circumstances described in
Plaintiff's Complaint.

**B.**    **Interrogatories**.

1. Do you contend that you are entitled to maintenance and cure as a result of an injury that allegedly occurred on December 24, 2004?

2. If your answer to Interrogatory No. 1 is "yes", please state the following:

   a) what part(s) of your body was/were injured;

   b) whether this injury/injuries were new injuries or the exacerbation of an existing injury;

   c) if you allege that any injury was an exacerbation of an existing injury, state the date and cause of the existing injury.

3. Identify all doctors with whom you have treated in the last two years.

4. Do you contend that the injury that allegedly occurred on December 24, 2004 was the result of any negligence on the part of the DRBA?

5. If your answer to Interrogatory No. 4 is "yes", please identify:

   a) each specific instance of negligence, and the role it played in causing your injury;

2

b) any individual whose negligence you believe is attributable to the DRBA.

6. Do you contend that the injury that allegedly occurred on December 24, 2004 was the result of any unseaworthiness?

7. If your answer to Interrogatory No. 4 is "yes", please identify the unseaworthy condition(s), and the role each such condition played in causing your injury.

8. Please identify all fact witnesses whose testimony you intend to present at trial.

9. Please identify all documents or other tangible evidence that you intend to present at trial.

DONNA ADELSBERGER & ASSOCIATES, P.C.

BY: _Mary E. Reeves_

Mary Elisa Reeves, Esquire
6 Royal Avenue
P.O. Box 530
Glenside, PA 19038-0530
(215) 576-8690
Attorney for Defendant,
Delaware River and Bay Authority

DATE: July 1, 2005

3

## CERTIFICATION

I, Mary Elisa Reeves, certify that the within Second Set of Interrogatories

addressed to Plaintiff, Jan Kopacz, was served on the below date, via first class

mail, postage prepaid, on the following party:

> E. Alfred Smith, Esquire
> E. Alfred Smith & Associates
> 1333 Race Street - Second Floor
> Philadelphia, PA  19107

DONNA ADELSBERGER & ASSOCIATES, P.C.

BY: _Mary E. Reeves_

Mary Elisa Reeves,
Attorney for Defendant,
Delaware River & Bay Authority

DATE:  July 1, 2005

4

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAN KOPACZ | : | CIVIL ACTION |
| | : | |
| | : | No. 03-cv-4858 (SSB) |
| v. | : | |
| | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| | : | |

### PLAINTIFF'S ANSWERS TO DEFENDANT'S
### THIRD SET OF INTERROGATORIES

General objection.

The court's scheduling order of February 3, 2005 required that all discovery be initiated so that it would be completed by July 31, 2005. As is her custom, defense counsel ignored a court-imposed deadline and served a set of interrogatories by letter dated July 1, 2005 which was received by plaintiff on July 5, 2005. Rather than bother the court with a discovery battle, plaintiff is answering subject to this general objection and the specific objections noted below.

1-2. Objected to as invading the thought processes of counsel and not intended to lead to the discovery of admissible evidence. Whether plaintiff claims he is entitled to maintenance and cure as the result of an injury on December 24, 2004 cannot possibly lead to admissible evidence, especially since defendant has been paying maintenance and cure since December 24, 2004 and defendant has an Incident Report and statements, including one from plaintiff, concerning the December 24, 2004 accident and has received copies of all the medical records pertaining to plaintiff's treatment.

3. Previously answered.

4-7. Objection. Plaintiff's legal contentions concerning the December 24, 2004 accident cannot possibly lead to admissible evidence in this case and are not proper subjects of discovery in this case, which involves an accident which occurred on August 9, 2002.

8. Plaintiff's current thinking is that plaintiff will call the following witnesses:

    1. Plaintiff and his wife
    2. Michael Willey, c/o DRBA

3.  Denise Wise, c/o DRBA
4.  John Pulli, c/o DRBA
5.  Jack Hanley, c/o DRBA
6.  David Oat, c/o DRBA
7.  Brian McEwing, c/o DRBA
8.  Mark Whittington, c/o DRBA
9.  Al Jackson, c/o DRBA
10. Spencer Lynch, c/o DRBA
11. Darren L. Singley, c/o DRBA
12. Arthur H. Jacobson, c/o DRBA
13. Harry R. Thompson, c/o DRBA
14. James Kleb, c/o DRBA
15. Dr. Ronald Sabbagh
16. Dr. Mohammad Mehdi
17. B. Miller, c/o DRBA
18. Employees of State Farm Insurance Co. to be identified
19. Other doctors who have treated Plaintiff

If plaintiff's thoughts concerning witnesses change, that will be reflected in the Pre-Trial Order.

9. Plaintiff's current intention is to offer the following documents:

1.  DRBA's Accident Report and Statements
2.  DRBA's file when produced pursuant to Court Order
3.  DRBA's documents to and from State Farm
4.  Plaintiff's Personnel File
5.  Medical Records of Plaintiff
6.  Personnel Manual
7.  All exhibits used during all of the depositions
8.  Safety Committee Minutes
9.  Bonnie Miller File Notes
10. All medical records, bills and prescriptions, including excuse slips
11. Income Tax Return
12. General Arrangement Plan
13.  Legal bills paid by plaintiff

The foregoing may change and changes will be reflected in the Pre-Trial Order.

E. ALFRED SMITH & ASSOCIATES

E. Alfred Smith, Esquire
1333 Race Street, 2nd Floor
Philadelphia, PA 19107
(215) 569-8422
Attorney for Plaintiff, Jan Kopacz

Dated: August 5, 2005