IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| Plaintiffs, | : | Jury Trial Demanded |
| v. | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| Defendants. | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| Plaintiff, | : | |
| v. | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| Defendant. | : | |

**ORDER**

NOW, on this _____ day of _____, 200_, upon consideration of Plaintiff's Motion in Limine and any response thereto, it is hereby ORDERED that defendant Swett may not offer all or any part of the depositions of Carol Swett and Jessica Swett during the trial.

_____
The Honorable Gregory M. Sleet
United States District Court
for the District of Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| Plaintiffs, | : | Jury Trial Demanded |
| v. | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| Defendants. | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| Plaintiff, | : | |
| v. | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| Defendant. | : | |

**MOTION IN LIMINE
TO PRECLUDE DEPOSITION TESTIMONY**

Plaintiff, Jan Kopacz, by his counsel moves this Court for an order in limine precluding defendant Swett from introducing the deposition testimony of Carol Swett and Jessica Swett and assigns in support thereof the following:

1. By telefax dated October 6, 2005 defense counsel sought plaintiff's agreement to dates for the telephone depositions of Carol Swett and Jessica Swett, and plaintiff made a handwritten notation indicating a refusal to agree and returned the telefax on the same day. A

copy of the telefax is attached as Exhibit 1.

2. Counsel then had a telephone discussion during which plaintiff's counsel expressed some of his reservations about telephone depositions and cited F.R. Civ.P. 30(b)(7) to defense counsel.

3. Defense counsel thereupon scheduled the depositions by video conference without the agreement of plaintiff.

4. Plaintiff's counsel telephoned defense counsel at least three times to discuss this, but defense counsel never took the calls so messages were left on the answering machine of defense counsel.

5. Defense counsel never returned any of the telephone messages.

6. At no time did defense counsel ever submit a stipulation for signature by plaintiff's counsel.

7. At no time did plaintiff's counsel ever agree to a deposition by video conference nor was he ever asked to agree to a deposition by video conference. Defense counsel just set up the depositions and then remained incommunicado, but he knew that plaintiff's counsel was in a trial for 3 weeks in Camden, New Jersey.

8. Prior to the depositions plaintiff's counsel stated his objections on the record.

9. Defense counsel answered these objections and made a statement which was directly contrary to a statement he had made off the record just 15 minutes earlier.

10. The depositions were not taken in accordance with F.R. Civ.P. 30(b)(7).

WHEREFORE plaintiff requests the Court to prohibit the use of the depositions at trial.

/s/ James J. Woods, Jr.
James J. Woods, Jr., Esq. (#2035)
James J. Woods, Jr., P.A.
P. O. Box 4635
Greenville, DE 19807
(302) 235-5770
Attorney for Plaintiff, Jan Kopacz

E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street
Second Floor
Philadelphia, PA 19107
(215) 569-8422
Attorney for Plaintiff, Jan Kopacz

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| Plaintiffs, | : | Jury Trial Demanded |
| v. | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| Defendants. | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| Plaintiff, | : | |
| v. | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW**

F.R. Civ.P. 30(b)(7) reads as follows:

> The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means. For the purposes of this rule and Rules 28(a), 37(a)(1), and 37(b)(1) a deposition taken by such means is taken in the district and at the place where the deponent is to answer questions.

Plaintiff never agreed to the depositions by video conference, and no stipulation was ever submitted as required by the rule. In fact, plaintiff's counsel telephoned defense counsel at least

three times, but defense counsel did not take the calls and plaintiff was required to leave messages. Defense counsel never returned the telephone messages, and there was no conversation between counsel before the depositions were taken except for what was put on the record immediately before the depositions began.

      For the foregoing reasons the depositions should be prohibited.

      Respectfully submitted,

/s/ James J. Woods, Jr.
James J. Woods, Jr., Esquire (#2035)
James J. Woods, Jr., P.A.
P. O. Box 4635
Greenville, DE 19807
(302) 235-5770
Attorney for Plaintiff, Jan Kopacz

E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street
Second Floor
Philadelphia, PA 19107
(215) 569-8422
Attorney for Plaintiff, Jan Kopacz

Case 1:04-cv-00911-GMS   Document 72   Filed 12/21/2005   Page 7 of 7