IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to

Fed.R.Civ.P. 16 and James J. Woods, Esquire, Law Office James J. Woods, Jr., P.A., P.O. Box

4635, Greenville, DE 19807 (302) 235-5770 and E. Alfred Smith, Esquire, E. Alfred Smith &

Associates, 1333 Race Street, Second Floor, Philadelphia, PA 19107 (215) 569-8422, having

appeared as counsel for plaintiff, and Carmella P. Keener, Esquire, Rosenthal, Monhait, Gross &

Goddess, P.A., 919 N. Market Street, Suite 1401, P.O. Box 1070, Wilmington, DE (302) 656-

4433 and Mary Elisa Reeves, Esquire, Donna Adelsberger & Associates, P.C., 6 Royal Avenue,

P.O. Box 530, Glenside, PA 19038 (215) 576-8095, having appeared as counsel for defendant

Delaware River and Bay Authority and Donald M. Ransom, Esquire, Casarino, Christman & Shalk, P.A., 800 N. King Street, Suite 200, P.O. Box 1276, Wilmington, DE 19899 (302) 594-4500, having appeared for defendant Craig Swett, the following actions were taken:

(1)    This is a consolidated action for damages for personal injuries and maintenance and cure, and the jurisdiction of the court is involved under the Jones Act 46 U.S.C. §688 and the maritime jurisdiction, 33 U.S.C. §1333.

As against defendant Delaware River and Bay Authority, plaintiff claims maintenance and cure and compensatory and punitive damages, including attorney's fees, for the wrongful failure to pay maintenance and cure concurrently with the need under the general maritime law and compensatory damages for personal injuries pursuant to the Jones Act, 46 U.S.C. §688, and the unseaworthiness of the MV DELAWARE.

As against defendant Craig Swett, plaintiff claims compensatory damage for Swett's negligence in backing up his vehicle and striking plaintiff after plaintiff had directed him to a parking place aboard the MV DELAWARE on August 9, 2002.  The MV DELAWARE was then in the navigable waters of the United States, so the maritime law governs this claim.

(a)    Stipulations

DRBA admits that it owned and operated the ferry vessel MV DELAWARE, which operated between Cape May, New Jersey and Lewes, Delaware and that plaintiff, Jan Kopacz, was a seaman in its employ on the MV DELAWARE on August 9, 2002 and that at the time of plaintiff's claimed accident the MV DELAWARE was at dock at the ferry terminal in Lewes, Delaware.

DRBA offers the following Stipulations but plaintiff does not agree:

(a)  Kopacz was paid his full wages from August 9, 2002  through October 3, 2002, using his annual and sick leave.  He was released by his physician to return to work on November 25, 2002, and actually returned to work on December 1, 2002.

(b)  At the time of the alleged incident, Kopacz was insured through the DRBA with Blue Cross Blue Shield of Delaware.  The DRBA paid the majority of the premium, although Kopacz contributed approximately $100 per month through payroll deductions.

(c)  DRBA stipulates to Kopacz' contested facts 1 through 6.

Swett offers the following Stipulations but plaintiff does not agree:

(a)      It is admitted that on August 9, 2002, Craig Swett, along with his wife, two daughters, and niece, were traveling in a Ford vehicle on the Cape May Lewes Ferry.  While the ferry was docked at Cape May terminal in Lewes, Delaware, Mr. Kopacz directed Mr. Swett to park his vehicle aboard the MV DELAWARE and Mr. Swett complied with Mr. Kopacz's directions.

It is also admitted that at the time of the alleged incident, Mr. Kopacz had available to him a policy of Personal Injury Protection ("PIP") insurance issued pursuant to 21 Del. C. § 2118, which among other things, provided coverage for medical expenses and lost wages and provided policy limits of $15,000 per person/ $30,000 per accident.  Pursuant to 21 Del. C. § 2118(h), Mr. Kopacz is precluded from pleading or introducing into evidence against Mr. Swett any PIP eligible lost wages or medical expenses whether such benefits were or are actually recoverable.

It is admitted that Mr. Kopacz is withdrawing his claim for dental injury per a letter from

plaintiff's counsel to both defense counsel dated June 24, 2005. Defendants contend that the fact

that Mr. Kopacz brought the dental claims in the first instance is relevant to the defense of fraud.

(b)  Contested Facts

### Liability

Plaintiff (hereinafter "Kopacz") will prove the following contested facts at trial:

1.  On the afternoon of August 9, 2002 Kopacz was working as an A.B. aboard DRBA's

ferry vessel MV DELAWARE.

2.  Kopacz' job was to direct cars to their parking places on the car deck.

3.  Kopacz was in the center right lane approximately midships while doing this work.

4.  Kopacz directed a vehicle driven by Dr. Marc Greenstein to its parking place, and the

vehicle stopped.

5.  Kopacz then directed the next vehicle in line, driven by Craig Swett, to a place

immediately behind Dr. Greenstein's vehicle.

6.  The Swett vehicle came to a stop as directed.

7.  Kopacz was standing next to the Swett vehicle and saw some cars coming down the

center left lane pretty fast to be parked.

8.  Kopacz stepped behind the Swett vehicle to let the cars drive by him.

9.  While Kopacz was standing behind the Swett vehicle, the vehicle backed up without

warning and the bumper hit the backs of Kopacz' calves.

10.  The impact caused Kopacz' knees to buckle, and he fell backwards against the Swett

vehicle, with his right elbow and left hand striking the vehicle.

11.  Kopacz remonstrated with Swett, and Swett apologized for having hit him.

12.   Swett and Kopacz exchanged angry words, and Kopacz reported the incident to his supervisor, Pilot David Oat.

13.   Kopacz left the ferry and was taken by ambulance to Beebe Memorial Hospital.

14.   Kopacz was treated at the Emergency Room of Beebe Memorial Hospital until he was discharged at about 1:30 a.m. on August 10, 2002.

15.   When discharged Kopacz was told not to work for 3 days and he was given a neck brace which he was told to wear for 2 weeks, and he was also told to see his family doctor.

16.   On August 12, 2002 Kopacz went to his family doctor, Dr. Elisa Montross-Lopez, but she was not available so he was treated by another doctor in the office, Dr. J.K. Beebe.

17.   Dr. Beebe certified Kopacz as being disabled due to injuries suffered in the automobile accident, and this was for the period 8/12/02 to 8/20/02.

18.   Kopacz returned on August 19, 2002 and was then treated by Dr. Elisa Montross-Lopez, who certified him as disabled from work from 8/9/02 to "indefinitely."

19.   Dr. Montross-Lopez referred Kopacz to Dr. Ronald Sabbagh of Orthopedic Associates of Southern Delaware, and thereafter Dr. Sabbagh and Dr. Mehdi treated Kopacz until he was certified to return to work on November 25, 2002.

20.   On November 4, 2002 Dr. Sabbagh certified Kopacz as being capable of returning to work on November 25, 2002.

21.   Thereafter Kopacz continued to suffer loss of time from work on an occasional basis.

**By Defendant DRBA**

1.  During the summer of 2002, Kopacz had been reprimanded on several occasions for rude and verbally abusive behavior towards passengers on the ferry.

2.  In fact, he was reprimanded on the morning of August 9, 2002 by Pilot Oat for such behavior.

3.  Swett admits that he backed his car a few inches, at which point Kopacz slapped the side of his vehicle with his palm, then walked up to the driver's side window of the Swett vehicle and began to verbally berate Swett for backing up, in loud and abusive terms.

4.  During this initial communication after the incident, Kopacz never stated that he had been hurt.

5.  After berating Swett, Kopacz returned to parking cars.  Kopacz did not report the incident or claim to be injured until after Swett later asked for his name and advised of his intention to report Kopacz' rude behavior.

6.  The DRBA denies that Kopacz was injured by any contact with the Swett vehicle, and maintains that Kopacz manufactured the accident and injury to avoid disciplinary action.

7.  Kopacz went to his doctor, who gave him a note stating that he could remain out of work for some period of time.  This certificate was based on Kopacz' description of the accident and subjective complaints of pain.

8.  Prior to the incident, Kopacz had a number of pre-existing conditions, including chronic low back, neck and shoulder pain.

9.  Any objective conditions exhibited by Kopacz during the months following the incident were the result of degenerative or pre-existing conditions.

10.  Kopacz made no claim against the DRBA for maintenance, cure or any injuries as a result of the incident until June, 2003, almost one year later.

11.  Up until that time, Kopacz made it clear that he was not pursuing any claim against the DRBA, but rather was proceeding solely against Swett.

12.  Any and all of Kopacz' medical bills were eligible for coverage by medical insurance provided by the DRBA to Kopacz through Blue Cross Blue Shield.

**By Defendant Swett**

1.  Mr. Kopacz directed Mr. Swett to park his vehicle very close to a vehicle already aboard and parked directly in front of Mr. Swett's vehicle.

2.  Dr. Marc Greenstein, the operator of the vehicle in front of Defendant Swett, requested that Mr. Swett back a few inches to enable him to squeeze between the vehicles to access the rear of his vehicle and retrieve a stroller.

3.  Mr. Swett, complying with that request, backed no more than a few inches and stopped at which time Mr. Kopacz struck the rear of the vehicle with an extended left hand.

4.  Other than Mr. Kopacz striking Mr. Swett's vehicle with his hand, there was no contact between the Swett vehicle and Kopacz's body.

5.  When Mr. Swett backed up his vehicle while aboard the MV DELAWARE, his foot never touched the accelerator, he traveled no more than 4 inches while backing up, and his speed was such that it would not have registered on an odometer.

6.  There was no accident nor were there any injuries sustained by Plaintiff Kopacz after the incident alleged.

7.  Mr. Kopacz, after berating Mr. Swett for backing without his permission, then continued parking other vehicles.

8.  In response to Mr. Kopacz's interaction with Mr Swett, a DRBA police officer on the front of the ferry summoned Officer Denise Wise to the scene.

9.  During this time, Mr. Swett approached Mr. Kopacz and asked for his name in order to report Mr. Kopacz's rude behavior.

10.  After Mr. Swett's inquiry, Mr. Kopacz informed Pilot Oat that he had been hit.

11.  Only after Mr. Swett requested Mr. Kopacz's name and Officer Wise came to the scene did Mr. Kopacz complain of injury and request medical assistance.

**Injuries and Damages**

**By Plaintiff**

22.  Kopacz suffered a contusion to his right shoulder, which resolved in a matter of weeks without residual disability.

23.  Kopacz suffered a cervical strain or sprain, which manifested itself with pain and muscle spasm demonstrated at Beebe Memorial Hospital when Kopacz was taken there on August 9, 2002.

24.  Upon discharge from Beebe Kopacz was diagnosed with a cervical strain or sprain and given a cervical collar to wear for two weeks.

25.  The cervical strain or sprain resolved without significant residual disability after several weeks but continued to be painful periodically thereafter.

26.  Kopacz suffered a low back strain/sprain and an aggravation of dormant underlying

8

stenosis.

26a.  In January 2003 an MRI demonstrated a herniated disc at L4-5, but this was not disabling although it may have caused pain periodically.

27.  Kopacz' lower back condition continued to cause intermittent pain and disability even after he was able to return to work on November 25, 2002.

28.  Kopacz was totally disabled from August 9, 2002 until November 25, 2002.

29.  Kopacz' wage loss during this period was approximately $13,000.

30.  Kopacz' medical bills are listed in section 8.

**By Defendant DRBA**

6.  The DRBA denies that Kopacz was injured by any contact with the Swett vehicle, and maintains that Kopacz manufactured the accident and injury to avoid disciplinary action.

7.  Kopacz went to his doctor, who gave him a note stating that he could remain out of work for some period of time.  This certificate was based on Kopacz' description of the accident and subjective complaints of pain.

8.  Prior to the incident, Kopacz had a number of pre-existing conditions, including chronic low back, neck and shoulder pain.

9.  Any objective conditions exhibited by Kopacz during the months following the incident were the result of degenerative or pre-existing conditions.

**By Defendant Swett**

12.  Prior to this alleged incident on August 9, 2002, Mr. Kopacz had treated for numerous injuries and complaints to the same regions he claims were injured as a result of the alleged incident on August 9, 2002.

13.  Mr. Kopacz did not sustain the injuries he claims in his complaint as a result of the alleged contact between Mr. Kopacz and Mr. Swett's vehicle, such as injuries to the cervical spine, low back, right elbow, teeth, and alleged herniated disc at L5-S1 and was not injured as a result of the events on August 9, 2002.

### Maintenance and Cure

**By Plaintiff**

31.  The accident came to DRBA's attention immediately, and it was investigated shortly after it occurred.

32.  Kopacz was taken by ambulance, which had been called by a DRBA employee, to Beebe Memorial Hospital.

33.  At the Beebe Emergency Room Kopacz had a CT scan done of his right elbow and cervical spine; muscle spasm was demonstrated in the cervical spine; and there was decreased range of motion of the right elbow.

34.  Upon discharge at approximately 1:00 a.m. on August 10, 2002 Kopacz was given a soft cervical collar and told to wear it for 2 weeks.

35.  The Discharge Instructions read in relevant part:

> Neck injury (cervical strain):
>
> You have a neck strain...
>
> Cervical collar:
>
> You have to wear a neck brace...
>
> Release from work:
>
> You are not to return to work...

36. Kopacz' wife called DRBA from Beebe Medical Center Emergency Room at about 9:00 p.m. and informed them that Kopacz would not be at work the following day due to the injuries he had received earlier that day in the automobile accident.

37. Kopacz' wife called in again on August 11, 2002 and reported that he would not be at work the following day due to his injuries.

38. No one at DRBA informed Kopacz of what he was legally entitled to following the August 9, 2002 incident.

39. Kopacz informed DRBA shortly after August 9, 2002 that he was only pursuing the driver of the car because he didn't think that DRBA had done anything wrong.

40. Kopacz timely supplied DRBA with duty status slips which medically supported his disability from August 9, 2002 until November 25, 2002.

41. No maintenance and cure were paid, and the claim remained dormant until Kopacz spoke to Bonnie Miller of DRBA on May 8 and June 25, 2003.

42. During one of those telephone discussions Ms. Miller said that Kopacz need only submit medical records and he would be entitled to full pay for 90 days and thereafter 60 percent of his base pay, which would be paid by DRBA's long-term disability carrier and that DRBA would pay his medical bills.

43. DRBA has never paid maintenance and cure, and Kopacz' board and lodging totalled $55.20 per day.

44. DRBA's policy was to pay maintenance at the rate of full wages for 90 days and 60 percent of base wages thereafter.

45. DRBA has never disputed that Kopacz first became disabled on August 9, 2002.

11

46.  DRBA has no evidence that Kopacz' injuries were caused by wilful misconduct.

47.  DRBA's failure to pay maintenance and cure caused Kopacz to suffer great mental stress due to an inability to pay the medical bills, and this manifested itself when he had a dispute with the Office Manager at his doctor's office, and this caused a discontinuation of his medical treatment by that doctor.

48.  Kopacz' credit rating was severely damaged by DRBA's failure to pay his medical bills.

49.  Kopacz was denied coverage by his PIP carrier because of the statements obtained by DRBA from its employees.

50.  Blue Cross did not pay his medical bills since it was a work-related injury.

51.  Swett's employer caused a fraud investigation to be undertaken by the Delaware Department of Insurance, based on DRBA's investigation, and this required Kopacz to incur legal bills.

52.  DRBA paid Kopacz, at his request, his accrued sick leave and annual leave, until those benefits were exhausted, and thereafter Kopacz had no income.

53.  Counsel wrote to Bonnie Miller and was referred to Lamorte Burns & Co.

54.  The correspondence exchanged with Lamorte Burns & Co. is an exhibit.

(DRBA's contested facts # 10, 11, 12)

**By Defendant, DRBA**

10.  Kopacz made no claim against the DRBA for maintenance, cure or any injuries as a result of the incident until June, 2003, almost one year later.

11.   Up until that time, Kopacz made it clear that he was not pursuing any claim against

12

the DRBA, but rather was proceeding solely against Swett.

12.   Any and all of Kopacz' medical bills were eligible for coverage by medical insurance provided by the DRBA to Kopacz through Blue Cross Blue Shield.

### Plaintiff's Statements of the Law

See Trial Memorandum.

### By Defendant Swett - Contested Issues of Law

14.   The allegations contained in the pleadings regarding Kopacz's alleged injuries are binding on Kopacz and admissible in Court as admissions. *Giannone v. U.S. Steel Corp.*, 288 F.2d 544, 547 (3d Cir.1956) (holding that an admission in a pleading is a judicial admission binding on a litigant and that "pleadings which do not amount to judicial admissions may be used as evidence of factual allegations" even if withdrawn*); Krauss v. State Farm Mutual Automobile Insurance Company*, 2004 WL 2830889, at *4-5 (Del. Super.) (finding that "pleadings are not mere ordinary admissions but are considered 'judicial admissions'"); *Staats v. Lawrence*, 576 A.2d 663, 665 (Del. Super. 1990) (finding that statements in the complaint signed by attorneys representing plaintiff were binding upon the plaintiff).

(c)     Exhibits - see also Schedule C

### Plaintiff's Exhibits

1.  Application for employment

2.  Kopacz' resume

3.  Memo dated March 21, 2001 and Marine Standard Operating Guidelines attached thereto

4.  Letter from Captain Gadsby - March 31, 2001

13

5. Letter from Mark R. Whittington - 10/2/01

6. Performance evaluation - 6/18/00 - 10/9/00

7. Performance evaluation - 3/11/01

8. Performance evaluation - 8/22/01

9. Performance evaluation - 10/1/01 - 12/15/01

10. Performance evaluation 12/16/01 - 6/15/02

11. Performance evaluation 6/23/02 - 9/7/02

12. Performance evaluation 12/8/03 - 3/08/03

13. Performance evaluation - 5/4/03 - 6/21/03

14. Performance evaluation - 9/7/03 - 10/25/03

15. Affidavit of Jan Kopacz

16. Incident Report (without statements)

17. Notebook pages

18. Sick Leave and Injury Report - 8/9/02

19. Sick Leave and Injury Report - 8/10/02

20. 2002 Attendance Record

21. 2003 Attendance Record

22. 2004 Attendance Record

23. Certificate of Merit - 11/16/02

24. Records from Beebe Medical Center with Discharge Instructions - 8/9 - 8/10/02

25. Delaware Basic Life Support records

26. Excuse Slip - Dr. J. K. Beebe - 8/12/02 and telefax dated 8/13/02

27. Excuse Slip - Dr. Elisa Montross-Lopez - 8/19/02 and telefax dated 8/20/02

28. Excuse Slip - Dr. Sabbagh prescription - no work 8/22/02 and telefax dated 8/23/02

29. Medical Certification Statement - Dr. Sabbagh - 11/4/02

30. Medical Records - Lewes Family Practice

31. Medical Records - Orthopaedic Associates of Southern Delaware, Inc.

32. Medical Records - Papastavros' Associates

33. Medical Records - Southern Delaware Physical Therapy, Inc.

34. Letter from Coastal Psychiatric Group

35. Bill - Sussex Emergency Associates

36. Bill - Lewes Fire Department

37. Bill - Southern Delaware Imaging

38. Bill - Orthopaedic Associates of Southern Delaware, Inc.

39. Bill - Beebe Medical Center

40. Bill - Papastavros' Associates Medical Imaging L.L.C.

41. Bill - Lewes Physical Therapy

42. Notes re board and lodging expenses

43. Stipulation re Insurance Fraud Action

44. Legal bill from Tim Willard

45. General Arrangement Plan

46. Individual Income Tax Return - U.S. 2001

47. Individual Income Tax Return - U.S. 2002

48. Performance evaluation - July 9, 1999

49. Summer evaluation - 1999 - David Oat

50. Performance evaluation - 6/17/01 - 9/2/01

51. Letter of Appreciation - 10/2/01

52. Personnel Manual

53. Photographs

54. Photographs of Swett vehicle

55. Pre-employment physical exam report - 1/26/01

56. Letter to Lamorte Burns & Co. dated 9/22/03

57. Letter from Lamorte Burns & Co. dated 8/27/03

58. Letter to Bonnie Miller dated 8/19/03

59. Letter from Lamorte Burns & Co. dated 11/4/03

60. Letter to Lamorte Burns & Co. dated 11/4/03

61. DRBA Police Report

62. Transcript of Jessica Swett statement - Jessica #1

**Defendant DRBA's exhibits**

1. Plaintiff's Complaint (N.J. Action)

2. Plaintiff's Complaint (Del. Action)

3. Plaintiff's Answers to Interrogatories

4. Plaintiff's Answers to Request for Production

5. Plaintiff's Personnel File

6. Plaintiff's Employment File

7. DRBA Personnel Manual

8. DRBA Training Records

9. Incident Report (8/9/02)

10. Police Report (8/9/02)

11. Statement of Mike Willey

12. Statement of Arthur Jacobsen

13. Statement of James Kleb

14. Statement of Darrin Singley

15. Statement of Harry Thompson

16. Kopacz Performance Evaluations

17. Customer Complaint Form dated 8/2/02

18. Employee Performance Record dated 8/9/02

19. Memo from Captain McEwing to Linda Murphy dated 12/17/02

20. Letter from Captain John Pulli to Susan Ramano dated 8/8/02

21. Letter from Jacob Shisha, Esq. to DRBA dated 10/29/02

22. Records of State of Delaware Department of Insurance

23. Records of State of Virginia Department of Insurance

24. Records of State Farm, including witness statements and recorded interviews

25. Records of G.E. Property, including recorded interviews

26. Records of Vane Brothers, Inc.

27. Records of Danmar Associates

28. Records of 1999 Auto Accident Claim

29. Personnel Manual

30. Marine SOP

31. Records of Sussex Emergency Associates

32. Records of Cammarato and Aloe

33. Records of Beebe Medical Center

34. Records of Lewes Family Medicine

35. Records of Dr. Elisa Montross-Lopez

36. Records of Dr. Bakker

37. Records of Dr. Coyne

38. Records of Medical Treatment

39. Records of Lewes Fire Department

40. Records of Lewes Physical Therapy

41. Records of Drs. Lord and Wheeler

42. Records of Dr. Eric Balliet

43. Records of Orthopedic Associates of Southern Delaware

44. Records of Dr. Metha

45. Records of Southern Delaware Imaging

46. Records of Dr. Papastravros

47. Records of Dr. Amy Jones

48. Records of CNMRI

49. Records of Center for Neurology, Neurosurgery and Pain Management

50. Records of Milford Diagnostic Group

51. Records of Dickinson Medical Group

52. Records of Bayhealth Medical Center

53. Records of Bayhealth Medical Center (Milford Memorial Hospital)

54. Records of Dr. Anapole

55. Records of PACE

56. Records of V.A. Medical Center

57. Records of Dr. Elrod

58. Records of Dr. Sopa

59. Records of Concentra

60. Records of Dr. Mehdi

61. Records of Pain Center of Delaware

62. Records of John Hopkins Medical Center

63. Records of Tidewater Physical Therapy

64. **[DELETED DUPLICATE]**

65. Annotated Medical Certification by Dr. Sabbagh dated 10/20/02

66. Records of Blue Cross Blue Shield of Delaware

67. PIP Claim File

68. Kopacz Deposition and Exhibits

69. Singley Deposition and Exhibits

70. Thompson Deposition and Exhibits

71. Jacobsen Deposition and Exhibits

72. Willey Deposition and Exhibits

73. Kleb Deposition and Exhibits

74. **[DELETED DUPLICATE]**

75. Craig Swett Deposition and Exhibits

76. Miller Deposition and Exhibits

77. Wise Deposition and Exhibits

78. Courtney Swett Deposition and Exhibits

79. Jessica Swett Deposition and Exhibits

80. Carol Swett Deposition and Exhibits

**The DRBA reserves the right to introduce other exhibits for rebuttal or impeachment purposes.**

**By Defendant Swett**

1. Plaintiff's Complaint, D. Del. Civil Action No. 04-911

2. Medical Records of Dr. Richard Falkenstein, April 12, 1990 and 1993/1994(exact date illegible)

3. Medical Records of Dr. Amy Jones, January 17, 1995

4. Medical Narrative of Dr. Konrad W. Bakker, dated April 13, 1995

5. Medical Records of Lewes Family Practice, August 7, 1997 through May 15, 1998

6. Diagnostic Imaging Consultation Report, Beebe Medical Center, January 27, 1999

7. Medical Records of Dr. Mary Lou Elrod, January 20, 1999 through January 11, 2000

8.  Medical Records of Dr. Mary Lou Elrod, March 1, 2000 through December 17, 2001

9.  Medical Narrative of Dr. David Sopa, dated July 18, 2000

10.  Medical Records of Lewes Family Practice, February 2, 1999 and September 20, 2000

11.  Two (2) MRI Reports, Johns Hopkins Medicine, September 20, 2001

12.  DRBA Injured/Witness Statement of Incident dated June 30, 2002

13.  Medical Records of Beebe Medical Center, June 30, 2002

14.  Medical Records of VA Medical Center (Wilmington), July 9, 2002

15.  DRBA Employee Performance Record for Employee Kopacz, dated August 9, 2002 and signed by supervisor on December 26, 2002

16.  Cape May-Lewes Ferry Marine Department Performance Evaluation for Employee Kopacz, dated March 6, 2003

17.  Narrative Report of Eric S. Balliet dated June 19, 2005

18.  Plaintiff Kopacz's GE Automobile Insurance Policy in effect on August 9, 2002

19.  Office Notes of June 10, 2004 and June 11, 2004 from Orthopaedics Associates of Southern Delaware, P.A.

20.  Letter from Dr. John E. Spieker of Orthopaedics Associates of Southern Delaware, P.A. to Jan Kopacz dated June 11, 2004.

**Defendant Swett reserves the right to use any pre-marked exhibit offered by any party for any purpose at trial.**

(d)     Witnesses

**Plaintiff**

Will be called - liability

1.  Plaintiff

2.  Bonnie Miller c/o DRBA

May be called - liability

3.  David R. Oat c/o DRBA

4.  Arthur H. Jacobson c/o DRBA

5.  James W. Klebs c/o DRBA

6.  Darrin J. Singley c/o DRBA

7.  Spencer Lynch c/o DRBA

8.  Albert Jackson, Newark, DE

9.  Capt. John J. Pulli, Jr. c/o DRBA

10.  Michael L. Willey c/o DRBA

11.  Harry R. Thompson c/o DRBA

12.  Officer Denise Wise c/o DRBA

13.  Trudy Spence-Parker c/o DRBA

Will be called - damages

11.  Dr. Mohammad Mehdi
       1632 Savannah Road, Suite 2
       Lewes, Delaware 19958

May be called - damages

    12.  Dr. Ronald C. Sabbagh
        17005 Old Orchard Road
        Lewes, Delaware 19958

    13.  Dr. Elisa Montross-Lopez
        1305 Savannah Road
        Lewes, Delaware 19958

    14.  Dr. J. K. Beebe
        1305 Savannah Road
        Lewes, Delaware 19958

**By Defendant DRBA**

Will be called- liability

1. Jan Kopacz
2. Craig Swett
3. Mark Greenstein
4. Mike Willey
5. Arthur Jacobsen
6. James Kleb
7. Harry Thompson
8. Denise Wise
9. David Oat
10. Susan Ramano

May be called- liability

11. Brian McEwing
12. Spencer Lynch
13. Courtney Swett
14. Jessica Swett
15. Carol Swett
16. Bonnie Miller

Will be called– Damages

May be called– Damages

17. Dr. Lopez or other representative of Lewes Family Practice
18. Derrick Brode or other representative of Lewes Fire EMT
19. Dr. Mehdi, Dr. Spieker, Janice Ambrose or other representative of Orthopedic Associates of Southern Delaware
20. Representative of Blue Cross Blue Shield
21. Other medical providers whose records are listed as exhibits

Will be called as expert witness re: damages

21. Dr. Jeffrey Malumed (DRBA's medical expert)– CV has been provided.

**The DRBA reserves the right to call other witnesses in rebuttal or for impeachment purposes.**

**DRBA's Objections to Plaintiff's witnesses**

1. DRBA objects to John Pulli on the basis of relevance.

2. DRBA objects to Spencer Lynch on the basis of relevance.

3. DRBA objects to Albert Jackson on the basis of relevance, and because he has not been previously identified as a witness in this case.

**By Defendant Swett**

Will be called - Liability

1. Craig Swett
2. Carol Swett - by deposition
3. Jessica Swett - by deposition
4. Dr. Marc Greenstein - by deposition

_____Defendant Swett - May be called

5. Jan Kopacz
6. Courtney Swett
7. Arthur Jacobsen, DRBA
8. James Kleb, DRBA
9. Mike Willey, DRBA
10. Harry Thompson, DRBA
11. David Oat, DRBA

12. Officer Denise Wise, DRBA
13. Representative of AIG Insurance Company as successor to GE Insurance

Expert Witnesses

Defendant Swett may call co-defendant's medical expert, Dr. Jeffrey Malumed.

**Defendant Swett reserves the right to call any witness offered by any party for any purpose at trial.**

(e)  Qualifications of witnesses

C.V. of Dr. Mehdi supplied to opposing counsel
C.V of Dr. Malumed as supplied to opposing counsel

(f)  Depositions to be read

When the transcripts of the depositions of Carol and Jessica Swett become available, plaintiff will designate which portions will be read.

1. Bonnie Miller, pp. 1, 3-6, 24-32, 38, 39, 52-55, 58-84

2. Defendant's Answers to Interrogatories number 1 and 2 in Plaintiff's Interrogatories to Defendant (Third Set) and Defendant's Answer to Interrogatory number 1 in Plaintiff's Interrogatories to Defendant (Second Set)

**By Defendant DRBA**

DRBA does not intend to offer the discovery depositions of any witnesses unless the witness is unavailable or if offered as an admission or for impeachment purposes.  DRBA objects to the introduction of any deposition unless it was designated as a trial deposition or the witness is unavailable.  Specifically, without limitation, DRBA objects to the reading of Bonnie Miller's deposition as she will be present at trial and can be called as a live witness.

By Defendant Swett

1. Deposition Transcript of Carol Swett dated November 21, 2005
2. Deposition Transcript of Jessica Swett dated November 21, 2005
3. Deposition Transcript of Dr. Marc Greenstein dated September 8, 2005

(g)  Special Damages

Legal bill from Fuqua and Yori, P.A.                $5013.72

Wage loss - Approximately 4 months - $13,000.00

Medical expenses:

| | | |
|---|---|---|
| 1. | Sussex Emergency Services | $ 289.00 |
| 2. | Lewes Fire Department | $ 292.00 |
| 3. | Southern Delaware Imaging | $ 241.00 |
| 4. | Orthopaedic Associates of Southern DE | $ 425.00 |
| 5. | Beebe Medical Center | $1187.00 |
| 6. | Papastavros' Associates | $1307.00 |
| 7. | Lewes Physical Therapy | $4525.00 |
| 8. | Lewes Family Practice | |

Plaintiff is claiming compensatory damages, including wage loss, medical expenses and pain and suffering from DRBA on the Jones Act/unseaworthiness claim.

Plaintiff is claiming maintenance and cure plus compensatory and punitive damages, and counsel fees (to be determined by the Court if awarded) and pre-judgment interest for the failure to pay maintenance and cure concurrently with the need.  Maintenance is at full wages for 90 days and 60 percent of base wages thereafter.  Kopacz is also claiming the value of the sick and annual leave benefits he had to use.  Cure is set forth above.  The punitive damages claim has been dismissed by this Court, and the Court should set the amount of counsel fees if they are awarded.  Pain and suffering damages are set by the jury.

Plaintiff is claiming compensatory damages, including wage loss, medical expenses and pain and suffering, from Swett under the general maritime law.

**Objection by Defendant Swett**

Defendant Swett objects to the admissibility of these damages on the grounds that they are inadmissible per 21 Del. C. §2118(h).

(h)  Waivers of claims or defenses - none by plaintiff

Waivers of any claims or defenses that have been abandoned by any party

Defendant Swett's Position         _____

Mr. Kopacz's claim for dental injury is withdrawn per a letter from plaintiff's counsel to both defense counsel dated June 24, 2005.  Defendants contend that the fact that Mr. Kopacz brought the dental claims in the first instance is relevant to the defense of fraud.

Also, in view of the Plaintiff counsel's refusal to produce Cathy Kopacz for deposition

26

during her lifetime and in view of her recent death, her claims should be considered abandoned or waived.

(i)   Trial documents being submitted

(j) Not applicable because this is a jury trial.

(k)  Settlement discussions

     None.  The Magistrate convened a conference by telephone but was told immediately by defense counsel that no settlement was possible.

**By Defendant Swett**

     In view of the allegations of fraud in this case, settlement discussions have been limited.

(1)  Discovery has been completed.

(m) Motions in Limine.

     Motion to prohibit the testimony of Carol and Jessica Swett filed by plaintiff.

**By Defendant Swett**

     Motion in limine regarding the admissibility of PIP eligible benefits under 21 <u>Del</u>. <u>C</u>. §2118(h).

(3)  Trial of this case is expected to take 3 days and is scheduled to start on February 6, 2006.

(4)  Jury trial.

(5) Plaintiff  recommends a jury of 8 persons but defendants respectfully demand a jury of 12 pursuant to D.Del.L. 48.1.

(6)  This Order will control the course of this trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(7)  Possibility of settlement of this case was considered by the parties.

**Schedule (c)**

**Exhibits**

    1.  The following exhibits were offered by plaintiff, received in evidence and marked as

27

indicated:

    24.   Records from Beebe Medical Center with Discharge Instructions - 8/9/02-
8/10/02

    25.   Delaware Basic Life Support records

    26.   Excuse Slip - Dr. J. K. Beebe - 8/12/02 and telefax dated 8/13/02

    27.   Excuse Slip - Dr. Elisa Montross-Lopez - 8/19/02 and telefax dated
8/20/02

    28.   Excuse Slip - Dr. Sabbagh prescription - no work 8/22/02 and telefax
dated 8/23/02

    29.   Medical Certification Statement - Dr. Sabbagh - 11/4/02

    30.   Medical Records – Lewes Family Practice

    31.   Medical Records – Orthopaedic Associates of Southern Delaware, Inc.

    32.   Medical Records –Papastavros' Associates

    33.   Medical Records – Southern Delaware Physical Therapy, Inc.

    43.   Stipulation re: Insurance Fraud Action

    44.   Legal Bill from Tim Willard

    55.   Pre-employment physical exam report - 1/26/02

    61.   DRBA Police Report

    2.   The following exhibits were offered by plaintiff and marked for identification.
Defendant objected to their receipt in evidence on the grounds stated:

    1.   Application for employment – Objection: Relevance - F.R.E. 402.

    2.   Kopacz' resume – Objection: Relevance - F.R.E. 402, Lack of foundation.

    3.   Memo dated March 21, 2001 and Marine Standard Operating Guidelines attached
thereto - Objection: Relevance - F.R.E. 402.

    4.   Letter from Captain Gadsby – March 31, 2001 – Objection: Relevance - F.R.E.
402, Lack of Foundation, Hearsay.

    5.   Letter from Mark R. Whittington – 10/2/01 – Objection: Relevance - F.R.E. 402,
Lack of Foundation, Hearsay - F.R.E. 802.

    6.   Performance evaluation - 6/18/00-10/9/00 – Objection: Relevance - F.R.E. 402,
Lack of Foundation.

    7.   Performance evaluation - 3/1/01 – Objection: Relevance - F.R.E. 402, Lack of
Foundation.

    8.   Performance evaluation - 8/22/01 – Objection: Relevance - F.R.E. 402, Lack of
Foundation.

    9.   Performance evaluation - 10/1/01-12/15/01 – Objection: Relevance - F.R.E. 402,
Lack of Foundation.

    10.   Performance evaluation - 12/16/01 - 6/15/02 – Objection: Relevance - F.R.E. 402,
Lack of Foundation.

    11.   Performance evaluation - 6/23/02 - 9/7/02 – Objection: Relevance - F.R.E. 402,
Lack of Foundation.

    12.   Performance evaluation - 12/8/03 - 3/8/03  – Objection: Relevance - F.R.E. 402,
Lack of Foundation.

13.  Performance evaluation - 5/4/03 - 6/21/03 – Objection: Relevance - F.R.E. 402, Lack of Foundation.

14.  Performance evaluation - 9/7/03 - 10/25/03 – Objection: Relevance - F.R.E. 402, Lack of Foundation.

15.  Affidavit of Jan Kopacz - Objection: Relevance - F.R.E. 402, Lack of Foundation, Not Sufficiently Identified.

16.  Incident Report (without statements) - Objection: Not Sufficiently Identified.

17.  Notebook pages - Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified.

20.  2002 Attendance Record – Objection: Relevance - F.R.E. 402.

21.  2003 Attendance Record – Objection: Relevance - F.R.E. 402.

22.  2004 Attendance Record – Objection: Relevance - F.R.E. 402.

23.  Certificate of Merit - 11/16/02 – Objection: Relevance - F.R.E. 402.

34. Letter from Coastal Psychiatric Group - Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified.

35.  Bill – Sussex Emergency Associates  – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified, Inadmissible per 21 Del. C. § 2118(h).

36.  Bill - Lewes Fire Department – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified, Inadmissible per 21 Del. C. § 2118(h).

37.  Bill -  Southern Delaware Imaging – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified, Inadmissible per 21 Del. C. § 2118(h).

38.  Bill - Orthopaedic Associates of Southern Delaware, Inc. – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified, Inadmissible per 21 Del. C. § 2118(h).

39.  Bill - Beebe Medical Center – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified, Inadmissible per 21 Del. C. § 2118(h).

40.  Bill - Papastavros' Associates Medical Imaging, L.L.C.– Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified, Inadmissible per 21 Del. C. § 2118(h).

41.  Bill - Lewes Physical Therapy – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified, Inadmissible per 21 Del. C. § 2118(h).

42.  Notes re: board and lodging expenses  – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified.

45.  General Arrangement Plan – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified.

46.  Individual Income Tax Return - U.S. 2001 – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified, Inadmissible per 21 Del. C. § 2118(h).

47.  Individual Income Tax Return - U.S. 2002 – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified, Inadmissible per 21 <u>Del. C</u>. § 2118(h).

48.  Performance evaluation - July 9, 1999 - David Oat – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified.

49.  Summer evaluation - 1999 - David Oat – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified.

50.  Performance evaluation - 6/17/01-9/2/01 – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified.

51.  Letter of Appreciation - 10/2/01 – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified.

52.  Personnel Manual – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Not Sufficiently Identified.

53.  Photographs – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Unfair Prejudice - F.R.E. 403, Lack of Foundation, Not Sufficiently Identified.

54.  Photographs of Swett vehicle – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Unfair Prejudice - F.R.E. 403, Lack of Foundation, Not Sufficiently Identified.

56.  Letter to Lamorte Burns & Co. dated 9/22/03 – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Unfair Prejudice - F.R.E. 403, Lack of Foundation, Not Sufficiently Identified.

57.  Letter from Lamorte Burns & Co. dated 8/27/03 – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Unfair Prejudice - F.R.E. 403, Lack of Foundation, Not Sufficiently Identified.

58.  Letter to Bonnie Miller dated 8/19/03 – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Unfair Prejudice - F.R.E. 403, Lack of Foundation, Not Sufficiently Identified.

59.  Letter from Lamorte Burns & Co. dated 11/4/03 – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Unfair Prejudice - F.R.E. 403, Lack of Foundation, Not Sufficiently Identified.

60.  Letter to Lamorte Burns & Co. dated 11/4/03 – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Unfair Prejudice - F.R.E. 403, Lack of Foundation, Not Sufficiently Identified.

62.  Transcript of Jessica Swett statement - Jessica #1 - Objection: Hearsay - F.R.E. 802, Lack of Foundation.

**Defendant Swett reserves the right to use any premarked exhibit offered by any party for any purpose at trial.**

*DRBA objects to the following exhibits offered by the plaintiff:*

| EXHIBIT # | Description of Document | Grounds for Objection |
|-----------|------------------------|------------------------|
| *Kopacz 4* | *Memo from Gadsby 3/3/1/01* | *objection reserved until document produced* |
| *Kopacz 15* | *Affidavit of Jan Kopacz* | *hearsay, relevance* |
| *Kopacz 17* | *Notebook pages* | *hearsay, relevance* |
| *Kopacz 34* | *Letter from Coastal Psychiatric Group* | *hearsay* |
| *Kopacz 42* | *Notes re: board and lodging expenses* | *hearsay* |
| *Kopacz 56* | *Letter to Lamorte Burns 9/22/03* | *hearsay, relevance, prejudicial* |
| *Kopacz 57* | *Letter from Lamorte Burns 8/27/03* | *hearsay, relevance* |
| *Kopacz 58* | *Letter to Bonnie Miller dated 8/19/03* | *hearsay, relevance, prejudicial* |
| *Kopacz 59* | *Letter from Lamorte Burns dated 11/4/03* | *hearsay, relevance* |
| *Kopacz 60* | *Letter to Lamorte Burns dated 11/4/03* | *hearsay, relevance, prejudicial* |
| *Kopacz 53* | *Photographs* | *objection reserved until photographs produced* |
| *Kopacz 54* | *Photographs of Swett vehicle* | *objection reserved until photographs produced* |
| *Kopacz 62* | *Transcript of Jessica Swett taperecorded statement* | *hearsay* |

3.  The following exhibits were offered by defendant DRBA, received in evidence and marked as indicated:

1.     Plaintiff's Complaint (N.J. Action)
2.     Plaintiff's Complaint (Del. Action)
3.     Plaintiff's Answers to Interrogatories
4.     Plaintiff's Answers to Request for Production
5.     Plaintiff's Personnel File
6.     Plaintiff's Employment File
7.     DRBA Personnel Manual

29.    Personnel Manual
30.    Marine SOP
31.    Records of Sussex Emergency Associates
33.    Records of Beebe Medical Center
34.    Records of Lewes Family Medicine
35.    Records of Dr. Elisa Montross-Lopez
39.    Records of Lewes Fire Department
40.    Records of Lewes Physical Therapy
43.    Records of Orthopedic Associates of Southern Delaware
44.    Records of Dr. Metha
45.    Records of Southern Delaware Imaging
46.    Records of Dr. Papastravros

4.    The following exhibits were offered by defendant DRBA and marked for identification.
Plaintiff objected to their receipt in evidence on the grounds stated:

8.    DRBA Training Records.  Objection reserved until produced for inspection.
9.    Incident Report (8/9/02).  Hearsay.
10.    Police Report (8/9/02).  Hearsay.
11.    Statement of Mike Willey.  Hearsay.
12.    Statement of Arthur Jacobsen.  Hearsay.
13.    Statement of James Kleb.  Hearsay.
14.    Statement of Darrin Singley.  Hearsay.
15.    Statement of Harry Thompson.  Hearsay.
17.    Customer Complaint Form dated 8/2/02.  Relevance; hearsay.
18.    Employee Performance Record dated 8/9/02.  Relevance; hearsay.
19.    Memo from Captain McEwing to Linda Murphy dated 12/17/02.  Relevance; hearsay.
20.    Letter from Captain John Pulli to Susan Ramano dated 8/8/02.  Relevance; hearsay.
21.    Letter from Jacob Shisha, Esq. to DRBA dated 10/29/02.  Relevance, hearsay.
22.    Records of State of Delaware Department of Insurance.  Relevance, hearsay; prejudical.
23.    Records of State of Virginia Department of Insurance.  Relevance, records not produced.
24.    Records of State Farm, including witness statements and recorded interviews.  Relevance,
       hearsay.
25.    Records of G.E. Property, including recorded interviews.  Hearsay.
26.    Records of Vane Brothers, Inc.  Relevance, hearsay.
27.    Records of Danmar Associates.  Relevance, hearsay.
28.    Records of 1999 Auto Accident Claim.  Relevance, hearsay.
29.    Personnel Manual
30.    Marine SOP
31.    Records of Sussex Emergency Associates
32.    Records of Cammarato and Aloe.  Relevance, hearsay.
36.    Records of Dr. Bakker.  Relevance, hearsay; records not yet produced.
37.    Records of Dr. Coyne.  Relevance, hearsay; records not yet produced.

38.  Records of Medical Treatment.  Ambiguous and unintelligible.
41.  Records of Drs. Lord and Wheeler.  Relevance, hearsay.
42.  Records of Dr. Eric Balliet.  Relevance, hearsay.
47.  Records of Dr. Amy Jones.  Objection because not identifiable.
48.  Records of CNMRI.  Objection because not identifiable.
49.  Records of Center for Neurology, Neurosurgery and Pain Management.  Objection because not identifiable.
50.  Records of Milford Diagnostic Group.  Objection because not identifiable.
51.  Records of Dickinson Medical Group.  Objection because not identifiable.
52.  Records of Bayhealth Medical Center.  Objection because not identifiable.
53.  Records of Bayhealth Medical Center (Milford Memorial Hospital).  Objection because not identifiable.
54.  Records of Dr. Anapole.  Objection because not identifiable.
55.  Records of PACE.  Objection because not identifiable.
56.  Records of V.A. Medical Center.  Relevance; hearsay.
57.  Records of Dr. Elrod.  Objection because not identifiable.
58.  Records of Dr. Sopa.  Objection because not identifiable.
59.  Records of Concentra.  Objection because not identifiable.
61.  Records of Pain Center of Delaware.  Objection because not identifiable.
62.  Records of John Hopkins Medical Center.  Objection because not identifiable.
63.  Records of Tidewater Physical Therapy.  Objection because not identifiable.
64.  Records of Dickinson Medical Group.  Objection because not identifiable.
65.  Annotated Medical Certification by Dr. Sabbagh dated 10/20/02.  Objection because not identifiable.
66.  Records of Blue Cross Blue Shield of Delaware.  Objection because not identifiable.
67.  PIP Claim File.  Relevance; hearsay.
68.  Kopacz Deposition and Exhibits.  Hearsay and cumulative.
69.  Singley Deposition and Exhibits.  Hearsay and cumulative.
70.  Thompson Deposition and Exhibits.  Hearsay and cumulative.
71.  Jacobsen Deposition and Exhibits.  Hearsay and cumulative.
72.  Willey Deposition and Exhibits.  Hearsay and cumulative.
73.  Kleb Deposition and Exhibits.  Hearsay and cumulative.
74.  Singley Deposition and Exhibits.  Hearsay and cumulative.
75.  Craig Swett Deposition and Exhibits.  Hearsay and cumulative.
76.  Miller Deposition and Exhibits.  Hearsay and cumulative.
77.  Wise Deposition and Exhibits.  Hearsay and cumulative.
78.  Courtney Swett Deposition and Exhibits.  No such deposition.
79.  Jessica Swett Deposition and Exhibits.  Subject to motion in limine.
80.  Carol Swett Deposition and Exhibits.  Subject to motion in limine.

The DRBA reserves the right to introduce other exhibits for rebuttal or impeachment purposes.

5. The following exhibits were offered by defendant Swett, received in evidence and marked as indicated:

None.

6. The following exhibits were offered by defendant Swett, and marked for identification. Plaintiff objected to their receipt in evidence on the grounds stated:

1.      Plaintiff's Complaint, D. Del. Civil Action No. 04-911. Relevance.
2.      Medical Records of Dr. Richard Falkenstein, April 12, 1990 and 1993/1994(exact date illegible). Relevance.
3.      Medical Records of Dr. Amy Jones, January 17, 1995. Relevance.
4.      Medical Narrative of Dr. Konrad W. Bakker, dated April 13, 1995. Relevance.
5.      Medical Records of Lewes Family Practice, August 7, 1997 through May 15, 1998. Relevance.
6.      Diagnostic Imaging Consultation Report, Beebe Medical Center, January 27, 1999. Relevance.
7.      Medical Records of Dr. Mary Lou Elrod, January 20, 1999 through January 11, 2000. Relevance.
8.      Medical Records of Dr. Mary Lou Elrod, March 1, 2000 through December 17, 2001. Relevance.
9.      Medical Narrative of Dr. David Sopa, dated July 18, 2000. Relevance.
10.     Medical Records of Lewes Family Practice, February 2, 1999 and September 20, 2000. Relevance.
11.     Two (2) MRI Reports, Johns Hopkins Medicine, September 20, 2001. Relevance.
12.     DRBA Injured/Witness Statement of Incident dated June 30, 2002. Relevance.
13.     Medical Records of Beebe Medical Center, June 30, 2002. Relevance.
14.     Medical Records of VA Medical Center (Wilmington), July 9, 2002. Relevance.
15.     DRBA Employee Performance Record for Employee Kopacz, dated August 9, 2002 and signed by supervisor on December 26, 2002. Relevance.
16.     Cape May-Lewes Ferry Marine Department Performance Evaluation for Employee Kopacz, dated March 6, 2003. Relevance.
17.     Narrative Report of Eric S. Balliet dated June 19, 2005. Relevance.
18.     Plaintiff Kopacz's GE Automobile Insurance Policy in effect on August 9, 2002. Relevance.
19.     Office Notes of June 10, 2004 and June 11, 2004 from Orthopaedics Associates of Southern Delaware, P.A. Relevance.
20.     Letter from Dr. John E. Spieker of Orthopaedics Associates of Southern Delaware, P.A. to Jan Kopacz dated June 11, 2004. Relevance.

_____

The Honorable Gregory M. Sleet
United States District Court
for the District of Delaware


_____

Carmella P. Keener, Esquire
Mary Elisa Reeves, Esquire
Attorneys for Defendant
Delaware River and Bay Authority


_____

James J. Woods, Esquire
E. Alfred Smith, Esquire
Attorneys for Plaintiff Jan D. Kopacz


_____

Donald M. Ransom, Esquire
Attorney for Defendant Craig Swett

35