IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| ———————————————— | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, | : | |
| | : | |
| Defendant. | : | |
| ———————————————— | : | |

**POINTS FOR CHARGE WITH OBJECTIONS**

<u>**Liability**</u>

<u>**Maritime Law**</u>

**Plaintiff's 1.**  The law which governs this case is the Maritime Law or the Law of the Sea.  In many respects, it is different from the law which governs our everyday affairs.  It is, therefore, necessary for you to disregard any notions that you might have as to what the law may be and to accept the law as I give it to you.  This is your legal duty in every case and particularly so in this case.  <u>Seas Shipping Company v. Sieracki</u>, 328 U.S. 35 (1946).

**OBJECTION BY DEF. SWETT (confusing)**– see attached revision

## <u>DEFENDANT SWETT PROPOSED POINT OF CHARGE</u>

1.    *Regarding the claim against the Delaware River and Bay Authority*, the law which governs this case is the Maritime Law or the Law of the Sea.  In many respects, it is different from the law which governs our everyday affairs.  It is, therefore, necessary for you to disregard any notions that you might have as to what the law may be and to accept the law as I give it to you.  This is your legal duty in every case and particularly so in this case.  <u>Seas Shipping Company v. Sieracki</u>, 328 U.S. 35 (1946).

**Plaintiff's 2.**     In this case, the plaintiff has made two separate claims for recovery.  He has made a claim under the doctrine known as "unseaworthiness," which is essentially a claim that the ship or its crew or equipment was not reasonably fit for its intended purposes.  And he has also made a claim of negligence under a special act of Congress called the Jones Act.  However, it is important to note at the outset that plaintiff's claims of "unseaworthiness" and of negligence under the Jones Act are alternative claims arising from the same injury.  Each claim is governed by separate standards and must be considered separately, but plaintiff can only recover once for his injuries, even if you find that he has established both theories.  The plaintiff need prove only one, but may prove both theories in order to recover.  <u>See</u> <u>generally</u> L. Sand, <u>et</u> <u>al.</u>, <u>Modern Federal Jury Instructions</u>, p. 90-57, Instruction 90-32 (1997).

**<u>OBJECTION BY DEFENDANT SWETT</u> (confusing)**–see attached revision

## DEFENDANT SWETT PROPOSED POINT OF CHARGE

2.       In this case, the plaintiff has made two separate claims for recovery *against the Delaware River and Bay Authority.*  He has made a claim under the doctrine known as "unseaworthiness," which is essentially a claim that the ship or its crew or equipment was not reasonably fit for its intended purposes.  And he has also made a claim of negligence under a special act of Congress called the Jones Act.  However, it is important to note at the outset that plaintiff's claims of "unseaworthiness" and of negligence under the Jones Act are alternative claims arising from the same injury.  Each claim is governed by separate standards and must be considered separately, but plaintiff can only recover once for his injuries, even if you find that he has established both theories.  The plaintiff need prove only one, but may prove both theories in order to recover.  See generally L. Sand, et al., Modern Federal Jury Instructions, p. 90-57, Instruction 90-32 (1997).

**Unseaworthiness**

      **Plaintiff's 3.**  Under the Maritime Law which applies to this case, there is an absolute duty on the part of the shipowner to provide a safe and seaworthy vessel and to supply and keep in reasonable order the appliances and equipment appurtenant to the vessel for the safe use of the personnel who were engaged in rendering services aboard the vessel.  <u>Seas Shipping Company v. Sieracki</u>, 328 U.S. 35 (1946).

      **OBJECTION BY DEF. SWETT** (confusing as to Swett's involvement)– see attached revision

      **OBJECTION BY DEF. DRBA** (misleading)– substitute attached instruction.

**DEFENDANT SWETT'S PROPOSED POINT OF CHARGE**

3.  Under the Maritime Law which applies to this case *against the Delaware River and Bay Authority*, there is an absolute duty on the part of the shipowner to provide a safe and seaworthy vessel and to supply and keep in reasonable order the appliances and equipment appurtenant to the vessel for the safe use of the personnel who were engaged in rendering services aboard the vessel.  Seas Shipping Company v. Sieracki, 328 U.S. 35 (1946).

**DEFENDANT DRBA'S PROPOSED POINT FOR CHARGE**

3.  Mr. Kopacz has also made a claim of "unseaworthiness", which is a claim that the vessel owner has not fulfilled a legal duty owed to members of the crew to provide a vessel reasonably fit for its intended purpose.   *3A Federal Jury Practice & Instructions § 156.20*  at 436 (West 5th Ed. 2001).

**Plaintiff's 4.**  If an unseaworthy condition exists and is a substantial factor in causing an injury, the injured party who is entitled to the protection of this rule of law is entitled to recover from the shipowner, even though the shipowner or its agents or employees did not create the condition, did not know of its existence or had no opportunity to repair or correct it.  In other words, this form of liability is not dependent upon any concept of carelessness or negligence. The warranty of seaworthiness is a species of liability without fault.  <u>Seas Shipping Company v. Sieracki</u>, 328 U.S. 35 (1946).


**DEFENDANT DRBA AGREES IF ATTACHED CHARGE IS ADDED.**

## DEFENDANT DRBA'S PROPOSED POINT FOR CHARGE

5.    To be in a seaworthy condition means to be in a condition reasonably suitable and fit to

be used, for the purpose or use for which provided or intended.  An unseaworthy

condition is found to have caused or contributed to plaintiff's injury only if it is a direct

and substantial cause of such injury.  Smith v. Marilyn M. Fishing, Inc., 173 Cal App. 3d

453, 458, 219 Cal Rptr. 57, 60 (1985)  (citing Mitchell v. Trawler Racer, Inc. 362 U.S.

539, 550 (1960)).

**Plaintiff's 6.**  The duty to provide a safe and seaworthy vessel is absolute.  This means that the vessel owner cannot satisfy this obligation by the mere existence of reasonable care and diligence.  If the vessel or any part thereof is found by you to be unseaworthy, and by reason hereof was a substantial factor in causing the injury which the plaintiff suffered, then your verdict for liability should be for the plaintiff and against the defendant regardless of the amount of diligence or care exercised by defendant.  This is true even if the defendant was not aware of the actual condition of the part of the vessel involved.  Mahnich v. Southern S.S. Company, 321 U.S. 96, 103 (1944).

**OBJECTION BY DEF. DRBA** (misleading)– substitute attached instructions.

**DEFENDANT DRBA'S PROPOSED POINT FOR CHARGE**

6.     The owner of a ship is not required, however, to furnish an accident-free ship.  A vessel

is not called upon to have the best of appliances and equipment, or the finest of crews,

but only such gear as reasonably proper and suitable for its intended use, and a crew that

is reasonably competent and adequate.  *3A Federal Jury Practice & Instructions § 156.20*

at 436 (West 5th Ed. 2001).

**Plaintiff's 7.**  In proving his unseaworthiness claim, the plaintiff is not required to establish that the entire ship was unseaworthy.  Rather, he must show only that a part of the ship or its gear or crew was unseaworthy.   <u>See</u> <u>generally</u> L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, p. 90-63, Instruction 90-37 (1997).


**DEFENDANT DRBA AGREES IF ATTACHED CHARGE IS ADDED.**

## **DEFENDANT DRBA'S PROPOSED POINT FOR CHARGE**

7.5    The defendant is not obligated to furnish an accident free ship.  <u>Smith v. Marilyn M.</u>

<u>Fishing, Inc.</u>, 173 Cal App. 3d 453, 458, 219 Cal Rptr. 57, 60 (1985)  (citing <u>Mitchell v.</u>

<u>Trawler Racer, Inc.</u> 362 U.S. 539, 550 (1960)).

**Plaintiff's 8.**  I also charge you that the defendant shipowner, having actual or constructive knowledge, and that means that it knew or should have known that a certain activity would occur, there is imposed upon it the absolute duty of supplying whatever equipment is necessary, including warning signs or devices, for permitting the conduct and accomplishment of an activity in reasonable safety.  Failure to comply with this duty makes the shipowner liable and the vessel unseaworthy.  Meslo v. Kea SS Co., 260 F.2d 747, 751 (1958).


**DEFENDANT DRBA OBJECTS (misleading and misstatement of the law)**

**Plaintiff's 9.**  The vessel is unseaworthy if the procedure or method used by the crew creates an undue risk of harm.  This is true even though the condition be transitory and without knowledge on the part of the vessel's officers.  Thompson v. Calmar Steamship Corp., 331 F.2d 657 (3rd Cir. 1964); Ferrante v. Swedish American Lines, 331 F.2d 571 (3rd Cir. 1964); Scott v. Isbrandtsen Company, Inc., 327 F.2d 113 (4th Cir. 1964).


**DEFENDANT DRBA OBJECTS (misleading and inapplicable)**

**Plaintiff's 10.**  If  hazardous conditions are or should be known to the employer, it is incumbent upon the employer, to provide safety regulations and require use of safety equipment to insure safe working conditions for the employees.   See Hebert v. Otto Candies, Inc., 402 F.Supp. 503 (E.D.La. 1975).

**DEFENDANT DRBA OBJECTS (misleading, misstatement of law and inapplicable)**

**Plaintiff's11.**  If  a shipowner knows or should know that a certain activity will occur, there is imposed upon it the absolute duty of supplying whatever equipment is necessary, including warning signs, for permitting the conduct and accomplishment of an activity in reasonable safety.  Failure to comply with this duty makes the shipowner liable and the vessel unseaworthy.  See  Mesle v. Kea SS Co., 260 F.2d 747, 751 (3d Cir. 1958).  A shipowner may not escape this liability, however, merely because the owner uses persons rather than machines or physical equipment to perform ship's work.  See e.g. Waldron v. Moore-McCormack Lines, Inc., 87 S.Ct. 1410, 18 L.Ed.2d 482  (1967).

**DEFENDANT DRBA OBJECTS (misstatement of law and confusing)**

**DRBA 12.**    "Seaworthy" means that the vessel and her equipment were reasonably fit for the purpose for which they were intended to be used.  The standard is reasonable fitness, not perfection.   A defendant discharges his duty if he furnishes a vessel reasonably suited for her intended service.  Smith v. Marilyn M. Fishing, Inc., 173 Cal App. 3d 453, 458, 219 Cal Rptr. 57, 60 (1985)  (citing Mitchell v. Trawler Racer, Inc. 362 U.S. 539, 550 (1960)).

[IF NOT ALREADY INCLUDED]

**DRBA 13**    The owner of a ship is not required, however, to furnish an accident-free ship.  A vessel is not called upon to have the best of appliances and equipment, or the finest of crews, but only such gear as reasonably proper and suitable for its intended use, and a crew that is reasonably competent and adequate.  *3A Federal Jury Practice & Instructions § 156.20* at 436 (West 5th Ed. 2001).

[IF NOT PREVIOUSLY INCLUDED]

**DRBA 14**.    The DRBA denies that any unseaworthiness existed at the time of the incident, and alternatively states that if the vessel or its equipment was unseaworthy, then the unseaworthiness did not cause Mr. Kopacz's injury.  The DRBA further alleges that contributory negligence on the part of Mr. Kopacz was also a cause of any injuries he sustained.   If you find that any unseaworthiness on the part of the vessel was a substantial cause of his injuries,  you must then consider whether Mr. Kopacz's own negligence contributed to his injury.  If you find that the DRBA has met its burden on this issue, that will not prevent a recovery by Mr. Kopacz.  In other words, if you find that the accident was partly due to the fault of Mr. Kopacz, that his own negligence was, for example, 50% responsible for the damage, then you would fill in that percentage as your finding on the special verdict form that I will explain in a minute.  Such a finding would not prevent Mr. Kopacz from recovering; the Court would merely reduce the total damages by the percentage that you insert.  Of course, by using the number 50% as an example, I am not suggesting any specific figure at all.  If you find that Mr. Kopacz was negligent, you might find 1% or 99%.  *3A Federal Jury Practice & Instructions § 156.20*  at 435 (West 5th Ed. 2001).

**The Jones Act**

**Plaintiff's 15..**  The plaintiff also brings this action against the defendant under the Jones Act. The Jones Act provides in substance that every employer whose employees are members of the crew of a vessel in navigation shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees or from any defect or deficiency, due to its negligence, in the vessel, its crew or its equipment.  L. Sand, <u>et al.,</u> <u>Modern Federal Jury Instructions</u>, p. 90-7, Instruction 90-1 (1997).


**DRBA AGREES IF ATTACHED CHARGES ADDED.**

**DEFENDANT DRBA'S PROPOSED POINTS FOR CHARGE**

15.     The duty owed to the seaman is to provide a reasonably safe place to work.     Brogan v.

United New York Sandy Hook Pilots' Assoc., Inc., 213 F. Supp. 2d 432, 435 (D.N.J.

2002)

16.     The duty is measured by what a reasonably prudent person would anticipate or foresee

resulting from the particular circumstances.  Brogan, 213 F. Supp. 2d at 436 (quoting

from Wilburn v. Maritrans GP, Inc., 139 F.3d 350, 357 (3d Cir. 1998)).

**Plaintiff's 15**.   The plaintiff is entitled to recover from the defendant and meets the burden of proof imposed upon her under this Act of Congress, if he convinces you, by a fair preponderance of the evidence, that the negligence of the defendant played any part, even the slightest, in causing the plaintiff to suffer injury.  Idzojtic v. Pennsylvania Railroad Co., 431 F.2d 1029 (3d Cir. 1978).


**DRBA OBJECTS (misleading), but will agree to modified charge 16 if proposed charge 17 is included.**

## DRBA'S PROPOSED POINTS FOR CHARGE

16.     The plaintiff is entitled to recover from the defendant if he convinces you, by a fair preponderance of the evidence, that the negligence of the defendant played any part, even the slightest, in causing the plaintiff to suffer injury.  <u>Idzojtic v. Pennsylvania Railroad Co.</u>, 431 F.2d 1029 (3d Cir. 1978).

17.     The requirement of causation is not discarded in a Jones Act case. <u>Chisholm v. Sabine Towing & Trasp. Co., Inc.</u>, 679 F. 2d 60 (5th Cir. 1982). Although the strength of the link or connection between the defendant's negligence and the injury is relaxed under the Jones Act, this does not "impair the principle that in Jones Act cases, cause, in fact, is still a necessary ingredient of liability."   <u>Id.</u> at 62 (emphasis added).

**Plaintiff's 18**.  Since the defendant is a corporate entity, which can act only through its officers, employees, and agents, it is liable under the Jones Act for their negligence.  Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation.  It can consist of doing something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.  See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963); Tiller v. Atlantic Coast Line R.R., 318 U.S. 54 (1943).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-22, Instruction 89-9 (1997).


DBRA AGREES IF ATTACHED CHARGES ARE INCLUDED.

## DRBA'S PROPOSED POINTS FOR CHARGE

19.     Under the Jones Act, plaintiff must prove that the DRBA was negligent.  The

occurrence of an accident, standing alone, does not mean that anyone's negligence

caused the accident.  You must determine if the operation in question was reasonably safe

under the circumstances.  The fact that a certain practice has been continued for a long

period of time does not mean that it is reasonably safe under all circumstances.  However,

a practice is not necessarily unsafe or unreasonable merely because it injures someone.

*3A Federal Jury Practice & Instructions § 156.20*  at 433 (West 5th Ed. 2001).


20.     Because a Jones Act employer is not an insurer of its employees' safety at sea, the

employer is not liable when an injury arises solely from the ordinary and normal

activities of a seaman's work in the absence of proof that the injury complained of was

caused by the employer's negligence.  Harrison v. Seariver Maritime, Inc., 2003 U.S.

App. Lexis 2472 at 5 (January 28, 2003).

**Plaintiff's 21.**  This means that if the negligence of a fellow employee or officer played any part, even in the slightest, in causing the injury suffered by the plaintiff, then the defendant vessel owner is liable for the consequences of that negligence.  <u>Ferguson v. Moore-McCormack Lines, Inc.</u>, 352 U.S. 521, 523, 1 L.Ed.2d 511, 514 (1957); <u>Rogers v. Missouri Pacific Railroad Co.</u>, 352 U.S. 500, 507, 1 L.Ed.2d 493, 500 (1957).

**DRBA OBJECTS (no allegation that fellow employee caused injury)**

**Plaintiff's 22.**  The vessel owner, through its crew members, owe to the persons serving aboard the vessel the non-delegable duty to exercise reasonable care to provide those persons with a safe place to work.  The failure to provide plaintiff with a safe place to work constitutes negligence on the part of the shipowner.  Plaintiff is entitled to a verdict in his favor and against the defendant and meets the burden of proof imposed upon him under The Jones Act if he convinces you that the negligence of the defendant or the failure of the defendant to provide him with a reasonably safe place within which to work played any part, even the slightest, in causing him to suffer the injuries that he sustained in this case.  Brabazon v. Belships Co., Ltd., 202 F.2d 904 (3rd Cir. 1953); Earles v. Union Barge Line Corp., 486 F.2d 1097 (30rd Cir. 1973); Beard v. Ellerman Lines, Ltd., 289 F.2d 201 (3d Cir. 1961).

**DRBA OBJECTS.  (Cumulative)**

**Plaintiff's 23.**  This non-delegable duty imposes on a shipowner a responsibility to make reasonable inspections of its vessels, premises and equipment to discover any dangers or defects and to take reasonable precautions to protect its employees from possible harm.  See Shenker v. Baltimore & Ohio R.R., 374 U.S. 1 (1963).  See generally L. Sand, et al., Modern Federal Jury Instructions, p. 90-34, Instruction 90-18 (1997).

**DRBA ACCEPTS IF ATTACHED CHARGE IS INCLUDED.**

## DRBA PROPOSED POINT FOR CHARGE

24.    A shipowner in a Jones Act case has a duty to warn its employees of dangers which are
       not reasonably known.  In other words, shipowners need not warn seamen of dangers that
       are "open and obvious."  Patterson v. Allseas USA, Inc., 2005 WL 1350594 (Slip
       Opinion, 5th Cir., Docket No. 04-40949, June 8, 2005).

**Plaintiff's 25**.  The degree of care which must be exercised, however, varies with the level of risk.  The greater the risk of harm, the greater the required level of care.  See Urie v. Thompson, 337 U.S. 163 (1949); Bailey v. Central Vermont Ry., 319 U.S. 350 (1943); Tiller v. Atlantic Coast Line R.R., 318 U.S. 54 (1943).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-31, Instruction 90-15 (1997).


**DRBA ACCEPTS IF ATTACHED CHARGE IS INCLUDED.**

## DRBA PROPOSED POINTS FOR CHARGE

26.    "Negligence" is the failure to use reasonable care. Reasonable care is that degree of

care that a reasonably careful person would use under like circumstances.  Negligence

may consist either in doing something that a reasonably careful person would not do

under like circumstances, or in failing to do so something that a reasonably careful

person would do under like circumstances. *3A Federal Jury Practice & Instructions §*

*156.20*  at 434 (West 5th Ed. 2001).

**Plaintiff's 27**.  The shipowner has a duty to inspect in order to insure that the instrumentalities used by the employees are available and reasonably safe and this duty is a continuing one. Ragsdell v. Southern Pacific Transportation Co., 688 F.2d 1281 (C.A. Ariz., 1982); St. Louis Southwestern R.R. Co. v. Greene, 552 S.W.2d 880 (Tex. Civ. App. 1977); Lowden v. Hanson, 134 F.2d 348 (C.C.A. Minn. 1943); Sheffler v. Pennsylvania R. Co., 176 F.2d 368 (C.A. Pa. 1949); Williams v. Atlantic Coast Line Co., 190 F.2d 744 (C.A. Ga. 1951); Isgett v. Seaboard Coast Line R. Co., 332 F. Supp. 1127 (D.C. S.C. 1971).


**DRBA OBJECTS (cumulative and not applicable)**

**Plaintiff's 28.**  A shipowner may also be found negligent under the Jones Act if it fails to prescribe, promulgate, and/or enforce adequate rules, procedures, and regulations for the safe operation of its vessel, equipment, tools, machinery and appliances.  See Moore v. Chesapeake & Ohio Ry., 649 F.2d 1004 (4th Cir. 1981); Phillips v. Chesapeake & Ohio Ry., 475 F.2d 22 (4th Cir. 1973).

**DRBA OBJECTS (not applicable or supported by evidence)**

**Plaintiff's 29**.  And it obligates a shipowner to properly instruct its employees on the safe operation of its vessel, equipment, tools, machinery, and appliances.  See Stone v. New York, Chicago & St. Louis R.R., 344 U.S. 407 (1953); Ybarra v. Burlington Northern, Inc., 689 F.2d 147 (8th Cir. 1982); Heater v. Chesapeake & Ohio Ry., 497 F.2d 1243 (7th Cir.), cert. denied, 419 U.S. 1013 (1974).  Thus, you may find the defendant negligent if you find that it instructed its employees to perform a task using a procedure or method which it knew or in the exercise of reasonable care should have known would result in injury.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-37, Instruction 89-21 (1997).

**DRBA OBJECTS (not applicable or supported by evidence)**

**Plaintiff's 30**.  Even when the shipowner takes precautions for an employee's safety, it cannot escape liability if further remedial measures were both possible and reasonable yet not effectuated.  See Williams v. Long Island R.R., 196 F.3d 402 (2d Cir. 1999); Martinez v. Union Pacific R.R., 82 F.3d 223 (8th Cir. 1996); Eggert v. Norfolk & Western Ry., 538 F.2d 509 (2d Cir. 1976); Panger v. Duluth, Winnipeg & Pacific Ry., 490 F.2d 1112 (8th Cir. 1974); Rodriguez v. Delray Connecting R.R., 473 F.2d 819 (6th Cir. 1973); Schillie v. Atchison, Topeka & Santa Fe Ry., 222 F.2d 810 (8th Cir. 1955); Boston & Maine R.R. v. Meech, 156 F.2d 109 (1st Cir.), cert. denied, 329 U.S. 763 (1946); Morgan v. Consolidated Rail Corp., 509 F. Supp. 281 (S.D.N.Y. 1980); Isgett v. Seaboard Coast Line R.R., 332 F. Supp. 1127 (D.S.C. 1971); Seeberger v. Burlington Northern R.R., 138 Wash.2d 815, 982 P.2d 1149 (1999); Missouri-Kansas-Texas R.R. v. Miller, 486 P.2d 630 (Okla. 1971); Wright v. Chicago, Burlington & Quincy R.R., 392 S.W.2d 401 (Mo. 1965); Welsh v. Burlington Northern R.R., 719 S.W.2d 793 (Mo.App. 1986); Campbell v. Chesapeake & Ohio Ry., 36 Ill.App.2d 276, 183 N.E.2d 736 (1962); Wawryszyn v. Illinois Central R.R., 10 Ill.App.2d 394, 135 N.E.2d 154 (1956).

**DRBA OBJECTS (incomprehensible, confusing)**

**Plaintiff's 31**    The Jones Act, therefore, imposes on a shipowner a non-delegable duty to guard against any risks or dangers of which it knew or by the exercise of reasonable care should have known.  See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963); Urie v. Thompson, 337 U.S. 163 (1949).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-28, Instruction 90-13 (1997).  A shipowner, however, need not foresee the particular consequences of its negligent acts in order to be held liable under the Jones Act.  See Gallick, supra.  Thus, it must compensate the plaintiff for even the improbable or unexpectedly severe consequences of its negligence.  See Gallick, supra.


**DRBA OBJECTS (prejudicial and misleading)**

**Plaintiff's 32**  You may impute actual knowledge of a dangerous condition or defect to the shipowner if its officers, agents, or employees knew or should have known of the condition.  <u>See</u> <u>Gallick v. Baltimore & Ohio R.R.</u>, 372 U.S. 108 (1963).  <u>See</u> <u>generally</u> 5 L. Sand, <u>et</u> <u>al</u>., <u>Modern</u> <u>Federal Jury Instructions</u>, p. 90-29, Instruction 90-14 (1997).


**DRBA AGREES AS LONG AS ATTACHED CHARGE IS INCLUDED.**

**DRBA PROPOSED POINT FOR CHARGE**

33.   A shipowner in a Jones Act case has a duty to warn its employees of dangers which are

not reasonably known.  In other words, shipowners need not warn seamen of dangers that

are "open and obvious."  <u>Patterson v. Allseas USA, Inc.</u>, 2005 WL 1350594 (Slip

Opinion, 5th Cir., Docket No. 04-40949, June 8, 2005).

**Plaintiff's 34**.  You may also impute constructive knowledge of a dangerous condition or defect to the shipowner if the evidence reveals that the hazard has existed for a sufficiently long period of time that the defendant, upon reasonable inspection, should have discovered it.  See Baltimore & Ohio R.R. v. Flechtner, 300 F. 318 (6th Cir.), cert. denied, 266 U.S. 613 (1924); Smith v. Schumacker, 30 Cal.App.2d 251, 85 P.2d 967 (1938), cert. denied, 307 U.S. 646 (1939); Doyle v. St. Louis Merchants' Bridge Terminal Ry., 326 Mo. 425, 31 S.W.2d 1010 (1930), cert. denied, 283 U.S. 820 (1931); Galveston, Harrisburg & San Antonio Ry. v. Miller, 192 S.W. 593 (Tex.App. 1917).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-29, Instruction 90-14 (1997).


**DRBA OBJECTS (cumulative)**

**Plaintiff's 35** .  In summary, if you find by a preponderance of the evidence that the defendant failed to exercise reasonable care to provide the plaintiff with a reasonably safe place to work, reasonably safe conditions, tools or equipment, or failed in any other way to exercise reasonable care in the circumstance, you may find that it was negligent.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-42, Instruction 90-24 (1997).

**DRBA AGREES IF ATTACHED CHARGE IS INCLUDED.**

**DRBA PROPOSED POINT FOR CHARGE**

36.     Because a Jones Act employer is not an insurer of its employees' safety at sea, the

employer is not liable when an injury arises solely from the ordinary and normal

activities of a seaman's work in the absence of proof that the injury complained of was

caused by the employer's negligence.  Harrison v. Seariver Maritime, Inc., 2003 U.S.

App. Lexis 2472 at 5 (January 28, 2003).

**Plaintiff's 29.**  In addressing the question of negligence, you may consider whether the shipowner's conduct violated its own safety rules or customary practices in the industry or applicable state law.  See Armstrong v. Burlington Northern R.R., 139 F.3d 1277 (9th Cir. 1998); Moses v. Union Pacific R.R., 64 F.3d 413 (8th Cir. 1995); DeBiasio v. Illinois Central R.R., 52 F.3d 678 (7th Cir. 1995), cert. denied, 516 U.S. 1157 (1996); Fulton v. St. Louis-San Francisco Ry., 675 F.2d 1130 (10th Cir. 1982); Brown v. Cedar Rapids & Iowa City Ry., 650 F.2d 159 (8th Cir. 1981); Mileski v. Long Island R.R., 499 F.2d 1169 (2d Cir. 1974); Duncan v. St. Louis-San Francisco Ry., 480 F.2d 79 (8th Cir.), cert. denied, 414 U.S. 859 (1973); Boston & Maine R.R. v. Talbert, 360 F.2d 286 (1st Cir. 1966); Johnson v. Erie Lackawanna R.R., 236 F.2d 352 (2d Cir. 1956); Haines v. Reading R.R., 178 F.2d 918 (3d Cir. 1950).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-38, Instruction 90-22 (1997).


**DRBA OBJECTS (no evidence to support charge)**

**Plaintiff's 37.**  A shipowner's compliance with industry customs or rules, however, does not insulate it from liability.  It may still be found negligent where these customs or rules do not reflect the level of care which a reasonably prudent person would exercise under the circumstances.  See Urie v. Thompson, 337 U.S. 163 (1949).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions,  p. 90-38, Instruction 90-22 (1997).  An industry may never set its own standards.  The T.J. Hooper, 60 F.2d 737 (2d Cir. 1932), cert. denied, Eastern Transportation Co. v. Northern Barge Corp., 287 U.S. 602 (1932).  Even its universal disregard of a precautionary measure may not preclude a finding of liability should you determine that common procedure would dictate its implementation.  See The T.J. Hooper, supra.


**DRBA OBJECTS (no evidence to support charge)**

**Plaintiff's 38.**  Moreover, if the evidence reveals that the defendant violated an applicable regulation or statute or permitted the violation of an applicable regulation or state law, and that this act and/or omission contributed in any way to plaintiff's injuries, then you must find that the defendant was negligent as a matter of law.  See Crane v. Cedar Rapids & Iowa City Ry.  395 U.S. 164 (1969); Kernan v. American Dredging Co., 355 U.S. 426 (1958); Urie v. Thompson, 337 U.S. 163 (1949); Seaboard Air Line Ry. v. Horton, 233 U.S. 492 (1994); Morant v. Long Island R.R., 66 F.3d 518 (2d Cir. 1995); Walden v. Illinois Central Gulf R.R., 975 F.2d 361 (7th Cir. 1992); Eckert v. Aliquippa & Southern R.R., 828 F.2d 183 (3d Cir. 1987); Diede v. Burlington Northern R.R., 772 F.2d 593 (9th Cir. 1985); Schroeder v. Pennsylvania R.R., 397 F.2d 452 (7th Cir. 1968); Schultz v. Illinois Central R.R., 1994 WL 643244 (N.D.Ill., November 9, 1994.  See also Rabon v. Automatic Fasteners, Inc., 672 F.2d 1231 5th Cir. 1982); Melerine v. Avondale Shipyards, Inc., 659 F.2d 706 (5th Cir. 1981); National Marine Services, Inc. v. Gulf Oil Co., 433 F.Supp. 913, 919-920 (E.D.La.1977), aff'd 608 F.2d 522 (5th Cir. 1979); Buhler v. Marriott Hotels, Inc., 390 F.Supp. 999 (E.D.La.1974).


**DRBA OBJECTS.  (Misstatement of law, misleading and inapplicable)**

**Plaintiff's 39.**  Indeed, even if the evidence reveals that the defendant complied with an applicable safety statute and/or regulation, it is still liable for plaintiff's injuries if, under the circumstances, a reasonable person would have taken additional precautions to prevent harm. See King v. Southern Pacific Transportation Co., 855 F.2d 1485 (10th Cir. 1988) (citing Urie v. Thompson, 337 U.S. 163 (1949)); Mosco v. Baltimore and Ohio R.R., 817 F.2d 1088 (4th Cir.), cert. denied, 484 U.S. 851 (1987); Earwood v. Norfolk Southern Ry., 845 F. Supp. 880 (N.D.Ga. 1993); Morgan v. Consolidated Rail Corp., 509 F. Supp. 281 (S.D.N.Y. 1980); Fontaine v. National R.R. Passenger Corp., 54 Cal.App.4th 1519, 63 Cal.Rptr.2d 644 (1997); Failing v. Burlington Northern R.R., 815 P.2d 974 (Colo.App. 1991).


**DRBA OBJECTS.  (Misstatement of law, misleading and inapplicable)**

**Plaintiff's 40**.  Moreover, even if these statutes and/or regulations are not applicable to the specific operation involved in plaintiff's accident, defendant's noncompliance therewith is still evidence of negligence in this action.  See Ries v. National R.R. Passenger Corp., 960 F.2d 1156 (3d Cir. 1992); Albrecht v. Baltimore & Ohio R.R., 808 F.2d 329 (4th Cir. 1987); Miller v. Chicago & North Western Transportation Co., 925 F. Supp. 583 (N.D.Ill. 1996); Manes v. Metro-North Commuter R.R., 801 F. Supp. 954 (D.Conn. 1992), aff'd, 990 F.2d 622 (2d Cir. 1993). It is relevant to your determination of what precautions a reasonably prudent employer would have implemented under similar circumstances.  See Ries, supra; Albrecht, supra; Miller, supra; Manes, supra.

**DRBA OBJECTS.  (Misstatement of law, misleading and inapplicable)**

**Plaintiff's 41.**  Under the Jones Act, a shipowner is liable in damages for breaching its non-delegable duty to provide a safe place to work if the negligent acts or omissions of its officers, agents, or employees played any part, even the slightest, in producing plaintiff's injury.  See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957).  It does not matter that, from the evidence, you may also attribute plaintiff's injury to other causes.  See Rogers, supra.  The involvement of any other cause does not prevent a finding for the plaintiff, as long as you determine that the employer's negligence played any part, no matter how slight, in causing the injury.  See Rogers, supra.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-43, Instruction 90-25 (1997).


**DRBA OBJECTS (misleading and confusing).  Substitute attached charge.**

**DRBA PROPOSED POINT FOR CHARGE**

42.    Negligence may be a cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause occurs at the same time as the negligence and if the DRBA's negligence played any part, no matter how small, in causing the damage, you may find for the plaintiff under the Jones Act.  If that is the case, however, you will be asked to assign percentages of negligence, if any is found,  to the DRBA, Swett and Kopacz himself.

**Plaintiff 43.**.  Plaintiff, therefore, is entitled to recover from the defendant should you find from a preponderance of the evidence that the shipowner's negligent acts or omissions played any part, even the slightest, in producing his injuries.  <u>See</u> <u>Rogers v. Missouri Pacific R.R.</u>, 352 U.S. 500 (1957).

**DRBA OBJECTION (cumulative)**

**Plaintiff 44.**   In a Jones Act case, liability may be inferred completely from circumstantial evidence.  See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957); Mendoza v. Southern Pacific Transportation Co., 733 F.2d 631 (9th Cir. 1984); Pekowic v. Erie Lackawanna R.R., 430 F.2d 697 (3d Cir. 1970); Moore v. Chesapeake & Ohio Ry., 493 F. Supp. 1252 (S.W.Va. 1980), aff'd, 649 F.2d 1004 (4th Cir. 1981).  It may be based exclusively on inferences you draw from the facts and circumstances of the case which, in light of your ordinary experience, reasonably suggest that the shipowner's negligence played even the slightest part in producing plaintiff's injury.  See Henwood v. Coburn, 165 F.2d 418 (8th Cir. 1948).

**DRBA OBJECTION.  (misleading)**

**Plaintiff's 45.**  Under the Jones Act, therefore, a seaman is entitled to assume that his employer properly discharged its duty to provide him a reasonably safe place to work and that he is not exposed to any hazards or dangers.  Prosser, Torts, p. 642; Holmes v. Ginter Restaurant Co., 54 F.2d 876 (1st Cir. 1932).  See also Cazad v. Chesapeake & Ohio Ry., 622 F.2d 72 (4th Cir. 1980); Williams v. Atlantic Coast Line R.R., 190 F.2d 744 (5th Cir. 1951); Pitt v. Pennsylvania R.R., 66 F. Supp. 443 (E.D.Pa. 1946), aff'd, 161 F.2d 733 (3d Cir. 1947).

**DRBA OBJECTION.  (misleading)**

**Plaintiff 46.**  A seaman, therefore, is not required to anticipate defects or dangerous conditions of which he has no knowledge.  Prosser, Torts, p. 642; Holmes v. Ginter Restaurant Co., 54 F.2d 876 (1st Cir. 1932).  See also Tiller v. Atlantic Coast Line R.R., 318 U.S. 54 (1943); Birchem v. Burlington Northern R.R., 812 F.2d 1047 (8th Cir. 1987); Almendarez v. Atchison, Topeka & Santa Fe Ry., 426 F.2d 1095 (5th Cir. 1970); Koshorek v. Pennsylvania R.R., 318 F.2d 364 (3d Cir. 1963); Johnson v. Erie R.R., 236 F.2d 352 (2d Cir. 1956); Thomas v. Union Ry., 216 F.2d 18 (6th Cir. 1954); Atlantic Coastline R.R. v. Burkett, 192 F.2d 941 (5th Cir. 1951); Mumma v. Reading Co., 247 F. Supp. 252 (E.D.Pa. 1965).


**DRBA OBJECTION.  (Not applicable, misleading)**

**Plaintiff 47**  A seaman is not bound to anticipate a negligent act or omission on the part of the shipowner and a failure to anticipate the negligence of another does not constitute negligence on the part of the plaintiff.  Nixon v. Chiarilli, 122 A.2d 710, 385 Pa. 218 (1956); Hogg v. Bessemer & L.E.R. Co., 373 Pa. 632 (1953).


**DRBA OBJECTION (misleading, misstatement of law)**

**Plaintiff's 48**.  A maritime worker is entitled to assume that the shipowner and its employees have performed those functions necessary to make the equipment with which he is to work and the area where he is to work safe for him and he is not required to be on the alert for possible defects or dangerous conditions of which he has no knowledge.  Prosser, Torts, p. 642; Holmes v. Ginter Restaurant Co., 54 F.2d 876 (1st Cir. 1932).

**DRBA OBJECTION (misleading, misstatement of law)**

**Plaintiff's 49** A maritime worker is not bound to anticipate the negligence of someone else or the omission on the part of any employee of the shipowner to perform his job in a safe and non-negligent manner, and the maritime worker is not required to anticipate such negligence on the part of someone else or other employee of the shipowner and the failure to anticipate the negligence of another does not constitute contributory negligence on the part of the plaintiff. Nixon v. Chiarilli, 122 A.2d 710, 385 Pa. 218 (1956); Hogg v. Bessemer & L.E.R. Co., 373 Pa. 632 (1953).


**DRBA OBJECTION (misleading, misstatement of law)**

**Plaintiff's 50**.  Every person is permitted to act on the assumption that he is not exposed or threatened by danger which can come to him as a result of the negligence of another one to whom the duty is owed to maintain and supply equipment and working conditions in a reasonably safe condition is not under any duty or obligation to anticipate that such equipment or working conditions are dangerous or unsafe.  Przybyszewski v. Nunes, 168 Pa. Super. 311 (1951).

**DRBA OBJECTION (cumulative and irrelevant)**

**DRBA PROPOSED POINTS FOR CHARGE (JONES ACT)**

51.     The duty owed to the seaman is to provide a reasonably safe place to work.  <u>Brogan</u>, 213

F. Supp. 2d at 436.

(IF NOT ALREADY INCLUDED)

DRBA

52.    The duty is measured by what a reasonably prudent person would anticipate or foresee

resulting from the particular circumstances.  <u>Brogan</u>, 213 F. Supp. 2d at 436 (quoting

from <u>Wilburn v. Maritrans GP, Inc.</u>, 139 F.3d 350, 357 (3d Cir. 1998)).


(IF NOT ALREADY INCLUDE)

DRBA

53.     A shipowner in a Jones Act case has a duty to warn its employees of dangers which are not reasonably known.  In other words, shipowners need not warn seamen of dangers that are "open and obvious."  Patterson v. Allseas USA, Inc., 2005 WL 1350594 (Slip Opinion, 5th Cir., Docket No. 04-40949, June 8, 2005).

(IF NOT ALREADY INCLUDED)

DRBA

54.    Under the Jones Act, plaintiff  must prove that the DRBA, was negligent.  The

occurrence of an accident, standing alone, does not mean that anyone's negligence

caused the accident.  You must determine if the operation in question was reasonably safe

under the circumstances.  The fact that a certain practice has been continued for a long

period of time does not mean that it is reasonably safe under all circumstances.  However,

a practice is not necessarily unsafe or unreasonable merely because it injures someone.

*3A Federal Jury Practice & Instructions § 156.20*  at 433 (West 5th Ed. 2001).


(IF NOT ALREADY INCLUDED)

DRBA

55.    Because a Jones Act employer is not an insurer of its employees' safety at sea, the

employer is not liable when an injury arises solely from the ordinary and normal

activities of a seaman's work in the absence of proof that the injury complained of was

caused by the employer's negligence.  Harrison v. Seariver Maritime, Inc., 2003 U.S.

App. Lexis 2472 at 5 (January 28, 2003).

(IF NOT ALREADY INCLUDED)

DRBA

56.     The requirement of causation is not discarded in a Jones Act case.

Chisholm v. Sabine Towing & Trasp. Co., Inc., 679 F. 2d 60 (5th Cir. 1982). Although the

strength of the link or connection between the defendant's negligence and the injury is relaxed

under the Jones Act, this does not "impair the principle that in Jones Act cases, cause, in fact, is

still a necessary ingredient of liability." Id. at 62 (emphasis added).


(IF NOT ALREADY INCLUDED)

DRBA

57.     "Negligence" is the failure to use reasonable care. Reasonable care is that degree of

care that a reasonably careful person would use under like circumstances.  Negligence

may consist either in doing something that a reasonably careful person would not do

under like circumstances, or in failing to do so something that a reasonably careful

person would do under like circumstances. *3A Federal Jury Practice & Instructions §*

*156.20*  at 434 (West 5th Ed. 2001).


(IF NOT ALREADY INCLUDED)

DRBA

58.      Mr. Kopacz has the burden of proving by a preponderance of the evidence that the

DRBA was negligent, and that this negligence was a proximate cause of the injury to

him.  If Mr. Kopacz has failed to prove each of those things to you, your verdict should

be for the DRBA.  If, on the other hand, you find that he has proved each of those things,

your verdict should be for Mr. Kopacz.  The DRBA has the burden of proving by a

preponderance of the evidence that Mr. Kopacz was negligent and that his negligence

was a proximate cause of his own injury.  If you find that the DRBA has proven each of

those things, you must reduce the amount of damages to which Mr. Kopacz would

otherwise be entitled.  *3A Federal Jury Practice & Instructions § 156.20*  at 432 (West 5th

Ed. 2001).

DRBA

59.     A plaintiff injured entirely by his or her own negligence cannot recover under the Jones

Act.  <u>Brogan</u>, 213 F. Supp. 2d at 438.

DRBA

60.     The DRBA has the burden of proving by a preponderance of the evidence that Mr.

Kopacz was negligent and that his negligence was a proximate cause of his own injury.

If you find that the DRBA has proven each of those things, you must reduce the amount

of damages to which Mr. Kopacz would otherwise be entitled.  *3A Federal Jury Practice*

*& Instructions § 156.20*  at 432 (West 5th Ed. 2001).

**<u>General Maritime Law - Negligence</u>**

Plaintiff's 61.  Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation.  It can consist of doing something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done.  See generally 5 L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, p. 89-22, Instruction 89-9 (1997).

DEFENDANT SWETT OBJECTS (  An additional point of charge regarding the presumption of negligence should be included as noted in Defendant Swett's Proposed Point of Charge No. 62.)

## DEFENDANT SWETT PROPOSED POINT OF CHARGE

### *NEGLIGENCE IS NEVER PRESUMED*

*62      This case involves claims of negligence against the DRBA and Craig Swett. Negligence is never presumed.  It must be proved by a preponderance of the evidence before Jan Kopacz is entitled to recover.  No presumption that Craig Swett was negligent arises from the mere fact that an accident may have occurred.*

*Fedorczyk v. Caribbean Cruise Lines,* Ltd., 82 F.3d 69, 74 (3d Cir.  1996) *citing* W. Page Keeton et. al., PROSSER AND KEETON ON THE LAW OF TORTS § 41, at 269 (5th ed.984); *Levine v. Lam*, 226 A.2d 925, 926-27 (Del. 1967); *Wilson v. Derrickson*, 175 A.2d 400 (Del. 1961).

## General Maritime Law - Proximate Cause

Plaintiff's 63.  You are not to award damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the accident in question.  An injury or condition is proximately caused by an act, or failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damages, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Fournier v. Petroleum Helicopters, Inc., 665 F.Supp. 483, 486 (E.D. La. 1987).

**General Maritime Law - Breach of Statutory Duty**

Plaintiff's 64.  If you find that defendant Swett breached a duty imposed upon him by the

Delaware Motor Vehicle Code and that plaintiff was in the class of persons intended to be

protected by that Code, then you may find defendant Swett negligent and you must find against

defendant Swett unless Swett has proven, by a preponderance of the evidence, that his fault

could not have been one of the causes of the accident.  The Pennsylvania, 86 U.S. 1 (19 Wall.)

125 (1873); Phillips Petroleum Co. v. Stokes Oil Co., 639 F.Supp. 291, 297 (W.D. Ky. 1986)

affirmed 863 F.2d 1250 (6th Cir. 1988).

**OBJECTION BY DEFENDANT SWETT** (misinterprets the caselaw cited.)

## DEFENDANT SWETT PROPOSED POINT OF CHARGE

### *General Maritime Law - Breach of Statutory Duty*

66.     If you find that defendant Swett breached a duty imposed upon him by the

Delaware Motor Vehicle Code and that plaintiff was in the class of persons intended to be

protected by that Code, then you may find defendant Swett negligent.  The Pennsylvania, 86 U.S.

1 (19 Wall.) 125 (1873); Phillips Petroleum Co. v. Stokes Oil Co., 639 F.Supp. 291, 297 (W.D.

Ky. 1986) affirmed 863 F.2d 1250 (6th Cir. 1988).

Plaintiff's 67.  Just as the plaintiff has the burden of proof to convince you by a fair prepon-

derance of the evidence that the defendant was negligent, or that the shipowner, its appliances

and appurtenances, were unsafe, the defendant has the burden of proof to convince you, by the

same quality of evidence, that the plaintiff was guilty of contributory negligence.

 

       **<u>OBJECTION BY DEFENDANT SWETT</u>** (  The burden of proof as stated in Plaintiff's

Proposed Point of Charge is incorrect.)

## DEFENDANT SWETT'S PROPOSED POINT OF CHARGE

68      Just as the plaintiff has the burden of proof to convince you by a preponderance of the evidence that the defendant was negligent, or that the shipowner, its appliances and appurtenances, were unsafe, the defendant has the burden of proof to convince you, by the same quality of evidence, that the plaintiff was guilty of contributory negligence.

*In re MarinerPost Acute Network, Inc.*, 2005 WL 3086561 (3d. Cir.);   *Storey v. Burns Intern. Security Services*, 390 F.3d 760 (3d Cir. 2004).

Plaintiff's 69   It is, therefore, the defendants which have the burden of establishing by a

preponderance of the evidence that the plaintiff was contributorily negligent.  See Fashauer v.

New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995).

**Plaintiff's 70.**  The mere fact that I mention contributory negligence does not mean that the plaintiff was in fact guilty of contributory negligence.  I am merely doing my duty in advising you of all the considerations, however remote, involved in a lawsuit of this type.  You should not take the fact that I have mentioned contributory negligence to mean that it is present in this case in any way.

**<u>OBJECTION BY DEFENDANT SWETT</u>**--  If Plaintiff's Proposed Point of Charge is included, then Defendant Swett submits that its Proposed No. 71 be included.  Otherwise, Plaintiff's Proposed Point of Charge as stated would be unfairly prejudicial

## DEFENDANT SWETT PROPOSED POINT OF CHARGE

71    *The mere fact that I mention negligence does not mean that the defendants are in fact guilty of negligence.  I am merely doing my duty in advising you of all the considerations, however remote, involved in a lawsuit of this type.  You should not take the fact that I have mentioned negligence to mean that it is present in this case in any way.*

Plaintiff's 72.  You may not find plaintiff contributorily negligent simply because he works at a dangerous job, or in a dangerous place, or under unsafe conditions.

Plaintiff's 73.  The vessel owner cannot avoid liability for personal injury on the grounds that the injured party assumed the risk of his employment.  Assumption of the risk is not a defense in a suit by a maritime worker against a shipowner, and the maritime worker does not assume the risk of being injured through the negligence of his employer or the negligence of a fellow employee.  Sinkler v. Missouri Pac. R. Co., 356 U.S. 326 (1958), reh. denied, 356 U.S. 978; Seabalt v. Pennsylvania R. Co., 290 F.2d 296 (2d Cir. 1961).

**DEFENDANT DRBA OBJECTS.  (confusing, DRBA will not raise assumption of risk as defense)**

Plaintiff's 74  The plaintiff does not assume the risk of an unsafe place to work and cannot be blamed for working in an unsafe place.  This is so even if the hazard or danger is obvious.  Darlington v. National Bulk Carriers, 157 F.2d 817 (2d Cir. 1946); Salem v. United States Lines Co., 293 F.2d 121, 125 (2d Cir. 1961), aff'd in part, rev'd in part, 370 U.S. 31, 82 S.Ct. 1119 (1962); Rivera v. Farrell Lines, Inc., 474 F.2d 255, 257-258 (2d Cir.); cert. den., 464 U.S. 1039 (1984); Pedersen v. Diesel Tankers, Ira S. Bushey, Inc., 280 F.Supp. 421, 424 (S.D.N.Y. 1967); Hall v. American Steamship Co., 688 F.2d 1062 (6th Cir. 1982); Tolar v. Kinsman Marine Transit Co., 618 F.2d 1193 (6th Cir. 1980).


**DRBA OBJECTS.  (misstatement of law) Substitute attached charge.**

**DRBA PROPOSED POINT FOR CHARGE**

75.    A shipowner in a Jones Act case has a duty to warn its employees of dangers which are not reasonably known.  In other words, shipowners need not warn seamen of dangers that are "open and obvious."  <u>Patterson v. Allseas USA, Inc.</u>, 2005 WL 1350594 (Slip Opinion, 5th Cir., Docket No. 04-40949, June 8, 2005).

Plaintiff's 76.  Thus, you may not find the plaintiff contributorily negligent based solely on his knowledge or acceptance of a dangerous condition or because he was working at a dangerous job.  See Fashauer, supra.  This is so even if the hazard or danger was obvious.  See Rivera v. Farrell Lines, Inc., 474 F.2d 255 (2d Cir.), cert. denied, 414 U.S. 822 (1973); Hall v. American Steamship Co., 688 F.2d 1062 (6th Cir. 1982); Tolar v. Kinsman Marine Transit Co., 618 F.2d 1193 (6th Cir. 1980); Salem v. United States Lines Co., 293 F.2d 121 (2d Cir. 1961), aff'd in part, rev'd in part, 370 U.S. 31 (1962); Darlington v. National Bulk Carriers, Inc., 157 F.2d 817 (2d Cir. 1946); Pedersen v. Diesel Tankers, Ira. S. Bushey, Inc., 280 F. Supp. 421 (S.D.N.Y. 1967).


**DRBA OBJECTS (misleading)**

Plaintiff's 77  Nor may you find contributory negligence on the part of the plaintiff simply because he acceded to the request or direction of a supervisor that he perform a dangerous job or discharge his duties in a dangerous place or under unsafe conditions.  See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995).

**DRBA OBJECTS (not applicable)**

Plaintiff's 78  It is the duty of a seaman only to do the work assigned.  See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995).  It is not his duty to find the safest method of doing it, or to devise a safer method.  See Fashauer, supra.  Therefore, in considering the defendant's claim that the plaintiff was guilty of contributory negligence, you must bear in mind that the plaintiff is not chargeable with any negligent conduct of his employer. See Fashauer, supra.  The plaintiff is only chargeable with his own actions.  See Fashauer, supra. In connection with the defendant's claim of contributory negligence, therefore, you may consider only what the plaintiff himself did, or failed to do, at the time and place in question as shown by a preponderance of the evidence.  See Fashauer, supra.

**DRBA OBJECTS (misstatement of law, misleading, inapplicable)**

Plaintiff's 79.   Moreover, contributory negligence may not be asserted as a defense to mitigate plaintiff's damages should you find that the shipowner's acts or omissions violated an applicable safety statute and/or regulation.   See Kernan v. American Dredging Co., 355 U.S. 426 (1958); Eckert v. Aliquippa & Southern R.R., 828 F.2d 183 (3d Cir. 1987).   See also Pratico v. Portland Terminal Co., 783 F.2d 255 (1st Cir. 1985).

**DRBA OBJECTS (complete misstatement of the law)**

Plaintiff's 80.  Nor may you find the plaintiff guilty of contributory negligence if the evidence reveals that, at the time of the accident, he violated a safety rule which was not enforced by the shipowner or with which it was impossible to comply.  Ybarro v. Burlington Northern, Inc., 689 F.2d 147 (8th Cir. 1982); Hancock v. Norfolk & Western Ry., 39 Ohio App.3d 77, 529 N.E.2d 937 (1987).

**DRBA OBJECTS (complete misstatement of the law)**

Plaintiff's 81  It is, however, important that you realize that even if you find the plaintiff contributorily negligent, this does not prevent him from recovering damages.  Under these circumstances, your verdict should nonetheless be in his favor if you find that the shipowner's negligence also played a part, no matter how slight, in causing the injuries.  The Court will then reduce the amount of damages awarded to the plaintiff by the percentage you should find that his negligence, if any, contributed to the accident.  See Carter v. Atlantic St. Andrews Bay Ry., 338 U.S. 430 (1949).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-45, Instruction 90-26 (1997).

**OBJECTION BY DEFENDANT SWETT**  **Delaware comparative negligence should apply.**
***See Fedorczyk v. Caribbean Cruise Lines,* Ltd., 82 F.3d 69, 74 (3d Cir.  1996)**

**DRBA ACCEPTS IF FOLLOWING CHARGE IS INCLUDED.**

**DRBA PROPOSED POINT FOR CHARGE**

**82.**     A plaintiff injured entirely by his or her own negligence cannot recover under the Jones

Act.  <u>Brogan</u>, 213 F. Supp. 2d at 438.

**DEFENDANT SWETT PROPOSED POINT OF CHARGE**

***COMPARATIVE NEGLIGENCE - SPECIAL VERDICT FORM***

*83        Negligence is negligence no matter who commits it.  When the plaintiff is negligent, we call it contributory negligence.  Under Delaware law, a plaintiff's contributory negligence does not mean that the plaintiff cannot recover damages from the defendant as long as the plaintiff's negligence was no greater than the defendant's negligence.  Instead of preventing a recovery, Delaware law reduces the plaintiff's recovery in proportion to the plaintiff's negligence.*

*If you find contributory negligence was a proximate cause of the Jan Kopacz's alleged injuries, you must determine the degree of that negligence, expressed as a percentage, attributable to Jan Kopacz.  Similarly, if you find that one or more than one defendant was negligent, you must determine their relative degrees of fault.  Using 100% as the total combined negligence of the parties, you must determine what percentage of negligence is attributable to Jan Kopacz, Delaware River and Bay Authority, and Craig Swett.  I will furnish you with a special-verdict form for this purpose.  If you find that Jan Kopacz's negligence is no more than half the total negligence, I will reduce the total amount of Jan Kopacz's damages by the percentage of his contributory negligence.  If you find that Jan Kopacz's negligence is more than half the total negligence, Jan Kopacz may not recover any damages.[1]*

**DRBA OBJECTS– Maritime law applies and provides for pure comparative negligence.  To the extent this is disputed, the special verdict form will direct the jury to assign percentages of negligence between the three parties, and the Court can modify the verdict accordingly.**

---

[1]  10 <u>Del</u>. <u>C</u>. § 8132; *Brooks v. Delaware Racing Association, Inc.*, D.Del., C.A. No. 98-237-GMS, Sleet, J. (Jury Instructions).

Plaintiff's 84     It is not necessary for the plaintiff to prove both unseaworthiness and negligence.  It is enough if he proves either one.  Of course, he may prove both.  But if he proves either one, or both, and further proves that the condition or breach was a substantial factor in causing the injury, he is entitled to a verdict in your hands.

**DRBA OBJECTS (cumulative and prejudicial)**

Plaintiff's 85    If you find that the defendant was negligent and/or that the vessel was unseaworthy as a consequence of which the plaintiff was injured, the fact that there might also have been negligence on the part of plaintiff's co-employee which contributed to the happening of the accident would not bar his right to recover from the defendant shipowner.

**DRBA OBJECTS (inapplicable, no allegation of co-employee negligence)**

Plaintiff's 86.  Under all the law and evidence, the plaintiff is not guilty of contributory negligence as a matter of law.

**DRBA AND SWETT OBJECT**

**Plaintiff's 87.**  Under all of the law and evidence, your verdict must be for the plaintiff and against the defendants.

**DRBA AND SWETT OBJECT**

Plaintiff's 88 Under all of the law and evidence, the defendants are guilty of negligence as a matter of law.

**DRBA AND SWETT OBJECT.**

**Damages**

Plaintiff's 89   If you find in favor of the plaintiff, you must then determine the amount of monetary damages which you believe will fairly and justly compensate him for the injuries sustained as a result of (1) the defendants' negligence or (2) the defendants' conduct in violation of their duty to provide a seaworthy vessel.   Under the Jones Act and the doctrine of unseaworthiness and the general maritime law, the plaintiff, if he has sustained his burden of proof, may recover for:  (1) any loss of earnings from the time of the accident to the present; (2) any medical expense incurred for treatment of plaintiff's injuries; and, (3) any past and future pain, suffering, or mental anguish that he has or will continue to suffer, including the effect of the injury sustained on the normal pursuits and pleasures of life.   In addition, the plaintiff may also recover his lost fringe benefits, both past and future.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, pp. 90-73 and 90-79, Instructions 90-44 and 90-49 (1997).


          DRBA OBJECTS.  SEE SUGGESTED MODIFIED CHARGE ATTACHED.

**DRBA PROPOSED CHARGE**

90.     If you find in favor of the plaintiff, you must then determine the amount of monetary damages which you believe will fairly and justly compensate him for the injuries sustained as a result of (1) the defendants' negligence or (2) the defendants' conduct in violation of their duty to provide a seaworthy vessel.   Under the Jones Act and the doctrine of unseaworthiness and the general maritime law, the plaintiff, if he has sustained his burden of proof, may recover for:  (1) any **actual** loss of earnings from the time of the accident to the present; (2) any medical expense incurred for treatment of plaintiff's injuries **which were not eligible for coverage by his medical insurance**; and, (3) any past and future pain, suffering, or mental anguish that he has or will continue to suffer, including the effect of the injury sustained on the normal pursuits and pleasures of life. **[DELETED]** See generally 5 L. Sand, et al., Modern Federal Jury Instructions, pp. 90-73 and 90-79, Instructions 90-44 and 90-49 (1997).

Plaintiff's 91   The fact that plaintiff's physical condition prior to the accident may have made him susceptible to greater injury and loss than could have been anticipated by the defendants does not in any way reduce his recovery in this case.   A tortfeasor takes its victim as he finds him and is liable for the full extent of the damages sustained, even if they are greater than he could have foreseen because the plaintiff is particularly susceptible to injury.   Thus, defendants whose actions exacerbate or aggravate a pre-existing asymptomatic condition are nonetheless liable for all of the plaintiff's resulting losses.   See Tabor v. Miller and Stearns, 389 F.2d 645 (3d Cir.), cert. denied, 391 U.S. 915 (1968); Pavorsky v. Engels, 410 Pa. 100, 188 A.2d 731 (1963).

DRBA OBJECTS (misstatement of law) Substitute attached charges.

**DRBA'S PROPOSED POINTS FOR CHARGE**

92.  When an employer's negligence aggravates a plaintiff's preexisting condition, the defendant must compensate the plaintiff for only the aggravation and not for the preexisting condition. Evans v. United Arab Shipping Company, 790 F. Supp. 516, 519 (D.N.J. 1992), *aff'd*, 4 F.3d 207 (3d Cir. 1993).

93.  When a plaintiff would have experienced the symptoms of his/her preexisting condition at some point in the future even if he/she had not suffered the injury, the plaintiff can only recover that portion of damages caused by the aggravating event, and not all damages associated with that preexisting condition. Evans, at 519.

94.  The Plaintiff has the burden of proof with respect to the issue of aggravation because he is in the best position to access the extent of his preexisting condition and the aggravation of that condition by the Defendant's tortious conduct. Evans at 519 fn 3

Plaintiff's 95.  If you cannot separate the pain or disability caused by a pre-existing condition from that caused by defendants' negligent exacerbation or aggravation of it, you must hold the defendants liable for all of plaintiff's injuries.  See Stevens v. Bangor & Aroostook R.R., 97 F.3d 594 (1st Cir. 1996).  Under these circumstances, the burden of apportioning plaintiff's damages is on the defendants.  See Stevens, supra.

**DRBA OBJECTS (misstatement of law) Substitute DRBA attached charges.**

DRBA'S PROPOSED POINTS FOR CHARGE

97.    Additionally, it is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances in order to prevent the aggravation of his injuries and to effect a recovery from such injuries.  So, if you should find that any portion of Mr. Kopacz's claim for damages could have been mitigated or reduced by his own reasonable efforts, then you should deduct the amount you deem appropriate from the award of damages.  *3A Federal Jury Practice & Instructions* §156.61  at 475 (West 5th Ed. 2001).

98.    When an employer's negligence aggravates a plaintiff's preexisting condition, the defendant must compensate the plaintiff for only the aggravation and not for the preexisting condition.  Evans v. United Arab Shipping Company, 790 F. Supp. 516, 519 (D.N.J. 1992), *aff'd*, 4 F.3d 207 (3d Cir. 1993).

99.    When a plaintiff would have experienced the symptoms of his/her preexisting condition at some point in the future even if he/she had not suffered the injury, the plaintiff can only recover that portion of damages caused by the aggravating event, and not all damages associated with that preexisting condition.  Evans, at 519.

100.    The Plaintiff has the burden of proof with respect to the issue of aggravation because he is in the best position to access the extent of his preexisting condition and the aggravation of that condition by the Defendant's tortious conduct.  Evans at 519 fn 3

Plaintiff's 101  You may hold the defendants liable for all of the natural consequences flowing from their negligence, including the possible prolongation of disability resulting from the aggravation or exacerbation of a pre-existing condition.   See <u>United States Fidelity & Guaranty Co. v. United States</u>, 152 F.2d 46 (2d Cir. 1945); <u>Oliver v. Yellow Cab Co.</u>, 98 F.2d 192 (7th Cir. 1938); <u>Pieczonka v. Pullman Co.</u>, 89 F.2d 353 (2d Cir. 1937); <u>The Jefferson Myers</u>, 45 F.2d 162 (2d Cir. 1930).

**DRBA OBJECTS (misstatement of law)**

Plaintiff's 102  If you find that the plaintiff is entitled to damages, you must award him such sum

of money as in your best judgment will reasonably compensate him for the injury he sustained.  In

arriving at the monetary value of such injury, you must take into consideration the loss of bodily

function, the inability to generally pursue life's pleasures, and the inconvenience of going through

life with the injuries sustained as a result of the defendants' negligence.  <u>See</u> <u>generally</u> 5 L. Sand,

<u>et</u> <u>al</u>., <u>Modern Federal Jury Instructions</u>, p. 90-73, Instruction 90-44 (1997).


**DRBA OBJECTS (not applicable, no claim for current or ongoing injury)**

Plaintiff's 103   The award of damages for past and future pain and suffering is a very real part of your verdict.  If you find that plaintiff has and will continue to undergo suffering and you do not award a monetary sum for these damages, your verdict would be less than adequate because it would omit an item which the law says is properly recoverable.  If you were to award him loss of earnings and award him nothing for pain and suffering, your verdict would similarly not be a proper one.  See Jones v. American Export Isbrandtsen Lines, Inc., C.A. #41490, Charge of the Court, Honorable Joseph S. Lord, III, March 4, 1970, N.T. 314-315.

DRBA OBJECTS.  Prejudicial.

DRBA PROPOSED CHARGE

104.    Mr. Kopacz will not be required to pay any federal or state income taxes on any amount that

you award.   You should determine the amount that he is entitled to receive without

considering the effect of taxes upon it.   *3A Federal Jury Practice & Instructions* §156.63.

## DEFENDANT SWETT'S PROPOSED POINT OF CHARGE

### *NO-FAULT INSURANCE*

105.    *Under Delaware's no-fault law, Jan Kopacz was eligible to be compensated by his own insurance company for lost wages and medical expenses incurred.   The amounts of the bills which were eligible for compensation are not in evidence because they are inadmissible in this proceeding.  The law does not permit Jan Kopacz to recover losses or expenses that were eligible to be paid as part of no-fault benefits.*

*The claims in evidence in this case are for lost wages and medical expenses beyond those already eligible for no-fault insurance.[2]*

---

[2] 21 <u>Del</u>. <u>C</u>. § 2118(h).

## _DEFENDANT SWETT JOINS IN ALL OBJECTIONS REGARDING DAMAGES RAISED BY DEFENDANT DRBA._

### ESSENTIAL ELEMENTS OF MAINTENANCE AND CURE

Plaintiff's 105        There is also an issue as to whether the Plaintiff is entitled to recover what the law calls "maintenance and cure." This claim is completely separate and independent from both the Jones Act and the unseaworthiness claims and the general maritime law claims of the Plaintiff and must be decided entirely apart from your determination of those claims.

The only common element of the three claims is the "seaman" status of the Plaintiff, and the test for seaman status is the same for all claims. The Plaintiff is a seaman; thus you must only determine whether he is entitled to maintenance and cure.

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel.

To recover maintenance and cure, the Plaintiff must show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful misbehavior on the Plaintiff's part.

The injury or illness need not be work related; it need only occur while the seaman is in the service of the ship.

"In the service of the ship" means that the disability must occur when the seaman is generally answerable to the call of duty, and it does not require that at the time of the onset the seaman was actually on the ship or in the actual performance of his duties.

Maintenance and cure may not be reduced because of any negligence on the part of the Plaintiff.

It is important to note here that if you find the plaintiff is or is not entitled to an award of damages under either the plaintiff's Jones Act or the plaintiff's unseaworthiness claims you must still determine whether plaintiff is entitled to maintenance and cure.

Maintenance is generally the cost of board and lodging while the seaman is disabled.  In this case DRBA pays a seaman 100% of his wages for the first 90 days of his disability and 60% of his wages for any period thereafter, and this is the rate you should use if you determine that plaintiff is entitled to maintenance.

The "cure" to which a seaman may be entitled includes the cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines and medical apparatus.

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches the point of what is called "maximum cure."  Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected.  Thus, if it appears that a seaman's condition is incurable or that the treatment will only relieve pain but will not improve a seaman's physical condition, he has reached maximum cure.  The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished.

In addition to maintenance and cure a seaman is also entitled to recover damages for pain and suffering for the entire period that maintenance and cure was not paid if you find that DRBA's failure to pay was unreasonable or without substantial justification.  The amount of these damages is entirely for your determination, and maintenance and cure is still unpaid so you should take that into consideration if you award such damages.

Warren v. United States, 340 U.S. 523 (1951); Farrell v. United States, 336 U.S. 511 (1949); Aguilar v. Standard Oil Co., 318 U.S. 724 (1943); Deisler v. McCormack Aggregates Co., 54 F.3d 1074 (3rd Cir. 1995); Barnes v. Andover Co., L.P., 900 F.2d 630 (3rd Cir. 1990).

**DRBA OBJECTS TO PLAINTIFF'S PROPOSED CHARGE ON MAINTENANCE AND CURE, AS IT MISSTATES THE LAW.  SUBSTITUTE MODIFIED CHARGE BELOW:**

106.  There is also an issue as to whether the Plaintiff is entitled to recover what the law calls "maintenance and cure."  This claim is completely separate and independent from both the Jones Act and the unseaworthiness claims and the general maritime law claims of the Plaintiff and must be decided entirely apart from your determination of those claims.

The only common element of the three claims is the "seaman" status of the Plaintiff, and the test for seaman status is the same for all claims.  The Plaintiff is a seaman; thus you must only determine whether he is entitled to maintenance and cure.

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel.

To recover maintenance and cure, the Plaintiff must show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful misbehavior on the Plaintiff's part.

The injury or illness need not be work related; it need only occur while the seaman is in the service of the ship.

**[DELETE PARAGRAPH]**

Maintenance and cure may not be reduced because of any negligence on the part of the Plaintiff.

It is important to note here that if you find the plaintiff is **[DELETE]** entitled to an award of damages under either the plaintiff's Jones Act or the plaintiff's unseaworthiness claims, **and you include either lost wages or medical expenses in the damage award, then maintenance**

**and cure cannot be awarded for the same period of time.  In other words, there can be no double recovery**.  .

Maintenance is generally the cost of board and lodging while the seaman is disabled **as a result of an injury or illness on the vessel.**

The "cure" to which a seaman may be entitled includes the cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines and medical apparatus.  **To the extent that treatment was eligible for coverage by medical insurance provided by the DRBA, you may not award cure to plaintiff.**

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches the point of what is called "maximum cure."  Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected.  Thus, if it appears that a seaman's condition is incurable or that the treatment will only relieve pain but will not improve a seaman's physical condition, he has reached maximum cure.  The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished, **or when no further treatment for the condition is offered.**

**[DELETE PARAGRAPH]**

### *DEFENDANT SWETT'S PROPOSED POINT OF CHARGE*

*106    This case involves claims being made against two persons and/or entities:  the Delaware River and Bay Authority and Craig Swett.  In order to find against Craig Swett, you must conclude that his negligent actions caused the injury and subsequent damages which Jan Kopacz is claiming.  Regarding the Delaware River and Bay Authority, in order to award maintenance and cure in favor of Jan Kopacz, you must conclude that the vessel upon which this incident allegedly occurred was unseaworthy or that the Delaware River and Bay Authority and/or its employees were somehow negligent in causing Jan Kopacz's injuries claimed.*

**DRBA OBJECTS TO THE LAST SENTENCE OF THIS CHARGE, AS IT IS A COMPLETE MISSTATEMENT OF THE LAW OF MAINTENANCE AND CURE.**

DRBA PROPOSED POINTS FOR CHARGE (MAINTENANCE AND CURE)


DRBA 108.  A shipowner is not required to pay maintenance and cure if it is furnished to the

seaman by another party at no expense.  In other words, if the seaman was not required to pay for

medical care because that care was paid for by another party, the shipowner is not liable for

those expenses.  Vaughan v. Atkinson, 369 U.S. 527, 533 (1962); Shaw v. Ohio River Company,

526 F.2d 193, 201 (3rd Cir. 1975).

DRBA 109     If you find that Mr. Kopacz is entitled to an award of damages under either the Jones Act or unseaworthiness claims, and if you award him either lost wages or medical expenses, then you may not also award him maintenance and cure for the same period of time. That is because the plaintiff may not recover twice for the same loss of wages or medical expense.  3A *Federal Jury Practice and Instructions* § 156.60 at 528-529.  If you award past lost wages, you should deduct the money already paid to Mr. Kopacz by the DRBA as maintenance.

DRBA 110  **(Alternate)**

If you find that Mr. Kopacz is entitled to an award of damages under either the Jones Act or unseaworthiness claims, and if you award him medical expenses, then you may not also award him cure for the same period of time.  That is because the plaintiff may not recover twice for the same loss of medical expense.  3A *Federal Jury Practice and Instructions* § 156.60 at 528-529.

***THE REMAINING INSTRUCTIONS WERE OBTAINED FROM JUDGE SLEET'S SAMPLE JURY INSTRUCTIONS ON THE DISTRICT COURT WEBSITE, EXCEPT FOR THE INSTRUCTIONS IN ITALICS.***

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it is raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it weigh that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## *OBJECTIONS - RULINGS ON EVIDENCE*

*Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent. If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be. If I have overruled an objection, you are free to consider the evidence that has been offered.*

### *DEPOSITION - USE AS EVIDENCE*

*Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial.  This is known as deposition testimony.  This kind of testimony is used when a witness, for some reason, cannot be present to testify in person.  You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.*

### *USE OF INTERROGATORIES AT TRIAL*

*Some of the evidence has been in the form of interrogatory answers.  An interrogatory is a written question asked by one party of the other, who must answer the question in writing and under oath, all before trial.  You must consider interrogatories and the answers given to them just as if the questions had been asked and answered here in court.*

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## STATEMENTS OF COUNSEL

A further word about statements and arguments of counsel. The attorney's statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent with the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant and you are instructed to disregard any person al opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing arguments, or at any other time during the course of the trial.

## CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been

contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

**EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.   This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

*You have heard medical experts being asked to give opinions based on a reasonable medical probability.  In Delaware, a medical expert may not speculate about mere possibilities.  Instead, the expert may offer an opinion only if it is based on a reasonable medical probability.  Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable medical probabilities, not just possibilities.*

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

**NUMBER OF WITNESSES**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case.  Plaintiff has the burden of providing his claims and damages by what is called a preponderance of the evidence.  Proof by a preponderance of the evidence means proof that something is more likely true than not.   It means that certain evidence, when compared to the evidence opposed to it, has the most convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number or witnesses.  If the evidence as to a particular element or issue is evenly balanced, the part has not provided the element by a preponderance of the evidence and you must find against a party.   In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof  beyond a reasonable doubt.  That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiff has met his burden of proof on various issues.

## DELIBERATION AND VERDICT

How you conduct your deliberations is up to you.  But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the

evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges – judges of the facts, not me.  Your sole interest is to seek the truth from the evidence in that case.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form.   You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence.  Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer.  The question will be given to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or

messages are normally sent to me through the foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party. You must decide the case yourselves based on the evidence presented.

**<u>OBJECTION BY PLAINTIFF KOPACZ AND RESPONSE OF BOTH DEFENDANTS</u>**

The plaintiff contends he has not had adequate time to read the defendants' proposed jury instructions and DRBA's Proposed Voir Dire, so he reserves the right to object to any or all of them and to propose alternatives.

Both defendants Swett and DRBA disagree with plaintiff's contention that he has not had adequate time to review the proposed objections and voir dire.