IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAN KOPACZ AND CATHY KOPACZ,<br>　　　　　Plaintiffs<br><br>　　v.<br><br>DELAWARE RIVER & BAY AUTHORITY<br><br>　　and<br><br>CRAIG SWETT,<br>　　　　　Defendants. | Civil Action No. 04-911–GMS |

**DEFENDANT DELAWARE RIVER AND BAY AUTHORITY'S TRIAL BRIEF**

OF COUNSEL:

Mary Elisa Reeves, Esquire
DONNA ADELSBERGER &
　ASSOCIATES, P.C.
6 Royal Avenue, P.O. Box 530
Glenside, PA 19038-0530
(215) 576-8690

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.
Carmella P. Keener (DSBA No. 2810)
919 N. Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE 19899
(302) 656-4433

Attorneys for Defendant
Delaware River and Bay Authority

Dated: December 21, 2005

## TABLE OF CONTENTS

| | | |
|---|---|---|
| A. | Nature of the Case | 1 |
| B. | Contested Facts/Theory of the Case | 1 |
| C. | Damages | 2 |
| D. | Directed Verdict Motion | 3 |
| E. | Legal Authority | 3 |

A. <u>Nature of the Case</u>

This case involves two consolidated actions by plaintiff Jan Kopacz ("Kopacz"), both of which revolve around an alleged car accident onboard the ferry on which Kopacz was employed on August 9, 2002. The first action is against the Delaware River and Bay Authority ("DRBA"), the owner and operator of the ferry and Kopacz' employer. It alleges that Kopacz was injured on the car deck when a vehicle operated by passenger Craig Swett ("Swett) backed into him, and seeks maintenance and cure under general maritime law.

The second action was filed against both the DRBA and Craig Swett, and alleges that Kopacz' injuries were the result of the DRBA's negligence and/or the unseaworthiness of the vessel. In addition, Kopacz pleads a cause of action against Swett for negligence.

B. <u>Contested Facts/Theory of Case</u>

The DRBA maintains that the accident never happened, a contention which is supported by no less than nine eye witnesses. On the day of the incident, Kopacz was parking cars on the ferry's car deck, along with three other deckhands. After directing Swett to a parking spot behind a vehicle operated by another passenger, Marc Greenstein ("Greenstein"), Kopacz moved to the side and waited for the next vehicle to be directed into his lane. Greenstein needed to get a stroller out of the back of his vehicle, however there was not enough room between the two vehicles for him to step between them. Greenstein therefore asked Swett to back up a few inches, and Swett complied by easing his foot off the brake and allowing the car to drift back at a very slow rate of speed. Kopacz, who was standing near the rear of the Swett vehicle, was angered by the fact that Swett was moving his vehicle after being directed to park in the spot, and slapped his hand against the rear window, startling Swett and his passengers. Kopacz thereafter walked up to the driver's side window and began to berate Swett in front of his wife and children in a loud voice and rude manner, and then

returned to work parking cars on the car deck.

Swett stewed for a few minutes before getting out of his vehicle and then went to find Kopacz, and asked for his name and identification with the intention of reporting his rude behavior to his superiors. At that point, Kopacz approached the pilot, David Oat, and reported that he had been hit and wanted to go to the hospital. Since Kopacz had been reprimanded on several prior occasions about his rude and abusive behavior toward the passengers, the DRBA alleges that he manufactured the injury in order to avoid disciplinary action by his employer. The DRBA will present evidence of Kopacz' rude behavior, as well as the testimony of three other employees, the occupants of the Swett vehicle and Greenstein, to prove this theory.

C.  Damages

If Kopacz prevails on liability, the DRBA alleges that he has suffered no actual damages. He was out of work for approximately three and one half months, and was paid his full salary for the first two months because of the DRBA's generous sick and annual leave policy. He was also fully covered by medical insurance purchased for him by the DRBA (except for a small monthly premium co-pay deducted from his wages). Therefore, the DRBA maintains that no maintenance and cure are owing even if the jury finds that the accident happened and that Kopacz was injured.

If the jury finds that Kopacz was injured through the negligence of the DRBA and/or unseaworthiness of the vessel, Kopacz would be owed less than two months salary in lost wages. In any event, the DRBA maintains that all of Kopacz' back, neck and shoulder problems were pre-existing, and not the result of anything which occurred on the vessel.

D.   Directed Verdict Motion

The DRBA anticipates that it will request a directed verdict on the negligence and unseaworthiness issues, as there is no evidence of any fault on the part of the DRBA.

E.   Legal Authority

This case involves purely factual issues and the credibility of the parties and witnesses. Therefore no legal authority is cited herein, and any relevant legal authority has been included in the DRBA's proposed jury instructions.

Respectfully submitted,

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.

OF COUNSEL:

Mary Elisa Reeves, Esquire
DONNA ADELSBERGER &
  ASSOCIATES, P.C.
6 Royal Avenue, P.O. Box 530
Glenside, PA 19038-0530
(215) 576-8690

/s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
919 N. Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE 19899
(302) 656-4433
Attorneys for Defendant
Delaware River and Bay Authority

Dated: December 21, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2005, I electronically filed Defendant Delaware River and Bay Authority's Trial Brief with the Clerk of Court using ECF which will send notification of such filing to the following:

Donald M. Ransom, Esquire
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

James J. Woods, Esquire
Law Office of James J. Woods, Jr., P.A.
P.O. Box 4635
Greenville, DE 19807

I also hereby certify that on December 21, 2005, I have electronically mailed the document to the following non-registered participant:

E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street, 2nd Floor
Philadelphia, PA 19107

/s/ Carmella P. Keener (DSBA No. 2810)
Rosenthal, Monhait, Gross & Goddess, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com