IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 04-911 GMS |
| v. | : | |
| | : | Jury Trial Demanded |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| JAN KOPACZ, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 04-1281 GMS |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

OPENING BRIEF IN SUPPORT OF DEFENDANT CRAIG SWETT'S MOTION IN
LIMINE REGARDING ADMISSIBILITY OF PERSONAL INJURY PROTECTION
("PIP") ELIGIBLE BENEFITS UNDER 21 DEL. C. § 2118(h)


DONALD M. RANSOM, ESQ.
Del. I.D. No. 2626
Casarino, Christman & Shalk, P.A.
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899-1276
(302) 594-4500

DATE: December 21, 2005          Attorney for Defendant Craig Swett

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS ............................................................... ii

TABLE OF ATTACHMENTS .................................................... iii

NATURE AND STAGE OF THE PROCEEDING ....................................... 1

SUMMARY OF ARGUMENT ..................................................... 1

STATEMENT OF FACTS ........................................................... 1, 2

LEGAL ARGUMENT .............................................................. 2

**I.    AS A MATTER OF LAW, DEFENDANT
       SWETT IS NOT ENTITLED TO INTRODUCE
       OR PLEAD PIP ELIGIBLE EXPENSES
       PURSUANT TO 21 <u>DEL</u>. <u>C</u>. § 2118(h).**
       .................................................    2

       **A.    Coverage under Delaware's PIP statute was
             available to Plaintiff Kopacz.**
             .................................................    2, 3

       **B.    Because Plaintiff Kopacz is claiming PIP eligible
             expenses, he is precluded from introducing them
             into evidence at trial.**
             .................................................    3, 4

CONCLUSION ........................................................................    5

i

## TABLE OF CITATIONS

<u>Cases</u>                                                                                          <u>Page(s)</u>

*Dearie v. Weiss,*
1995 WL 339069 (Del. Super.)(Exh. D) ............................................................    3

*Mullins v. Klase,*
2001 WL 1198946 (Del. Super.)(Exh. C) .........................................................    3, 4


<u>Rules</u>

21 <u>Del</u>. <u>C</u>. § 2118(a)(2)d ...................................................................................    1, 2, 3

21 <u>Del</u>. <u>C</u>. § 2118(h) ........................................................................................    1, 3

**TABLE OF ATTACHMENTS**

Documents                                                    Exhibit

*Kopacz v. DRBA and Swett*,
C.A. No. 04-911-GMS, D.I. 1 ..............................................................     A

Letter from Terri Pagliei of GE Auto Insurance Program to
Jan Kopacz dated March 9, 2004 ...........................................................     B

*Mullins v. Klase,*
2001 WL 1198946 (Del. Super.)(Exh. C) .............................................     C

*Dearie v. Weiss,*
1995 WL 339069 (Del. Super.)(Exh. D)  .............................................     D

## NATURE AND STAGE OF THE PROCEEDING

This is a motion in limine filed on behalf of Defendant Craig Swett requesting that this Court exclude the admissibility into evidence of any lost wages and medical expenses which are Personal Injury Protection ("PIP") eligible under Section 2118 of Title 21 of the Delaware Code.

## SUMMARY OF ARGUMENT

Pursuant to Section 2118(a)(2)d of Title 21 of the Delaware Code, Mr. Kopacz was PIP eligible as of August 9, 2002 which is the date of the incident alleged in the present case.[1]  As a result, he is precluded from pleading or introducing into evidence any PIP eligible medical expenses and/or lost wages incurred as a result of the alleged incident under Section 2118(h) of Title 21 of the Delaware Code.[2]

## STATEMENT OF FACTS

Mr. Kopacz claims that on August 9, 2002 he was struck and injured by a vehicle driven by Mr. Swett while aboard the Cape May-Lewes Ferry which was docked in Lewes, Delaware.[3]

Mr. Kopacz is seeking special damages in the amount of $21,266.00 for medical expenses and lost wages he alleges were incurred as a result of the incident in question. Specifically, Mr. Kopacz is claiming approximately 4 months of lost wages and medical

---

[1]  21 Del. C. § 2118(a)(2)d.

[2]  21 Del. C. § 2118(h).

[3]  *See* Complaint, C.A. No. 04-911-GMS (D.I. 1) attached as Exhibit A.  It should be noted that Defendant Swett denies that any contact or injury occurred and eyewitness accounts do not support Plaintiff Kopacz's claims.

1

expenses for treatment from Sussex Emergency Services, Lewes Fire Department, Southern

Delaware Imaging, Orthopaedics of Southern Delaware, Beebe Medical Center, Papastavros'

Associates, Lewes Physical Therapy, and Lewes Practice.[4]

On August 9, 2002, Mr. Swett was operating a vehicle insured under the laws of the

State of Illinois.  At the time of the alleged incident, Mr. Kopacz was insured by GE Auto

Insurance Program ("GE Insurance") under a policy of insurance issued pursuant to the laws

of State of Delaware which provided PIP benefits with policy limits of $15,000 per person

and $30,000 per occurrence.[5]  Mr. Kopacz filed a claim with GE Insurance for PIP benefits

under the terms of his insurance policy.  Mr. Kopacz's claim was denied because he did not

cooperate with the insurance company's investigation.[6]

## ARGUMENT

**I.     AS A MATTER OF LAW, DEFENDANT SWETT IS NOT ENTITLED TO
INTRODUCE OR PLEAD PIP ELIGIBLE EXPENSES PURSUANT TO 21
DEL. C. § 2118(h).**

**A.     Coverage under Delaware's PIP statute was available to Plaintiff
Kopacz.**

Pursuant to Section 2118(a)(2)d of Title 21 of the Delaware Code, the coverage

afforded under Delaware's PIP statute is applicable "for accidents which occur through being

injured by an accident with any motor vehicle other than a Delaware insured motor vehicle

---

[4]  *See* Plaintiff Kopacz's Itemization of Special Damages in the Final Pre-Trial Order.

[5]  A certified copy of the GE insurance policy, Policy No. 836434455, in effect from
7/1/02 through 7/1/03 has subpoenaed and will be forwarded to the Court as soon as it is
received from the company.

[6]  *See* Letter to Plaintiff Kopacz from Terri Pagliei of GE Auto Insurance Program
dated March 9, 2004 attached as Exhibit B.

2

while a pedestrian . . . in any state of the United States, its territories or possessions or Canada."[7]

In the present case, Mr. Kopacz's medical expenses and lost wages were PIP eligible under his GE Insurance PIP policy to the extent that he was allegedly injured as a pedestrian by a motor vehicle which was not Delaware insured.[8]

**B.    Because Plaintiff Kopacz is claiming PIP eligible expenses, he is precluded from introducing them into evidence at trial.**

Pursuant to Section 2118(h) of Title 21, "[a]ny person eligible for benefits [under the PIP statute] . . . is precluded from pleading or introducing into evidence in an action for damages against a tortfeasor those damages for which compensation is available . . . without regard to any elective reductions in such coverage and whether or not such benefits are actually recoverable."[9]

In *Mullins v. Klase*,[10] the plaintiff had PIP expenses which otherwise would have been collectible but his PIP insurer became insolvent.[11]   Determining that the expenses nonetheless were PIP eligible and therefore inadmissible, the Court concluded that "it [made]

---

[7]  21 <u>Del</u>. <u>C</u>. § 2118(a)(2)d.

[8]  *Id*.

[9]  21 <u>Del</u>. <u>C</u>. § 2118(h).

[10]  2001 WL 1198946 (Del. Super.) (Exhibit C).  *See also Dearie v. Weiss*,  1995 WL 339069 (Del. Super.) ( Exhibit D) (holding even if a plaintiff elects a high PIP deductible equal to his PIP limits to obtain lower insurance premiums, he is still considered PIP eligible and precluded from introducing those medical expenses and lost wages at trial).

[11]  *Id*. at *1.

3

no difference whether Plaintiff actually receive[d] PIP coverage from his carrier."[12]  The ultimate inquiry for the statutory exclusion to apply, according to the Court, is whether the plaintiff was a person legally entitled to obtain PIP benefits.[13]  Further, the Court recognized the fact that even if the plaintiff's coverage failed or was otherwise denied by his PIP carrier, it did not obviate the fact that he was PIP eligible, entitled to benefits, and therefore precluded from pleading those same unpaid PIP eligible benefits against the alleged tortfeasor.[14]

In the present case, Mr. Kopacz was insured by GE Insurance under a Delaware insurance policy issued pursuant to Section 2118 of Title 21 of the Delaware Code.  Pursuant to the GE Insurance policy, Mr. Kopacz was entitled to receive PIP eligible benefits through August 9, 2004.  Mr. Kopacz filed a claim with GE Insurance for PIP eligible expenses though that claim was denied for lack of cooperation.  Therefore, he is precluded from introducing those same PIP eligible expenses into evidence at trial.

As shown in *Mullins*, the fact that Mr. Kopacz did not actually recover any of those PIP eligible benefits during the 2-year period provided under the statute is of no consequence.[15]  The fact remains that Mr. Kopacz claimed PIP eligible benefits and GE's denial does not change that fact.

---

[12]  *Id.*

[13]  *Id.*

[14]  *Mullins*, supra note 10, at *1.

[15]  *Id.*

**CONCLUSION**

For the foregoing reasons, Defendant Swett respectfully requests that the Court exclude the admissibility of any PIP eligible benefits pursuant to 21 <u>Del</u>. <u>C</u>. § 2118(h) which are claimed by Plaintiff Kopacz and order that those damages are not recoverable in this action.

CASARINO, CHRISTMAN & SHALK, P.A.

    /s/ Donald M. Ransom
DONALD M. RANSOM, ESQUIRE
Del. I.D. No. 2626
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, Delaware 19899
(302) 594-4500
DATED:   December 21, 2005    Attorney for Defendant Craig Swett

5