IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| JAN KOPACZ AND CATHY KOPACZ<br>309 Union Street<br>Milton, DE 19968<br><br>v.<br><br>DELAWARE RIVER AND BAY<br>AUTHORITY<br>P.O. Box 71 New Castle, DE 19720<br><br>and<br><br>CRAIG SWETT<br>2085 Persimmon Ct.<br>Naperville, IL 60565 | :<br>:<br>:<br>:<br>:  CIVIL ACTION<br>:<br>:  NO.   04- 911<br>:<br>:<br>:<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>: |

SEAMAN'S COMPLAINT

(WAIVER OF FILING FEE 28 U.S.C. §1916)

1. Plaintiff, Jan Kopacz, is an adult individual residing at 309 Union Street, Milton, DE 19968, and is a citizen of the State of Delaware. Cathy Kopacz is his wife.

2. Defendant, Delaware River & Bay Authority, is an entity with its principal offices located in New Castle, DE 19720, and is a citizen of the State of Delaware.

3. Craig Swett is an individual residing at 2085 Persimmon Ct., Naperville, IL 60565, and is a citizen of the State of Illinois.

4. At all time material hereto, Defendant owned, operated, controlled. managed, and maintained a vessel known as the M/V DELAWARE, which vessel regularly transported persons and vehicles between Cape May, NJ and Lewes, DE.

5. At all times material hereto, Mr. Kopacz was a seaman and crew member aboard the M/V DELAWARE and was employed as an Able-Bodied Seaman.

6. This Court has jurisdiction pursuant to 28 U.S.C. §1333, and the Jones Act, 46 U.S.C. §688 et seq.

7. On or about August 9, 2002, Mr. Kopacz was in the course of his employment on the M/V DELAWARE when he was struck in the back by an automobile driven by Defendant Craig Swett.

8. The ferry upon which Mr. Kopacz was working at the time of the accident, M/V DELAWARE, was then in navigable waters of the United States in Lewes, DE.

9. As a result of the aforesaid incident, Mr. Kopacz suffered severe and disabling injuries, including but not limited to, a herniated disc at L5-S1, and injuries to his cervical spine, low back, right elbow and teeth and was caused to suffer mental and psychological injuries, has been caused to suffer past, present and future pain and suffering and loss of life's pleasures and loss of bodily function; he has in the past, and will in the future, continue to suffer loss of earnings, earning

capacity, and earning potential, and has and will expend sums of money for medical, hospital, associated care and treatment, and has suffered and will suffer loss of other benefits. Also, Mr. and Mrs. Kopacz have lost each other's comfort, support, society, and consortium.

## COUNT I

### NEGLIGENCE
(Delaware River and Bay Authority)

10. Plaintiffs incorporate by reference paragraphs 1 through 9 of this Complaint, as though the same were fully set forth herein at length.

11. Mr. Kopacz seeks to recover any and all damages he is entitled to recover from Defendant under the Jones Act and general maritime law due to the Defendant's carelessness and negligence and the unseaworthiness of the M/V DELAWARE.

12. Mr. Kopacz sought treatment for his injuries, but Defendant has refused to pay for this treatment and Mr. Kopacz's condition has worsened because his treating physicians have stopped treating him because they have not been paid.

13. As a result, the plaintiffs have sustained the damages listed in paragraph 9 above.

14. The Defendant's carelessness and negligence consisted of:

    a. Failing to provide a reasonably safe place to work;

    b. Failing to properly notify drivers of automobiles on the M/V DELAWARE, including Mr. Swett, that they should not back up their automobiles when they were on the ferry;

    c. Failing to properly instruct Mr. Kopacz in how to prevent cars from backing up when they were on the ferry;

    d. Failing to provide adequate systems, plans and instructions which would prevent cars from backing up when they were on the ferry;

    e. Failing to promulgate or enforce safe working standards, rules and procedures; and

    f. Failing to provide prompt and adequate medical care.

15. Due to the aforesaid carelessness and negligence of the Defendant, the plaintiffs sustained the damages listed in paragraph 9 above.

WHEREFORE, Plaintiffs seek to recover from the Defendant damages in excess of One Hundred Thousand ($100,000) Dollars.

COUNT II

UNSEAWORTHINESS
(Delaware River & Bay Authority)

16. Plaintiffs incorporate by reference paragraphs 1 through 15 of this Complaint as though the same were fully set forth herein at length.

17. The Defendant's vessel, M/V DELAWARE, was unseaworthy as a result of the following:

(a.) The vessel lacked adequate signs and directions instructing drivers not to back up while the vessels were on the ferry;

(b.) The vessel failed to possess proper and necessary appliances, gear and equipment that would prevent cars from backing up while on the ferry;

(c.) The Defendant failed to possess a sufficient number of competent and able crew members to safely load the automobiles and prevent them from backing up; and

(d.) The vessel failed to have an adequate Standard Operating Procedure which, if followed, would have prevented cars from backing up when they were on the ferry.

18. By virtue of the unseaworthiness of the M/V DELAWARE, as described above, the plaintiffs sustained the damages listed in paragraph 9 above.

WHEREFORE, Plaintiffs seek to recover from the Defendant damages in excess of One Hundred Thousand ($100,000 )Dollars.

### COUNT III
### (Craig Swett)

19. The plaintiffs incorporate paragraphs 1 through 18 above herein by reference.

20. A proximate cause of the plaintiffs' damages was the negligence of defendant Swett in:

(a.) Backing his vehicle without permission from the crew and without notice to Mr. Kopacz;

(b.) Driving carelessly, inattentively, and without keeping a proper lookout, in violation of 21 Del C. §4176 and his common-law duties.

21. As a result of Mr. Swett's negligence, the plaintiffs sustained the damages listed in paragraph 9 above.

WHEREFORE, the plaintiffs respectfully request that this Court enter judgment in their favor and against defendants, jointly and severally, in an amount that will fully compensate them, plus court costs, interests and attorney's fees.

                                    CONNOLLY BOVE LODGE & HUTZ, LLP

7/28/04

                                /s/ James J. Woods, Jr.
                                James J. Woods, Jr., Esquire (I.D. #2035)
                                The Nemours
                                1007 North Orange Street
                                Wilmington, DE   19899