Westlaw.

Not Reported in A.2d                                                                                                    Page 1

Not Reported in A.2d, 1995 WL 339069 (Del.Super.)

**(Cite as: 1995 WL 339069 (Del.Super.))**

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
Kathleen DEARIE,
v.
Karin H. WEISS and ICI Americas, Inc.
**No. CIV. A. 92C-06-252.**

May 8, 1995.
Michael I. Silverman, Wilmington, DE.

Carl Schnee, Wilmington, DE.

QUILLEN

Gentlemen:

*1 The plaintiff has filed a Motion in Limine to permit the introduction of special damages at a trial concerning personal injuries sustained in a motor vehicle accident in order to circumvent the evidentiary bar of 21 *Del. C.* § 2118(h). [FN1]

*Facts*
The plaintiff was injured on February 23, 1992 as a passenger on a motorcycle owned and operated by Bradford Wilson. A vehicle operated by the defendant, Karen H. Weiss ("defendant") rear-ended the Wilson motorcycle. At the time of the accident. the Wilson motorcycle was insured by Universal Underwriters/Recreational Products. The policy contained minimum limits of financial responsibility coverage of $15,000/ $30,000. The policy also contained a $15,000 deductible for personal injury protection ("PIP") coverage. The plaintiff did not assert a PIP claim pursuant to 21 *Del. C.* § 2118 under the Wilson policy.

The parties disagree whether the deductible in the Universal Underwriters/ Recreational Products policy applied to the plaintiff. Under the application for the policy which appears to be incorporated into the policy itself, the deductible applied to "YOU or a resident relative." The parties agree that, in this case, the word "YOU" in the policy refers to Wilson as "the Named Insured shown in the declarations...." The parties are also in accord that plaintiff was not a "resident relative" such that the deductible would apply to her under its meaning. However, plaintiff points to language in a document titled "Delaware Motorist Protection Act--(Amendatory Endorsement)" which is alleged to form a part of the Wilson policy. Under the endorsement, the "insurance for PERSONAL INJURY PROTECTION shall be subject to a deductible of $15,000 applicable to the named insured and NMMBERS OF HIS HOUSEHOLD occupying the INSURED MOTOR VEHICLE at the time of an accident." The parties, for the purposes of this motion, agree that plaintiff is a "member" of the Wilson household such that, if this clause controls here, plaintiff was subject to the $15,000 deductible in the Universal Underwriters/Recreational Products policy.

Also, at the time of the accident, plaintiff maintained a separate policy of insurance with Liberty Mutual Insurance Company. Liberty Mutual is not named in this action. The Liberty policy, however, specifically excluded medical PIP coverage for injuries sustained while occupying a vehicle with less than four wheels. Thus, plaintiff was not eligible for PIP coverage under the Liberty policy.

As noted, plaintiff did not assert a PIP claim regarding the accident in this case. In her action for damages against the defendant here, plaintiff seeks permission to introduce into evidence damages which might be viewed as compensable under 21 *Del. C.* § 2118(a) because she claims she was not "eligible" for benefits as that term is used in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                   Page 2
Not Reported in A.2d, 1995 WL 339069 (Del.Super.)
**(Cite as: 1995 WL 339069 (Del.Super.))**

21 *Del. C.* § 2118(h).

*Discussion*

The issue in this case can be distilled to whether the existence of a $15,000 deductible on a PIP policy, which applies to a plaintiff who is covered as a member of the household of a named insured, indicates that the plaintiff is not "eligible" for benefits available under 21 *Del. C.* § 2118(a) as that term is used in 21 *Del. C.* § 2118(h).

**\*2** As an initial matter, deductible clauses which reduce coverage below the minimum required by the statute are not prohibited in Delaware. 21 *Del. C.* § 2118(a)(2)(f); *Cintron v. Universal Underwriters Group,* Del.Super., 601 A.2d 1051, 1053 (1990) (quoting *Barber v. Williams,* Del.Supr., 445 A.2d 334 (1981) (Unpublished Order No. 120, 1981, October 27, 1981); *see also* 21 *Del. C.* § 2118(f). In *Cintron,* the court said that "while the deductible, in effect, eliminated the PIP coverage required by statute, the deductible provision was not against public policy, but rather reflected the public policy of allowing those insured to use other methods of insuring for the amount of the deductible or to minimize the cost of insurance." *Id.* Thus, the deductible in the Wilson policy, to which plaintiff under the Delaware Amendatory Endorsement is not a stranger, is a valid clause which represented a choice by the named insured to minimize the cost of insurance. This is the case even if PIP coverage was effectively eliminated for the named insured and members of his household. [FN2]

An insurance contract which contains an ambiguity must be construed against the insurer when the policy is against the expectation of the insured. *Id.* at 1055 (quoting *Hallowell v. State Farm Mutual Auto Ins. Co.,* Del.Supr., 443 A.2d 925, 926 (1982); *Novellino v. Life Ins. Co. of North Am.,* Del.Supr., 216 A.2d 420, 422 (1966)). If this insurance contract was interpreted against Universal Underwriters/ Recreational Products, the clause which states that the deductible applies to a "resident relative," and not to the broader category of household members, would be controlling. Under that interpretation, plaintiff's argument would be frivolous because she clearly would be entitled to PIP coverage. Plaintiff, however, argues that the plaintiff here could have reviewed the Universal Underwriters/Recreational Products policy and reasonably have concluded that PIP coverage was unavailable based on the broader exclusion. On that basis, plaintiff states her PIP claim went unasserted, and she was not "eligible" for PIP coverage.

However, even accepting her premise, plaintiff s argument is unavailing. The plaintiff essentially argues that no PIP claim was made because she believed the $15,000 deductible barred recovery.
As stated, however, the inclusion of deductibles in a PIP policy, "applicable to expenses incurred as a result of injury to the owner of a vehicle or members of his household," is a permissible practice in Delaware. 21 *Del. C.* § 2118(a)(2)(f); *Cintron,* 601 A.2d at 1053. But the election of the insured to include a high deductible does not preclude plaintiff's status as a statutorily eligible "injured person." 21 *Del. C.* § 2118(a). Coverage was available in this case even if it was subject to a deductible which was bargained for by the named insured in order to realize a savings on the insurance premium. Obviously, there would be other considerations if the deductible applied against a stranger to the Universal Underwriters/ Recreational Products policy. *See 21 Del. C.* § 2118(a)(2)(f). But, under our current law, one who is the "member" of the "household" of a named insured who in turn bargains for a substantial deductible with the goal of saving on premiums cannot be heard to complain that he or she was not "eligible" for benefits as that term is used in § 2118(h).

**\*3** Plaintiff, therefore, was eligible for benefits under 21 *Del. C.* § 2128(a) subject to a deductible, albeit a very substantial deductible. Therefore, plaintiff is precluded from introducing into evidence in this action damages for which compensation is available under 21 *Del. C.* § 2118(a). It should also be noted that the evidentiary exclusion of § 2118(h) applies "without regard to any elective reductions in such coverage and whether or not such benefits are actually

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d

Not Reported in A.2d, 1995 WL 339069 (Del.Super.)

**(Cite as: 1995 WL 339069 (Del.Super.))**

Page 3

recoverable." Plaintiff's Motion in Limine is DENIED. IT IS SO ORDERED.

FN1. Section 2118(h) reads:
Any person eligible for benefits described in paragraph (2) or (3) of subsection (a) of this section, other than an insurer in an action brought pursuant to subsection (g) of this section, is precluded from pleading or introducing into evidence in an action for damages against a tortfeasor those damages for which compensation is available under paragraph (2) or (3) of subsection (a) of this section without regard to any elective reductions in such coverage and whether or not such benefits are actually recoverable.

FN2. The Court notes that the statutory objective of § 2118 is to enable persons who have been injured in automobile accidents to receive the economic benefit of immediate payment without awaiting protracted litigation. *Crum and Forster Ins. Group v. Wright*, Del.Supr., 634 A.2d 373 (1993). Since the very reason for the existence of no-fault coverage is contravened by permitting an insured to obtain a deductible clause, it is somewhat ironic that the plaintiff as a household member is denied coverage to the extent of the insured's election of a permitted deductible.

Not Reported in A.2d, 1995 WL 339069 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.