IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 04-911 GMS |
| v. | : | |
| | : | Jury Trial Demanded |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JAN KOPACZ, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 04-1281 GMS |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT CRAIG SWETT TRIAL BRIEF

NATURE OF CASE

Mr. Kopacz claims that on August 9, 2002 he was struck and injured by a vehicle driven by Mr. Swett while aboard the Cape May-Lewes Ferry which was docked in Lewes, Delaware. As a result of the alleged injuries claimed, Mr. Kopacz is claiming maintenance and cure from the Delaware River and Bay Authority ("DRBA") and compensatory damages from Mr. Swett.

Mr. Swett disputes that any contact occurred between his vehicle and Mr. Kopacz. In addition, Mr. Swett disputes the allegation that any conduct on his part was the proximate cause of the injuries alleged by the plaintiff.

CONTESTED FACTS DEFENDANT SWETT EXPECTS THE EVIDENCE WILL ESTABLISH

1. Mr. Kopacz directed Mr. Swett to park his vehicle very close to a vehicle already aboard and parked directly in front of Mr. Swett's vehicle.

2. Dr. Marc Greenstein, the operator of the vehicle in front of Defendant Swett, requested that Mr. Swett back a few inches to enable him to squeeze between the vehicles to access the rear of his vehicle and retrieve a stroller.

3. Mr. Swett, complying with that request, backed no more than a few inches and stopped at which time Mr. Kopacz struck the rear of the vehicle with an extended left hand.

4. Other than Mr. Kopacz striking Mr. Swett's vehicle with his hand, there was no contact between the Swett vehicle and Kopacz's body.

5. When Mr. Swett backed up his vehicle while aboard the MV DELAWARE, his foot never touched the accelerator, he traveled no more than 4 inches while backing up, and his speed was such that it would not have registered on an odometer.

6. There was no accident nor were there any injuries sustained by Plaintiff Kopacz after the incident alleged.

7. Mr. Kopacz, after berating Mr. Swett for backing without his permission, then continued parking other vehicles.

8. In response to Mr. Kopacz's interaction with Mr Swett, a DRBA police officer on the front of the ferry summoned Officer Denise Wise to the scene.

9. During this time, Mr. Swett approached Mr. Kopacz and asked for his name in order to report Mr. Kopacz's rude behavior.

10. After Mr. Swett's inquiry, Mr. Kopacz informed Pilot Oat that he had been hit.

11. Only after Mr. Swett requested Mr. Kopacz's name and Officer Wise came to the scene did Mr. Kopacz complain of injury and request medical assistance.

12. Prior to this alleged incident on August 9, 2002, Mr. Kopacz had treated for numerous injuries and complaints to the same regions he claims were injured as a result of the alleged incident on August 9, 2002.

13. Mr. Kopacz did not sustain the injuries he claims in his complaint as a result of the alleged contact between Mr. Kopacz and Mr. Swett's vehicle, such as injuries to the cervical spine, low back, right elbow, teeth, and alleged herniated disc at L5-S1 and was not injured as a result of the events on August 9, 2002.

## DEFENDANT SWETT'S THEORY OF DEFENSE BASED ON THE CONTESTED AND UNCONTESTED FACTS

Based on the testimony and evidence presented at trial, Mr. Swett's theory of defense is that Mr. Kopacz was not struck by Mr. Swett's vehicle. Therefore, there was no injury proximately caused by any action or conduct of Mr. Swett.

The entire case is heavily fact-driven and both Mr. Swett and the DRBA intend to establish that there was no contact between Mr. Swett's vehicle and Mr. Kopacz and any alleged injury is unfounded and unrelated to the incident alleged.

## DEFENDANT SWETT'S THEORY OF DAMAGES OR OTHER RELIEF IN THE EVENT LIABILITY IS ESTABLISHED

Delaware's complaint alleges violation of Delaware law. Although Mr. Kopacz is claiming maritime laws apply, the statute which he claims Mr. Swett violated is a Delaware Code violation.

If Delaware law is being invoked to establish negligence or statutory breach by Mr. Swett, it follows that Delaware's comparative negligence statute should be applicable.[1] Therefore, if in the unlikely event that the jury determines that there was an accident causing injury, Delaware's comparative negligence should apply. Therefore, any recovery by the plaintiff should be reduced in proportion to the plaintiff's negligence and if a jury finds that Jan Kopacz's negligence is more than half the total negligence, Jan Kopacz should not recover any damages.

Further, plaintiff's PIP eligible medical expenses and lost wages are not admissible into evidence against Mr. Swett. Pursuant to Section 2118(a)(2)d of Title 21 of the Delaware Code, Mr. Kopacz was PIP eligible as of August 9, 2002 which is the date of the incident alleged in the present case.[2] As a result, he is precluded from pleading or introducing into evidence any PIP eligible medical expenses and/or lost wages incurred as a result of the alleged incident under Section 2118(h) of Title 21 of the Delaware Code.[3]

---

[1] 10 Del. C. § 8132; *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 74 (3d. Cir. 1996)

[2] 21 Del. C. § 2118(a)(2)d.

[3] 21 Del. C. § 2118(h); *Mullins v. Klase*, 2001 WL 1198946 (Del. Super.); *See also Dearie v. Weiss*, 1995 WL 339069 (Del. Super.)

<u>DEFENDANT SWETT'S THEORY OF ANY ANTICIPATED MOTION FOR DIRECTED VERDICT</u>

     If Mr. Kopacz is unable to satisfy his burden of proof in establishing that Mr. Swett's vehicle struck him in the rear proximately causing the injuries claimed, a motion for directed verdict will be filed on behalf of Mr. Swett.

                                       CASARINO, CHRISTMAN & SHALK, P.A.

                                       /s/ Donald M. Ransom
                                       DONALD M. RANSOM, ESQUIRE
                                       Del. I.D. No. 2626
                                       800 N. King Street, Suite 200
                                       P.O. Box 1276
                                       Wilmington, Delaware 19899
                                       (302) 594-4500
DATED:  December 21, 2005           Attorney for Defendant Craig Swett