IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

IT IS HEREBY ORDERED THIS _____ day of _____, 2006, upon consideration of Defendant Swett's Motion in Limine and the response thereto, it is hereby ORDERED that Defendant Swett's Motion in Limine regarding the admissibility of PIP eligible benefits is DENIED.

IT IS SO ORDERED.

_____
The Honorable Gregory M. Sleet
United States District Court
for the District of Delaware

## TABLE OF CONTENTS

|  | **Page** |
|---|---|
| Table of Citations | ii |
| Discussion | 1 |
| Conclusion | 2 |

## TABLE OF CITATIONS

**Page(s)**

Cases

Chelentis v. Luckenbach S.S. Co.,                                2
247 U.S. 372 (1918)

The Lottawanna,                                                  1
88 U.S. 558 (1875)

Panama R. Co. v. Johnson,                                        1
264 U.S. 375 (1924)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**PLAINTIFF'S REPLY TO
DEFENDANT SWETT'S MOTION IN LIMINE**

As discussed in plaintiff's Trial Brief, the maritime jurisdiction attached because plaintiff was injured while engaged in maritime employment upon a vessel in navigable waters.

Maritime law is federal law and, as such, it is the supreme law of the land. Furthermore, the national maritime law must be uniform throughout the entire country. <u>The Lottawanna</u>, 88 U.S. 558 (1875). Even Congress is limited in the exercise of its very extensive legislative powers

1

in the maritime world. Panama R. Co. v. Johnson, 264 U.S. 375 (1924). Finally, no state has the power to abolish a recognized maritime rule, for this would run afoul of the uniformity principle and thus subject accidents occurring aboard vessels to the laws of the state in which they happen to be at the time of the accident. Chelentis v. Luckenbach S.S. Co., 247 U.S. 372 (1918).

It would be anomalous, to say the least, to have DRBA subject to a different measure of damages than Swett when the same operative facts are involved and both are subject to the maritime jurisdiction.

**Conclusion**

For the foregoing reasons, Swett's Motion in Limine should be denied.

Dated: December 29, 2005                    /s/ James J. Woods, Jr.
                                             James J. Woods, Jr., P.A.
                                             P.O. Box 4635
                                             Greenville, DE 19807
                                             (302) 235-5770
                                             Attorney for Plaintiff, Jan Kopacz

                                             E. Alfred Smith, Esquire
                                             E. Alfred Smith & Associates
                                             1333 Race Street
                                             Second Floor
                                             Philadelphia, PA 19107
                                             (215) 569-8422
                                             Attorney for Plaintiff, Jan Kopacz