IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 04-911 GMS |
| v. | : | |
| | : | Jury Trial Demanded |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY,  and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| JAN KOPACZ, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 04-1281 GMS |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

REPLY IN SUPPORT OF DEFENDANT CRAIG SWETT'S
MOTION IN LIMINE REGARDING ADMISSIBILITY OF PERSONAL INJURY
PROTECTION ("PIP" ) ELIGIBLE BENEFITS UNDER 21 Del. C. § 2118(h)

This is Defendant Craig Swett's reply in support of his motion in limine requesting

that the Court exclude the admissibility into evidence of any lost wages and medical

expenses which are personal injury protection ("PIP") eligible under Section 2118 of Title

21 of Delaware Code and, in support thereof, submits the following:

1.      While the recovery sought against the Delaware River and Bay Authority

("DRBA") is based upon the Jones Act and general maritime law, the fact is that Plaintiff's

complaint alleges that Mr. Swett violated various provisions of the Delaware Code while

operating a motor vehicle in the State of Delaware and cites specific Delaware Code sections

as to Mr. Swett.[1]

      2.      Further, Plaintiff Kopacz has presented no case law in his response to suggest that, as to Mr. Swett, Delaware law is contrary to maritime law regarding the admissibility of PIP eligible medical expenses and/or lost wages.  In addition, plaintiff Kopacz has cited no case law to suggest that Section 2118(h) of Title 21 of the Delaware Code is inapplicable to the present litigation regarding the introduction into evidence of any PIP eligible medical expenses and/or lost wages against Mr. Swett.

      3.      Contrary to Plaintiff's assertions, maritime law is not being controverted or abolished and there is nothing anomalous about different evidence being submitted regarding different claims against different defendants.[2]

      4.      For the foregoing reasons and those set forth in Defendant Swett's opening brief, Defendant Swett respectfully requests that the Court exclude the admissibility of any PIP eligible benefits pursuant to Section 2118(h) of Title 21 of the Delaware Code which are claimed by Plaintiff Kopacz and order that those damages are not recoverable in the present action against Defendant Swett.

---

[1] Plaintiffs' Seaman's Complaint (D.I. 1)

[2] *See* F.R.E. 105.

2

<u>**CERTIFICATION**</u>

Pursuant to Local District Court Civil Rule 7.1.2(a), the undersigned waives its

right to additional briefing on this motion and relies on the foregoing in reply to

Plaintiffs' answering memorandum.


Respectfully submitted,

CASARINO, CHRISTMAN & SHALK, P.A.

_____/s/ Donald M. Ransom_____
Donald M. Ransom, Esq.
Del. Bar ID No. 2626
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
January 6, 2006                          Attorney for Defendant Craig Swett

3