IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

NOW, on this _____ day of _____, 2006, upon consideration of Plaintiff's Motion in Limine and any response thereto, it is hereby ORDERED that defendant is precluded from introducing the videotaped deposition of Janice Ambrose at trial but is free to present her testimony live at the time of trial.

                                                       _____
                                                       The Honorable Gregory M. Sleet
                                                       United States District Court
                                                       for the District of Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**PLAINTIFF'S MOTION IN LIMINE
TO PRECLUDE THE VIDEOTAPED TESTIMONY OF JANICE AMBROSE**

Plaintiff, Jan Kopacz, by his counsel moves this Court for an order precluding defendant DRBA from presenting the testimony of Janice Ambrose by videotaped deposition and asserts in support thereof the following:

1. By letter dated December 30, 2005, defendant notified plaintiff of an intention to take the videotaped deposition of Janice Ambrose on January 11, 2006 beginning at 9:00 a.m. at the office of Orthopaedic Associates of Southern Delaware, P.A., 170005 Old Orchard Road,

Lewes, DE 19958.

    2. A deposition notice was filed electronically on December 31, 2005.

    3. By telefaxed letter and Deposition Notice dated January 3, 2006, defendant confirmed this deposition.

    4. On January 3, 2006, plaintiff's counsel called Ms. Ambrose and after identifying himself as counsel for plaintiff, asked questions which elicited the following information from Mrs. Ambrose:

        a. She was not subpoenaed for this deposition but simply agreed to do it at the request of Ms. Reeves.

        b. She can appear in Wilmington, DE at the trial, but that would inconvenience her because she would have to take a day off from work.

        c. She has given depositions many times before and has testified in various courts for a variety of reasons and is thoroughly familiar with the system.

    5. Ms. Ambrose lives and works within 100 miles of the courthouse and her appearance at trial can be compelled by subpoena.

    6. A deposition in Lewes, DE requires plaintiff's counsel to drive 2 hours each way, and defendant has not offered to pay counsel's time or expenses.

    7. There is no valid reason for taking this witness' testimony by deposition when her appearance live at trial can be compelled by subpoena, and she is thoroughly familiar with the entire procedure. She is on the same footing as many other witnesses in this case who live in or near Lewes, DE.

    8. It will be a great inconvenience to counsel to travel to Lewes, DE for a short deposition, and this is unnecessary since the witness can be presented during the trial.

     9. In the alternative plaintiff requests an award of counsel fees of 6 hours at $300 per hour plus reimbursement of travel expenses of $.34 per mile.

     WHEREFORE plaintiff requests the Court to grant the relief being sought.

                                                    JAMES J. WOODS, JR., P.A.

January 9, 2006                          By /s/_____
                                                 James J. Woods, Jr., Esquire
                                                 P.O. Box 4635
                                                 Greenville, DE 19807
                                                 (302) 235-5770

                                                 E. Alfred Smith, Esquire
                                                 E. Alfred Smith & Associates
                                                 1333 Race Street
                                                 Second Floor
                                                 Philadelphia, PA 19107
                                                 (215) 569-8422
                                                 Attorney for Plaintiff, Jan Kopacz

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**MEMORANDUM OF LAW**

F.R. Civ.P. 4 provides a subpoena range of 100 miles, and Lewes, DE is within that range and within this district as well.

The witness being produced has testimony on a collateral issue, and her appearance at trial can be compelled by the issuance and service of a subpoena.

There is no justifiable reason why counsel should be inconvenienced and miss a day from the office when the witness can be produced live at trial. To counsel's knowledge, only doctors' depositions can be taken by videotape even though they are within subpoena range because the

nature of their work requires accommodation. Most of the fact witnesses in this case live in or near Lewes, DE and they are being produced live. There is no reason to treat this witness any differently.

## Conclusion

For the foregoing reasons, plaintiff's Motion should be granted.

Respectfully submitted,

/s/_____
James J. Woods, Jr., Esquire
Sullivan and Woods
Suite 200
5305 Limestone Road
Wilmington, DE 19808
(302) 234-6855
Attorney for Plaintiff, Jan Kopacz

E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street
Second Floor
Philadelphia, PA 19107
(215) 569-8422
Attorney for Plaintiff, Jan Kopacz