**Revised Schedule (c)**
**Exhibits**

1.  The following exhibits were offered by plaintiff, received in evidence and marked as indicated:

| | |
|---|---|
| 1. | Application for employment |
| 2. | Kopacz' resume |
| 4. | Letter from Captain Gadsby – March 31, 2001 |
| 5. | Letter from Mark R. Whittington – 10/2/01 |
| 6. | Performance evaluation - 6/18/00-10/9/00 |
| 7. | Performance evaluation - 3/1/01 |
| 8. | Performance evaluation - 8/22/01 |
| 9. | Performance evaluation - 10/1/01-12/15/01 |
| 10. | Performance evaluation - 12/16/01 - 6/15/02 |
| 11. | Performance evaluation - 6/23/02 - 9/7/02 |
| 12. | Performance evaluation - 12/8/03 - 3/8/03 |
| 13. | Performance evaluation - 5/4/03 - 6/21/03 |
| 14. | Performance evaluation - 9/7/03 - 10/25/03 |
| 20. | 2002 Attendance Record |
| 21. | 2003 Attendance Record |
| 22. | 2004 Attendance Record |
| 23. | Certificate of Merit - 11/16/02 |
| 24. | Records from Beebe Medical Center with Discharge Instructions - 8/9/02-8/10/02 |
| 25. | Delaware Basic Life Support records |

26.    Excuse Slip - Dr. J. K. Beebe - 8/12/02 and telefax dated 8/13/02

27.    Excuse Slip - Dr. Elisa Montross-Lopez - 8/19/02 and telefax dated 8/20/02

28.    Excuse Slip - Dr. Sabbagh prescription - no work 8/22/02 and telefax dated 8/23/02

29.    Medical Certification Statement - Dr. Sabbagh - 11/4/02 and altered slip

30.    Medical Records – Lewes Family Practice (Except for noted objection below)

31.    Medical Records – Orthopaedic Associates of Southern Delaware, Inc.  (Except for noted objection below)

32.    Medical Records –Papastavros' Associates

33.    Medical Records – Southern Delaware Physical Therapy, Inc.

43.    Stipulation re: Insurance Fraud Action

45.    General Arrangement Plan

48.    Performance evaluation - July 9, 1999 - David Oat

49.    Summer evaluation - 1999 - David Oat

52.    Personnel Manual

54.    Photographs of Swett vehicle

55.    Pre-employment physical exam report - 1/26/02

61.    DRBA Police Report

**Defendant DRBA would like all unobjected-to premarked exhibits of Plaintiff Kopacz entered as Joint Exhibits.**

2.  The following exhibits were offered by plaintiff and marked for identification. Defendants DRBA and Swett objected to their receipt in evidence on the grounds stated:

3.  Memo dated March 21, 2001 and Marine Standard Operating Guidelines attached thereto - Objection:  Lack of foundation, Document Incomplete.

15.  Affidavit of Jan Kopacz - Objection: Relevance - F.R.E. 402, Lack of Foundation, Hearsay - F.R.E. 802, Not Previously Produced to Defendant Swett.

16.  Incident Report (without statements) - **Objection by Defendant Swett only**: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation.

17.  Notebook pages - Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Unfair Prejudice - F.R.E. 403, Not Previously Produced to Defendant Swett.

18.  Sick Leave and Injury Report - 8/9/02 - **Objection by Defendant Swett only**:  Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Best Evidence - F.R.E. 1002.

19.  Sick Leave and Injury Report - 8/10/02 - **Objection by Defendant Swett only**: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation.

30.  Medical Records – Lewes Family Practice - Objection to first page of records:  Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation.

31.  Medical Records – Orthopaedic Associates of Southern Delaware, Inc. - Objection: Incomplete Records and all records to the present should be included as exhibit, Lack of Foundation.

34.  Letter from Coastal Psychiatric Group - Objection: Hearsay - F.R.E. 802, Lack of Foundation.

35.  Bill – Sussex Emergency Associates  – **Objection by Defendant Swett only**: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Inadmissible per 21 Del. C. § 2118(h), Limited Admissibility - F.R.E. 105.

36.  Bill - Lewes Fire Department – **Objection by Defendant Swett only**: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Inadmissible per 21 Del. C. § 2118(h), Limited Admissibility - F.R.E. 105.

37.  Bill -  Southern Delaware Imaging – **Objection by Defendant Swett only**: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Inadmissible per 21 Del. C. § 2118(h), Limited Admissibility - F.R.E. 105.

38.  Bill - Orthopaedic Associates of Southern Delaware, Inc. – **Objection by Defendant Swett only**: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Inadmissible per 21 Del. C. § 2118(h), Limited Admissibility - F.R.E. 105.

39.  Bill - Beebe Medical Center – **Objection by Defendant Swett only**: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Inadmissible per 21 Del. C. §

2118(h), Limited Admissibility - F.R.E. 105.

     40.  Bill - Papastavros' Associates Medical Imaging, L.L.C.– **Objection by Defendant Swett only**: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Inadmissible per 21 Del. C. § 2118(h), Limited Admissibility - F.R.E. 105.

     41.  Bill - Lewes Physical Therapy – **Objection by Defendant Swett only**: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Inadmissible per 21 Del. C. § 2118(h), Limited Admissibility - F.R.E. 105.

     42.  Notes re: board and lodging expenses  – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Limited Admissibility - F.R.E. 105.

     44.  Legal Bill from Tim Willard - **Objection by Defendant Swett only:** Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation,  Limited Admissibility - F.R.E. 105.

     46.  Individual Income Tax Return - U.S. 2001 – **Objection by Defendant Swett only**: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Inadmissible per 21 Del. C. § 2118(h) against Defendant Swett, Limited Admissibility - F.R.E. 105.

     47.  Individual Income Tax Return - U.S. 2002 – **Objection by Defendant Swett only**: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Lack of Foundation, Inadmissible per 21 Del. C. § 2118(h) against Defendant Swett, Limited Admissibility - F.R.E. 105.

     50.  Performance evaluation - 6/17/01-9/2/01 - Withdrawn

     51.  Letter of Appreciation - 10/2/01 - Withdrawn

     53.  Photographs – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Unfair Prejudice - F.R.E. 403, Lack of Foundation. Not Sufficiently Identified.

     56.  Letter to Lamorte Burns & Co. dated 9/22/03 – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Hearsay within Hearsay - F.R.E. 805, Unfair Prejudice - F.R.E. 403, Lack of Foundation, Settlement Offer - F.R.E. 408, Liability Insurance - F.R.E. 411.

     57.  Letter from Lamorte Burns & Co. dated 8/27/03 – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Hearsay within Hearsay - F.R.E. 805, Unfair Prejudice - F.R.E. 403, Lack of Foundation, Settlement Offer - F.R.E. 408, Liability Insurance - F.R.E. 411.

     58.  Letter to Bonnie Miller dated 8/19/03 – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Hearsay within Hearsay - F.R.E. 805, Unfair Prejudice - F.R.E. 403, Lack of Foundation, Settlement Offer - F.R.E. 408, Liability Insurance - F.R.E. 411.

     59.  Letter from Lamorte Burns & Co. dated 11/4/03 – Objection: Relevance -

F.R.E. 402, Hearsay - F.R.E. 802, Hearsay within Hearsay - F.R.E. 805, Unfair Prejudice - F.R.E. 403, Lack of Foundation, Settlement Offer - F.R.E. 408, Liability Insurance - F.R.E. 411.

      60.  Letter to Lamorte Burns & Co. dated 11/4/03 – Objection: Relevance - F.R.E. 402, Hearsay - F.R.E. 802, Hearsay within Hearsay - F.R.E. 805, Unfair Prejudice - F.R.E. 403, Lack of Foundation, Settlement Offer - F.R.E. 408, Liability Insurance - F.R.E. 411.

      62.  Transcript of Jessica Swett statement - Jessica #1 - Objection: Hearsay - F.R.E. 802, Lack of Foundation.

      **Defendants DRBA and Swett reserve the right to use any premarked exhibit offered by any party for any purpose at trial.**

      3.  The following exhibits were offered by defendant DRBA, received in evidence and marked as indicated:

      1.      Plaintiff's Complaint (N.J. Action).

      2.      Plaintiff's Complaint (Del. Action).

      3A.      DRBA Interrogatories to Plaintiff (First Set).

      3B.      Plaintiff's Answers to DRBA Interrogatories (First Set).

      3C.      DRBA Second Set of Interrogatories to Plaintiff.

      3D.      Plaintiff's Answers to DRBA's Second Set of Interrogatories.

      3E.      Swett Revised Interrogatories to Plaintiff (First Set).

      3F.      Plaintiff's Answers to Swett Revised Interrogatories (First Set) (Withdrawn).

      3G.      DRBA Third Set of Interrogatories to Plaintiff (Marked Second Set).

      3H.      Plaintiff's Answers to DRBA Third Set of Interrogatories.

      3I.      DRBA (Revised) Third Set of Interrogatories to Plaintiff (Marked Second Set).

      3J.      Plaintiff's Answers to DRBA (Revised) Third Set of Interrogatories.

      3K.      DRBA's Fourth Set of Interrogatories to Plaintiff.

      3L.      Plaintiff's Answers to DRBA's Fourth Set of Interrogatories.

4A.     DRBA's Request for Production to Plaintiff (First Set).

4B.     Plaintiff's Response to DRBA Request for Production (First Set).

4C.     DRBA Second Request for Production to Plaintiff.

4D.     Plaintiff's Response to DRBA Second Request for Production.

4E.     DRBA Third Request for Production to Plaintiff.

4F.     Plaintiff's Response to DRBA Third Request for Production.

7.      DRBA Personnel Manual.

9.      Incident Report (08/09/02).

16A.    Kopacz Performance Evaluations - 06/99 to 10/99.

16C.    Memo re: Kopacz 2002 Performance Evaluations.

21.     Letter from Jacob Shisha, Esq. to DRBA dated 10/29/02.

30.     Marine SOP.

39.     Records of Lewes Fire Department.

40.     Records of Lewes Physical Therapy.

44.     Records of Dr. Mehdi.

45.     Records of Southern Delaware Imaging.

46.     Records of Papastravros Medical Imaging.

65.     Annotated Medical Certification by Dr. Sabbagh dated 10/20/02.

The following exhibits were offered by defendant DRBA and marked for identification. Plaintiff objected to their receipt in evidence on the grounds stated:

5.    Plaintiff's Personnel File.  Objection.  This contains extraneous material not in the Personnel File as originally produced.  It also contains much material from the claim file which was not in the original Personnel File and this is more prejudicial than probative.  See F.R.E. 403.  Furthermore, much material, such as favorable performance evaluations and communications, is missing.

6.    Plaintiff's Employment File (Withdrawn)

8.    Objection.  This contains extraneous material such as the 2004 Attendance Record.  It also contains a Safety Guidebook which was never produced before and an Attendance List for a class on the Safety Guidebook, which is dated 2/7/03, so it is clearly irrelevant since it took place after the accident date.  The remaining material is also not relevant or cannot be understood.

10.   Police Report (08/09/02).  Objection; hearsay.

11.   Statement of Mike Willey.  Objection; hearsay - declarant available.

12.   Statement of Arthur Jacobsen.  Objection; hearsay - declarant available.

13.   Statement of James Kleb.  Objection; hearsay - declarant available.

14.   Statement of Darrin Singley (Withdrawn)

15.   Statement of Harry Thompson.  Objection; hearsay - declarant available.

16B.  Kopacz 08/09/02 Performance Record and related documents.  Objection. The exhibit contains material shows that this should have been destroyed in August 2003.  It is hearsay and prejudicial.  F.R.E. 403.

16D.  Kopacz 06/23/03 Performance Record.  Objection; hearsay - declarant available.  Irrelevant since it relates to an event after the accident.

16E.  Kopacz 06/24/03 Performance Record.  Objection; hearsay - declarant available.  Irrelevant since it relates to an event after the accident.

17.   Customer Complaint Form dated 8/2/02.  Objection; hearsay - declarant available.  Irrelevant.

18.   Employee Performance Record dated 8/9/02 (Withdrawn).  Objection.

Duplicate of 16B.  Prejudicial outweighs probative value.  F.R.E. 403.

19.    Memo from Captain McEwing to Linda Murphy dated 12/17/02.
       (Withdrawn)

20.    Letter from Captain John Pulli to Susan Romano dated 8/8/02.
       (Withdrawn)

22.    Records of State of Delaware Department of Insurance.  Objection.  This
       contains much extraneous material and is not the complete record of the
       State Department of Insurance.  It is irrelevant and its prejudicial effect
       outweighs its probative value.  F.R.E. 402 and 403.

23.    Records of State of Virginia Department of Insurance.  Objection.  This is
       irrelevant and probative of nothing.  Its prejudicial effect outweighs its
       probative value.  F.R.E. 402 and 403.  These records also lack a foundation
       and were never the subject of any discovery.  They are hearsay and relate
       to nothing involved in this case.

24.    Records of State Farm, including witness statements and recorded
       interviews.  Objection.  Irrelevant and incomplete.  These are also hearsay -
       declarant is available.  Finally, their prejudicial effect outweighs their
       probative value.  F.R.E. 402 and 403.

25A.   Records from GE Property (01/21/99 MVA), including recorded
       interviews.  Objection.  Irrelevant and incomplete.

25B.   Additional Records from 01/21/99 MVA claim.  Objection.  Irrelevant and
       hearsay.

25C.   Records from GE (08/09/02 PIP claim).  Objection.  Irrelevant and hearsay
       and incomplete and cumulative of other exhibits.  Further, the prejudicial
       effect outweighs the probative value.  F.R.E. 403.

26.    Records of Vane Brothers, Inc.  Objection.  Irrelevant and hearsay.

27.    Records of Danmar Associates.  Objection.  Irrelevant and hearsay.

28.    Records of 1999 Auto Accident Claim (Withdrawn)

29.    Personnel Manual (Withdrawn)

31.    Records of Sussex Emergency Associates (Withdrawn)

32.    Records of Cammarato and Aloe.  Objection.  Irrelevant and hearsay.

33.    Records of Beebe Medical Center.  Objection.  This contains much material pertaining to events following the accident and treatment for conditions not involving any part of the body involved in this lawsuit.  Irrelevant and the prejudical effect outweighs the probative value.

34.    Records of Lewes Family Medicine.  Objection.  This contains much material pertaining to events following the accident and treatment for conditions not involving any part of the body involved in this lawsuit. Irrelevant and the prejudical effect outweighs the probative value.

35.    Records of Dr. Elisa Montross-Lopez (Withdrawn)

36.    Records of Dr. Bakker (Withdrawn - See Swett 5)

37.    Records of Dr. Coyne (Withdrawn)

38.    Records of Medical Treatment - To be supplied

41.    Records of Drs. Lord and Wheeler.  Objection; irrelevant.

42.    Records of Dr. Eric Balliet (Withdrawn - See Swett 18)

43.    Records of Orthopedic Associates of Southern Delaware.  Objection.  This contains a mass of duplicated material, and only a small part of this exhibit is relevant.  The remainder is irrelevant.

47.    Records of Dr. Amy Jones.  Objection; irrelevant and hearsay.

48.    Records of CNMRI.  Objection.  These records pertain to an earlier accident and are not relevant to the injuries in issue.  The earlier accident involved the shoulder, which is irrelevant to this lawsuit.

49.    Records of Center for Neurology, Neurosurgery and Pain Management (Withdrawn)

50.    Records of Milford Diagnostic Group.  Objection.  Part of the record pertains to plaintiff's feet, which are not involved in this case.  The remainder relates to an accident which occurred on 12/24/04, so these records are irrelevant to this case.

51.    Records of Dickinson Medical Group.  Objection.  This contains much material which duplicates other exhibits.

52.     Records of Bayhealth Medical Center.  Objection.  These records pertain to an event after the accident in issue.  They identify treatment in 2005 as the result of an accident on 12/24/04, so they are utterly irrelevant.

53.     Records of Bayhealth Medical Center (Milford Memorial Hospital) (Withdrawn)

54.     Records of Dr. Anapole.  Objection.  These records pertain to an event after the accident in issue.  They identify treatment in 2005 as the result of an accident on 12/24/04, so they are utterly irrelevant.

55.     Records of PACE (Withdrawn)

56.     Records of V.A. Medical Center.  Objection.  These records pertain to routine exams or to treatment for a foot condition and to eye examinations.  Nothing relevant to the injuries in this lawsuit can be located.

57.     Records of Dr. Elrod (Lewis Chiropractic Center).  Objection.  Irrelevant as relating to treatment in 1999 and 2000.  Furthermore, chiropractic treatments are not admissible.

58.     Records of Dr. Sopa.  Objection.  Irrelevant.  This relates to a shoulder examination in 2000, so it has no bearing on the case at hand.

59.     Records of Concentra.  Objection.  Irrelevant.

60.     Records of Dr. Mehdi (Withdrawn)

61.     Records of Pain Center of Delaware (Withdrawn)

62.     Records of John Hopkins Medical Center (Withdrawn - See Swett 11 and 12)

63.     Records of Tidewater Physical Therapy - To be supplied

64.     Records of Dickinson Medical Group (Withdrawn)

66.     Records of Blue Cross Blue Shield of Delaware.  Objection.  Irrelevant.  Only a few of the 100 plus pages of this exhibit relate to injuries involved in this lawsuit.  The remainder relate to treatment for conditions not involved in this case, and the medication portion has no connection to this lawsuit.  Furthermore, these records are misleading by themselves and need to be explained.  They are more prejudicial than probative.  F.R.E. 403.

67A.    PIP Claim File - Statement.  Objection.  Irrelevant.  Hearsay and prejudicial effect outweighs the probative value.

67B.    PIP Claim File - Denial letters to providers.  Objection.  Irrelevant. Hearsay and prejudicial effect outweighs the probative value.

67C.    PIP Claim File - Denial letter to Kopacz.  Objection.  Irrelevant.  Hearsay and prejudicial effect outweighs the probative value.

67D.    PIP Claim File - State Farm 11/15/02 denial letter.  Objection.  Irrelevant. Hearsay and prejudicial effect outweighs the probative value.

67E.    PIP Claim File - SIU Referral form.  Objection.  Irrelevant.  Hearsay and prejudicial effect outweighs the probative value.

67F.    PIP Claim File - GE Policy.  Objection.  Irrelevant.  Hearsay and prejudicial effect outweighs the probative value.

67G.    PIP Claim File - 11/21/02 Letter to GE requesting PIP benefits.  Objection. Irrelevant.  Hearsay and prejudicial effect outweighs the probative value.

67H.    PIP Claim File - State Farm 10/14/02 denial letter.  Objection.  Irrelevant. Hearsay and prejudicial effect outweighs the probative value.

67I.    PIP Claim File - GE 10/10/02 letter to Kopacz.  Objection.  Irrelevant. Hearsay and prejudicial effect outweighs the probative value.

67J.    PIP Claim File - Application for benefits.  Objection.  Irrelevant.  Hearsay and prejudicial effect outweighs the probative value.

68.     Kopacz Deposition and Exhibits.  Objection.  Hearsay.  Declarant available.

69.     Singley Deposition and Exhibits.  Objection.  Hearsay.  Declarant available.

70.     Thompson Deposition and Exhibits.  Objection.  Hearsay.  Declarant available.

71.     Jacobsen Deposition and Exhibits.  Objection.  Hearsay.  Declarant available.

72.     Willey Deposition and Exhibits.  Objection.  Hearsay.  Declarant available.

73.     Kleb Deposition and Exhibits.  Objection.  Hearsay.  Declarant available.

74.     **[DELETED DUPLICATE]**

75.     Craig Swett Deposition and Exhibits.  Objection.  Hearsay.  Declarant available.

76.     Miller Deposition and Exhibits.  Objection.  Hearsay.  Declarant available.

77.     Wise Deposition and Exhibits.  Objection.  Hearsay.  Declarant available.

78.     Courtney Swett Deposition and Exhibits.  Objection.  Hearsay.  Declarant available.

79.     Jessica Swett Deposition and Exhibits.  Objection.  Hearsay.  Declarant available.

80.     Carol Swett Deposition and Exhibits.  Objection.  Hearsay.  Declarant available.

General objection.  Virtually all of the medical records include copies of subpoenas, letters and other extraneous material.  Plaintiff objects to all of this, and it should be removed even from those exhibits to which there is no objection.  Otherwise, many exhibits contain duplicates of the same records.  These should also be removed.

The DRBA reserves the right to introduce other exhibits for rebuttal or impeachment purposes.

5.  The following exhibits were offered by defendant Swett,  received in evidence and marked as indicated:

No. 1.          Plaintiff's Complaint, D. Del. Civil Action No. 04-911.  No objection.

No. 2.          Medical Records of Dr. Richard Falkenstein, April 12, 1990 and 1993/1994 (exact date illegible).

No. 3.          Medical Records of Dr. Amy Jones, January 17, 1995.

No. 4.          Medical Narrative of Dr. Konrad W. Bakker, dated April 13, 1995.  Relevance.

No. 5.          Medical Records of Lewes Family Practice, August 7, 1997 through May 15, 1998.  Relevance.

No. 6.          Diagnostic Imaging Consultation Report, Beebe Medical Center, January 27, 1999.  Relevance.

No. 7.          Medical Records of Dr. Mary Lou Elrod, January 20, 1999 through
                January 11, 2000.  Relevance.

No. 8.          Medical Records of Dr. Mary Lou Elrod, March 1, 2000 through
                December 17, 2001.  Relevance.

No. 9.          Medical Narrative of Dr. David Sopa, dated July 18, 2000.  Relevance.

No. 10.         Medical Records of Lewes Family Practice, February 2, 1999 and
                September 20, 2000.  Relevance.

No. 11.         Two (2) MRI Reports, Johns Hopkins Medicine, September 20, 2001.
                Relevance.  No reference to back.

    6.  The following exhibits were offered by defendant Swett, and marked for identification.
Plaintiff objected to their receipt in evidence on the grounds stated:

No. 12.         DRBA Injured/Witness Statement of Incident dated June 30, 2002.
                Relevance and hearsay.

No. 13.         Medical Records of Beebe Medical Center, June 30, 2002.  Relevance.

No. 14.         Medical Records of VA Medical Center (Wilmington), July 9, 2002.
                Relevance.

No. 15.         DRBA Employee Performance Record for Employee Kopacz, dated
                August 9, 2002 and signed by supervisor on December 26, 2002.
                Relevance; hearsay; cumulative.

No. 16.         Cape May-Lewes Ferry Marine Department Performance Evaluation for
                Employee Kopacz, dated March 6, 2003.  Objection; relevance; hearsay;
                cumulative.

No. 17.         Narrative Report of Eric S. Balliet dated June 19, 2005.  Relevance;
                hearsay.

No. 18.         Plaintiff Kopacz's GE Automobile Insurance Policy in effect on August 9,
                2002.  Relevance.

No. 19.         Office Notes of June 10, 2004 and June 11, 2004 from Orthopaedics
                Associates of Southern Delaware, P.A.  Relevance; hearsay - declarant
                available; cumulative.

No. 20.         Letter from Dr. John E. Spieker of Orthopaedics Associates of Southern
                Delaware, P.A. to Jan Kopacz dated June 11, 2004.  Relevance; hearsay.

No. 21.        Mrs. Kopacz' handwritten notes.  Objection.  Hearsay; irrelevant.

_____
The Honorable Gregory M. Sleet
United States District Court
for the District of Delaware


_____
Carmella P. Keener, Esquire
Mary Elisa Reeves, Esquire
Attorneys for Defendant
Delaware River and Bay Authority



_____
James J. Woods, Esquire
E. Alfred Smith, Esquire
Attorneys for Plaintiff Jan D. Kopacz



_____
Donald M. Ransom, Esquire
Attorney for Defendant Craig Swett