IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**POINTS FOR CHARGE**

**POINTS FOR CHARGE WITH OBJECTIONS**
**TABLE OF CONTENTS**

**Sample Jury Instructions - Joint Submission**          **Page**

Direct and Circumstantial Evidence                          1

*Objections - Rulings on Evidence*                          1

*Depositions - Use as Evidence*                             2

*Use of Interrogatories at Trial*                           2

Consideration of Evidence                                   3

Statements of Counsel                                       3

Credibility of Witnesses                                    3

*Expert Testimony*                                          5

Number of Witnesses                                         5

Burden of Proof; Preponderance of the Evidence             6

Deliberation and Verdict                                    6

**Liability**                                    **Page Number**

|     |     | Joint | Plaintiff | DRBA | Swett |
|-----|-----|-------|-----------|------|-------|
| P-1 | Maritime Law - General | | 9 | | 10 |
| P-2 | Maritime Law - General | | 11 | | 12 |
| P-3 | Unseaworthiness - Introduction | | 13 | | 14 |
| P-4 | Unseaworthiness - Liability without fault | | 15 | | |
| D-5 | Unseaworthiness - Reasonable fitness | | | 16 | |

1

**Liability**                                                    **Page Number**

|      |                                                      | Joint | Plaintiff | DRBA | Swett |
|------|------------------------------------------------------|-------|-----------|------|-------|
| P-6  | Unseaworthiness- Absolute duty                       |       | 17        | 18   |       |
| P-7  | Unseaworthiness - Only part need be unseaworthy       |       | 19        | 20   |       |
| P-8  | Unseaworthiness - Equipment and signs for reasonable safety |  | 21        |      |       |
| P-9  | Unseaworthiness - Transitory condition               |       | 22        |      |       |
| P-10 | Unseaworthiness - Safe working conditions            |       | 23        |      |       |
| P-11 | Unseaworthiness - Reasonable safety                  |       | 24        |      |       |
| D-12 | Unseaworthiness - Standard                           |       |           | 25   |       |
| D-13 | Unseaworthiness - Reasonably proper gear             |       |           | 26   |       |
| D-14 | Contributory negligence                              |       |           | 27   |       |
| P-15 | The Jones Act - General                              |       | 28        | 30   |       |
| P-16 | The Jones Act - Causation                            |       | 29        | 30   |       |
| D-16 | The Jones Act - Causation                            |       |           | 31   |       |
| D-17 | The Jones Act - Causation                            |       |           | 31   |       |
| P-18 | The Jones Act - Negligence generally                 |       | 32        |      |       |
| D-19 | The Jones Act - Negligence                           |       |           | 33   |       |
| D-20 | The Jones Act - Ordinary activities                  |       |           | 33   |       |
| P-21 | The Jones Act - Causation                            |       | 34        |      |       |

2

**Liability**                                               **Page Number**

|  |  | Joint | Plaintiff | DRBA | Swett |
|---|---|---|---|---|---|
| P-22 | The Jones Act - Safe place to work | | 35 | | |
| P-23 | The Jones Act - Reasonable precautions | | 36 | 37 | |
| D-24 | The Jones Act - Open and obvious conditions | | | 38 | |
| P-25 | The Jones Act - Degree of care | | 39 | | |
| D-26 | The Jones Act - Negligence | | | 39 | |
| P-27 | The Jones Act - Duty to inspect | | 40 | | |
| P-28 | The Jones Act - Rules and Procedures | | 41 | | |
| P-29 | The Jones Act - Proper instructions | | 42 | | |
| P-30 | The Jones Act - Remedial measures | | 43 | | |
| P-31 | The Jones Act - Nondelegable duty | | 44 | | |
| P-32 | The Jones Act - Imputable knowledge | | 45 | | |
| D-33 | The Jones Act - Duty to warn. | | | 46 | |
| P-34 | The Jones Act - Constructive knowledge | | 46 | | |
| P-35 | The Jones Act - Summary of negligence | | 48 | | |
| P-36 | The Jones Act - Violation of safety rules | | 50 | | |
| P-37 | The Jones Act - Customs and rules | | 51 | | |

3

**Liability**                                                                    **Page Number**

|  |  | Joint | Plaintiff | DRBA | Swett |
|---|---|---|---|---|---|
| P-38 | The Jones Act - Violation of statute | | 52 | | |
| P-39 | The Jones Act - Additional precautions | | 53 | | |
| P-40 | The Jones Act - Violation of statute. | | 54 | | |
| P-41 | The Jones Act - Causation | | 55 | | |
| D-42 | The Jones Act - More than one cause | | | 56 | |
| P-43 | The Jones Act - Causation | | 57 | | |
| P-44 | The Jones Act - Circumstantial evidence | | 58 | | |
| P-45 | The Jones Act - Safe place to work | | 59 | | |
| P-46 | Contributory negligence | | 60 | | |
| P-47 | Contributory negligence - Not required to anticipate | | 61 | | |
| P-48 | Contributory negligence - Possible defects | | 62 | | |
| P-49 | Contributory negligence - No duty to anticipate negligence | | 63 | | |
| P-50 | Contributory negligence - Reasonably safe conditions | | 64 | | |
| D-51 | Reasonably safe place to work | | | 65 | |
| D-52 | Reasonably prudent person | | | 66 | |
| D-53 | Open and obvious conditions | | | 67 | |
| D-54 | Negligence - reasonable safety | | | 68 | |
| D-55 | Negligence - Normal activities | | | 69 | |
| D-56 | Negligence - Necessary ingredient | | | 70 | |

4

**Liability**                                                        **Page Number**

|      |                                              | Joint | Plaintiff | DRBA | Swett |
|------|----------------------------------------------|-------|-----------|------|-------|
| D-57 | Negligence - General definition              |       |           | 71   |       |
| D-58 | Proximate cause                              |       |           | 72   |       |
| D-59 | Own negligence                               |       |           | 73   |       |
| D-60 | Contributory negligence - Burden of proof    |       |           | 74   |       |

**General Maritime Law**                                            **Page Number**

|      |                                              | Joint | Plaintiff | DRBA | Swett |
|------|----------------------------------------------|-------|-----------|------|-------|
| P-61 | Negligence                                   |       | 75        |      |       |
| S-62 | Negligence is never presumed                 |       |           |      | 76    |
| P-63 | Proximate cause                              |       | 77        |      |       |
| P-64 | Breach of Statutory Duty                     |       | 78        |      |       |
| S-66 | Breach of Statutory Duty                     |       |           |      | 79    |
| P-67 | Contributory Negligence - Burden of proof    |       | 80        |      |       |
| S-68 | Contributory Negligence - Burden of proof    |       |           |      | 81    |
| P-69 | Contributory negligence - Burden of proof    | 82    |           |      |       |
| P-70 | Contributory negligence - Duty to charge     |       | 83        |      |       |
| D-71 | Negligence - Duty to charge                  |       |           | 84   |       |
| P-72 | Contributory negligence -dangerous job       |       | 85        |      |       |

**General Maritime Law**                                    **Page Number**

|       |                                              | Joint | Plaintiff | DRBA | Swett |
|-------|----------------------------------------------|-------|-----------|------|-------|
| P-73  | Assumption of the risk                       |       | 86        |      |       |
| P-74  | No assumption of the risk                    |       | 87        |      |       |
| D-75  | Open and obvious conditions                  |       |           | 88   |       |
| P-76  | Contributory negligence - dangerous job      |       | 89        |      |       |
| P-77  | Contributory negligence - following orders   |       | 90        |      |       |
| P-78  | Contributory negligence - negligence of employer | 91 |         |      |       |
| P-79  | Contributory negligence - violation of statute |     | 92        |      |       |
| P-80  | Contributory negligence - violation of safety rule |  | 93       |      |       |
| P-81  | Comparative negligence                       |       | 94        |      |       |
| D-82  | Plaintiff's sole negligence                  |       |           | 95   |       |
| S-83  | Comparative negligence                       |       |           |      | 96    |
| P-84  | Plaintiff's burden of proof                  |       | 97        |      |       |
| P-85  | Contributory negligence not a bar            |       | 98        |      |       |
| P-86  | Directed verdict                             |       | 99        |      |       |
| P-87  | Directed verdict                             |       | 100       |      |       |
| P-88  | Directed verdict                             |       | 101       |      |       |

**Damages**                                             **Page Number**

|        |                                    | Joint | Plaintiff | DRBA | Swett |
|--------|------------------------------------|-------|-----------|------|-------|
| P-89   | Maritime damages                   |       | 102       |      |       |
| D-90   | Maritime damages                   |       | 103       |      |       |
| P-91   | Plaintiff's physical condition     |       | 104       |      |       |
| D-92   | Aggravation of pre-existing condition |    |           | 105  |       |
| D-93   | Aggravation of pre-existing condition |    |           | 105  |       |
| D-94   | Aggravation of pre-existing condition |    |           | 105  |       |
| P-95   | Pre-existing condition             | 106   |           |      |       |
| D-97   | Aggravation of injuries            |       |           | 107  |       |
| D-98   | Aggravation of pre-existing condition |    |           | 108  |       |
| D-99   | Aggravation of pre-existing condition |    |           | 109  |       |
| D-100  | Aggravation of pre-existing condition |    |           | 110  |       |
| P-101  | Defendants liable for all damages  |       | 111       |      |       |
| P-102  | Damages - Reasonable compensation  |       | 112       |      |       |
| P-103  | Damages - Pain and suffering       | 113   |           |      |       |
| D-104  | Damages - Not taxable              |       |           | 114  |       |
| S-105  | No fault insurance                 |       |           |      | 115   |
|        | Swett objections                   |       |           |      | 116   |

7

**Maintenance and Cure**                                        **Page Number**

| | | Joint | Plaintiff | DRBA | Swett |
|---|---|---|---|---|---|
| P-105 | Maintenance and Cure | | 117 | | |
| D-106 | DRBA's maintenance and cure charge | | | 119 | 121 |
| S-107 | Swett's maintenance and cure charge | | | | 122 |
| D-108 | Maintenance and cure | | 123 | | |
| D-109 | Maintenance and cure | | 124 | | |
| D-110 | (Alternate) Maintenance and cure | | | 125 | |
| P-111 | Loss of consortium | | 126 | | |

8

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it is raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it weigh that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## *OBJECTIONS - RULINGS ON EVIDENCE*

Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent. If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be. If I have overruled an objection, you are free to consider the evidence that has been offered.

## DEPOSITION - USE AS EVIDENCE

Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial. This is known as deposition testimony. This kind of testimony is used when a witness, for some reason, cannot be present to testify in person. You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

## USE OF INTERROGATORIES AT TRIAL

Some of the evidence has been in the form of interrogatory answers. An interrogatory is a written question asked by one party of the other, who must answer the question in writing and under oath, all before trial. You must consider interrogatories and the answers given to them just as if the questions had been asked and answered here in court.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## STATEMENTS OF COUNSEL

A further word about statements and arguments of counsel. The attorney's statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing arguments, or at any other time during the course of the trial.

## CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it's consistent or inconsistent; whether it has been

3

contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

## EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

*You have heard medical experts being asked to give opinions based on a reasonable medical probability.  In Delaware, a medical expert may not speculate about mere possibilities.  Instead, the expert may offer an opinion only if it is based on a reasonable medical probability.  Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable medical probabilities, not just possibilities.*

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

## NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case. Plaintiff has the burden of providing his claims and damages by what is called a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely true than not. It means that certain evidence, when compared to the evidence opposed to it, has the most convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number or witnesses. If the evidence as to a particular element or issue is evenly balanced, the parts has not proved the element by a preponderance of the evidence and you must find against a party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiff has met his burden of proof on various issues.

## DELIBERATION AND VERDICT

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the

6

evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts, not me. Your sole interest is to seek the truth from the evidence in that case. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can. I may have to talk to the

7

lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages are normally sent to me through the foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party. You must decide the case yourselves based on the evidence presented.

**POINTS FOR CHARGE WITH OBJECTIONS**

<u>Liability</u>

**Maritime Law - General**

**Plaintiff's 1.**  The law which governs this case is the Maritime Law or the Law of the Sea.  In many respects, it is different from the law which governs our everyday affairs.  It is, therefore, necessary for you to disregard any notions that you might have as to what the law may be and to accept the law as I give it to you.  This is your legal duty in every case and particularly so in this case.  <u>Seas Shipping Company v. Sieracki</u>, 328 U.S. 35 (1946).

Objection by Defendant Swett (confusing).

**DEFENDANT SWETT PROPOSED POINT NO. 1**

1.      *Regarding the claim against the Delaware River and Bay Authority*, the law which governs this case is the Maritime Law or the Law of the Sea.  In many respects, it is different from the law which governs our everyday affairs.  It is, therefore, necessary for you to disregard any notions that you might have as to what the law may be and to accept the law as I give it to you.  This is your legal duty in every case and particularly so in this case.  <u>Seas Shipping Company v. Sieracki</u>, 328 U.S. 35 (1946).

Plaintiff's comment: This is inaccurate because plaintiff's claim against Swett is also governed by the general maritime law so there should be no qualification.

**Plaintiff's 2.  Maritime Law - General.**  In this case, the plaintiff has made two separate claims for recovery.  He has made a claim under the doctrine known as "unseaworthiness," which is essentially a claim that the ship or its crew or equipment was not reasonably fit for its intended purposes.  And he has also made a claim of negligence under a special act of Congress called the Jones Act.  However, it is important to note at the outset that plaintiff's claims of "unseaworthiness" and of negligence under the Jones Act are alternative claims arising from the same injury.  Each claim is governed by separate standards and must be considered separately, but plaintiff can only recover once for his injuries, even if you find that he has established both theories.  The plaintiff need prove only one, but may prove both theories in order to recover.  <u>See generally</u> L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, p. 90-57, Instruction 90-32 (1997).


**<u>OBJECTION BY DEFENDANT SWETT</u> (confusing)**–see attached revision

       **<u>Plaintiff's comment</u>**: Defendant Swett's revision is satisfactory with the addition proposed by plaintiff.

## DEFENDANT SWETT PROPOSED POINT NO. 2

2.      In this case, the plaintiff has made two separate claims for recovery *against the Delaware River and Bay Authority*.  He has made a claim under the doctrine known as "unseaworthiness," which is essentially a claim that the ship or its crew or equipment was not reasonably fit for its intended purposes.  And he has also made a claim of negligence under a special act of Congress called the Jones Act.  However, it is important to note at the outset that plaintiff's claims of "unseaworthiness" and of negligence under the Jones Act are alternative claims arising from the same injury.  Each claim is governed by separate standards and must be considered separately, but plaintiff can only recover once for his injuries, even if you find that he has established both theories.  The plaintiff need prove only one, but may prove both theories in order to recover.  See generally L. Sand, et al., Modern Federal Jury Instructions, p. 90-57, Instruction 90-32 (1997).

Plaintiff has also made a claim for recovery against defendant Swett.  That is also governed by the maritime law, and I will explain that later.

**Unseaworthiness - Introduction**

**Plaintiff's 3.**  Under the Maritime Law which applies to this case, there is an absolute duty on the part of the shipowner to provide a safe and seaworthy vessel and to supply and keep in reasonable order the appliances and equipment appurtenant to the vessel for the safe use of the personnel who were engaged in rendering services aboard the vessel.  Seas Shipping Company v. Sieracki, 328 U.S. 35 (1946).


**OBJECTION BY DEF. SWETT** (confusing as to Swett's involvement)– see attached revision


**OBJECTION BY DEF. DRBA** (misleading)– substitute attached instruction.

13

## DEFENDANT SWETT'S PROPOSED POINT NO. 3

3. Under the Maritime Law which applies to this case *against the Delaware River and Bay Authority*, there is an absolute duty on the part of the shipowner to provide a safe and seaworthy vessel and to supply and keep in reasonable order the appliances and equipment appurtenant to the vessel for the safe use of the personnel who were engaged in rendering services aboard the vessel.  Seas Shipping Company v. Sieracki, 328 U.S. 35 (1946).

Plaintiff's comment: The qualification is unnecessary in light of the introduction.

## DEFENDANT DRBA'S PROPOSED POINT NO. 3

3. Mr. Kopacz has also made a claim of "unseaworthiness", which is a claim that the vessel owner has not fulfilled a legal duty owed to members of the crew to provide a vessel reasonably fit for its intended purpose.  *3A Federal Jury Practice & Instructions § 156.20*  at 436 (West 5th Ed. 2001).

**Plaintiff's comment**: confusing and misleading as an introduction to the concept of unseaworthiness.

14

**Plaintiff's 4.  Unseaworthiness - Liability without fault.**  If an unseaworthy condition exists and is a substantial factor in causing an injury, the injured party who is entitled to the protection of this rule of law is entitled to recover from the shipowner, even though the shipowner or its agents or employees did not create the condition, did not know of its existence or had no opportunity to repair or correct it.  In other words, this form of liability is not dependent upon any concept of carelessness or negligence.  The warranty of seaworthiness is a species of liability without fault.  Seas Shipping Company v. Sieracki, 328 U.S. 35 (1946).


**DEFENDANT DRBA AGREES IF ATTACHED CHARGE IS ADDED.**

### DEFENDANT DRBA'S PROPOSED POINT NO. 5

5.      To be in a seaworthy condition means to be in a condition reasonably suitable and fit to be used, for the purpose or use for which provided or intended.  An unseaworthy condition is found to have caused or contributed to plaintiff's injury only if it is a direct and substantial cause of such injury.  Smith v. Marilyn M. Fishing, Inc., 173 Cal App. 3d 453, 458, 219 Cal Rptr. 57, 60 (1985)  (citing Mitchell v. Trawler Racer, Inc. 362 U.S. 539, 550 (1960)).

**Plaintiff's comments:**  No objection if the words "only" and "a direct and" are deleted.

**Plaintiff's 6.  Unseaworthiness - Absolute duty.**  The duty to provide a safe and seaworthy vessel is absolute.  This means that the vessel owner cannot satisfy this obligation by the mere existence of reasonable care and diligence.  If the vessel or any part thereof is found by you to be unseaworthy, and by reason thereof was a substantial factor in causing the injury which the plaintiff suffered, then your verdict for liability should be for the plaintiff and against the defendant regardless of the amount of diligence or care exercised by defendant.  This is true even if the defendant was not aware of the actual condition of the part of the vessel involved.  Mahnich v. Southern S.S. Company, 321 U.S. 96, 103 (1944).

**OBJECTION BY DEF. DRBA** (misleading)– substitute attached instructions.

**DEFENDANT DRBA'S PROPOSED POINT NO. 6**

6.      The owner of a ship is not required, however, to furnish an accident-free ship.  A vessel is

not called upon to have the best of appliances and equipment, or the finest of crews, but

only such gear as reasonably proper and suitable for its intended use, and a crew that is

reasonably competent and adequate.  *3A Federal Jury Practice & Instructions § 156.20*

at 436 (West 5th Ed. 2001).

**Plaintiff's 7.  Unseaworthiness - Only part need be unseaworthy.**  In proving his

unseaworthiness claim, the plaintiff is not required to establish that the entire ship was

unseaworthy.  Rather, he must show only that a part of the ship or its gear or crew was

unseaworthy.  See generally L. Sand, et al., Modern Federal Jury Instructions, p. 90-63,

Instruction 90-37 (1997).


**DEFENDANT DRBA AGREES IF ATTACHED CHARGE IS ADDED.**

**DEFENDANT DRBA'S PROPOSED POINT NO. 7.5**

7.5    The defendant is not obligated to furnish an accident free ship.  <u>Smith v. Marilyn M.</u>

<u>Fishing, Inc.</u>, 173 Cal App. 3d 453, 458, 219 Cal Rptr. 57, 60 (1985)  (citing <u>Mitchell v.</u>

<u>Trawler Racer, Inc.</u> 362 U.S. 539, 550 (1960)).

**Plaintiff's 8.  Unseaworthiness - Equipment and signs for reasonable safety.**  I also charge you that the defendant shipowner, having actual or constructive knowledge, and that means that it knew or should have known that a certain activity would occur, there is imposed upon it the absolute duty of supplying whatever equipment is necessary, including warning signs or devices, for permitting the conduct and accomplishment of an activity in reasonable safety.  Failure to comply with this duty makes the shipowner liable and the vessel unseaworthy.  <u>Mesle v. Kea SS Co.</u>, 260 F.2d 747, 751 (1958).


**DEFENDANT DRBA OBJECTS (misleading and misstatement of the law)**

**Plaintiff's 9.  Unseaworthiness - Transitory condition.**  The vessel is unseaworthy if the procedure or method used by the crew creates an undue risk of harm.  This is true even though the condition be transitory and without knowledge on the part of the vessel's officers.  <u>Thompson v. Calmar Steamship Corp.</u>, 331 F.2d 657 (3rd Cir. 1964); <u>Ferrante v. Swedish American Lines</u>, 331 F.2d 571 (3rd Cir. 1964); <u>Scott v. Isbrandtsen Company, Inc.</u>, 327 F.2d 113 (4th Cir. 1964).

**DEFENDANT DRBA OBJECTS (misleading and inapplicable)**

**Plaintiff's 10.  Unseaworthiness - Safe working conditions.**  If hazardous conditions are or should be known to the employer, it is incumbent upon the employer, to provide safety regulations and require use of safety equipment to insure safe working conditions for the employees.  See Hebert v. Otto Candies, Inc., 402 F.Supp. 503 (E.D.La. 1975).


**DEFENDANT DRBA OBJECTS (misleading, misstatement of law and inapplicable)**

**Plaintiff's 11.  Unseaworthiness - Reasonable safety.**  If  a shipowner knows or should know that a certain activity will occur, there is imposed upon it the absolute duty of supplying whatever equipment is necessary, including warning signs, for permitting the conduct and accomplishment of an activity in reasonable safety.  Failure to comply with this duty makes the shipowner liable and the vessel unseaworthy.  <u>See</u>  <u>Mesle v. Kea SS Co.</u>, 260 F.2d 747, 751 (3d Cir. 1958).  A shipowner may not escape this liability, however, merely because the owner uses persons rather than machines or physical equipment to perform ship's work.  <u>See</u> <u>e.g.</u> <u>Waldron v. Moore-McCormack Lines, Inc.</u>, 87 S.Ct. 1410, 18 L.Ed.2d 482  (1967).

**DEFENDANT DRBA OBJECTS (misstatement of law and confusing)**

**DRBA 12.  Unseaworthiness - Standard.**

"Seaworthy" means that the vessel and her equipment were reasonably fit for the purpose for which they were intended to be used.  The standard is reasonable fitness, not perfection.   A defendant discharges his duty if he furnishes a vessel reasonably suited for her intended service.  Smith v. Marilyn M. Fishing, Inc., 173 Cal App. 3d 453, 458, 219 Cal Rptr. 57, 60 (1985)  (citing Mitchell v. Trawler Racer, Inc. 362 U.S. 539, 550 (1960)).

[IF NOT ALREADY INCLUDED]

Plaintiff - no objection.

**DRBA 13.  Unseaworthiness.  Reasonably proper gear.**

> The owner of a ship is not required, however, to furnish an
> accident-free ship.  A vessel is not called upon to have the best of
> appliances and equipment, or the finest of crews, but only such gear
> as reasonably proper and suitable for its intended use, and a crew
> that is reasonably competent and adequate.  *3A Federal Jury*
> *Practice & Instructions § 156.20*  at 436 (West 5th Ed. 2001).

[IF NOT PREVIOUSLY INCLUDED]

Plaintiff objects because this is misleading on the facts of this case.  This does not refer to the

absence of warning signs or the failure to train the crew to instruct drivers not to back up once

parked.  Reference to "gear" and a crew which is "competent and adequate" is inappropriate in

this case.

**DRBA 14.  Contributory negligence**.  The DRBA denies that any unseaworthiness existed at the time of the incident, and alternatively states that if the vessel or its equipment was unseaworthy, then the unseaworthiness did not cause Mr. Kopacz's injury.  The DRBA further alleges that contributory negligence on the part of Mr. Kopacz was also a cause of any injuries he sustained.   If you find that any unseaworthiness on the part of the vessel was a substantial cause of his injuries,  you must then consider whether Mr. Kopacz's own negligence contributed to his injury.  If you find that the DRBA has met its burden on this issue, that will not prevent a recovery by Mr. Kopacz.  In other words, if you find that the accident was partly due to the fault of Mr. Kopacz, that his own negligence was, for example, 50% responsible for the damage, then you would fill in that percentage as your finding on the special verdict form that I will explain in a minute.  Such a finding would not prevent Mr. Kopacz from recovering; the Court would merely reduce the total damages by the percentage that you insert.  Of course, by using the number 50% as an example, I am not suggesting any specific figure at all.  If you find that Mr. Kopacz was negligent, you might find 1% or 99%.  *3A Federal Jury Practice & Instructions § 156.20*  at 435 (West 5th Ed. 2001).

Plaintiff objects because this is a jury speech, not a charge.  It also fails to tell the jury that it is DRBA's burden to prove contributory negligence by a preponderance of this evidence.

**Plaintiff's 15.  The Jones Act - General.**  The plaintiff also brings this action against the defendant under the Jones Act.  The Jones Act provides in substance that every employer whose employees are members of the crew of a vessel in navigation shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees or from any defect or deficiency, due to its negligence, in the vessel, its crew or its equipment.  L. Sand, et al., Modern Federal Jury Instructions, p. 90-7, Instruction 90-1 (1997).

**DRBA AGREES IF ATTACHED CHARGES ADDED.**

**Plaintiff's 16.  The Jones Act - Causation.**  The plaintiff is entitled to recover from the defendant and meets the burden of proof imposed upon him under this Act of Congress, if he convinces you, by a fair preponderance of the evidence, that the negligence of the defendant played any part, even the slightest, in causing the plaintiff to suffer injury.  Idzojtic v. Pennsylvania Railroad Co., 431 F.2d 1029 (3d Cir. 1978).


**DRBA OBJECTS (misleading), but will agree to modified charge 16 if proposed charge 17 is included.**

**DEFENDANT DRBA'S PROPOSED POINTS NOS. 15 AND 16**

15.    The duty owed to the seaman is to provide a reasonably safe place to work.    <u>Brogan v.</u>

<u>United New York Sandy Hook Pilots' Assoc., Inc.</u>, 213 F. Supp. 2d 432, 435 (D.N.J.

2002)

16.    The duty is measured by what a reasonably prudent person would anticipate or foresee

resulting from the particular circumstances.  <u>Brogan</u>, 213 F. Supp. 2d at 436 (quoting

from <u>Wilburn v. Maritrans GP, Inc.</u>, 139 F.3d 350, 357 (3d Cir. 1998)).

30

**DRBA'S PROPOSED POINTS NOS. 16 AND 17**

16.    The plaintiff is entitled to recover from the defendant if he convinces you, by a fair

preponderance of the evidence, that the negligence of the defendant played any part, even

the slightest, in causing the plaintiff to suffer injury.  Idzojtic v. Pennsylvania Railroad Co.,

431 F.2d 1029 (3d Cir. 1978).

17.    The requirement of causation is not discarded in a Jones Act case.

Chisholm v. Sabine Towing & Trasp. Co., Inc., 679 F. 2d 60 (5th Cir. 1982). Although the

strength of the link or connection between the defendant's negligence and the injury is

relaxed under the Jones Act, this does not "impair the principle that in Jones Act cases,

cause, in fact, is still a necessary ingredient of liability."   Id. at 62 (emphasis added).

Plaintiff objects because this is confusing and unnecessary.

**Plaintiff's 18**.  **The Jones Act - Negligence generally.**  Since the defendant is a corporate entity, which can act only through its officers, employees, and agents, it is liable under the Jones Act for their negligence.  Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation.  It can consist of doing something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.  See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963); Tiller v. Atlantic Coast Line R.R., 318 U.S. 54 (1943).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-22, Instruction 89-9 (1997).


DRBA AGREES IF ATTACHED CHARGES ARE INCLUDED.

**DRBA'S PROPOSED POINTS NOS. 19 AND 20**

19.     Under the Jones Act, plaintiff must prove that the DRBA was negligent.  The

occurrence of an accident, standing alone, does not mean that anyone's negligence caused

the accident.  You must determine if the operation in question was reasonably safe under

the circumstances.  The fact that a certain practice has been continued for a long period of

time does not mean that it is reasonably safe under all circumstances.  However, a practice

is not necessarily unsafe or unreasonable merely because it injures someone.  *3A Federal*

*Jury Practice & Instructions § 156.20*  at 433 (West 5th Ed. 2001).


20.     Because a Jones Act employer is not an insurer of its employees' safety at sea, the

employer is not liable when an injury arises solely from the ordinary and normal activities

of a seaman's work in the absence of proof that the injury complained of was caused by

the employer's negligence.  Harrison v. Seariver Maritime, Inc., 2003 U.S. App. Lexis

2472 at 5 (January 28, 2003).


Plaintiff objects to number 20 because it is confusing.

**Plaintiff's 21.  The Jones Act - Causation.**  This means that if the negligence of a fellow employee or officer played any part, even in the slightest, in causing the injury suffered by the plaintiff, then the defendant vessel owner is liable for the consequences of that negligence.

Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 523, 1 L.Ed.2d 511, 514 (1957);

Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 507, 1 L.Ed.2d 493, 500 (1957).

**DRBA OBJECTS (no allegation that fellow employee caused injury)**

**Plaintiff's 22. The Jones Act - Safe place to work.** The vessel owner, through its crew members, owe to the persons serving aboard the vessel the non-delegable duty to exercise reasonable care to provide those persons with a safe place to work. The failure to provide plaintiff with a safe place to work constitutes negligence on the part of the shipowner. Plaintiff is entitled to a verdict in his favor and against the defendant and meets the burden of proof imposed upon him under The Jones Act if he convinces you that the negligence of the defendant or the failure of the defendant to provide him with a reasonably safe place within which to work played any part, even the slightest, in causing him to suffer the injuries that he sustained in this case. Brabazon v. Belships Co., Ltd., 202 F.2d 904 (3rd Cir. 1953); Earles v. Union Barge Line Corp., 486 F.2d 1097 (30rd Cir. 1973); Beard v. Ellerman Lines, Ltd., 289 F.2d 201 (3d Cir. 1961).

**DRBA OBJECTS. (Cumulative)**

**Plaintiff's 23.  The Jones Act - Reasonable precautions.**  This non-delegable duty imposes on a shipowner a responsibility to make reasonable inspections of its vessels, premises and equipment to discover any dangers or defects and to take reasonable precautions to protect its employees from possible harm.  See Shenker v. Baltimore & Ohio R.R., 374 U.S. 1 (1963).  See generally L. Sand, et al., Modern Federal Jury Instructions, p. 90-34, Instruction 90-18 (1997).


**DRBA ACCEPTS IF ATTACHED CHARGE IS INCLUDED.**

**DRBA PROPOSED POINT NO. 24**

**24. The Jones Act - Open and obvious conditions.**

A shipowner in a Jones Act case has a duty to warn its employees of dangers which are not reasonably known.  In other words, shipowners need not warn seamen of dangers that are "open and obvious."  <u>Patterson v. Allseas USA, Inc.</u>, 2005 WL 1350594 (Slip Opinion, 5th Cir., Docket No. 04-40949, June 8, 2005).

Plaintiff objects because this is confusing a contention that something was "open and obvious" is not a factor in this case.

**Plaintiff's 25**.  **The Jones Act - Degree of care.**  The degree of care which must be exercised, however, varies with the level of risk.  The greater the risk of harm, the greater the required level of care.  <u>See</u> <u>Urie v. Thompson</u>, 337 U.S. 163 (1949); <u>Bailey v. Central Vermont Ry.</u>, 319 U.S. 350 (1943); <u>Tiller v. Atlantic Coast Line R.R.</u>, 318 U.S. 54 (1943).  <u>See generally</u> 5 L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, p. 90-31, Instruction 90-15 (1997).


**DRBA ACCEPTS IF ATTACHED CHARGE IS INCLUDED.**

## DRBA PROPOSED POINT NO. 26

**26.  The Jones Act - Negligence.**

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do so something that a reasonably careful person would do under like circumstances. *3A Federal Jury Practice & Instructions § 156.20*  at 434 (West 5th Ed. 2001).

Plaintiff has no objection.

**Plaintiff's 27**. **The Jones Act - Duty to inspect.** The shipowner has a duty to inspect in order to insure that the instrumentalities used by the employees are available and reasonably safe and this duty is a continuing one. Ragsdell v. Southern Pacific Transportation Co., 688 F.2d 1281 (C.A. Ariz., 1982); St. Louis Southwestern R.R. Co. v. Greene, 552 S.W.2d 880 (Tex. Civ. App. 1977); Lowden v. Hanson, 134 F.2d 348 (C.C.A. Minn. 1943); Sheffler v. Pennsylvania R. Co., 176 F.2d 368 (C.A. Pa. 1949); Williams v. Atlantic Coast Line Co., 190 F.2d 744 (C.A. Ga. 1951); Isgett v. Seaboard Coast Line R. Co., 332 F. Supp. 1127 (D.C. S.C. 1971).

 

 

      **DRBA OBJECTS (cumulative and not applicable)**

**Plaintiff's 28.  The Jones Act - Rules and procedures.**  A shipowner may also be found negligent under the Jones Act if it fails to prescribe, promulgate, and/or enforce adequate rules, procedures, and regulations for the safe operation of its vessel, equipment, tools, machinery and appliances.  <u>See</u> <u>Moore v. Chesapeake & Ohio Ry.</u>, 649 F.2d 1004 (4th Cir. 1981); <u>Phillips v. Chesapeake & Ohio Ry.</u>, 475 F.2d 22 (4th Cir. 1973).

**DRBA OBJECTS (not applicable or supported by evidence)**

<u>**Plaintiff's comment:**</u> DRBA failed to warn drivers not to back up once parked and did not train its employees how to prevent this.

**Plaintiff's 29**.  **The Jones Act - Proper instructions.**  And it obligates a shipowner to properly instruct its employees on the safe operation of its vessel, equipment, tools, machinery, and appliances.  <u>See</u> <u>Stone v. New York, Chicago & St. Louis R.R.</u>, 344 U.S. 407 (1953); <u>Ybarra v. Burlington Northern, Inc.</u>, 689 F.2d 147 (8th Cir. 1982); <u>Heater v. Chesapeake & Ohio Ry.</u>, 497 F.2d 1243 (7th Cir.), <u>cert</u>. <u>denied</u>, 419 U.S. 1013 (1974).  Thus, you may find the defendant negligent if you find that it instructed its employees to perform a task using a procedure or method which it knew or in the exercise of reasonable care should have known would result in injury.  <u>See generally</u> 5 L. Sand, <u>et</u> <u>al</u>., <u>Modern Federal Jury Instructions</u>, p. 90-37, Instruction 89-21 (1997).


**DRBA OBJECTS (not applicable or supported by evidence)**

See plaintiff's comment to preceding point.

42

**Plaintiff's 30.  The Jones Act - Remedial measures.**  Even when the shipowner takes precautions for an employee's safety, it cannot escape liability if further remedial measures were both possible and reasonable yet not effectuated.  See Williams v. Long Island R.R., 196 F.3d 402 (2d Cir. 1999); Martinez v. Union Pacific R.R., 82 F.3d 223 (8th Cir. 1996); Eggert v. Norfolk & Western Ry., 538 F.2d 509 (2d Cir. 1976); Panger v. Duluth, Winnipeg & Pacific Ry., 490 F.2d 1112 (8th Cir. 1974); Rodriguez v. Delray Connecting R.R., 473 F.2d 819 (6th Cir. 1973); Schillie v. Atchison, Topeka & Santa Fe Ry., 222 F.2d 810 (8th Cir. 1955); Boston & Maine R.R. v. Meech, 156 F.2d 109 (1st Cir.), cert. denied, 329 U.S. 763 (1946); Morgan v. Consolidated Rail Corp., 509 F. Supp. 281 (S.D.N.Y. 1980); Isgett v. Seaboard Coast Line R.R., 332 F. Supp. 1127 (D.S.C. 1971); Seeberger v. Burlington Northern R.R., 138 Wash.2d 815, 982 P.2d 1149 (1999); Missouri-Kansas-Texas R.R. v. Miller, 486 P.2d 630 (Okla. 1971); Wright v. Chicago, Burlington & Quincy R.R., 392 S.W.2d 401 (Mo. 1965); Welsh v. Burlington Northern R.R., 719 S.W.2d 793 (Mo.App. 1986); Campbell v. Chesapeake & Ohio Ry., 36 Ill.App.2d 276, 183 N.E.2d 736 (1962); Wawryszyn v. Illinois Central R.R., 10 Ill.App.2d 394, 135 N.E.2d 154 (1956).

**DRBA OBJECTS (incomprehensible, confusing)**

**Plaintiff's 31.  The Jones Act - Nondelegable duty.**  The Jones Act, therefore, imposes on a shipowner a non-delegable duty to guard against any risks or dangers of which it knew or by the exercise of reasonable care should have known.  <u>See</u> <u>Gallick v. Baltimore & Ohio R.R.</u>, 372 U.S. 108 (1963); <u>Urie v. Thompson</u>, 337 U.S. 163 (1949).  <u>See</u> <u>generally</u> 5 L. Sand, <u>et</u> <u>al</u>., <u>Modern Federal Jury Instructions</u>, p. 90-28, Instruction 90-13 (1997).  A shipowner, however, need not foresee the particular consequences of its negligent acts in order to be held liable under the Jones Act.  <u>See</u> <u>Gallick</u>, <u>supra</u>.  Thus, it must compensate the plaintiff for even the improbable or unexpectedly severe consequences of its negligence.  <u>See</u> <u>Gallick</u>, <u>supra</u>.

**DRBA OBJECTS (prejudicial and misleading)**

44

**Plaintiff's 32.  The Jones Act - Imputable knowledge.**  You may impute actual knowledge of a dangerous condition or defect to the shipowner if its officers, agents, or employees knew or should have known of the condition.  See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-29, Instruction 90-14 (1997).

**DRBA AGREES AS LONG AS ATTACHED CHARGE IS INCLUDED.**

## DRBA PROPOSED POINT FOR CHARGE NO. 33

**33.  The Jones Act - Duty to warn.**

A shipowner in a Jones Act case has a duty to warn its employees of dangers

which are not reasonably known.  In other words, shipowners need not warn

seamen of dangers that are "open and obvious."  <u>Patterson v. Allseas USA, Inc.</u>,

2005 WL 1350594 (Slip Opinion, 5th Cir., Docket No. 04-40949, June 8, 2005).


**<u>Plaintiff's comment</u>**: DRBA contends that it warned plaintiff not to stand behind a

parked car, so it obviously did not consider the dangers to be "open and obvious."

46

**Plaintiff's 34**.  **The Jones Act - Constructive knowledge.**  You may also impute constructive knowledge of a dangerous condition or defect to the shipowner if the evidence reveals that the hazard has existed for a sufficiently long period of time that the defendant, upon reasonable inspection, should have discovered it.  See Baltimore & Ohio R.R. v. Flechtner, 300 F. 318 (6th Cir.), cert. denied, 266 U.S. 613 (1924); Smith v. Schumacker, 30 Cal.App.2d 251, 85 P.2d 967 (1938), cert. denied, 307 U.S. 646 (1939); Doyle v. St. Louis Merchants' Bridge Terminal Ry., 326 Mo. 425, 31 S.W.2d 1010 (1930), cert. denied, 283 U.S. 820 (1931); Galveston, Harrisburg & San Antonio Ry. v. Miller, 192 S.W. 593 (Tex.App. 1917).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-29, Instruction 90-14 (1997).


**DRBA OBJECTS (cumulative)**

**Plaintiff's 35**.  **The Jones Act - Summary of negligence.**  In summary, if you find by a preponderance of the evidence that the defendant failed to exercise reasonable care to provide the plaintiff with a reasonably safe place to work, reasonably safe conditions, tools or equipment, or failed in any other way to exercise reasonable care in the circumstance, you may find that it was negligent.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-42, Instruction 90-24 (1997).


**DRBA AGREES IF ATTACHED CHARGE IS INCLUDED.**

**DRBA PROPOSED POINT FOR CHARGE NO. 35**

**35.  The Jones Act - Employer not an insurer.**

Because a Jones Act employer is not an insurer of its employees' safety at sea, the

employer is not liable when an injury arises solely from the ordinary and normal

activities of a seaman's work in the absence of proof that the injury complained of

was caused by the employer's negligence.  Harrison v. Seariver Maritime, Inc.,

2003 U.S. App. Lexis 2472 at 5 (January 28, 2003).

49

**Plaintiff's 36.  The Jones Act - Violation of safety rules.**  In addressing the question of negligence, you may consider whether the shipowner's conduct violated its own safety rules or customary practices in the industry or applicable state law.  See Armstrong v. Burlington Northern R.R., 139 F.3d 1277 (9th Cir. 1998); Moses v. Union Pacific R.R., 64 F.3d 413 (8th Cir. 1995); DeBiasio v. Illinois Central R.R., 52 F.3d 678 (7th Cir. 1995), cert. denied, 516 U.S. 1157 (1996); Fulton v. St. Louis-San Francisco Ry., 675 F.2d 1130 (10th Cir. 1982); Brown v. Cedar Rapids & Iowa City Ry., 650 F.2d 159 (8th Cir. 1981); Mileski v. Long Island R.R., 499 F.2d 1169 (2d Cir. 1974); Duncan v. St. Louis-San Francisco Ry., 480 F.2d 79 (8th Cir.), cert. denied, 414 U.S. 859 (1973); Boston & Maine R.R. v. Talbert, 360 F.2d 286 (1st Cir. 1966); Johnson v. Erie Lackawanna R.R., 236 F.2d 352 (2d Cir. 1956); Haines v. Reading R.R., 178 F.2d 918 (3d Cir. 1950).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-38, Instruction 90-22 (1997).


**DRBA OBJECTS (no evidence to support charge)**

DRBA relies on its own SOPs, so there is evidence to support this charge.

**Plaintiff's 37.  The Jones Act - Customs on rules.**  A shipowner's compliance with industry customs or rules, however, does not insulate it from liability.  It may still be found negligent where these customs or rules do not reflect the level of care which a reasonably prudent person would exercise under the circumstances.  See Urie v. Thompson, 337 U.S. 163 (1949).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions,  p. 90-38, Instruction 90-22 (1997).  An industry may never set its own standards.  The T.J. Hooper, 60 F.2d 737 (2d Cir. 1932), cert. denied, Eastern Transportation Co. v. Northern Barge Corp., 287 U.S. 602 (1932).  Even its universal disregard of a precautionary measure may not preclude a finding of liability should you determine that common procedure would dictate its implementation.  See The T.J. Hooper, supra.

**DRBA OBJECTS (no evidence to support charge)**

Plaintiff assumes that DRBA contends that its SOPs are consistent with industry rules.

**Plaintiff's 38.  The Jones Act - Violation of statute.**  Moreover, if the evidence reveals that the defendant violated an applicable regulation or statute or permitted the violation of an applicable regulation or state law, and that this act and/or omission contributed in any way to plaintiff's injuries, then you must find that the defendant was negligent as a matter of law.  See <u>Crane v. Cedar Rapids & Iowa City Ry.</u>  395 U.S. 164 (1969); <u>Kernan v. American Dredging Co.</u>, 355 U.S. 426 (1958); <u>Urie v. Thompson</u>, 337 U.S. 163 (1949); <u>Seaboard Air Line Ry. v. Horton</u>, 233 U.S. 492 (1994); <u>Morant v. Long Island R.R.</u>, 66 F.3d 518 (2d Cir. 1995); <u>Walden v. Illinois Central Gulf R.R.</u>, 975 F.2d 361 (7th Cir. 1992); <u>Eckert v. Aliquippa & Southern R.R.</u>, 828 F.2d 183 (3d Cir. 1987); <u>Diede v. Burlington Northern R.R.</u>, 772 F.2d 593 (9th Cir. 1985); <u>Schroeder v. Pennsylvania R.R.</u>, 397 F.2d 452 (7th Cir. 1968); <u>Schultz v. Illinois Central R.R.</u>, 1994 WL 643244 (N.D.Ill., November 9, 1994).  See also <u>Rabon v. Automatic Fasteners, Inc.</u>, 672 F.2d 1231 5th Cir. 1982); <u>Melerine v. Avondale Shipyards, Inc.</u>, 659 F.2d 706 (5th Cir. 1981); <u>National Marine Services, Inc. v. Gulf Oil Co.</u>, 433 F.Supp. 913, 919-920 (E.D.La.1977), aff'd 608 F.2d 522 (5th Cir. 1979); <u>Buhler v. Marriott Hotels, Inc.</u>, 390 F.Supp. 999 (E.D.La.1974).

In this connection, I charge you that the Delaware Motor Vehicle Code provides in part:

The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic.


**DRBA OBJECTS.  (Misstatement of law, misleading and inapplicable)**

Plaintiff contends that plaintiff violated a state statute and that DRBA's negligence permitted this to happen.

**Plaintiff's 39.  The Jones Act - Additional precautions.**  Indeed, even if the evidence reveals that the defendant complied with an applicable safety statute and/or regulation, it is still liable for plaintiff's injuries if, under the circumstances, a reasonable person would have taken additional precautions to prevent harm.  See King v. Southern Pacific Transportation Co., 855 F.2d 1485 (10th Cir. 1988) (citing Urie v. Thompson, 337 U.S. 163 (1949)); Mosco v. Baltimore and Ohio R.R., 817 F.2d 1088 (4th Cir.), cert. denied, 484 U.S. 851 (1987); Earwood v. Norfolk Southern Ry., 845 F. Supp. 880 (N.D.Ga. 1993); Morgan v. Consolidated Rail Corp., 509 F. Supp. 281 (S.D.N.Y. 1980); Fontaine v. National R.R. Passenger Corp., 54 Cal.App.4th 1519, 63 Cal.Rptr.2d 644 (1997); Failing v. Burlington Northern R.R., 815 P.2d 974 (Colo.App. 1991).


**DRBA OBJECTS.  (Misstatement of law, misleading and inapplicable)**

Plaintiff's comment is the same as the preceding one.

**Plaintiff's 40.  The Jones Act - Violation of statute.**  Moreover, even if these statutes and/or regulations are not applicable to the specific operation involved in plaintiff's accident, defendant's noncompliance therewith is still evidence of negligence in this action.  See Ries v. National R.R. Passenger Corp., 960 F.2d 1156 (3d Cir. 1992); Albrecht v. Baltimore & Ohio R.R., 808 F.2d 329 (4th Cir. 1987); Miller v. Chicago & North Western Transportation Co., 925 F. Supp. 583 (N.D.Ill. 1996); Manes v. Metro-North Commuter R.R., 801 F. Supp. 954 (D.Conn. 1992), aff'd, 990 F.2d 622 (2d Cir. 1993). It is relevant to your determination of what precautions a reasonably prudent employer would have implemented under similar circumstances.  See Ries, supra; Albrecht, supra; Miller, supra; Manes, supra.

**DRBA OBJECTS.  (Misstatement of law, misleading and inapplicable)**

**Plaintiff's 41.  The Jones Act - Causation.**  Under the Jones Act, a shipowner is liable in damages for breaching its non-delegable duty to provide a safe place to work if the negligent acts or omissions of its officers, agents, or employees played any part, even the slightest, in producing plaintiff's injury.  See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957).  It does not matter that, from the evidence, you may also attribute plaintiff's injury to other causes.  See Rogers, supra.  The involvement of any other cause does not prevent a finding for the plaintiff, as long as you determine that the employer's negligence played any part, no matter how slight, in causing the injury.  See Rogers, supra.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-43, Instruction 90-25 (1997).

**DRBA OBJECTS (misleading and confusing).  Substitute attached charge.**

55

**DRBA PROPOSED POINT FOR CHARGE NO. 42**

**42. The Jones Act - More than one cause.**

Negligence may be a cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause occurs at the same time as the negligence and if the DRBA's negligence played any part, no matter how small, in causing the damage, you may find for the plaintiff under the Jones Act. If that is the case, however, you will be asked to assign percentages of negligence, if any is found, to the DRBA, Swett and Kopacz himself.

**Plaintiff's comment**: This is misleading and inapplicable since DRBA contends that plaintiff's injuries are from a pre-existing condition.

56

**Plaintiff 43.  The Jones Act - Causation.**  Plaintiff, therefore, is entitled to recover from the defendant should you find from a preponderance of the evidence that the shipowner's negligent acts or omissions played any part, even the slightest, in producing his injuries.  See <u>Rogers v. Missouri Pacific R.R.</u>, 352 U.S. 500 (1957).


**DRBA OBJECTION (cumulative)**

**Plaintiff's 44. The Jones Act - Circumstantial evidence.** In a Jones Act case, liability may be inferred completely from circumstantial evidence. <u>See</u> <u>Rogers v. Missouri Pacific R.R.</u>, 352 U.S. 500 (1957); <u>Mendoza v. Southern Pacific Transportation Co.</u>, 733 F.2d 631 (9th Cir. 1984); <u>Pekowic v. Erie Lackawanna R.R.</u>, 430 F.2d 697 (3d Cir. 1970); <u>Moore v. Chesapeake & Ohio Ry.</u>, 493 F. Supp. 1252 (S.W.Va. 1980), <u>aff'd</u>, 649 F.2d 1004 (4th Cir. 1981). It may be based exclusively on inferences you draw from the facts and circumstances of the case which, in light of your ordinary experience, reasonably suggest that the shipowner's negligence played even the slightest part in producing plaintiff's injury. <u>See</u> <u>Henwood v. Coburn</u>, 165 F.2d 418 (8th Cir. 1948).

**DRBA OBJECTION. (misleading)**

**Plaintiff's 45.  The Jones Act - Safe place to work.**  Under the Jones Act, therefore, a seaman is entitled to assume that his employer properly discharged its duty to provide him a reasonably safe place to work and that he is not exposed to any hazards or dangers.  Prosser, Torts, p. 642; Holmes v. Ginter Restaurant Co., 54 F.2d 876 (1st Cir. 1932).  See also Cazad v. Chesapeake & Ohio Ry., 622 F.2d 72 (4th Cir. 1980); Williams v. Atlantic Coast Line R.R., 190 F.2d 744 (5th Cir. 1951); Pitt v. Pennsylvania R.R., 66 F. Supp. 443 (E.D.Pa. 1946), aff'd, 161 F.2d 733 (3d Cir. 1947).

**DRBA OBJECTION.  (misleading)**

**Plaintiff's 46.  Contributory negligence.**  A seaman, therefore, is not required to anticipate defects or dangerous conditions of which he has no knowledge.  Prosser, Torts, p. 642; Holmes v. Ginter Restaurant Co., 54 F.2d 876 (1st Cir. 1932).  See also Tiller v. Atlantic Coast Line R.R., 318 U.S. 54 (1943); Birchem v. Burlington Northern R.R., 812 F.2d 1047 (8th Cir. 1987); Almendarez v. Atchison, Topeka & Santa Fe Ry., 426 F.2d 1095 (5th Cir. 1970); Koshorek v. Pennsylvania R.R., 318 F.2d 364 (3d Cir. 1963); Johnson v. Erie R.R., 236 F.2d 352 (2d Cir. 1956); Thomas v. Union Ry., 216 F.2d 18 (6th Cir. 1954); Atlantic Coastline R.R. v. Burkett, 192 F.2d 941 (5th Cir. 1951); Mumma v. Reading Co., 247 F. Supp. 252 (E.D.Pa. 1965).

**DRBA OBJECTION.  (Not applicable, misleading)**

**Plaintiff's 47.  Contributory negligence - Not required to anticipate.**  A seaman is not bound to anticipate a negligent act or omission on the part of the shipowner and a failure to anticipate the negligence of another does not constitute negligence on the part of the plaintiff.  Nixon v. Chiarilli, 122 A.2d 710, 385 Pa. 218 (1956); Hogg v. Bessemer & L.E.R. Co., 373 Pa. 632 (1953).

**DRBA OBJECTION (misleading, misstatement of law)**

**Plaintiff's 48.  Contributory negligence - Possible defects.**  A maritime worker is entitled to assume that the shipowner and its employees have performed those functions necessary to make the equipment with which he is to work and the area where he is to work safe for him and he is not required to be on the alert for possible defects or dangerous conditions of which he has no knowledge.  Prosser, Torts, p. 642; Holmes v. Ginter Restaurant Co., 54 F.2d 876 (1st Cir. 1932).


**DRBA OBJECTION (misleading, misstatement of law)**

**Plaintiff's 49.  Contributory negligence - No duty to anticipate negligence.**  A maritime worker is not bound to anticipate the negligence of someone else or the omission on the part of any employee of the shipowner to perform his job in a safe and non-negligent manner, and the maritime worker is not required to anticipate such negligence on the part of someone else or other employee of the shipowner and the failure to anticipate the negligence of another does not constitute contributory negligence on the part of the plaintiff.  Nixon v. Chiarilli, 122 A.2d 710, 385 Pa. 218 (1956); Hogg v. Bessemer & L.E.R. Co., 373 Pa. 632 (1953).

**DRBA OBJECTION (misleading, misstatement of law)**

**Plaintiff's 50.  Contributory negligence - Reasonably safe conditions.**  Every person is permitted to act on the assumption that he is not exposed or threatened by danger which can come to him as a result of the negligence of another one to whom the duty is owed to maintain and supply equipment and working conditions in a reasonably safe condition is not under any duty or obligation to anticipate that such equipment or working conditions are dangerous or unsafe. Przybyszewski v. Nunes, 168 Pa. Super. 311 (1951).


**DRBA OBJECTION (cumulative and irrelevant)**

**DRBA PROPOSED POINT NO. 51**

**51.  Reasonably safe place to work.**

The duty owed to the seaman is to provide a reasonably safe place to work.

Brogan, 213 F. Supp. 2d at 436.

(IF NOT ALREADY INCLUDED)

**Plaintiff's comment**: This has already been covered.

DRBA

**52.  Reasonably prudent person.**

The duty is measured by what a reasonably prudent person would anticipate or foresee resulting from the particular circumstances.  Brogan, 213 F. Supp. 2d at 436 (quoting from Wilburn v. Maritrans GP, Inc., 139 F.3d 350, 357 (3d Cir. 1998)).

(IF NOT ALREADY INCLUDED)

**Plaintiff's comment**: Already covered.

DRBA

**53. Open and obvious conditions.**

A shipowner in a Jones Act case has a duty to warn its employees of dangers

which are not reasonably known.  In other words, shipowners need not warn

seamen of dangers that are "open and obvious."  <u>Patterson v. Allseas USA, Inc.</u>,

2005 WL 1350594 (Slip Opinion, 5th Cir., Docket No. 04-40949, June 8, 2005).

(IF NOT ALREADY INCLUDED)

**Plaintiff's comment**:  Already covered.

67

DRBA

**54.  Negligence - reasonable safety.**

Under the Jones Act, plaintiff must prove that the DRBA, was negligent.  The occurrence of an accident, standing alone, does not mean that anyone's negligence caused the accident.  You must determine if the operation in question was reasonably safe under the circumstances.  The fact that a certain practice has been continued for a long period of time does not mean that it is reasonably safe under all circumstances.  However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.  *3A Federal Jury Practice & Instructions § 156.20* at 433 (West 5th Ed. 2001).

(IF NOT ALREADY INCLUDED)

**Plaintiff's comment**:  Already covered.

68

DRBA

**55.  Negligence - Normal activities.**

Because a Jones Act employer is not an insurer of its employees' safety at sea, the employer is not liable when an injury arises solely from the ordinary and normal activities of a seaman's work in the absence of proof that the injury complained of was caused by the employer's negligence.  Harrison v. Seariver Maritime, Inc., 2003 U.S. App. Lexis 2472 at 5 (January 28, 2003).

(IF NOT ALREADY INCLUDED)

**Plaintiff's comment**:  Already covered.

DRBA

**56.  Negligence - Necessary ingredient.**

The requirement of causation is not discarded in a Jones Act case.  <u>Chisholm v.</u>
<u>Sabine Towing & Trasp. Co., Inc.</u>, 679 F. 2d 60 (5th Cir. 1982). Although the
strength of the link or connection between the defendant's negligence and the
injury is relaxed under the Jones Act, this does not "impair the principle that in
Jones Act cases, cause, in fact, is still a necessary ingredient of liability." <u>Id.</u> at 62
(emphasis added).


(IF NOT ALREADY INCLUDED)

**Plaintiff's comment**:  Already covered.

DRBA

**57.  Negligence - General definition.**

"Negligence" is the failure to use reasonable care. Reasonable care is that degree

of care that a reasonably careful person would use under like circumstances.

Negligence may consist either in doing something that a reasonably careful person

would not do under like circumstances, or in failing to do so something that a

reasonably careful person would do under like circumstances. *3A Federal Jury*

*Practice & Instructions § 156.20*  at 434 (West 5th Ed. 2001).

(IF NOT ALREADY INCLUDED)

**Plaintiff's comment**:  Already covered.

71

DRBA

**58. Proximate cause.**

Mr. Kopacz has the burden of proving by a preponderance of the evidence that the DRBA was negligent, and that this negligence was a proximate cause of the injury to him.  If Mr. Kopacz has failed to prove each of those things to you, your verdict should be for the DRBA.  If, on the other hand, you find that he has proved each of those things, your verdict should be for Mr. Kopacz.  The DRBA has the burden of proving by a preponderance of the evidence that Mr. Kopacz was negligent and that his negligence was a proximate cause of his own injury.  If you find that the DRBA has proven each of those things, you must reduce the amount of damages to which Mr. Kopacz would otherwise be entitled.  *3A Federal Jury Practice & Instructions § 156.20*  at 432 (West 5th Ed. 2001).

**Plaintiff's comment**:  Proximate cause does not apply either to Jones Act negligence or to unseaworthiness.

DRBA

**59.  Own negligence.**

A plaintiff injured entirely by his or her own negligence cannot recover under the

Jones Act.  <u>Brogan</u>, 213 F. Supp. 2d at 438.

**<u>Plaintiff's comment</u>**:  Unnecessary and confusing.

DRBA

**60.  Contributory negligence - Burden of proof.**

The DRBA has the burden of proving by a preponderance of the evidence that Mr.

Kopacz was negligent and that his negligence was a proximate cause of his own

injury.  If you find that the DRBA has proven each of those things, you must

reduce the amount of damages to which Mr. Kopacz would otherwise be entitled.

*3A Federal Jury Practice & Instructions § 156.20  at 432 (West 5th Ed. 2001).*

<u>**Plaintiff's comment**</u>:  Confusing and inaccurate because the jury only assesses

percentages and the Court does the mathematics.

74

## <u>General Maritime Law - Negligence</u>

**Plaintiff's 61.**  Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation.  It can consist of doing something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done.  See generally 5 L. Sand, <u>et</u> <u>al.</u>, <u>Modern Federal Jury Instructions</u>, p. 89-22, Instruction 89-9 (1997).


DEFENDANT SWETT OBJECTS (  An additional point of charge regarding the presumption of negligence should be included as noted in Defendant Swett's Proposed Point of Charge No. 62.)

## DEFENDANT SWETT PROPOSED POINT NO. 62

**62.  Negligence is never presumed.**

*This case involves claims of negligence against the DRBA and Craig Swett.   Negligence is never presumed.  It must be proved by a preponderance of the evidence before Jan Kopacz is entitled to recover.  No presumption that Craig Swett was negligent arises from the mere fact that an accident may have occurred.*

*Fedorczyk v. Caribbean Cruise Lines,* Ltd., 82 F.3d 69, 74 (3d Cir.  1996) *citing* W. Page Keeton et. al., PROSSER AND KEETON ON THE LAW OF TORTS § 41, at 269 (5th ed.984); *Levine v. Lam*, 226 A.2d 925, 926-27 (Del. 1967); *Wilson v. Derrickson*, 175 A.2d 400 (Del. 1961).

**Plaintiff's comment**:  Cumulative and unnecessary.

**Plaintiff's 63.  General Maritime Law - Proximate cause.**  You are not to award damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the accident in question.  An injury or condition is proximately caused by an act, or failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damages, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Fournier v. Petroleum Helicopters, Inc., 665 F.Supp. 483, 486 (E.D. La. 1987).

**Plaintiff's 64. General Maritime Law - Breach of Statutory Duty.**  If you find that defendant Swett breached a duty imposed upon him by the Delaware Motor Vehicle Code and that plaintiff was in the class of persons intended to be protected by that Code, then you may find defendant Swett negligent and you must find against defendant Swett unless Swett has proven, by a preponderance of the evidence, that his fault could not have been one of the causes of the accident.  The Pennsylvania, 86 U.S. 1 (19 Wall.) 125 (1873); Phillips Petroleum Co. v. Stokes Oil Co., 639 F.Supp. 291, 297 (W.D. Ky. 1986) affirmed 863 F.2d 1250 (6th Cir. 1988).

In this connection I charge you that the Delaware Motor Vehicle Code provides in part as follows:

The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic.

**OBJECTION BY DEFENDANT SWETT** (misinterprets the caselaw cited.)

78

## DEFENDANT SWETT PROPOSED POINT NO. 66

**66.  *General Maritime Law - Breach of Statutory Duty***

*If you find that defendant Swett breached a duty imposed upon him by the Delaware Motor Vehicle Code and that plaintiff was in the class of persons intended to be protected by that Code, then you may find defendant Swett negligent.  The Pennsylvania, 86 U.S. 1 (19 Wall.) 125 (1873); Phillips Petroleum Co. v. Stokes Oil Co., 639 F.Supp. 291, 297 (W.D. Ky. 1986) affirmed 863 F.2d 1250 (6th Cir. 1988).*

Plaintiff objects because this fails to apply the rule of The Pennsylvania.

79

**Plaintiff's 67. Contributory Negligence - Burden of proof.** Just as the plaintiff has the burden of proof to convince you by a fair preponderance of the evidence that the defendant was negligent, or that the shipowner, its appliances and appurtenances, were unsafe, the defendant has the burden of proof to convince you, by the same quality of evidence, that the plaintiff was guilty of contributory negligence.

<u>**OBJECTION BY DEFENDANT SWETT**</u> ( The burden of proof as stated in Plaintiff's Proposed Point of Charge is incorrect.)

## DEFENDANT SWETT'S PROPOSED POINT NO. 68

**68. Contributory Negligence.  Burden of proof.**

Just as the plaintiff has the burden of proof to convince you by a preponderance of the evidence that the defendant was negligent, or that the shipowner, its appliances and appurtenances, were unsafe, the defendant has the burden of proof to convince you, by the same quality of evidence, that the plaintiff was guilty of contributory negligence.

*In re MarinerPost Acute Network, Inc.*, 2005 WL 3086561 (3d. Cir.);   *Storey v. Burns Intern. Security Services*, 390 F.3d 760 (3d Cir. 2004).

**Plaintiff's comment**:  This merely deletes the word "fair", so it doesn't make sense.

81

**Plaintiff's 69.  Contributory negligence - Burden of proof.**  It is, therefore, the defendants which have the burden of establishing by a preponderance of the evidence that the plaintiff was contributorily negligent.  See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995).

**Plaintiff's 70.  Duty to charge.**  The mere fact that I mention contributory negligence does not mean that the plaintiff was in fact guilty of contributory negligence.  I am merely doing my duty in advising you of all the considerations, however remote, involved in a lawsuit of this type.  You should not take the fact that I have mentioned contributory negligence to mean that it is present in this case in any way.


**<u>OBJECTION BY DEFENDANT SWETT</u>**--  If Plaintiff's Proposed Point of Charge is included, then Defendant Swett submits that its Proposed No. 71 be included.  Otherwise, Plaintiff's Proposed Point of Charge as stated would be unfairly prejudicial

## DEFENDANT SWETT PROPOSED POINT NO. 71

**71.  *Duty to charge.***

The mere fact that I mention negligence does not mean that the defendants are in fact guilty of negligence.  I am merely doing my duty in advising you of all the considerations, however remote, involved in a lawsuit of this type.  You should not take the fact that I have mentioned negligence to mean that it is present in this case in any way.

**Plaintiff's 72.  Contributory Negligence - Dangerous job.**  You may not find plaintiff contributorily negligent simply because he works at a dangerous job, or in a dangerous place, or under unsafe conditions.

**Plaintiff's 73.  Assumption of the risk not available.**  The vessel owner cannot avoid liability for personal injury on the grounds that the injured party assumed the risk of his employment. Assumption of the risk is not a defense in a suit by a maritime worker against a shipowner, and the maritime worker does not assume the risk of being injured through the negligence of his employer or the negligence of a fellow employee.  <u>Sinkler v. Missouri Pac. R. Co.</u>, 356 U.S. 326 (1958), <u>reh. denied</u>, 356 U.S. 978; <u>Seabalt v. Pennsylvania R. Co.</u>, 290 F.2d 296 (2d Cir. 1961).

**Plaintiff's comment**:  DRBA's argument that plaintiff should not stand behind a parked car implies that he assumed the risk.

**DEFENDANT DRBA OBJECTS.  (confusing, DRBA will not raise assumption of risk as defense)**

**Plaintiff's 74.  Assumption of the risk not available.**  The plaintiff does not assume the risk of an unsafe place to work and cannot be blamed for working in an unsafe place.  This is so even if the hazard or danger is obvious.  <u>Darlington v. National Bulk Carriers</u>, 157 F.2d 817 (2d Cir. 1946); <u>Salem v. United States Lines Co.</u>, 293 F.2d 121, 125 (2d Cir. 1961), <u>aff'd in part</u>, <u>rev'd in part</u>, 370 U.S. 31, 82 S.Ct. 1119 (1962); <u>Rivera v. Farrell Lines, Inc.</u>, 474 F.2d 255, 257-258 (2d Cir.); <u>cert. den.</u>, 464 U.S. 1039 (1984); <u>Pedersen v. Diesel Tankers, Ira S. Bushey, Inc.</u>, 280 F.Supp. 421, 424 (S.D.N.Y. 1967); <u>Hall v. American Steamship Co.</u>, 688 F.2d 1062 (6th Cir. 1982); <u>Tolar v. Kinsman Marine Transit Co.</u>, 618 F.2d 1193 (6th Cir. 1980).


**DRBA OBJECTS.  (misstatement of law) Substitute attached charge.**

**DRBA PROPOSED POINT NO. 75**

75.  Open and obvious conditions

A shipowner in a Jones Act case has a duty to warn its employees of dangers which are not reasonably known.  In other words, shipowners need not warn seamen of dangers that are "open and obvious."  <u>Patterson v. Allseas USA, Inc.</u>, 2005 WL 1350594 (Slip Opinion, 5th Cir., Docket No. 04-40949, June 8, 2005).

**<u>Plaintiff's comment</u>**:  Inaccurate and it does not address assumption of the risk.

**Plaintiff's 76.  Contributory Negligence - Dangerous job.**  Thus, you may not find the plaintiff contributorily negligent based solely on his knowledge or acceptance of a dangerous condition or because he was working at a dangerous job.  See Fashauer, supra.  This is so even if the hazard or danger was obvious.  See Rivera v. Farrell Lines, Inc., 474 F.2d 255 (2d Cir.), cert. denied, 414 U.S. 822 (1973); Hall v. American Steamship Co., 688 F.2d 1062 (6th Cir. 1982); Tolar v. Kinsman Marine Transit Co., 618 F.2d 1193 (6th Cir. 1980); Salem v. United States Lines Co., 293 F.2d 121 (2d Cir. 1961), aff'd in part, rev'd in part, 370 U.S. 31 (1962); Darlington v. National Bulk Carriers, Inc., 157 F.2d 817 (2d Cir. 1946); Pedersen v. Diesel Tankers, Ira. S. Bushey, Inc., 280 F. Supp. 421 (S.D.N.Y. 1967).

**DRBA OBJECTS (misleading)**

**Plaintiff's 77.  Contributory negligence - Following orders.**  Nor may you find contributory negligence on the part of the plaintiff simply because he acceded to the request or direction of a supervisor that he perform a dangerous job or discharge his duties in a dangerous place or under unsafe conditions.  See <u>Fashauer v. New Jersey Transit Rail Operations, Inc.</u>, 57 F.3d 1269 (3d Cir. 1995).

**DRBA OBJECTS (not applicable)**

Plaintiff was forced to work in an environment where DRBA did nothing to prevent drivers from backing up their cars.

91

**Plaintiff's 78.  Contributory negligence - Negligence of employer.**  It is the duty of a seaman only to do the work assigned.  See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995).  It is not his duty to find the safest method of doing it, or to devise a safer method.  See Fashauer, supra.  Therefore, in considering the defendant's claim that the plaintiff was guilty of contributory negligence, you must bear in mind that the plaintiff is not chargeable with any negligent conduct of his employer.  See Fashauer, supra.  The plaintiff is only chargeable with his own actions.  See Fashauer, supra.  In connection with the defendant's claim of contributory negligence, therefore, you may consider only what the plaintiff himself did, or failed to do, at the time and place in question as shown by a preponderance of the evidence.  See Fashauer, supra.

**DRBA OBJECTS (misstatement of law, misleading, inapplicable)**

**Plaintiff's 79.  Contributory negligence - Violation of statute.**  Moreover, contributory negligence may not be asserted as a defense to mitigate plaintiff's damages should you find that the shipowner's acts or omissions violated an applicable safety statute and/or regulation.  <u>See</u> <u>Kernan v. American Dredging Co.</u>, 355 U.S. 426 (1958); <u>Eckert v. Aliquippa & Southern R.R.</u>, 828 F.2d 183 (3d Cir. 1987).  <u>See</u> <u>also</u> <u>Pratico v. Portland Terminal Co.</u>, 783 F.2d 255 (1st Cir. 1985).

**DRBA OBJECTS (complete misstatement of the law)**

    **<u>Plaintiff's comment</u>**:  <u>Kernan</u> is on point.

**Plaintiff's 80.  Contributory Negligence - Violation of safety rule.**  Nor may you find the plaintiff guilty of contributory negligence if the evidence reveals that, at the time of the accident, he violated a safety rule which was not enforced by the shipowner or with which it was impossible to comply.  Ybarro v. Burlington Northern, Inc., 689 F.2d 147 (8th Cir. 1982); Hancock v. Norfolk & Western Ry., 39 Ohio App.3d 77, 529 N.E.2d 937 (1987).

**DRBA OBJECTS (complete misstatement of the law)**

**Plaintiff's 81.  Comparative negligence.**  It is, however, important that you realize that even if you find the plaintiff contributorily negligent, this does not prevent him from recovering damages. Under these circumstances, your verdict should nonetheless be in his favor if you find that the shipowner's negligence also played a part, no matter how slight, in causing the injuries.  The Court will then reduce the amount of damages awarded to the plaintiff by the percentage you should find that his negligence, if any, contributed to the accident.  See Carter v. Atlantic St. Andrews Bay Ry., 338 U.S. 430 (1949).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-45, Instruction 90-26 (1997).

**OBJECTION BY DEFENDANT SWETT**  **Delaware comparative negligence should apply.**
*See Fedorczyk v. Caribbean Cruise Lines,* **Ltd., 82 F.3d 69, 74 (3d Cir.  1996)**

**DRBA ACCEPTS IF FOLLOWING CHARGE IS INCLUDED.**

95

**DRBA PROPOSED POINT NO. 82**

**82. Plaintiff's sole negligence.**

A plaintiff injured entirely by his or her own negligence cannot recover under the

Jones Act. <u>Brogan</u>, 213 F. Supp. 2d at 438.

**DEFENDANT SWETT PROPOSED POINT NO. 83**
*COMPARATIVE NEGLIGENCE - SPECIAL VERDICT FORM*

83      Negligence is negligence no matter who commits it.  When the plaintiff is negligent, we call it contributory negligence.  Under Delaware law, a plaintiff's contributory negligence does not mean that the plaintiff cannot recover damages from the defendant as long as the plaintiff's negligence was no greater than the defendant's negligence.  Instead of preventing a recovery, Delaware law reduces the plaintiff's recovery in proportion to the plaintiff's negligence.

If you find contributory negligence was a proximate cause of the Jan Kopacz's alleged injuries, you must determine the degree of that negligence, expressed as a percentage, attributable to Jan Kopacz.  Similarly, if you find that one or more than one defendant was negligent, you must determine their relative degrees of fault.  Using 100% as the total combined negligence of the parties, you must determine what percentage of negligence is attributable to Jan Kopacz, Delaware River and Bay Authority, and Craig Swett.  I will furnish you with a special-verdict form for this purpose.  If you find that Jan Kopacz's negligence is no more than half the total negligence, I will reduce the total amount of Jan Kopacz's damages by the percentage of his contributory negligence. If you find that Jan Kopacz's negligence is more than half the total negligence, Jan Kopacz may not recover any damages.[1]

**DRBA OBJECTS– Maritime law applies and provides for pure comparative negligence.  To the extent this is disputed, the special verdict form will direct the jury to assign percentages of negligence between the three parties, and the Court can modify the verdict accordingly.**

**PLAINTIFF OBJECTS.  Maritime law applies.**

---

[1]  10 Del. C. § 8132; *Brooks v. Delaware Racing Association, Inc.*, D.Del., C.A. No. 98-237-GMS, Sleet, J. (Jury Instructions).

97

**Plaintiff's 84.  Plaintiff's burden of proof.**  It is not necessary for the plaintiff to prove both unseaworthiness and negligence.  It is enough if he proves either one.  Of course, he may prove both.  But if he proves either one, or both, and further proves that the condition or breach was a substantial factor in causing the injury, he is entitled to a verdict in your hands.

**DRBA OBJECTS (cumulative and prejudicial)**

**Plaintiff's 85.  Contributory negligence not a bar.**  If you find that the defendant was negligent and/or that the vessel was unseaworthy as a consequence of which the plaintiff was injured, the fact that there might also have been negligence on the part of plaintiff's co-employee which contributed to the happening of the accident would not bar his right to recover from the defendant shipowner.


**DRBA OBJECTS (inapplicable, no allegation of co-employee negligence)**

99

**Plaintiff's 86.  Directed verdict.**  Under all the law and evidence, the plaintiff is not guilty of contributory negligence as a matter of law.

**DRBA AND SWETT OBJECT**

**Plaintiff's 87.  Directed verdict.**  Under all of the law and evidence, your verdict must be for the plaintiff and against the defendants.

**DRBA AND SWETT OBJECT**

**Plaintiff's 88.  Directed verdict.**  Under all of the law and evidence, the defendants are guilty of negligence as a matter of law.

       **DRBA AND SWETT OBJECT.**

## Damages

**Plaintiff's 89.  Maritime damages.**  If you find in favor of the plaintiff, you must then determine

the amount of monetary damages which you believe will fairly and justly compensate him for the

injuries sustained as a result of (1) the defendants' negligence or (2) the defendants' conduct in

violation of their duty to provide a seaworthy vessel.  Under the Jones Act and the doctrine of

unseaworthiness and the general maritime law, the plaintiff, if he has sustained his burden of

proof, may recover for:  (1) any loss of earnings from the time of the accident to the present; (2)

any medical expense incurred for treatment of plaintiff's injuries; and, (3) any past and future pain,

suffering, or mental anguish that he has or will continue to suffer, including the effect of the injury

sustained on the normal pursuits and pleasures of life.  In addition, the plaintiff may also recover

his lost fringe benefits, both past and future.  <u>See</u> <u>generally</u> 5 L. Sand, <u>et</u> <u>al</u>., <u>Modern Federal Jury</u>

<u>Instructions</u>, pp. 90-73 and 90-79, Instructions 90-44 and 90-49 (1997).


DRBA OBJECTS.  SEE SUGGESTED MODIFIED CHARGE ATTACHED.

103

**DRBA PROPOSED CHARGE NO. 90**

**90.  Maritime damages.**

　　　　If you find in favor of the plaintiff, you must then determine the amount of monetary damages which you believe will fairly and justly compensate him for the injuries sustained as a result of (1) the defendants' negligence or (2) the defendants' conduct in violation of their duty to provide a seaworthy vessel.  Under the Jones Act and the doctrine of unseaworthiness and the general maritime law, the plaintiff, if he has sustained his burden of proof, may recover for:  (1) any **actual** loss of earnings from the time of the accident to the present; (2) any medical expense incurred for treatment of plaintiff's injuries **which were not eligible for coverage by his medical insurance**; and, (3) any past and future pain, suffering, or mental anguish that he has or will continue to suffer, including the effect of the injury sustained on the normal pursuits and pleasures of life. **[DELETED]** See generally 5 L. Sand, et al., Modern Federal Jury Instructions, pp. 90-73 and 90-79, Instructions 90-44 and 90-49 (1997).

　　　　**Plaintiff's comment**:  This is totally wrong and prejudicially misleading.

**Plaintiff's 91.  Plaintiff's prior condition.**  The fact that plaintiff's physical condition prior to the accident may have made him susceptible to greater injury and loss than could have been anticipated by the defendants does not in any way reduce his recovery in this case.  A tortfeasor takes its victim as he finds him and is liable for the full extent of the damages sustained, even if they are greater than he could have foreseen because the plaintiff is particularly susceptible to injury.  Thus, defendants whose actions exacerbate or aggravate a pre-existing asymptomatic condition are nonetheless liable for all of the plaintiff's resulting losses.  See Tabor v. Miller and Stearns, 389 F.2d 645 (3d Cir.), cert. denied, 391 U.S. 915 (1968); Pavorsky v. Engels, 410 Pa. 100, 188 A.2d 731 (1963).


DRBA OBJECTS (misstatement of law) Substitute attached charges.

**DRBA'S PROPOSED POINT NO. 92 AND NO. 93 AND NO. 94**

92.     When an employer's negligence aggravates a plaintiff's preexisting condition, the
defendant must compensate the plaintiff for only the aggravation and not for the
preexisting condition.  Evans v. United Arab Shipping Company, 790 F. Supp. 516, 519
(D.N.J. 1992), aff'd, 4 F.3d 207 (3d Cir. 1993).

Plaintiff - No objection.

93.     When a plaintiff would have experienced the symptoms of his/her preexisting condition at
some point in the future even if he/she had not suffered the injury, the plaintiff can only
recover that portion of damages caused by the aggravating event, and not all damages
associated with that preexisting condition.  Evans, at 519.

Plaintiff - Speculative and not supported by the evidence.

94.     The Plaintiff has the burden of proof with respect to the issue of aggravation because he is
in the best position to access the extent of his preexisting condition and the aggravation of
that condition by the Defendant's tortious conduct.  Evans at 519 fn 3

Plaintiff - Objection because plaintiff does not have the burden of proof.  Defendant has
the burden to show the extent of the damages that the pre-existing condition would inevitably
have caused.  See Maurer v. United States, 668 F.2d 98 (2d Cir. 1981).

**Plaintiff's 95.  Pre-existing condition.**  If you cannot separate the pain or disability caused by a pre-existing condition from that caused by defendants' negligent exacerbation or aggravation of it, you must hold the defendants liable for all of plaintiff's injuries.  See Stevens v. Bangor & Aroostook R.R., 97 F.3d 594 (1st Cir. 1996).  Under these circumstances, the burden of apportioning plaintiff's damages is on the defendants.  See Stevens, supra.

**DRBA OBJECTS (misstatement of law) Substitute DRBA attached charges.**

**DRBA'S PROPOSED POINT NO. 97**

97.    Additionally, it is the duty of any person who has been injured to use reasonable diligence
and reasonable means under the circumstances in order to prevent the aggravation of his
injuries and to effect a recovery from such injuries.  So, if you should find that any portion
of Mr. Kopacz's claim for damages could have been mitigated or reduced by his own
reasonable efforts, then you should deduct the amount you deem appropriate from the
award of damages.  *3A Federal Jury Practice & Instructions* §156.61  at 475 (West 5th
Ed. 2001).

Plaintiff objects - already covered by contributory negligence charge.

**DRBA'S PROPOSED POINT NO. 98**

98.    When an employer's negligence aggravates a plaintiff's preexisting condition, the

defendant must compensate the plaintiff for only the aggravation and not for the

preexisting condition.  Evans v. United Arab Shipping Company, 790 F. Supp. 516, 519

(D.N.J. 1992), *aff'd*, 4 F.3d 207 (3d Cir. 1993).

Plaintiff objects - already covered.

**DRBA'S PROPOSED POINT NO. 99**

99.    When a plaintiff would have experienced the symptoms of his/her preexisting condition at

some point in the future even if he/she had not suffered the injury, the plaintiff can only

recover that portion of damages caused by the aggravating event, and not all damages

associated with that preexisting condition.  Evans, at 519.

Plaintiff objects - already covered.

**DRBA'S PROPOSED POINT NO. 100**

100.    The Plaintiff has the burden of proof with respect to the issue of aggravation because he is

in the best position to access the extent of his preexisting condition and the aggravation of

that condition by the Defendant's tortious conduct.  <u>Evans</u> at 519 fn 3

Plaintiff objects - misstatement of the law.

**Plaintiff's 101.  Defendants liable for all damages.**  You may hold the defendants liable for all of the natural consequences flowing from their negligence, including the possible prolongation of disability resulting from the aggravation or exacerbation of a pre-existing condition.  See United States Fidelity & Guaranty Co. v. United States, 152 F.2d 46 (2d Cir. 1945); Oliver v. Yellow Cab Co., 98 F.2d 192 (7th Cir. 1938); Pieczonka v. Pullman Co., 89 F.2d 353 (2d Cir. 1937); The Jefferson Myers, 45 F.2d 162 (2d Cir. 1930).


**DRBA OBJECTS (misstatement of law)**

**Plaintiff's 102.  Damages - Reasonable compensation.**  If you find that the plaintiff is entitled to damages, you must award him such sum of money as in your best judgment will reasonably compensate him for the injury he sustained.  In arriving at the monetary value of such injury, you must take into consideration the loss of bodily function, the inability to generally pursue life's pleasures, and the inconvenience of going through life with the injuries sustained as a result of the defendants' negligence.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-73, Instruction 90-44 (1997).

**DRBA OBJECTS (not applicable, no claim for current or ongoing injury)**

113

**Plaintiff's 103.  Damages - Pain and suffering.**  The award of damages for past and future pain and suffering is a very real part of your verdict.  If you find that plaintiff has and will continue to undergo suffering and you do not award a monetary sum for these damages, your verdict would be less than adequate because it would omit an item which the law says is properly recoverable.  If you were to award him loss of earnings and award him nothing for pain and suffering, your verdict would similarly not be a proper one.  See <u>Jones v. American Export Isbrandtsen Lines, Inc.</u>, C.A. #41490, Charge of the Court, Honorable Joseph S. Lord, III, March 4, 1970, N.T. 314-315.

DRBA OBJECTS.  Prejudicial.

DRBA PROPOSED CHARGE NO. 104

**104.  Damages - Not taxable.**

Mr. Kopacz will not be required to pay any federal or state income taxes on any amount that you award.  You should determine the amount that he is entitled to receive without considering the effect of taxes upon it.   *3A Federal Jury Practice & Instructions* §156.63.

## DEFENDANT SWETT'S PROPOSED POINT NO. 105

### *NO-FAULT INSURANCE*

105.    *Under Delaware's no-fault law, Jan Kopacz was eligible to be compensated by his own insurance company for lost wages and medical expenses incurred.   The amounts of the bills which were eligible for compensation are not in evidence because they are inadmissible in this proceeding.   The law does not permit Jan Kopacz to recover losses or expenses that were eligible to be paid as part of no-fault benefits.*

*The claims in evidence in this case are for lost wages and medical expenses beyond those already eligible for no-fault insurance.[2]*

Plaintiff objects - misstatement of the law - general maritime law governs.

---

[2] 21 <u>Del</u>. <u>C</u>. § 2118(h).

***DEFENDANT SWETT JOINS IN ALL OBJECTIONS REGARDING DAMAGES RAISED***

***BY DEFENDANT DRBA.***

## ESSENTIAL ELEMENTS OF MAINTENANCE AND CURE

**Plaintiff's 105.**  There is also an issue as to whether the Plaintiff is entitled to recover what the law calls "maintenance and cure."  This claim is completely separate and independent from both the Jones Act and the unseaworthiness claims and the general maritime law claims of the Plaintiff and must be decided entirely apart from your determination of those claims.

The only common element of the three claims is the "seaman" status of the Plaintiff, and the test for seaman status is the same for all claims.  The Plaintiff is a seaman; thus you must only determine whether he is entitled to maintenance and cure.

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel.

To recover maintenance and cure, the Plaintiff must show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful misbehavior on the Plaintiff's part.

The injury or illness need not be work related; it need only occur while the seaman is in the service of the ship.

"In the service of the ship" means that the disability must occur when the seaman is generally answerable to the call of duty, and it does not require that at the time of the onset the seaman was actually on the ship or in the actual performance of his duties.

Maintenance and cure may not be reduced because of any negligence on the part of the Plaintiff.  It is important to note here that if you find the plaintiff is or is not entitled to an award of damages under either the plaintiff's Jones Act or the plaintiff's unseaworthiness claims you must still determine whether plaintiff is entitled to maintenance and cure.

118

Maintenance is generally the cost of board and lodging while the seaman is disabled. In this case DRBA pays a seaman 100% of his wages for the first 90 days of his disability and 60% of his wages for any period thereafter, and this is the rate you should use if you determine that plaintiff is entitled to maintenance.

The "cure" to which a seaman may be entitled includes the cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines and medical apparatus.

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches the point of what is called "maximum cure." Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected. Thus, if it appears that a seaman's condition is incurable or that the treatment will only relieve pain but will not improve a seaman's physical condition, he has reached maximum cure. The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished.

In addition to maintenance and cure a seaman is also entitled to recover damages for pain and suffering for the entire period that maintenance and cure was not paid if you find that DRBA's failure to pay was unreasonable or without substantial justification. The amount of these damages is entirely for your determination, and maintenance and cure is still unpaid so you should take that into consideration if you award such damages.

Warren v. United States, 340 U.S. 523 (1951); Farrell v. United States, 336 U.S. 511 (1949); Aguilar v. Standard Oil Co., 318 U.S. 724 (1943); Deisler v. McCormack Aggregates Co., 54 F.3d 1074 (3rd Cir. 1995); Barnes v. Andover Co., L.P., 900 F.2d 630 (3rd Cir. 1990).

119

**DRBA OBJECTS TO PLAINTIFF'S PROPOSED CHARGE ON MAINTENANCE AND CURE, AS IT MISSTATES THE LAW.  SUBSTITUTE MODIFIED CHARGE BELOW:**

106.  There is also an issue as to whether the Plaintiff is entitled to recover what the law calls "maintenance and cure."  This claim is completely separate and independent from both the Jones Act and the unseaworthiness claims and the general maritime law claims of the Plaintiff and must be decided entirely apart from your determination of those claims.

The only common element of the three claims is the "seaman" status of the Plaintiff, and the test for seaman status is the same for all claims.  The Plaintiff is a seaman; thus you must only determine whether he is entitled to maintenance and cure.

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel.

To recover maintenance and cure, the Plaintiff must show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful misbehavior on the Plaintiff's part.

The injury or illness need not be work related; it need only occur while the seaman is in the service of the ship.

**[DELETE PARAGRAPH]**

Maintenance and cure may not be reduced because of any negligence on the part of the Plaintiff.

It is important to note here that if you find the plaintiff is **[DELETE]** entitled to an award of damages under either the plaintiff's Jones Act or the plaintiff's unseaworthiness claims, **and you include either lost wages or medical expenses in the damage award, then maintenance**

and cure cannot be awarded for the same period of time.  In other words, there can be no double recovery.

Maintenance is generally the cost of board and lodging while the seaman is disabled **as a result of an injury or illness on the vessel.**

The "cure" to which a seaman may be entitled includes the cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines and medical apparatus.  **To the extent that treatment was eligible for coverage by medical insurance provided by the DRBA, you may not award cure to plaintiff.**

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches the point of what is called "maximum cure."  Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected.  Thus, if it appears that a seaman's condition is incurable or that the treatment will only relieve pain but will not improve a seaman's physical condition, he has reached maximum cure.  The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished, **or when no further treatment for the condition is offered.**

**[DELETE PARAGRAPH]**

Plaintiff objects - misstatement of the law.

## *DEFENDANT SWETT'S PROPOSED POINT NO. 107*

*107     This case involves claims being made against two persons and/or entities:  the Delaware River and Bay Authority and Craig Swett.  In order to find against Craig Swett, you must conclude that his negligent actions caused the injury and subsequent damages which Jan Kopacz is claiming.  Regarding the Delaware River and Bay Authority, in order to award maintenance and cure in favor of Jan Kopacz, you must conclude that the vessel upon which this incident allegedly occurred was unseaworthy or that the Delaware River and Bay Authority and/or its employees were somehow negligent in causing Jan Kopacz's injuries claimed.*

**DRBA OBJECTS TO THE LAST SENTENCE OF THIS CHARGE, AS IT IS A COMPLETE MISSTATEMENT OF THE LAW OF MAINTENANCE AND CURE.**

Plaintiff also objects - misstatement of the law.

DRBA PROPOSED POINTS FOR CHARGE (MAINTENANCE AND CURE)


DRBA 108.  A shipowner is not required to pay maintenance and cure if it is furnished to the

seaman by another party at no expense.  In other words, if the seaman was not required to pay for

medical care because that care was paid for by another party, the shipowner is not liable for those

expenses.  Vaughan v. Atkinson, 369 U.S. 527, 533 (1962); Shaw v. Ohio River Company, 526

F.2d 193, 201 (3rd Cir. 1975).

Plaintiff objects - complete misstatement of the law.

DRBA 109    If you find that Mr. Kopacz is entitled to an award of damages under either the

Jones Act or unseaworthiness claims, and if you award him either lost wages or medical expenses,

then you may not also award him maintenance and cure for the same period of time.  That is

because the plaintiff may not recover twice for the same loss of wages or medical expense.  3A

*Federal Jury Practice and Instructions* § 156.60 at 528-529.  If you award past lost wages, you

should deduct the money already paid to Mr. Kopacz by the DRBA as maintenance.

Plaintiff objects - misstatement of the law - see trial brief.

DRBA 110  **(Alternate)**

If you find that Mr. Kopacz is entitled to an award of damages under either the Jones Act or unseaworthiness claims, and if you award him medical expenses, then you may not also award him cure for the same period of time.  That is because the plaintiff may not recover twice for the same loss of medical expense.  3A *Federal Jury Practice and Instructions* § 156.60 at 528-529. Plaintiff objects - misstatement of the law and misleading.

**Plaintiff's 111.  Loss of consortium**

If your verdict is for the plaintiff as to liability, you should consider whether to award any damages to plaintiff Cathy Kopacz for what she has suffered by reason of her husband's injury, i.e. for loss of her husband's services, comfort, society and attention in the past.