IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**PLAINTIFF'S REPLY TO DEFENDANT SWETT'S RESPONSE**

Defendant Swett's Response is full of misrepresentations.

Plaintiff's counsel never agreed to video conferencing the depositions but said he would discuss it. He also said that his prior experience was that video conferencing was very expensive.

Defense counsel thereafter simply scheduled the depositions and never called plaintiff's counsel because he knew that plaintiff's counsel would not agree. He simply went ahead because he knew that plaintiff's counsel was preoccupied with preparing for an upcoming lengthy trial in

New Jersey.

Prior to this telephone conference and since the conference defense counsel has confirmed every telephone discussion and every telephone message by a very detailed letter. The only telephone discussion not confirmed in writing by defense counsel was the one during which defense counsel deliberately misstates the content by saying that plaintiff's counsel agreed to the videotaping. Had there been such an agreement, defense counsel would have confirmed it by letter and sent a stipulation.

Plaintiff's counsel called defense counsel at least twice after receiving the notices but defense counsel did not take the calls and did not return them.

Plaintiff's counsel frantically tried to get a continuance but defense counsel remained unavailable. Plaintiff's counsel expressed his concern to DRBA's counsel during the New Jersey trial, and she suggested that plaintiff's counsel simply fail to show up due to the trial commitment.

The stipulation extending the time was worded to suit DRBA's counsel and had nothing to do with Swett's counsel. DRBA's counsel did not want to be served with any more interrogatories and that explains the wording. Swett's counsel had nothing to do with the wording because he would not take or return telephone calls.

The agreement to co-operate fully in counsel's letter was counsel's usual effort to be courteous and was actually written by counsel's secretary, who signed the letter. The depositions were scheduled after the deadline in the stipulation, and that was the courtesy to which counsel referred.

Swett's counsel took advantage of plaintiff's counsel's preoccupation with a trial in another case and just went ahead without the agreement of his opponent, which he knew would

not be forthcoming, and he remained incommunicado deliberately. He is now trying to manufacture oral agreements and written agreements where none ever existed, which he knows to be the case.

Counsel deliberately tried to circumvent the rules because he knew no agreement could ever be forthcoming and he is deliberately deceiving this Court by misstating and manufacturing things.

### Conclusion

For the foregoing reasons, plaintiff's Motion should be granted.

                                                                         /s/
                                                        E. Alfred Smith, Esquire
                                                        E. Alfred Smith & Associates
                                                        Second Floor
                                                        1333 Race Street
                                                        Philadelphia, PA 19107
                                                        (215) 569-8422
                                                        Attorney for Plaintiff, Jan Kopacz