IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

### **PRELIMINARY JURY INSTRUCTIONS**

**INTRODUCTION**

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

**THE PARTIES AND THEIR CONTENTIONS**

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

1

The parties in this case are Jan D. Kopacz, an individual who lives in Milton, DE. Mr. Kopacz is the Plaintiff. There are two Defendants. One is a bi-state agency called Delaware River and Bay Authority, which operates ferries between Lewes, DE and Cape May, New Jersey. It also operates the bridge between the two states and several airfields in New Jersey. The other Defendant is Craig D. Swett, an individual who lives in Napierville, Illinois.

Mr. Kopacz was employed as a seaman by the Delaware River and Bay Authority, and was working on board a ferry owned by Delaware River and Bay Authority on the day of the alleged incident. Mr. Swett was a passenger on the ferry that day. Mr. Kopacz alleges after he had directed Mr. Swett to park his vehicle on the ferry, Mr. Swett proceeded to back up, striking Mr. Kopacz, in the back, causing his knees to buckle and his hand to strike the Swett vehicle. Both defendants deny that the Swett vehicle struck or caused injury to Mr. Kopacz.

Mr. Kopacz claims damages from the Delaware River and Bay Authority under Maritime Law. Under a federal statute known as the Jones Act, a seaman is entitled to recover damages from his employer to compensate him for any lost wages, medical expenses and pain and suffering if the negligence of the employer in any way caused or contributed to his injuries. He can also recover these damages if the vessel was unseaworthy, and the unseaworthy condition was a substantial cause of his injury.

Mr. Kopacz also has a different claim against DRBA, and this is for something called maintenance and cure, which is a seaman's equivalent of workers' compensation. A seaman is entitled to be paid the cost of his board and lodging while he is disabled, in addition to his medical expenses, if he becomes ill or injured while in the service of the vessel caused by something other than his own wilful misconduct.

Finally, plaintiff has a separate claim for negligence against Mr. Swett, the driver of the vehicle which allegedly struck him. This claim is also brought under the general maritime law. Again, both the DRBA and Mr. Swett deny that the incident took place, and in the alternative claim that any injuries were caused by Mr. Kopacz' own negligence.

**DUTIES OF THE JURY**

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the patents mean. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court -- you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you

may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness' credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

### SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which plaintiff must prove to make his case:

As to unseaworthiness Plaintiff need only prove that the ship, or any part of it, was unseaworthy and that the unseaworthiness was a substantial factor in producing his injuries. A ship is unseaworthy if it, or any part of it, is not reasonably fit for the purpose intended. This does not mean a ship that must weather every conceivable storm or withstand every conceivable peril but a

ship that is reasonably fit for the purpose intended.

As to the Jones Act, that is a federal statute passed by Congress in 1920 which permits a seaman to sue his employer and recover money damages for any injury caused to him by the shipowner's negligence. Mr. Kopacz need only prove that the shipowner's negligence played any part, even the slightest, in causing the injury in order to recover.

As to Defendant Swett, Mr. Kopacz must prove that he was negligent. Generally, negligence is the doing of something that a reasonably prudent person would not do or failing to do something a reasonably prudent person would do.

If you find that Mr. Swett was negligent, you must also find that his negligence was a proximate cause of Mr. Kopacz's injuries in order for him to recover.

If you find that either defendant was negligent or that the vessel was unseaworthy, then you will be asked to decide whether Mr. Kopacz was also negligent. At the end of the case, if you find against either defendant, you will be asked to assign a percentage of negligence to each of the parties. You will hear more about this in the instructions that I give you at the end of the case.

In addition to the foregoing, Mr. Kopacz has a claim only against DRBA for what the law calls "maintenance and cure." Maintenance is generally the cost of board and lodging while the seaman is disabled and cure is the cost of his medical expenses. A seaman is entitled to be paid maintenance and cure if he becomes ill or disabled while in the service of a vessel due to a cause other than his own wilful misbehavior. Mr. Kopacz claims that he was disabled for several months as a result of this injury, and that the DRBA wrongfully failed to pay him maintenance and cure. You will be asked to decide if the DRBA wrongfully and unreasonably withheld maintenance and cure from Mr. Kopacz, you may award compensatory damages for failure to pay. You will receive

further instructions on this issue at the end of the trial before your deliberations

**BURDEN OF PROOF**

As I told you during the voir dire, this is a civil case. Here the plaintiff has the burden of proving his case by what is called a preponderance of the evidence. That means the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendant's evidence on opposite sides of a scale, the evidence supporting the plaintiff would have to make the scale tip somewhat on his side. If the plaintiff fails to meet this burden, the verdict must be for the defendants. The plaintiff must also prove his damages by a preponderance of the evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

**CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**COURSE OF THE TRIAL**

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(2)  These preliminary instructions to you;

(3) Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(4) The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5) My final instructions on the law to you;

(6) The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(7) Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

**TRIAL SCHEDULE**

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take 3 days to try. We will normally begin the day at 9:00 A.M. promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 P.M. There will be a fifteen minute break at 11:00 A.M. and another fifteen minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you

9

for your deliberations. On that day, the proceedings might last beyond 5:00 p.m. We will post a copy of this schedule for the your convenience in the jury deliberation room.