# CASARINO, CHRISTMAN & SHALK, P.A.

ATTORNEYS AT LAW
CONECTIV BUILDING
800 NORTH KING STREET
SUITE 200
P.O. BOX 1276
WILMINGTON, DELAWARE 19899

(302) 594-4500
FAX: (302) 594-4509

STEPHEN P. CASARINO
COLIN M. SHALK
BETH H. CHRISTMAN
DONALD M. RANSOM
KENNETH M. DOSS
THOMAS P. LEFF
MATTHEW E. O'BYRNE
CHANETA BROOKS MONTOBAN
JOHN A. MACCONI, JR.

REPLY TO OUR MAILING ADDRESS:
P.O. BOX 1276
WILMINGTON, DE 19899

February 1, 2006

**BY HAND**
The Honorable Gregory M. Sleet
United States District Court
District of Delaware
U.S. Courthouse
844 King Street
Lockbox 19
Wilmington, DE 19801

RECEIVED FEB -1 2006 U.S. DISTRICT COURT DISTRICT OF DE

RE:   Kopacz v. Swett & DRBA
      No. 04-911 GMS

Dear Judge Sleet:

As a courtesy to plaintiff's counsel due to his inability to reach his local counsel, I am enclosing a hard copy of plaintiff's motion to extend trial time. By providing this document to the Court, defendant Swett takes no position at this time and specifically reserves his right to object once this document is properly filed with the Court.

Respectfully submitted,

Donald M. Ransom, Esq.
Del Bar Id. No. 2626
Attorney for Defendant
Craig Swett

cc:   Clerk of Court (By Hand)
      E. Alfred Smith, Esq. (Fax: 215-569-8606)
      Carmella Keener, Esq. (Fax: 658-7567)
      James Woods, Esq. (Fax: 235-5770)
      M. Elisa Reeves, Esq. (Fax: 215-576-8695)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| Plaintiffs, | : | Jury Trial Demanded |
| v. | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| Defendants. | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| Plaintiff, | : | |
| v. | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| Defendant. | : | |

## Plaintiff's Objection to the Court's Limitation of

## Trial Time and Motion to Enlarge the Plaintiff's Time

At the conclusion of the Pre-Trial Conference the Court repeated its Order limiting the trial to 3 days and then further ordered that each party is to have 5 ½ hours to present its case. The Court made this ruling based on its belief that the trial involves an accident which occurred on the deck of the ferry.

Plaintiff objects to the trial limitation and the 5 ½ hour limitation and believes it will

severely prejudice the presentation of plaintiff's case for the following reasons:

1. Although the origin of this claim is an accident that occurred on the car deck, there are really three lawsuits involved: Plaintiff has a claim against DRBA based on The Jones Act and the unseaworthiness of the vessel and also against the driver of the car based on negligence under the general maritime law. Appearing against the plaintiff will be at least 4 witnesses from DRBA and 4 on behalf of defendant Swett, 3 of whom have already been deposed. Plaintiff believes his cross-examination of these three witnesses is probably 1 ½ hours. Plaintiff has already taken the trial deposition of a treating doctor, and this lasted probably one hour. These depositions were all taken before the 5 ½ hour limitation was imposed. Plaintiff will shortly take the trial deposition of another treating doctor, and the direct examination will probably last 45 minutes at least.

Facing the trial, plaintiff has very little time left to present his case. Plaintiff plans to move as rapidly as he can, but it appears that it will be impossible to present his case within the time allotted.

The third lawsuit is against DRBA for its failure to pay maintenance and cure and the consequences suffered by plaintiff as a result. This involves witnesses and testimony completely unrelated to the accident on the car deck, and the presentation of testimony will probably take at least two hours.

2. The allocation of equal time to each of the three parties is also severely prejudicial to plaintiff. Plaintiff has to satisfy his burden against each of the two Defendants, and the Defendants are presenting a common medical defense. The Court allowed plaintiff 3 peremptory strikes and each of the defendants was

allowed 1 ½, so plaintiff believes the allocation of time should be divided in the same way.

Plaintiff will present his case as expeditiously as possible and does not plan to waste the Court's time with extraneous testimony. However, the limitation is too severe and is prejudicial to plaintiff, so plaintiff moves the Court to grant him an additional 5 ½ hours, and plaintiff assures the Court he will try his best not to use all of the additional time.

                        Respectfully,

                        James J. Woods

                        E. Alfred Smith
                        Attorneys for Plaintiff

Date: