IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**JOINT POINTS FOR CHARGE WITH OBJECTIONS**

**(TABLE OF CONTENTS)**

**Joint**

***THESE INSTRUCTIONS WERE OBTAINED FROM JUDGE SLEET'S SAMPLE JURY
INSTRUCTIONS ON THE DISTRICT COURT WEBSITE, EXCEPT FOR THE
INSTRUCTIONS IN ITALICS*** 1
Direct and circumstantial evidence 1
*Objections - rulings on evidence* 1
*Deposition - use as evidence* 1
*Use of interrogatories at trial* 1
Consideration of evidence 2
Statements of counsel 2
Credibility of witnesses 2

| | |
|---|---|
| Expert Testimony | 3 |
| Number of Witnesses | 3 |
| Burden of proof; preponderance of the evidence | 3 |
| Deliberation and verdict | 3 |
| **Liability** | 4 |
| **Maritime Law - General** | 4 |
| Joint 1. | 4 |
| Joint 2. | 5 |
| **Unseaworthiness - Introduction** | 5 |
| Joint 3. | 5 |
| Joint 4.  Unseaworthiness - Standard | 5 |
| Joint 5.   Unseaworthiness - Liability without fault | 6 |
| Joint 6.  Unseaworthiness - Only part need be unseaworthy | 6 |
| Joint 7.  Seaworthiness - Safe working conditions | 6 |
| Plaintiff's 8.  Unseaworthiness - Reasonable safety | 6 |
| Joint 9.  Unseaworthiness - No accident free ship | 7 |
| **The Jones Act** | 7 |
| Joint 10.  The Jones Act - General | 7 |
| Joint 11.  The Jones Act - Negligence generally | 8 |
| Joint 11.  The Jones Act - Negligence generally | 8 |
| Plaintiff's 12.  The Jones Act - Safe place to work | 8 |
| Joint 13.  The Jones Act - Rules and procedures | 9 |
| Plaintiff's 14.  The Jones Act - Remedial measures | 9 |
| Joint 15.  The Jones Act - Nondelegable duty | 10 |
| Joint 16.  The Jones Act - Imputable knowledge | 10 |
| Joint 17.  The Jones Act - Constructive knowledge | 10 |
| Plaintiff's 18.  The Jones Act - Violation of statute | 11 |
| Plaintiff's 19.  The Jones Act - Violation of statute | 12 |
| Plaintiff's 20.  The Jones Act - Causation | 12 |
| DRBA 21.  The Jones Act - More than one cause | 13 |
| DRBA 22.  Contributory Negligence | 13 |
| Plaintiff's 23.  The Jones Act - Contributory Negligence | 14 |
| Joint 24.  Contributory negligence - not required to anticipate | 15 |
| Plaintiff's 25.  Contributory negligence - reasonably safe conditions | 15 |
| Plaintiff's 26.  Contributory negligence - dangerous job | 15 |
| DRBA 27. Own negligence | 16 |
| Plaintiff's 28.  Contributory negligence  - Negligence of employer | 17 |
| Plaintiff's 29.  Contributory negligence - violation of statute | 17 |
| Plaintiff's 30.  General Maritime Law | 18 |
| Plaintiff's 31.  General Maritime Law - Negligence | 18 |
| Swett 32.  Negligence is never presumed | 18 |
| Plaintiff's 33.  General Maritime Law - Proximate Cause | 19 |
| Plaintiff's 34.  General Maritime Law - Breach of Statutory Duty | 19 |
| Swett 35.  General Maritime Law - Breach of Statutory Duty | 20 |

Plaintiff's 36.  Contributory Negligence - Burden of Proof                    20
Joint 37.  Contributory negligence - Burden of Proof                          21
Plaintiff's 38.  Duty to Charge                                               21
Swett 39.  Negligence not imputed                                            21
Plaintiff's 40.  Assumption of the Risk Not Available                         21
Plaintiff's 41.  Assumption of the Risk Not Available                         22
Plaintiff's 42.  Comparative negligence                                       23
Swett 43.  Comparative Negligence                                            23
Plaintiff's 44.  Contributory negligence not a bar                            24
Joint 45.  Plaintiff's burden of proof                                        24
**Damages**                                                                   25
Plaintiff's 46.  Maritime damages                                             25
DRBA 47.  Maritime damages                                                    25
Plaintiff's 48.  Plaintiff's prior condition                                  26
Plaintiff's 49.  Preexisting condition                                        27
DRBA 50.  Preexisting condition                                               27
Plaintiff's 51.  Defendant's liable for all damages                           27
Joint 52.  Damages - reasonable compensation                                  28
Plaintiff's 53.  Damages - Pain and Suffering                                 28
Joint 54.  Damages not taxable                                                29
Plaintiff's 55.  Essential elements of maintenance and cure                   29
Plaintiff's 56.  Loss of Consortium                                           33

**JOINT POINTS FOR CHARGE WITH OBJECTIONS**

**Joint**

***THESE INSTRUCTIONS WERE OBTAINED FROM JUDGE SLEET'S SAMPLE JURY INSTRUCTIONS ON THE DISTRICT COURT WEBSITE, EXCEPT FOR THE INSTRUCTIONS IN ITALICS.***

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it is raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it weigh that one is any better than the other.   You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**OBJECTIONS - RULINGS ON EVIDENCE**

*Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent.  If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be.  If I have overruled an objection, you are free to consider the evidence that has been offered.*

**DEPOSITION - USE AS EVIDENCE**

*Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial.  This is known as deposition testimony.  This kind of testimony is used when a witness, for some reason, cannot be present to testify in person.  You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.*

**USE OF INTERROGATORIES AT TRIAL**

*Some of the evidence has been in the form of interrogatory answers.  An interrogatory is a written question asked by one party of the other, who must answer the question in writing and under oath, all before trial.  You must consider interrogatories and the answers given to them just as if the questions had been asked and answered here in court.*

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## STATEMENTS OF COUNSEL

A further word about statements and arguments of counsel. The attorney's statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent with the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant and you are instructed to disregard any person al opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing arguments, or at any other time during the course of the trial.

## CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

–2–

## EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

*You have heard medical experts being asked to give opinions based on a reasonable medical probability. In Delaware, a medical expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable medical probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable medical probabilities, not just possibilities.*

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case. Plaintiff has the burden of providing his claims and damages by what is called a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely true than not. It means that certain evidence, when compared to the evidence opposed to it, has the most convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number or witnesses. If the evidence as to a particular element or issue is evenly balanced, the part has not provided the element by a preponderance of the evidence and you must find against a party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiff has met his burden of proof on various issues.

## DELIBERATION AND VERDICT

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each

– 4 –

of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts, not me. Your sole interest is to seek the truth from the evidence in that case. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages are normally sent to me through the foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party. You must decide the case yourselves based on the evidence presented.

## Liability

### Maritime Law - General

**Joint 1.**    The law which governs this case is the Maritime Law or the Law of the Sea. In many respects, it is different from the law which governs our everyday affairs. It is, therefore, necessary

for you to disregard any notions that you might have as to what the law may be and to accept the law as I give it to you. This is your legal duty in every case and particularly so in this case. <u>Seas Shipping Company v. Sieracki</u>, 328 U.S. 35 (1946).

**Joint 2.**        In this case, the plaintiff has made two separate claims for recovery *against the Delaware River and Bay Authority*. He has made a claim under the doctrine known as "unseaworthiness," which is essentially a claim that the ship or its crew or equipment was not reasonably fit for its intended purposes. And he has also made a claim of negligence under a special act of Congress called the Jones Act. However, it is important to note at the outset that plaintiff's claims of "unseaworthiness" and of negligence under the Jones Act are alternative claims arising from the same injury. Each claim is governed by separate standards and must be considered separately, but plaintiff can only recover once for his injuries, even if you find that he has established both theories. The plaintiff need prove only one, but may prove both theories in order to recover. <u>See</u> <u>generally</u> L. Sand, <u>et</u> <u>al.</u>, <u>Modern Federal Jury Instructions</u>, p. 90-57, Instruction 90-32 (1997).

### Unseaworthiness - Introduction

**Joint 3.**    Under the Maritime Law which applies to this case, there is an absolute duty on the part of the shipowner to provide a safe and seaworthy vessel and to supply and keep in reasonable order the appliances and equipment appurtenant to the vessel for the safe use of the personnel who were engaged in rendering services aboard the vessel. <u>Seas Shipping Company v. Sieracki</u>, 328 U.S. 35 (1946).

**Joint 4. Unseaworthiness - Standard.**    "Seaworthy" means that the vessel and her equipment were reasonably fit for the purpose for which they were intended to be used. The standard is reasonable fitness, not perfection. A defendant discharges his duty if he furnishes a vessel

reasonably suited for her intended service. <u>Smith v. Marilyn M. Fishing, Inc.</u>, 173 Cal App. 3d 453, 458, 219 Cal Rptr. 57, 60 (1985) (citing <u>Mitchell v. Trawler Racer, Inc.</u> 362 U.S. 539, 550 (1960)).

**Joint 5.   Unseaworthiness – Liability without fault.**    If an unseaworthy condition exists and is a substantial factor in causing an injury, the injured party who is entitled to the protection of this rule of law is entitled to recover from the shipowner, even though the shipowner or its agents or employees did not create the condition, did not know of its existence or had no opportunity to repair or correct it.  In other words, this form of liability is not dependent upon any concept of carelessness or negligence.  The warranty of seaworthiness is a species of liability without fault.  <u>Seas Shipping Company v. Sieracki</u>, 328 U.S. 35 (1946).

**Joint 6.   Unseaworthiness – Only part need be unseaworthy.**  In proving his unseaworthiness claim, the plaintiff is not required to establish that the entire ship was unseaworthy.  Rather, he must show only that a part of the ship or its gear or crew was unseaworthy.  <u>See</u> <u>generally</u> L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, p. 90-63, Instruction 90-37 (1997).


**Joint 7.   Seaworthiness – Safe working conditions.**    If there is a hazardous conditions which is or should be known to the employer, it is incumbent upon the employer, to provide such safety regulations and/or require use of safety equipment to insure safe working conditions for the employees.  <u>See</u> <u>Hebert v. Otto Candies, Inc.</u>, 402 F.Supp. 503 (E.D.La. 1975).

**Plaintiff's 8.  Unseaworthiness – Reasonable safety.**   If a shipowner knows or should know that a certain activity will occur, there is imposed upon it the absolute duty of supplying whatever equipment is necessary, including warning signs, for permitting the conduct and accomplishment of an activity in reasonable safety.  Failure to comply with this duty makes the shipowner liable and the

vessel unseaworthy.  <u>See</u> <u>Mesle v. Kea SS Co.</u>, 260 F.2d 747, 751 (3d Cir. 1958).  A shipowner may not escape this liability, however, merely because the owner uses persons rather than machines or physical equipment to perform ship's work.  <u>See</u> <u>e.g.</u> <u>Waldron v. Moore-McCormack Lines, Inc.</u>, 87 S.Ct. 1410, 18 L.Ed.2d 482  (1967).


**DRBA objects** - misstatement of law and confusing.  DRBA will accept if "including warning signs" is omitted from the charge.

**Joint 9.  Unseaworthiness - No accident free ship**.   It is important to note that the doctrine of seaworthiness does not necessarily obligate the shipowner to furnish an accident free ship.  Rather, the shipowner's duty is to provide a ship, equipment and crew which are reasonably fit for their intended purpose.   L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, p. 90-7, Instruction 90-36 (1997).

**The Jones Act**

**Joint 10.  The Jones Act - General.**    The plaintiff also brings this action against the defendant under the Jones Act.  The Jones Act provides in substance that every employer whose employees are members of the crew of a vessel in navigation shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees or from any defect or deficiency, due to its negligence, in the vessel, its crew or its equipment.  L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, p. 90-7, Instruction 90-1 (1997).


**<u>OBJECTION BY DEFENDANT SWETT</u> - Any reference to "defendant" should be changed to "shipowner" or the "DRBA."**

– 8 –

**Joint 11**.  **The Jones Act - Negligence generally.**   Since the defendant is a corporate entity, which can act only through its officers, employees, and agents, it is liable under the Jones Act for their negligence.  Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation.  It can consist of doing something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.  See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963); Tiller v. Atlantic Coast Line R.R., 318 U.S. 54 (1943).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-22, Instruction 89-9 (1997).


**OBJECTION BY DEFENDANT SWETT - Any reference to "defendant" should be changed to "shipowner" or the "DRBA."**


**Plaintiff's 12.  The Jones Act - Safe place to work.**  The vessel owner, through its crew members, owe to the persons serving aboard the vessel the non-delegable duty to exercise reasonable care to provide those persons with a safe place to work.  The failure to provide plaintiff with a safe place to work constitutes negligence on the part of the shipowner.  Plaintiff is entitled to a verdict in his favor and against the defendant and meets the burden of proof imposed upon him under The Jones Act if he convinces you that the negligence of the defendant or the failure of the defendant to provide him with a reasonably safe place within which to work played any part, even the slightest, in causing him to suffer the injuries that he sustained in this case.  Brabazon v. Belships Co., Ltd., 202 F.2d 904 (3rd Cir. 1953); Earles v. Union Barge Line Corp., 486 F.2d 1097 (30rd Cir. 1973); Beard v. Ellerman Lines, Ltd., 289 F.2d 201 (3d Cir. 1961).

**DRBA OBJECTS.  (Cumulative)**

**OBJECTION BY DEFENDANT SWETT** - Any reference to "defendant" should be changed to "shipowner" or the "DRBA."

**Joint 13.  The Jones Act - Rules and procedures.**  A shipowner may also be found negligent under the Jones Act if it fails to prescribe, promulgate, and/or enforce adequate rules, procedures, and regulations for the safe operation of its vessel, equipment, tools, machinery and appliances.  See Moore v. Chesapeake & Ohio Ry., 649 F.2d 1004 (4th Cir. 1981); Phillips v. Chesapeake & Ohio Ry., 475 F.2d 22 (4th Cir. 1973).

**Plaintiff's 14.  The Jones Act - Remedial measures**.  Even when the shipowner takes precautions for an employee's safety, it cannot escape liability if further remedial measures were both possible and reasonable yet not effectuated.  See Williams v. Long Island R.R., 196 F.3d 402 (2d Cir. 1999); Martinez v. Union Pacific R.R., 82 F.3d 223 (8th Cir. 1996); Eggert v. Norfolk & Western Ry., 538 F.2d 509 (2d Cir. 1976); Panger v. Duluth, Winnipeg & Pacific Ry., 490 F.2d 1112 (8th Cir. 1974); Rodriguez v. Delray Connecting R.R., 473 F.2d 819 (6th Cir. 1973); Schillie v. Atchison, Topeka & Santa Fe Ry., 222 F.2d 810 (8th Cir. 1955); Boston & Maine R.R. v. Meech, 156 F.2d 109 (1st Cir.), cert. denied, 329 U.S. 763 (1946); Morgan v. Consolidated Rail Corp., 509 F. Supp. 281 (S.D.N.Y. 1980); Isgett v. Seaboard Coast Line R.R., 332 F. Supp. 1127 (D.S.C. 1971); Seeberger v. Burlington Northern R.R., 138 Wash.2d 815, 982 P.2d 1149 (1999); Missouri-Kansas-Texas R.R. v. Miller, 486 P.2d 630 (Okla. 1971); Wright v. Chicago, Burlington & Quincy R.R., 392 S.W.2d 401 (Mo. 1965); Welsh v. Burlington Northern R.R., 719 S.W.2d 793 (Mo.App. 1986); Campbell

v. Chesapeake & Ohio Ry., 36 Ill.App.2d 276, 183 N.E.2d 736 (1962); Wawryszyn v. Illinois Central
R.R., 10 Ill.App.2d 394, 135 N.E.2d 154 (1956).


**DRBA OBJECTS (incomprehensible, confusing)**


**Joint 15.  The Jones Act - Nondelegable duty.**    The Jones Act, therefore, imposes on a shipowner
a non-delegable duty to guard against any risks or dangers of which it knew or by the exercise of
reasonable care should have known.  In other words, the defendant's duty is measured by what a
reasonably prudent person would anticipate or foresee resulting from particular circumstances.  See
generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-28, Instruction 90-13 (1997).


**Joint 16.   The Jones Act - Imputable knowledge.**   You may impute actual knowledge of a
particular risk or danger to the shipowner if its officers, agents, or employees knew or should have
known of the condition.  See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963).  See generally
5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-29, Instruction 90-14 (1997).


**Joint 17.  The Jones Act - Constructive knowledge**.  You may also impute constructive knowledge
of a dangerous condition or defect to the shipowner if the evidence reveals that the hazard has
existed for a sufficiently long period of time that the defendant, upon reasonable inspection, should
have discovered it.  See Baltimore & Ohio R.R. v. Flechtner, 300 F. 318 (6th Cir.), cert. denied, 266
U.S. 613 (1924); Smith v. Schumacker, 30 Cal.App.2d 251, 85 P.2d 967 (1938), cert. denied, 307
U.S. 646 (1939); Doyle v. St. Louis Merchants' Bridge Terminal Ry., 326 Mo. 425, 31 S.W.2d 1010

(1930), <u>cert</u>. <u>denied</u>, 283 U.S. 820 (1931); <u>Galveston, Harrisburg & San Antonio Ry. v. Miller</u>, 192 S.W. 593 (Tex.App. 1917).  <u>See generally</u> 5 L. Sand, <u>et</u> <u>al</u>., <u>Modern Federal Jury Instructions</u>, p. 90-29, Instruction 90-14 (1997)


**Plaintiff's 18.  The Jones Act - Violation of statute.**  Moreover, if the evidence reveals that the defendant violated an applicable regulation or statute or permitted the violation of an applicable regulation or state law, and that this act and/or omission contributed in any way to plaintiff's injuries, then you must find that the defendant was negligent as a matter of law.  <u>See</u> <u>Crane v. Cedar Rapids & Iowa City Ry.</u>  395 U.S. 164 (1969); <u>Kernan v. American Dredging Co.</u>, 355 U.S. 426 (1958); <u>Urie v. Thompson</u>, 337 U.S. 163 (1949); <u>Seaboard Air Line Ry. v. Horton</u>, 233 U.S. 492 (1994); <u>Morant v. Long Island R.R.</u>, 66 F.3d 518 (2d Cir. 1995); <u>Walden v. Illinois Central Gulf R.R.</u>, 975 F.2d 361 (7th Cir. 1992); <u>Eckert v. Aliquippa & Southern R.R.</u>, 828 F.2d 183 (3d Cir. 1987); <u>Diede v. Burlington Northern R.R.</u>, 772 F.2d 593 (9th Cir. 1985); <u>Schroeder v. Pennsylvania R.R.</u>, 397 F.2d 452 (7th Cir. 1968); <u>Schultz v. Illinois Central R.R.</u>, 1994 WL 643244 (N.D.Ill., November 9, 1994).  <u>See</u> <u>also</u> <u>Rabon v. Automatic Fasteners, Inc.</u>, 672 F.2d 1231 5th Cir. 1982); <u>Melerine v. Avondale Shipyards, Inc.</u>, 659 F.2d 706 (5th Cir. 1981); <u>National Marine Services, Inc. v. Gulf Oil Co.</u>, 433 F.Supp. 913, 919-920 (E.D.La.1977), aff'd 608 F.2d 522 (5th Cir. 1979); <u>Buhler v. Marriott Hotels, Inc.</u>, 390 F.Supp. 999 (E.D.La.1974).


**DRBA OBJECTS.  (Misstatement of law, misleading and inapplicable)**


**<u>OBJECTION BY DEFENDANT SWETT</u> - Any reference to "defendant" should be changed to "shipowner" or the "DRBA;" misstatement of cited caselaw; and cited Delaware statute inapplicable.**

Plaintiff contends that defendant violated a state statute and that DRBA's negligence permitted this to happen.

**Plaintiff's 19. The Jones Act - Violation of statute**. Moreover, even if these statutes and/or regulations are not applicable to the specific operation involved in plaintiff's accident, defendant's noncompliance therewith is still evidence of negligence in this action. See Ries v. National R.R. Passenger Corp., 960 F.2d 1156 (3d Cir. 1992); Albrecht v. Baltimore & Ohio R.R., 808 F.2d 329 (4th Cir. 1987); Miller v. Chicago & North Western Transportation Co., 925 F. Supp. 583 (N.D.Ill. 1996); Manes v. Metro-North Commuter R.R., 801 F. Supp. 954 (D.Conn. 1992), aff'd, 990 F.2d 622 (2d Cir. 1993). It is relevant to your determination of what precautions a reasonably prudent employer would have implemented under similar circumstances. See Ries, supra; Albrecht, supra; Miller, supra; Manes, supra.

**DRBA OBJECTS.  (Misstatement of law, misleading and inapplicable)**
**OBJECTION BY DEFENDANT SWETT - Misstatement of cited caselaw and cited Delaware statute inapplicable.**

**Plaintiff's 20. The Jones Act - Causation.**   Under the Jones Act, a shipowner is liable in damages for breaching its non-delegable duty to provide a safe place to work if the negligent acts or omissions of its officers, agents, or employees played any part, even the slightest, in producing plaintiff's injury. See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957).  It does not matter that, from the evidence, you may also attribute plaintiff's injury to other causes.  See Rogers, supra.  The involvement of any other cause does not prevent a finding for the plaintiff, as long as you determine that the employer's negligence played any part, no matter how slight, in causing the injury.  See

Rogers, supra.    See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-43,

Instruction 90-25 (1997).

**DRBA OBJECTS (misleading and confusing) and proposes the following alternative, which**

**is taken verbatim from Sand Instruction 90-25:**

It is important to note to remember that there can be more than one cause of an injury.  The

involvement of any other cause does not prevent a finding for the plaintiff, as long as you determine

that the employer's negligence played any part, no matter how slight, in causing the injury.


**DRBA 21.  The Jones Act - More than one cause.**  Negligence may be a cause of damage even

though it operates in combination with the act of another, some natural cause, or some other cause

occurs at the same time as the negligence and if the DRBA's negligence played any part, no matter

how small, in causing the damage, you may find for the plaintiff under the Jones Act.  If that is the

case, however, you will be asked to assign percentages of negligence, if any is found,  to the DRBA,

Swett and Kopacz himself.

**Plaintiff's comment**: This is misleading and inapplicable since DRBA contends that plaintiff's

injuries are from a pre-existing condition.


**DRBA 22.  Contributory Negligence.**    The DRBA denies that it was negligent or that its vessel

was unseaworthy, and claims that any injuries suffered by Mr. Kopacz was caused by his own

negligence.  If, however, you find that he was injured on the vessel and that unseaworthiness was

a substantial cause or an negligence of the DRBA was even a slight cause of any injury to Mr.

Kopacz, you must then consider whether Mr. Kopacz' own negligence contributed to his injury.  Just

as it is the plaintiff's burden to prove to you that the DRBA was negligent or the vessel unseaworthy, it is the DRBA's burden to prove to you by a preponderance of the evidence that Mr. Kopacz was contributorily negligent. If you find that the DRBA has met its burden of proving that Mr. Kopacz was negligent, and that his own negligence contributed to his injury, that will not prevent a recovery by Mr. Kopacz, however, the Court would reduce the total damages by the percentage of negligence that you fill in on the special verdict form that the lawyers will explain to you in their closing arguments.

**Plaintiff objects - (cumulative).**

**OBJECTION BY DEFENDANT SWETT - Should be revised to include Defendant Swett in proposed charge.**

**Plaintiff's 23. The Jones Act - Contributory Negligence.** Under the Jones Act, therefore, a seaman is entitled to assume that his employer properly discharged its duty to provide him a reasonably safe place to work and that he is not exposed to any hazards or dangers. Prosser, Torts, p. 642; Holmes v. Ginter Restaurant Co., 54 F.2d 876 (1st Cir. 1932). See also Cazad v. Chesapeake & Ohio Ry., 622 F.2d 72 (4th Cir. 1980); Williams v. Atlantic Coast Line R.R., 190 F.2d 744 (5th Cir. 1951); Pitt v. Pennsylvania R.R., 66 F. Supp. 443 (E.D.Pa. 1946), aff'd, 161 F.2d 733 (3d Cir. 1947).

**DRBA OBJECTION. (misleading).**

-15-

**Joint 24.  Contributory negligence - not required to anticipate.**    A seaman is not bound to anticipate a negligent act or omission on the part of the shipowner and a failure to anticipate the negligence of another does not constitute negligence on the part of the plaintiff.  Nixon v. Chiarilli, 122 A.2d 710, 385 Pa. 218 (1956); Hogg v. Bessemer & L.E.R. Co., 373 Pa. 632 (1953).

**Plaintiff's 25**.  **Contributory negligence - reasonably safe conditions.**   Every person is permitted to act on the assumption that he is not exposed or threatened by danger which can come to him as a result of the negligence of another one to whom the duty is owed to maintain and supply equipment and working conditions in a reasonably safe condition is not under any duty or obligation to anticipate that such equipment or working conditions are dangerous or unsafe.  Przybyszewski v. Nunes, 168 Pa. Super. 311 (1951).


**DRBA OBJECTION (cumulative, confusing and irrelevant)**.  DRBA will accept the second part of the charge, as set forth below:

        One to whom the duty is owned to maintain and supply equipment and working conditions in a reasonably safe condition is not under any duty or obligation to anticipate that such equipment or working conditions are dangerous or safe.

**Plaintiff's comment: (confusing and contradictory).**


**Plaintiff's 26.  Contributory negligence - dangerous job.**    Thus, you may not find the plaintiff contributorily negligent based solely on his knowledge or acceptance of a dangerous condition or because he was working at a dangerous job.  See Fashauer, supra.  This is so even if the hazard or danger was obvious.  See Rivera v. Farrell Lines, Inc., 474 F.2d 255 (2d Cir.), cert. denied, 414 U.S.

822 (1973); Hall v. American Steamship Co., 688 F.2d 1062 (6th Cir. 1982); Tolar v. Kinsman

Marine Transit Co., 618 F.2d 1193 (6th Cir. 1980); Salem v. United States Lines Co., 293 F.2d 121

(2d Cir. 1961), aff'd in part, rev'd in part, 370 U.S. 31 (1962); Darlington v. National Bulk Carriers,

Inc., 157 F.2d 817 (2d Cir. 1946); Pedersen v. Diesel Tankers, Ira. S. Bushey, Inc., 280 F. Supp. 421

(S.D.N.Y. 1967).

**DRBA OBJECTS (misleading) and requests the following substitute charge which is taken
verbatim from Sand 90-28:**

In considering the question of plaintiff's contributory negligence, if any, account must be

made for the general position of seamen. Generally speaking, it is the duty of seamen to do the work

assigned, it is not their duty to find the safest method of doing it or to devise a safer method.

Thus plaintiff can be found contributorily negligent based solely on his knowledge or

acceptance of a dangerous situation or based on the fact that he was working at a dangerous job.

Rather, you may find the plaintiff contributorily negligent only if defendant has proved by a

preponderance of the evidence that plaintiff did not exercise ordinary care for his own protection,

such as failing to use a safe alternative, of which he knew or should have known. But remember,

the mere fact that plaintiff continued working in spite of a dangerous situation does not constitute

contributory negligence and cannot prevent or reduce his recovery.

**Plaintiff objects - repetitive.**

**DRBA 27. Own negligence.**    A plaintiff injured entirely by his or her own negligence cannot

recover under the Jones Act. Brogan, 213 F. Supp. 2d at 438.

**Plaintiff's comment**: unnecessary and confusing.

**Plaintiff's 28.  Contributory negligence  - Negligence of employer.**   It is the duty of a seaman only to do the work assigned.  See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995).  It is not his duty to find the safest method of doing it, or to devise a safer method.  See Fashauer, supra.  Therefore, in considering the defendant's claim that the plaintiff was guilty of contributory negligence, you must bear in mind that the plaintiff is not chargeable with any negligent conduct of his employer.  See Fashauer, supra.  The plaintiff is only chargeable with his own actions.  See Fashauer, supra.  In connection with the defendant's claim of contributory negligence, therefore, you may consider only what the plaintiff himself did, or failed to do, at the time and place in question as shown by a preponderance of the evidence.  See Fashauer, supra.

**DRBA OBJECTS (covered by Sand 90-28)**, suggested above.

**Plaintiff's 29.   Contributory negligence - violation of statute.**    Moreover, contributory negligence may not be asserted as a defense to mitigate plaintiff's damages should you find that the shipowner's acts or omissions violated an applicable safety statute and/or regulation.  See Kernan v. American Dredging Co., 355 U.S. 426 (1958); Eckert v. Aliquippa & Southern R.R., 828 F.2d 183 (3d Cir. 1987).  See also Pratico v. Portland Terminal Co., 783 F.2d 255 (1st Cir. 1985).

**DRBA OBJECTS (complete misstatement of the law)**

**Plaintiff's comment**:  Kernan is on point.

**Plaintiff's 30.  General Maritime Law.**    Plaintiff also has a claim against defendant Swett, and this is governed by the general maritime law.  This law is different from unseaworthiness and the Jones Act.  Under the general maritime law, you may find against defendant Swett if you find that he was guilty of negligence and that his negligence was a substantial factor in producing plaintiff Kopacz's injuries.

**OBJECTION BY DEFENDANT SWETT - Misstatement of law.**


**Plaintiff's 31.  General Maritime Law - Negligence**    Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation.  It can consist of doing something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done.  *See generally 5 L. Sand, et al., Modern Federal Jury Instructions*, p. 89-22, Instruction 89-9 (1997).


**OBJECTION  BY  DEFENDANT  SWETT** - An additional point for charge regarding the presumption of negligence should be included.  Please see Defendant Swett's Proposed Point for Charge No. 32.


**Swett 32.  Negligence is never presumed.**    This case involves claims of negligence against the DRBA and Craig Swett. Negligence is never presumed.  It must be proved by a preponderance of the evidence before Jan Kopacz is entitled to recover.  No presumption that Craig Swett was negligent arises from the mere fact that an accident may have occurred.

Fedorczyk v. Caribbean Cruise Lines, Ltd., 82 F.3d 69, 74 (3d Cir. 1996) citing W. Page

Keeton et. al., PROSSER AND KEETON ON THE LAW OF TORTS § 41, at 269 (5th ed.984); Levine v.

Lam, 226 A.2d 925, 926-27 (Del. 1967); Wilson v. Derrickson, 175 A.2d 400 (Del. 1961)


**Plaintiff's 33. General Maritime Law - Proximate Cause**.    You are not to award damages for

any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless

it has been established by a preponderance of the evidence in the case that such injury or condition

was proximately caused by the accident in question.  An injury or condition is proximately caused

by an act, or failure to act, whenever it appears from the evidence in the case that the act or omission

played a substantial part in bringing about or actually causing the injury or damages, and that the

injury or damage was either a direct result or a reasonably probable consequence of the act or

omission.  Fournier v. Petroleum Helicopters, Inc., 665 F.Supp. 483, 486 (E.D. La. 1987).


**Plaintiff's 34. General Maritime Law - Breach of Statutory Duty.**   If you find that defendant

Swett breached a duty imposed upon him by the Delaware Motor Vehicle Code and that plaintiff was

in the class of persons intended to be protected by that Code, then you may find defendant Swett

negligent and you must find against defendant Swett unless Swett has proven, by a preponderance

of the evidence, that his fault could not have been one of the causes of the accident.  The

Pennsylvania, 86 U.S. 1 (19 Wall.) 125 (1873); Phillips Petroleum Co. v. Stokes Oil Co., 639

F.Supp. 291, 297 (W.D. Ky. 1986) affirmed 863 F.2d 1250 (6th Cir. 1988).


**Swett objection**: Proposed charge misinterprets caselaw cited and The Pennsylvania is not

applicable.

**DRBA objects** - the Pennsylvania Rule is not applicable in Jones Act cases or where no maritime

regulation is violated.


**Swett 35.  General Maritime Law - Breach of Statutory Duty**.   If you find that defendant

Swett breached a duty imposed upon him by the Delaware Motor Vehicle Code and that plaintiff was

in the class of persons intended to be protected by that Code, then you may find defendant Swett

negligent. The Pennsylvania, 86 U.S. 1 (19 Wall.) 125 (1873); Phillips Petroleum Co. v. Stokes Oil

Co., 639 F.Supp. 291, 297 (W.D. Ky. 1986) affirmed 863 F.2d 1250 (6th Cir. 1988).


**Plaintiff objects.**


**Plaintiff's 36.  Contributory Negligence - Burden of Proof.**    Just as the plaintiff has the burden

of proof to convince you by a fair preponderance of the evidence that the defendant was negligent,

or that the shipowner, its appliances and appurtenances, were unsafe, the defendant has the burden

of proof to convince you, by the same quality of evidence, that the plaintiff was guilty of contributory

negligence.


**OBJECTION BY DEFENDANT SWETT** -  The burden of proof as stated in Plaintiff's Proposed

Point for Charge is incorrect.

**DRBA objects - already covered**

-21-

**Joint 37.  Contributory negligence - Burden of Proof.**   It is, therefore, the defendants which have the burden of establishing by a preponderance of the evidence that the plaintiff was contributorily negligent.  See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995).

**Plaintiff's 38.  Duty to Charge.**   The mere fact that I mention contributory negligence does not mean that the plaintiff was in fact guilty of contributory negligence.  I am merely doing my duty in advising you of all the considerations, however remote, involved in a lawsuit of this type.  You should not take the fact that I have mentioned contributory negligence to mean that it is present in this case in any way.

**OBJECTION BY DEFENDANT SWETT** - If Plaintiff's Proposed Point for Charge is included, then Defendant Swett submits that its Proposed No. 39 be included.  Otherwise, Plaintiff's Proposed Point for Charge as stated would be unfairly prejudicial.

**Swett 39.  Negligence not imputed.**   The mere fact that I mention negligence does not mean that the defendants are in fact guilty of negligence.  I am merely doing my duty in advising you of all the considerations, however remote, involved in a lawsuit of this type.  You should not take the fact that I have mentioned negligence to mean that it is present in this case in any way.

**Plaintiff's 40.  Assumption of the Risk Not Available**.   The vessel owner cannot avoid liability for personal injury on the grounds that the injured party assumed the risk of his employment.

Assumption of the risk is not a defense in a suit by a maritime worker against a shipowner, and the maritime worker does not assume the risk of being injured through the negligence of his employer or the negligence of a fellow employee.  Sinkler v. Missouri Pac. R. Co., 356 U.S. 326 (1958), reh. denied, 356 U.S. 978; Seabalt v. Pennsylvania R. Co., 290 F.2d 296 (2d Cir. 1961).


**DEFENDANT DRBA OBJECTS.  (confusing, DRBA will not raise assumption of risk as defense).**  See Fashauer, 57 F.3d 1269 (3rd Cir.).


**Plaintiff's 41.  Assumption of the Risk Not Available.**    The plaintiff does not assume the risk of an unsafe place to work and cannot be blamed for working in an unsafe place.  This is so even if the hazard or danger is obvious.  Darlington v. National Bulk Carriers, 157 F.2d 817 (2d Cir. 1946); Salem v. United States Lines Co., 293 F.2d 121, 125 (2d Cir. 1961), aff'd in part, rev'd in part, 370 U.S. 31, 82 S.Ct. 1119 (1962); Rivera v. Farrell Lines, Inc., 474 F.2d 255, 257-258 (2d Cir.); cert. den., 464 U.S. 1039 (1984); Pedersen v. Diesel Tankers, Ira S. Bushey, Inc., 280 F.Supp. 421, 424 (S.D.N.Y. 1967); Hall v. American Steamship Co., 688 F.2d 1062 (6th Cir. 1982); Tolar v. Kinsman Marine Transit Co., 618 F.2d 1193 (6th Cir. 1980).


**DRBA OBJECTS.  (misstatement of law)** an assumption of the risk instruction is inappropriate unless defendant makes the argument that plaintiff assumed the risk.  See Fashauer, 57 F. 3d 1269 (3rd Cir.).

**OBJECTION BY DEFENDANT SWETT** - Misstatement of law.

**Plaintiff's 42.  Comparative negligence.**  It is, however, important that you realize that even if you find the plaintiff contributorily negligent, this does not prevent him from recovering damages.  Under these circumstances, your verdict should nonetheless be in his favor if you find that the shipowner's negligence also played a part, no matter how slight, in causing the injuries.  The Court will then reduce the amount of damages awarded to the plaintiff by the percentage you should find that his negligence, if any, contributed to the accident.  See Carter v. Atlantic St. Andrews Bay Ry., 338 U.S. 430 (1949).  *See generally 5 L. Sand, et al., Modern Federal Jury Instructions*, p. 90-45, Instruction 90-26 (1997).

**OBJECTION BY DEFENDANT SWETT** - Delaware comparative negligence should apply. *See Fedorczyk v. Caribbean Cruise Lines,* Ltd., 82 F.3d 69, 74 (3d Cir.  1996).

DRBA objects as duplicative

**Swett 43.  Comparative Negligence**.  Negligence is negligence no matter who commits it. When the plaintiff is negligent, we call it contributory negligence.  Under Delaware law, a plaintiff's contributory negligence does not mean that the plaintiff cannot recover damages from the defendant as long as the plaintiff's negligence was no greater than the defendant's negligence.  Instead of preventing a recovery, Delaware law reduces the plaintiff's recovery in proportion to the plaintiff's negligence.

If you find contributory negligence was a proximate cause of the Jan Kopacz's alleged injuries, you must determine the degree of that negligence, expressed as a percentage, attributable to Jan Kopacz.  Similarly, if you find that one or more than one defendant was

-24-

negligent, you must determine their relative degrees of fault.  Using 100% as the total combined negligence of the parties, you must determine what percentage of negligence is attributable to Jan Kopacz, Delaware River and Bay Authority, and Craig Swett.  I will furnish you with a special-verdict form for this purpose.  The Court will then make any necessary adjustments.[1]

**Plaintiff objects.**

**DRBA OBJECTS–** Maritime law applies and provides for pure comparative negligence.  To the extent this is disputed, the special verdict form will direct the jury to assign percentages of negligence between the three parties, and the Court can modify the verdict accordingly.


**Plaintiff's 44.  Contributory negligence not a bar.**   If you find that the defendant was negligent and/or that the vessel was unseaworthy as a consequence of which the plaintiff was injured, the fact that there might also have been negligence on the part of plaintiff's co-employee which contributed to the happening of the accident would not bar his right to recover from the defendant shipowner.

**DRBA OBJECTS (inapplicable, no allegation of co-employee negligence)**

**SWETT OBJECTION** - Inapplicable because no allegation of co-employee negligence.


**Joint 45.  Plaintiff's burden of proof.**    It is not necessary for the plaintiff to prove both unseaworthiness and negligence.  It is enough if he proves either one.  Of course, he may prove both. But if he proves either one, or both, and further proves that the condition or breach was a substantial factor in causing the injury, he is entitled to a verdict in your hands.

---

[1] 10 <u>Del</u>. <u>C</u>. § 8132; *Brooks v. Delaware Racing Association, Inc.*, D.Del., C.A. No. 98-237-GMS, Sleet, J. (Jury Instructions).

**Damages**

**Plaintiff's 46.  Maritime damages.**   If you find in favor of the plaintiff, you must then determine the amount of monetary damages which you believe will fairly and justly compensate him for the injuries sustained as a result of (1) the defendants' negligence or (2) the defendants' conduct in violation of their duty to provide a seaworthy vessel.  Under the Jones Act and the doctrine of unseaworthiness and the general maritime law, the plaintiff, if he has sustained his burden of proof, may recover for:  (1) any loss of earnings from the time of the accident to the present; (2) any medical expense incurred for treatment of plaintiff's injuries; and, (3) any past and future pain, suffering, or mental anguish that he has or will continue to suffer, including the effect of the injury sustained on the normal pursuits and pleasures of life.  In addition, the plaintiff may also recover his lost fringe

benefits, both past and future.  *See generally 5 L. Sand, et al., Modern Federal Jury Instructions*, pp. 90-73 and 90-79, Instructions 90-44 and 90-49 (1997).


**DRBA OBJECTS.**  SEE DRBA 47.

**OBJECTION BY DEFENDANT SWETT** - Misstatement of law as to Defendant Swett (e.g., Swett has no duty to provide seaworthy vessel).


**DRBA 47.  Maritime damages.**   If you find in favor of the plaintiff, you must then determine the amount of monetary damages which you believe will fairly and justly compensate him for the injuries sustained as a result of (1) the defendants' negligence or (2) the defendants' conduct in violation of their duty to provide a seaworthy vessel.  Under the Jones Act and the doctrine of

unseaworthiness and the general maritime law, the plaintiff, if he has sustained his burden of proof, may recover for: (1) any actual loss of earnings from the time of the accident to the present; (2) any medical expense incurred for treatment of plaintiff's injuries which were not eligible for coverage by his medical insurance; and, (3) any past and future pain, suffering, or mental anguish that he has or will continue to suffer, including the effect of the injury sustained on the normal pursuits and pleasures of life. **[DELETED]** See generally 5 L. Sand, et al., Modern Federal Jury Instructions, pp. 90-73 and 90-79, Instructions 90-44 and 90-49 (1997).

          **Plaintiff's comment**: This is totally wrong and prejudicially misleading.

**OBJECTION BY DEFENDANT SWETT** - Misstatement of law as to Defendant Swett (e.g., Swett has no duty to provide seaworthy vessel).


**Plaintiff's 48. Plaintiff's prior condition.**    The fact that plaintiff's physical condition prior to the accident may have made him susceptible to greater injury and loss than could have been anticipated by the defendants does not in any way reduce his recovery in this case. A tortfeasor takes its victim as he finds him and is liable for the full extent of the damages sustained, even if they are greater than he could have foreseen because the plaintiff is particularly susceptible to injury. Thus, defendants whose actions exacerbate or aggravate a pre-existing asymptomatic condition are nonetheless liable for all of the plaintiff's resulting losses. See Tabor v. Miller and Stearns, 389 F.2d 645 (3d Cir.), cert. denied, 391 U.S. 915 (1968); Pavorsky v. Engels, 410 Pa. 100, 188 A.2d 731 (1963).


DRBA OBJECTS (misstatement of law) but will accept if the last sentence of above charge is deleted.

**OBJECTION BY DEFENDANT SWETT** - Misstatement and incomplete statement of law, but will accept if DRBA Proposed Point for Charge No. 50 is included.


**Plaintiff's 49**. **Preexisting condition.**   If you cannot separate the pain or disability caused by a pre-existing condition from that caused by defendants' negligent exacerbation or aggravation of it, you must hold the defendants liable for all of plaintiff's injuries.  See Stevens v. Bangor & Aroostook R.R., 97 F.3d 594 (1st Cir. 1996).  Under these circumstances, the burden of apportioning plaintiff's damages is on the defendants.  See Stevens, supra.


**DRBA OBJECTS (misstatement of law) Substitute DRBA attached charges.**

**OBJECTION BY DEFENDANT SWETT** - No supporting medical evidence of indivisible injury.


**DRBA 50.  Preexisting condition.**    When an employer's negligence aggravates a plaintiff's preexisting condition, the defendant must compensate the plaintiff for only the aggravation and not for the preexisting condition.  Evans v. United Arab Shipping Company, 790 F. Supp. 516, 519 (D.N.J. 1992), aff'd, 4 F.3d 207 (3d Cir. 1993).

**Plaintiff objects - (cumulative and repetitive).**


**Plaintiff's 51.  Defendant's liable for all damages.**    You may hold the defendants liable for all of the natural consequences flowing from their negligence, including the possible prolongation of disability resulting from the aggravation or exacerbation of a pre-existing condition.  See United

States Fidelity & Guaranty Co. v. United States, 152 F.2d 46 (2d Cir. 1945); Oliver v. Yellow Cab Co., 98 F.2d 192 (7th Cir. 1938); Pieczonka v. Pullman Co., 89 F.2d 353 (2d Cir. 1937); The Jefferson Myers, 45 F.2d 162 (2d Cir. 1930).

**DRBA OBJECTS (misstatement of law)**

**OBJECTION BY DEFENDANT SWETT** - Misstatement of law.

**Joint 52.  Damages - reasonable compensation.**    If you find that the plaintiff is entitled to damages, you must award him such sum of money as in your best judgment will reasonably compensate him for the injury he sustained.  In arriving at the monetary value of such injury, you must take into consideration the loss of bodily function, the inability to generally pursue life's pleasures, and the inconvenience of going through life with the injuries sustained as a result of the defendants' negligence.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-73, Instruction 90-44 (1997).

**OBJECTION BY DEFENDANT SWETT** - No evidence of ongoing injury, but agreeable if language "going through life with" is removed.

**Plaintiff's 53.  Damages - Pain and Suffering**.    The award of damages for past and future pain and suffering is a very real part of your verdict.  If you find that plaintiff has and will continue to undergo suffering and you do not award a monetary sum for these damages, your verdict would be less than adequate because it would omit an item which the law says is properly recoverable.  If you

were to award him loss of earnings and award him nothing for pain and suffering, your verdict would similarly not be a proper one.  See Jones v. American Export Isbrandtsen Lines, Inc., C.A. #41490, Charge of the Court, Honorable Joseph S. Lord, III, March 4, 1970, N.T. 314-315.

DRBA OBJECTS.  Prejudicial.

**OBJECTION BY DEFENDANT SWETT** - No evidence of ongoing injury or future pain and suffering.

**Joint 54.  Damages not taxable.**    Mr. Kopacz will not be required to pay any federal or state income taxes on any amount that you award.  You should determine the amount that he is entitled to receive without considering the effect of taxes upon it.  *3A Federal Jury Practice & Instructions* §156.63.

**Plaintiff's 55.  Essential elements of maintenance and cure.**    There is also an issue as to whether the Plaintiff is entitled to recover what the law calls "maintenance and cure."  This claim is completely separate and independent from both the Jones Act and the unseaworthiness claims and the general maritime law claims of the Plaintiff and must be decided entirely apart from your determination of those claims.

The only common element of the three claims is the "seaman" status of the Plaintiff, and the test for seaman status is the same for all claims.  The Plaintiff is a seaman; thus you must only determine whether he is entitled to maintenance and cure.

A seaman is entitled to maintenance and cure even though he was not injured as a result of

-30-

any negligence on the part of his employer or any unseaworthy condition of the vessel.

To recover maintenance and cure, the Plaintiff must show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful misbehavior on the Plaintiff's part.

The injury or illness need not be work related; it need only occur while the seaman is in the service of the ship.

"In the service of the ship" means that the disability must occur when the seaman is generally answerable to the call of duty, and it does not require that at the time of the onset the seaman was actually on the ship or in the actual performance of his duties.

Maintenance and cure may not be reduced because of any negligence on the part of the Plaintiff.

It is important to note here that if you find the plaintiff is or is not entitled to an award of damages under either the plaintiff's Jones Act or the plaintiff's unseaworthiness claims you must still determine whether plaintiff is entitled to maintenance and cure.

Maintenance is generally the cost of board and lodging while the seaman is disabled. In this case DRBA pays a seaman 100% of his wages for the first 90 days of his disability and 60% of his wages for any period thereafter, and this is the rate you should use if you determine that plaintiff is entitled to maintenance.

The "cure" to which a seaman may be entitled includes the cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines and medical apparatus.

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until

-31-

he reaches the point of what is called "maximum cure." Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected. Thus, if it appears that a seaman's condition is incurable or that the treatment will only relieve pain but will not improve a seaman's physical condition, he has reached maximum cure. The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished.

In addition to maintenance and cure a seaman is also entitled to recover damages for pain and suffering for the entire period that maintenance and cure was not paid if you find that DRBA's failure to pay was unreasonable or without substantial justification. The amount of these damages is entirely for your determination, and maintenance and cure is still unpaid so you should take that into consideration if you award such damages.

Warren v. United States, 340 U.S. 523 (1951); Farrell v. United States, 336 U.S. 511 (1949); Aguilar v. Standard Oil Co., 318 U.S. 724 (1943); Deisler v. McCormack Aggregates Co., 54 F.3d 1074 (3rd Cir. 1995); Barnes v. Andover Co., L.P., 900 F.2d 630 (3rd Cir. 1990).

**DRBA objects - and proposes the following charge:**

There is also an issue as to whether the plaintiff is entitled to recover what the law calls "maintenance and cure". This claim is completely separate and independent from both the Jones Act and the unseaworthy claims and the general maritime law claims of the plaintiff and must be decided entirely apart from your determination of those claims.

The only common element of the three claims is the "seaman" status of the plaintiff, and the test for seaman status is the same for all claims. The plaintiff is a seaman; thus you must only determine whether he is entitled to maintenance and cure.

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel.

To recover maintenance and cure, the plaintiff must show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without wilful misbehavior on the plaintiff's part.

The injury or illness need not be work-related; it need only occur while the seaman is in the service of the ship.

Maintenance and cure may not be reduced because of any negligence on the part of the plaintiff.

It is important to note here that if you find the plaintiff is [DELETE] entitled to an award of damages under either the plaintiff's Jones Act or the plaintiff's unseaworthiness claims, and you include either lost wages or medical expenses in the damage award, then maintenance and cure cannot be awarded for the same period of time.  In other words, there can be no double recovery.

Maintenance is generally the cost of board and lodging while the seaman is disabled as a result of an injury or illness while on the vessel.

The "cure" to which a seaman may be entitled includes the cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines and medical apparatus.  To the extent that treatment was eligible for coverage by medical insurance provided by the DRBA, you may not award cure to plaintiff.

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches the point of what is called "maximum cure."  Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected.  Thus, if it appears

-33-

that a seaman's condition is incurable or that the treatment will only relieve pain but will not improve a seaman's physical condition, he has reached maximum cure. The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished or when no further treatment for the condition is offered.

> **Plaintiff objects.** There is no definition of "in the service of the ship"; there can be a double recovery only for medical expenses; there is no mention of pain and suffering damages for failure to pay maintenance and cure; and there are other misstatements.

**Plaintiff's 56**. **Loss of Consortium.** If your verdict is for the plaintiff as to liability, you should consider whether to award any damages to the Estate of Cathy Kopacz for what she suffered by reason of her husband's injury, *i.e.,* for loss of her husband's services, comfort, society and attention in the past.

**DRBA objects**, as Cathy Kopacz has no claim against the DRBA. Therefore, the following charge is proposed to the extent that the Court permits a claim to be asserted against defendant Swett: If your verdict is favor of plaintiff Jan Kopacz as to liability, you should decide whether to award any damages against defendant Swett to plaintiff Cathy Kopacz for what she has suffered by reason of her husband's injury, *i.e.*, for loss of her husband's services, comfort, society and attention in the past. As a matter of law, Cathy Kopacz has no claim against the DRBA and therefore none has been asserted against that defendant.

**<u>OBJECTION BY DEFENDANT SWETT</u>** - Facts not in evidence.