IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 04-911 GMS |
| v. | : | |
| | : | Jury Trial Demanded |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JAN KOPACZ, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 04-1281 GMS |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

IT IS HEREBY ORDERED THIS ____ day of _____ 2006 that Defendant Craig Swett's Motion to Dismiss all claims of Cathy Kopacz, including the loss of consortium claim, is hereby granted for the reasons stated in the above motion.

IT IS SO ORDERED.

_____
The Hon. Gregory M. Sleet
U.S. District Court
District of Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 04-911 GMS |
| v. | : | |
| | : | Jury Trial Demanded |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JAN KOPACZ, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 04-1281 GMS |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

**<u>DEFENDANT SWETT'S MOTION TO DISMISS CLAIMS OF CATHY KOPACZ</u>**

Defendant, Craig Swett, hereby moves this Honorable Court for entry of an order granting its Motion to Dismiss all claims of Cathy Kopacz, including the loss of consortium claim, and, in support thereof, submits the following:

1.  As indicated in Defendant Swett's Response to Plaintiff's Motion to Substitute, Plaintiff Jan Kopacz should not be able to pursue his wife's loss of consortium claim because there is no factual basis to support that he has been appointed administrator or executor of Cathy Kopacz's estate.

2.  Even if the Court were to permit Plaintiff's substitution, Mrs. Kopacz's loss of consortium claim should be dismissed based on Plaintiff's failure to produce Mrs.

1

Kopacz for a discovery deposition during her lifetime. Specific efforts by the Plaintiff to block the taking of Mrs. Kopacz's deposition are outlined below.

3. The trial deposition of Mrs. Kopacz was scheduled to be taken on July 29, 2005 at 10:00 a.m. The notice of deposition was e-filed and faxed to all parties.[1]

4. Prior to the scheduled deposition on July 29, 2005, Plaintiff's counsel informed defense counsel that due to Mrs. Kopacz's mental condition, she would be unable to provide useful testimony. In addition, plaintiff's counsel indicated that if defense counsel went forward with the deposition, defense counsel would be named personally in a lawsuit if Mrs. Kopacz's mental and/or emotional health was affected as a result of the deposition being taken.[2]

5. In a letter dated July 27, 2005, plaintiff's counsel indicated that Mr. Kopacz intended to get a letter form Mrs. Kopacz's psychiatrist to support the fact that she was unable to handle a deposition.[3]

6. As a result of that conversation and subsequent correspondence, the deposition was vacated with a notation that it would be rescheduled at a later date.[4]

7. Plaintiff never produced any psychiatrist letter. The discovery deposition

---

[1] A copy of the Notice of Oral Deposition of Cathy Kopacz was e-filed on July 22, 2005 and is attached for the convenience of the Court as Exhibit 1. (D.I. 33)

[2] A copy of letter dated August 4, 2005 from Donald Ransom to Al Smith summarizing the conversation is attached for the convenience of the Court as Exhibit 2.

[3] A copy of letter dated July 27, 2005 from Al Smith to Donald Ransom is attached for the convenience of the Court as Exhibit 3.

[4] A copy of the Notice to Vacate Deposition of Cathy Kopacz was e-filed on July 26, 2005 and is attached for the convenience of the Court as Exhibit 4. (D.I. 35)

of Mrs. Kopacz was then renoticed and scheduled to be taken on September 30, 2005 at 1:00 p.m. The notice of deposition was again e-filed and faxed to all parties.[5]

8. On September 21, 2005, nine days before the rescheduled deposition of Mrs. Kopacz, plaintiff's counsel, via a letter, informed defense counsel that Mrs. Kopacz had fallen down a flight of stairs in her home and severely injured her liver and pancreas.[6] In addition, it was indicated in that letter that Mrs. Kopacz would be unable to attend the deposition and her loss of consortium claim may be withdrawn.[7]

9. Defendant Swett continued to request medical documentation from the plaintiff regarding Mrs. Kopacz's status, but no response was ever received.[8]

10. The trial deposition of Mrs. Kopacz was renoticed and scheduled to be taken on November 21, 2005 at 1:00 p.m. The notice of deposition was again e-filed and faxed to all parties.[9]

11. On November 11, 2005, defense counsel received notification from plaintiff's counsel that Mrs. Kopacz had passed away and the deposition scheduled for

---

[5] A copy of the Notice of Oral Deposition of Cathy Kopacz was e-filed on August 8, 2005 and is attached for the convenience of the Court as Exhibit 5. (D.I. 39)

[6] A copy of letter dated September 21, 2005 from Al Smith to Donald Ransom is attached for the convenience of the Court as Exhibit 6.

[7] *Id*.

[8] A copy of letter dated October 12, 2005 from Donald Ransom to Al Smith summarizing is attached for the convenience of the Court as Exhibit 7.

[9] A copy of the Renotice of Oral Deposition of Cathy Kopacz was e-filed on October 31, 2005 and is attached for the convenience of the Court as Exhibit 8. (D.I. 66)

November 21, 2005 was vacated.[10]

12. Despite numerous efforts by Defendant Swett, Plaintiff continually evaded efforts to have his client deposed. The plaintiff always had one reason after another as to why the deposition of Mrs. Kopacz could not proceed, but no medical documentation was ever supplied. As a result, Defendant Swett has been unfairly prejudiced due to the inability to obtain the deposition of Mrs. Kopacz.

13. Based on the foregoing, Defendant Swett's motion to dismiss the claims of Cathy Kopacz should be granted.

**CERTIFICATION**

Pursuant to Local District Court Civil Rule 7.1.2(a), the undersigned certifies that because of the nature of Plaintiff Kopacz's motion, briefing is not required.

CASARINO, CHRISTMAN & SHALK, P.A.

/s/ Donald M. Ransom
DONALD M. RANSOM, ESQUIRE
Del. I.D. No. 2626
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, Delaware 19899
(302) 594-4500

DATED: January 3, 2006   Attorney for Defendant Craig Swett

---

[10] A copy of the Notice to Vacate Deposition of Cathy Kopacz was e-filed on November 15, 2005 and is attached for the convenience of the Court as Exhibit 9. (D.I. 70)