IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ, AND | ) | |
| JAN KOPACZ AS ADMINISTRATOR | ) | |
| OF THE ESTATE OF CATHY KOPACZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-911 (GMS) |
| | ) | (Consolidated with C.A. No. 04-1281 GMS) |
| DELAWARE RIVER AND BAY | ) | |
| AUTHORITY, AND CRAIG SWETT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Presently before the court is Defendant Craig Swett's motion *in limine* regarding the

"Admissibility of Personal Injury Protection ("PIP") Eligible Benefits" under Del. Code Ann. tit. 21,

§ 2118(h) (1995). (D.I. 79.) After reviewing the parties' briefs and the relevant case law, the court

holds that recovery against Swett is governed by state law, and is therefore limited to the extent

Kopacz is eligible for insurance benefits of the type referenced in section 2118(h).

The facts giving rise to this action are straightforward. Plaintiff Jan Kopacz, an employee

of Defendant Delaware River and Bay Authority ("DRBA"), alleges he was injured while assisting

passengers with parking aboard the M/V DELAWARE[1] when he was unexpectedly struck by a

backing motor vehicle driven by Swett. He subsequently filed suit against the DRBA under general

maritime law and the Jones Act, 46 U.S.C.A. § 688 (1975),[2] and against Swett under a maritime

negligence theory. Accordingly, Kopacz alleges that the court has original jurisdiction over the

---

[1]The M/V DELWARE is a car ferry owned and operated by DRBA.

[2]The court's subject matter jurisdiction over the claims against the DRBA is conferred by
§ 688 itself, and 28 U.S.C.A. § 1333 (1993).

claim against Swett pursuant to 28 U.S.C.A. § 1333 (1993),[3] and therefore, concludes that recovery

against Swett is controlled by general maritime law.  Swett challenges that conclusion by pointing

to the aforementioned section 2118(h), which precludes a person from "pleading or introducing into

evidence in an action for damages against a tortfeasor those damages for which compensation is

available under [certain insurance plans described elsewhere in the statute] without regard to . . .

whether or not such benefits are actually recoverable."  Del. Code Ann. tit. 21, § 2118(h) (1995).

The question the court must answer in order to resolve this dispute is whether Kopacz is correct

that subject matter jurisdiction over the claim against Swett is conferred by § 1333.  If jurisdiction

is not so conferred,[4] recovery against Swett must be limited in a manner consistent with

section 2118(h).

In admiralty cases, district courts have original jurisdiction pursuant to § 1333 only if the

claim in question satisfies two tests:

> [A] party seeking to invoke federal admiralty jurisdiction pursuant to
> 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of
> connection with maritime activity.  A court applying the location test must determine
> whether the tort occurred on navigable water or whether injury suffered on land was
> caused by a vessel on navigable water. 46 U.S.C. App. § 740.  The connection test

---

[3]Section 1333 provides:

> The district courts shall have original jurisdiction, exclusive of the courts of
> the States, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases
> all other remedies to which they are otherwise entitled.
>
> (2) Any prize brought into the United States and all proceedings for the
> condemnation of property taken as prize.

[4]If jurisdiction is not conferred by § 1333, the court would nevertheless retain jurisdiction
over the claim against Swett pursuant to 28 U.S.C.A. § 1367 (1993) (supplemental jurisdiction).

2

> raises two issues.  A court, first, must "assess the general features of the type of
> incident involved," [*Sisson v. Ruby*, 497 U.S. 358, 363 (1990)], to determine whether
> the incident has "a potentially disruptive impact on maritime commerce," *id.*, at 364,
> n.2.  Second, a court must determine whether "the general character" of the "activity
> giving rise to the incident" shows a "substantial relationship to traditional maritime
> activity."  *Id.*, at 365, 364, and n.2.

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).  Since the

incident alleged in this case took place on the M/V DELAWARE while it was in navigable waters,

the location test is met.

The more difficult question is whether the connection test is met.  According to *Grubart*, the

court must first determine "whether the incident [can] be seen within a class of incidents that posed

more than a fanciful risk to commercial shipping [or maritime commerce]."  *Id.* at 538-39.  Here,

the incident involved an allegedly negligent passenger causing injury to a seaman working on a

vessel in navigable waters.  Depending on the duties of the seaman and the severity of his injuries,

such an incident has the potential to cause delays in the vessel's schedule, as well as the schedules

of other vessels looking to occupy the dock.  Thus, the court holds that this type of incident poses

"more than a fanciful risk" to maritime commerce.

Next, the court must determine "whether [the] tortfeasor's activity, commercial or

noncommercial, on navigable waters [was] so closely related to activity traditionally subject to

admiralty law that the reasons for applying special admiralty rules [i.e., the protection of maritime

commerce] would apply in the suit at hand."  *Id.* at 539-40.  In *Grubart*, the Court provided helpful

guidance regarding this inquiry:

> Navigation of boats in navigable waters clearly falls within the substantial
> relationship, [*Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 675 (1982)]; storing
> them at a marina on navigable waters is close enough, *Sisson*, *supra*, at 367; whereas
> in flying an airplane over the water, [*Executive Jet Aviation, Inc. v. Cleveland*, 409

U.S. 249, 270-271 (1972)], as in swimming, *id.*, at 255-256, the relationship is too attenuated.

*Grubart*, 513 U.S. at 540. Although it might be rational to conclude that the loading of the ferry's

"cargo," i.e., the passengers and their cars, is substantially related to traditional maritime activity,

the Court in *Grubart* indicated that the opposite conclusion might be more appropriate:

> This Court has not proposed any radical alteration of the traditional criteria for invoking admiralty jurisdiction in tort cases, *but has simply followed the lead of the lower federal courts* in rejecting a location rule so rigid as to extend admiralty to a case involving an airplane, not a vessel, engaged in an activity far removed from anything traditionally maritime. *See Executive Jet*, 409 U.S., at 268-274; *see also Peytavin v. Government Employees Ins. Co.*, 453 F. 2d 1121, 1127 (CA5 1972) (*no jurisdiction over claim for personal injury by motorist who was rear-ended while waiting for a ferry on a floating pontoon serving as the ferry's landing*); *Chapman v. Grosse Pointe Farms*, 385 F. 2d 962 (CA6 1967) (no admiralty jurisdiction over claim of swimmer who injured himself when diving off pier into shallow but navigable water).

*Id.* at 542-43 (emphasis added).

In *Peytavin*, one of the cases "followed" by the Court, two ferry-bound cars collided while

driving across a floating pontoon barge connecting the ferry to land. 453 F.2d 1121, 1122 (5th Cir.

1972). In finding admiralty jurisdiction was improper, the Fifth Circuit distinguished the case before

it from an earlier case with similar facts:

> [The plaintiff] urges in support of admiralty jurisdiction this court's earlier decision in *Napoleon Ave. Ferry v. Byrd*, 227 F.2d 958 (5th Cir. 1955) . . . . A comparison of the differences between the two cases illustrates the absence of substantial connection with maritime activities or interests in the present suit. In *Byrd* the plaintiff sued the operator of a similar Mississippi ferry for personal injuries and for the wrongful death of her husband when their car careened off of the ferry, across a similar floating pontoon barge and into the river. The court acting within its admiralty jurisdiction held that general maritime law would apply to the plaintiff's injuries, but that the claim for wrongful death would be governed by state law.
>
> In the first instance the activities of the parties in *Byrd* were more substantially connected with maritime activities than those of the parties here. The

4

plaintiff was a passenger aboard a commercial ferry boat.  The defendant was the operator of a commercial ferry boat.  Here both parties were passengers waiting to board the ferry.  Moreover, there was a more substantial connection with maritime activities in the relationship between the parties in *Byrd*, i.e., passenger – ferry operator, than here, i.e., passenger – passenger.  In *Byrd* the causes of the injury, the negligence of the ferry operator and the unseaworthiness of the vessel, were more substantially connected to maritime activities than the alleged failure of [the defendant in this case] to keep her automobile under control and maintain a proper lookout.   The pontoon barge location where the injuries were sustained is approximately the same in both cases, although in *Byrd* the sequence of causal events started on board the ferry and ended in the Mississippi whereas the events here began on the riverbank.  Finally the nature of the damages sustained, in addition to being more severe, were also more closely connected with maritime activities in *Byrd*.  In the present case the plaintiff suffered a whiplash neck and back injury in a rear-end car collision.  In *Byrd* the plaintiff suffered, in addition to a back injury, "the horror of being pulled, drowning, out of the river only to learn that her husband had not been saved."

    This court considers these factors to offer some practical guidance in determining whether a claim for tort damages is properly within the jurisdiction of admiralty.  Having examined the facts and circumstances of [the plaintiff's] claim we find that it lacks substantial connection with maritime activities or interests.

*Peytavin*, 453 F.2d at 1127.

The facts alleged by the plaintiffs in this case fall somewhere in between those in *Byrd* and those in *Peytavin*.  Similar to *Byrd*, the relationship between these parties is that of passenger – seaman, rather than that of passenger – passenger.  Also analogous to *Byrd* is Kopacz's allegation that the incident took place on the vessel itself, and not on a pontoon barge affixed to land.  On the other hand, similar to *Peytavin*, the most substantial cause of Kopacz's alleged injuries appears to have been the active negligence of a landlubber, rather than the unseaworthiness of the M/V DELAWARE.[5]  Additionally, the injuries allegedly sustained by Kopacz – injuries to his back,

---

[5]Kopacz alleges that the M/V DELAWARE was unseaworthy because it lacked adequate warning signs about and equipment to prevent backing, it had an insufficient number of employees to safely load the vehicles, etc.

elbow, etc. – are more removed from maritime activities than the drowning in *Byrd*.

In the final analysis, the court believes that the facts of this case bear more resemblance to the facts of *Peytavin*. Swett is alleged to have backed into Kopacz while driving on what is essentially a floating parking lot. Had the M/V DELAWARE been a passenger-only ferry, and had Kopacz been struck while assisting passengers with parking on a floating lot affixed to the shore, e.g., a pontoon barge, admiralty jurisdiction would surely be improper. *See Grubart*, 513 U.S. at 542-43 (following *Peytavin*). Moreover, the fact that Swett allegedly backed into a seaman instead of a fellow passenger walking among the cars was simply luck of the draw. The question, then, is whether those two facts – that the incident occurred on the ferry rather than a pontoon barge, and that Kopacz happened to be a seaman instead of a passenger – are enough to bring this case within the court's admiralty jurisdiction. Given that the ultimate inquiry is whether the incident is substantially related to traditional maritime activity, the court holds that the incident alleged here – as with the incident in *Peytavin* – does not meet the substantial-relationship prong of the connection test, and by implication, that the reasons for applying admiralty law do not apply.

Although this is might be appropriately characterized as a close case, "[l]ike other jurisdictional statutes, § 1333 may . . . be strictly construed, so long as the purposes that underlay its enactment are not thwarted." *Smith v. Guerrant*, 290 F. Supp. 111, 113 (S.D. Tex. Sept. 24, 1968). Therefore, in the tradition of strict construction, the court holds that subject matter jurisdiction is not conferred by § 1333. Consequently, the negligence claim against Swett arises under state law, and the recoverable damages for that claim are limited by section 2118(h).[6]

---

[6]In order to avoid the possibility of having to re-try this case, Swett's motion will be denied pending a post-verdict motion for an adjustment consistent with today's holding of any damages awarded to the plaintiffs. In addition, in light of this holding, the court need not address Swett's

Dated: February _6_, 2006

UNITED STATES DISTRICT JUDGE

```
┌─────────────────────────────────────┐
│           F I L E D                  │
│   ┌───────────────────────────┐      │
│   │     FEB   6  2006          │      │
│   └───────────────────────────┘      │
│        U.S. DISTRICT COURT           │
│       DISTRICT OF DELAWARE           │
└─────────────────────────────────────┘
```

---

further contention that section 2118(h) limits recovery against him even if the claim against him arises under general maritime law.

7

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAN KOPACZ, AND                          )
JAN KOPACZ AS ADMINISTRATOR              )
OF THE ESTATE OF CATHY KOPACZ,           )
                                         )
        Plaintiffs,                      )
                                         )
    v.                                   )    C.A. No. 04-911 (GMS)
                                         )    (Consolidated with C.A. No. 04-1281 GMS)
DELAWARE RIVER AND BAY                   )
AUTHORITY, AND CRAIG SWETT,              )
                                         )
        Defendants.                      )

## ORDER

IT IS HEREBY ORDERED THAT:

Defendant Swett's motion *in limine* regarding the "Admissibility of Personal Injury Protection ("PIP") Eligible Benefits" (D.I. 79) be DENIED pending a post-verdict motion for an adjustment consistent with today's holding of any damages awarded to the plaintiffs.

Dated: February  6  , 2006

_____
UNITED STATES DISTRICT JUDGE

