**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------------

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

**TRIAL MEMORANDUM OF DEFENDANT, DELAWARE RIVER AND BAY
AUTHORITY OPPOSING POINTS FOR CHARGE
REGARDING STATUTORY VIOLATIONS**

Plaintiff's proposed Points for Charges Nos. 18 and 19 seek a finding of negligence as a

matter of law for the contention that the Delaware River and Bay Authority ("DRBA") violated a

safety statute. Plaintiff, in proposed Points for Charge No. 29 likewise seeks to exclude application

of the contributory negligence defense for the alleged violation of a safety statute. Finally, in

proposed Point for Charge No. 34, Plaintiff seeks application of the Pennsylvania Rule to shift the

burden of proof on causation. For the following reasons, Plaintiff's request should be denied.

The Plaintiff contends that the DRBA has permitted the breach of a statutory violation set

forth in the Delaware State Code, Title 21 § 4184(a) which provides:

Limitations on backing:

The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic.

The Delaware state vehicle code cited by the Plaintiff, by its plain language, is applicable only against the <u>driver</u> of a motor vehicle, and was not enacted for the safety of employees of the DRBA's ferries. This provision falls under Chapter 41 of the Delaware Code titled "Rules of the Road." It is clearly not a maritime regulation, nor is it specifically aimed at the maritime transportation industry. No evidence has been presented that this regulatory provision was meant to apply to the conduct of the DRBA, or the safety of the DRBA employees, in operating a ferry which carries motor vehicles for transport. No case law has been cited to support violation of a Delaware motor vehicle code as negligence *per se* in a Jones Act case. DRBA's employees did not drive any motor vehicle and therefore did not violate the Delaware state code, or breach any other legal obligation set forth in any statute or regulation. Accordingly, Plaintiff's proposed charges Nos. 18 and 19, relating to alleged violation of the Delaware statute as establishing negligence as a matter of law under the Jones Act, must be rejected. The cited Delaware statute is simply not applicable to the facts in the case at bar

Plaintiff's counsel further seeks in proposed charge no. 29 an instruction that contributory negligence may not be asserted as a defense to mitigate plaintiff's damages where there has been a violation of a safety statute, presumably relying upon 45 U.S.C. § 53 of the FELA, which has been incorporated into Jones Act cases.[1] This is not applicable as the Plaintiff has failed to show any breach by the DRBA of a statute enacted for the safety of employees. Thomas J. Schoenbaum,

---

[1] 45 U.S.C. § 53 provides that no employee shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

2

Admiralty and Maritime Law, 4th ed., § 4-22.

Finally, Plaintiff has raised what is known as the *Pennsylvania Rule* in an attempt to shift the burden of proof. The Supreme Court in The Pennsylvania, 86 U.S. 125 (1873), held that where a ship, at the time of a collision, is in violation of statute or regulation which has some causal connection to the injury that occurred, the burden of proof will shift to the defendant. Accordingly, proof that a maritime safety rule was violated will create a presumption that the violation led to the collision, such that the plaintiff is relieved of its obligation to show causation, unless the defendant shipowner can prove that the violation was not the cause of the collision. Application of the *Pennsylvania Rule* requires some proof that compliance with the statute or regulation could have prevented the accident.

The Third Circuit has recognized that the *Pennsylvania Rule* is not applicable to cases of seaman personal injury brought under the Jones Act. Pierro v. Carnegie-Illinois Steel Corp., 186 F.2d 75 (3d Cir. 1950). In Pierro, it was held that the presumption of fault established by the *Pennsylvania Rule* does not apply in a Jones Act case and is applicable only when determining fault of vessels involved in disasters. Accord Mawari v. Interocean Ugland Management Corp., 1999 W.L. 820454 (E.D. Pa. 1999)("No Third Circuit case has been cited to us, and we have found none, applying the *Pennsylvania Rule* in cases involving the injury, death, or disappearance of a seaman where no collision has occurred. We will not expand the rule to apply here.").

Likewise, in a recent well-reasoned opinion, the Second Circuit refused to extend the *Pennsylvania Rule* to cover a Jones Act claim, involving the death of a seaman due to exposure to carcinogenic chemicals. Wills v. Amerada Hess Corp., 379 F.3d 32 (2d Cir. 2004), cert. denied, 126 S. ct. 555 (2005). In this case, the Plaintiff argued that the defendant vessel owner violated various coast guard regulations pertaining to the monitoring of benzene levels during voyages. The plaintiff

3

contended that the *Pennsylvania Rule* should be applied to shift the burden to the vessel owner to prove that its breach of the regulatory violation did not cause the seaman's fatal cancer. The Court recognized that the *Pennsylvania Rule* has not been limited in its application to collision cases, but refused to "extend the Rule's application in ways that would unmoor it from its animating principles." Id. at 43.

The Court noted that collision cases most appropriately illustrate the principle of the burden shifting rule because a collision "is rare in which there is not at least some arguable reason for regarding both vessels at fault." 379 F.3d at 42. See also Poulis-Minott v. Smith, 388 F.3d 354 (1st Cir. 2004)(collecting cases) (recognizing that the *Pennsylvania Rule* is a "drastic and unusual presumption"); Wilkins v. American Export Isbrandtsen Lines, Inc., 446 F.2d 480, 485-86 (2d Cir. 1971)("[w]e are not persuaded that there are broad considerations of policy which require that we extend the admiralty rule of *The Pennsylvania* beyond the chosen area of ship collisions to embrace Jones Act cases"), cert. denied, 404 U.S. 1018, reh'g denied, 405 U.S. 969 (1972).; Swan Crewboats, Inc. v. Phipps, 2002 W.L. 1733647, 2002 A.M.C. 2877 (E.D. La. 2002)(declining to extend the *Pennsylvania Rule* to a seaman's case as that would "appear to create a presumption of negligence upon a finding of any statutory violation involving an injury aboard a vessel in any situation at sea

4

whatever. A century of case law interpreting *The Pennsylvania* has not so extended its impact.").

Accordingly, no basis has been shown to justify application of the *Pennsylvania Rule* to the case at

bar.

<table>
<tr>
<td>

OF COUNSEL:<br>
Mary Elisa Reeves, Esquire<br>
DONNA ADELSBERGER<br>
 & ASSOCIATES, P.C.<br>
6 Royal Avenue, P.O. Box 530<br>
Glenside, PA 19038-0530<br>
(215) 576-8690

</td>
<td>

ROSENTHAL, MONHAIT, GROSS<br>
 & GODDESS, P.A.<br>
/s/ Carmella P. Keener<br>
Carmella P. Keener (DSBA No. 2810)<br>
919 N. Market Street, Suite 1401<br>
P. O. Box 1070<br>
Wilmington, DE 19899-1070<br>
(302) 656-4433<br>
ckeener@rmgglaw.com<br>
  Attorneys for Defendant<br>
  Delaware River and Bay Authority

</td>
</tr>
</table>

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2006, I electronically filed with the Clerk of Court TRIAL

MEMORANDUM OF DEFENDANT, DELAWARE RIVER AND BAY AUTHORITY

OPPOSING POINTS FOR CHARGE REGARDING STATUTORY VIOLATIONS using ECF,

which will send notification of such filing to the following:

Donald M. Ransom, Esquire
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

James S. Green, Esquire
Seitz Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

James J. Woods, Esquire
Law Office of James J. Woods, Jr., P.A.
P.O. Box 4635
Greenville, DE 19807

/s/ Carmella P. Keener (DSBA No. 2810)
Rosenthal, Monhait, Gross & Goddess, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com

cc:    E. Alfred Smith, Esquire (via hand delivery and electronic mail)