IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : C.A. No. 04-911 GMS |
| Plaintiffs, | : Jury Trial Demanded |
| v. | : |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : |
| Defendants. | : |
| JAN KOPACZ, | : C.A. No. 04-1281 GMS |
| Plaintiff, | : |
| v. | : |
| DELAWARE RIVER AND BAY AUTHORITY, | : |
| Defendant. | : |

**PLAINTIFF'S CONDITIONAL MOTION
FOR A NEW TRIAL**

If, and only if, this Court grants Post-Trial relief to Delaware River and Bay Authority, then and only then does plaintiff move the Court to set aside the jury's verdict in favor of Craig Swett and Delaware River and Bay Authority on the liability issue and award plaintiff a new trial because the Court erred in the following respects:

1. By denying the production of various critical documents in DRBA's file as part of plaintiff's discovery;

52507 v1

2. By dismissing plaintiff's claim for punitive damages;

3. By denying plaintiff the right to read the admissions of Craig Swett and Bonnie Miller and requiring plaintiff to cross-examine them;

4. By denying plaintiff's Motion to preclude defendant Swett from introducing the depositions of Carol Swett and Jessica Swett;

5. By excluding the Affidavit of plaintiff;

6. By excluding plaintiff's notes concerning his symptoms following the accident;

7. By deciding that the maritime jurisdiction did not attach to plaintiff's claim against Swett;

8. By excluding the letters between plaintiff's counsel and Bonnie Miller and Lamorte Burns & Co., Inc.;

9. By excluding testimony concerning the opinions rendered by John Schaffer and Karen Hildebrandt to Bonnie Miller concerning plaintiff's entitlement to maintenance;

10. By excluding evidence concerning the allegation of Insurance Fraud against plaintiff, the resolution of that charge and plaintiff's legal bills in connection therewith;

11. By limiting the cross-examination of Michael Willey intended to show his bias toward plaintiff and instructing the jury to disregard the evidence of Willey's bias; and

12. Such other reasons as are disclosed upon a reading of the transcript when prepared.

WHEREFORE, plaintiff requests the Court to grant the relief being sought if the Court is required to decide this Motion.

SEITZ, VAN OGTROP & GREEN, P.A

/s/ James S. Green
JAMES S. GREEN, ESQ. (DE0481)
jgreen@svglaw.com
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-0600
Attorneys for Plaintiffs

OF COUNSEL:

E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street, Second Floor
Philadelphia, PA 19107

Date: February 16, 2006

52507 v1

## CERTIFICATE OF SERVICE

I, JAMES S. GREEN, hereby certify that on this 16th day of February, 2006, I electronically filed the following document with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record.

**PLAINTIFF'S CONDITIONAL MOTION FOR A NEW TRIAL**

/s/ James S. Green
_____
JAMES S. GREEN (ID No. 0481)
jgreen@svglaw.com

37091 v1