IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and ESTATE OF CATHY KOPACZ, | : | |
| Plaintiffs, | : | C.A. No. 04-911 GMS |
| v. | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| Defendants, | : | |
| JAN KOPACZ, | : | |
| Plaintiff, | : | C.A. No. 04-1281 GMS |
| v. | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| Defendant. | : | |

**MOTION OF DEFENDANT, DELAWARE RIVER AND BAY AUTHORITY, FOR JUDGMENT AS A MATTER OF LAW/ NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE, FOR A NEW TRIAL**

Defendant, Delaware River and Bay Authority ("DRBA"), moves for judgment as a matter of law/notwithstanding the verdict, or, in the alternative, for a new trial. In support of its motion, DRBA avers as follows:

1. On 10/10/03, Kopacz filed a Complaint against the DRBA in the District of New Jersey, seeking payment of maintenance and cure, as well as compensatory damages. (See Exhibit 1)[1].

---

[1] References are to the exhibits to the Brief of Defendant, Delaware River and Bay Authority, In Support of its Post-trial Motions, filed contemporaneously herewith.

2.	The basis for the maintenance and cure demand was an injury which Kopacz allegedly suffered when he says that he was struck by a vehicle on the car deck of the ferry on 8/9/02.

3.	On 7/28/04, Kopacz filed a second suit in the District of Delaware against Craig Swett seeking damages for negligence, and against DRBA seeking damages for negligence and unseaworthiness. (See Exhibit 2).

4.	The second complaint was based on the same 8/9/02 event that allegedly occurred on the car deck, and therefore the two actions were consolidated and tried to a jury of eight during the week of February 6, 2006.

5.	On February 13, 2006, the jury returned a verdict in which it found that Kopacz was not "struck and injured by the Swett vehicle on August 9, 2002". (See ¶1 of Exhibit 3).

6.	The jury also found, however, that Kopacz was injured while subject to the call of duty of his ship. (See ¶16 of Exhibit 3).

7.	The jury awarded maintenance, value of sick and annual leave, medical expenses and compensatory damages against DRBA and in favor of Kopacz. (See ¶17 of Exhibit 3).

8.	The compensatory damages were awarded because the jury found that DRBA's refusal to pay maintenance and cure was unreasonable and without reasonable justification. (See ¶18 of Exhibit 3).

9.	This verdict is not supported by the evidence presented at trial.

10.	The demand for maintenance and cure was based on Kopacz' claim that he was struck and injured by the Swett vehicle.

11. There was no evidence introduced at trial to support the finding that Kopacz suffered any injury on the ferry that day except for his claim that he was struck and injured by the Swett vehicle.

12. DRBA refused to pay maintenance and cure because they did not believe that he was stuck and injured by the Swett vehicle.

13. The jury found that Kopacz was not struck or injured by the Swett vehicle.

14. Therefore, as a matter of law, DRBA's refusal to pay maintenance and cure could not have been unreasonable or without reasonable justification.

15. DRBA therefore seeks judgment in its favor and against Kopacz as a matter of law/ notwithstanding the verdict on the issue of its responsibility for compensatory damages, and a finding that its failure to pay maintenance and cure was reasonable.

16. In the alternative, DRBA seeks to set aside the payment of compensatory damages, as there was no evidence in the record to support the type of damages which are permitted under general maritime law.

17. DRBA has paid $28,839.00 to Kopacz in partial satisfaction of the judgment for maintenance, value of sick and annual leave and medical expenses, and does not seek to set aside that portion of the verdict. This payment was made without prejudice to its right to challenge the remainder of the verdict. (See Exhibit 4).

18. In the alternative, DRBA also seeks a new trial as to the reasonableness of its refusal to pay maintenance and cure to Kopacz, on the following grounds:

   a) Kopacz was permitted to testify that he passed his FAA flight physical earlier in 2000, and that his pilot's license would not have been renewed if he had "a bad

3

back." This testimony was unfairly prejudicial as this information was not disclosed during pretrial discovery, and also contained impermissible hearsay and opinions which Kopacz was not qualified to make;

    b)    Kopacz improperly introduced evidence of settlement discussions between his attorney and representatives of the DRBA or its insurance company;

    c)    evidence of liability insurance was introduced throughout the trial;

    d)    Kopacz was permitted to testify as to the effect of collection efforts on his credit rating. This testimony was prejudicial, constituted unfair surprise as it was not revealed in pretrial disclosures or discovery, and contained impermissible hearsay and opinions which Kopacz was not qualified to make;

    e)    prejudicial evidence of Mike Willey's alleged drinking problem and the fact that he was named as a defendant in a sexual harassment suit was introduced;

    f)    failure to permit more detailed questioning of potential jurors during voir dire, which may have revealed biases in favor of one party over the other;

    g)    failure to instruct the jury that they need not award maintenance or cure if same were available to the seaman, such as through an employer funded health or disability plan;

    h)    Plaintiff should not have been permitted to argue invasion of privacy since such a claim was never asserted, and

    i)    such other and further reasons which will become apparent upon reviewing the trial transcript.

WHEREFORE, DRBA respectfully requests that this Honorable Court set aside the jury's verdict of compensatory damages.

| | |
|---|---|
| OF COUNSEL: | ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A. |
| Mary Elisa Reeves, Esquire<br>DONNA ADELSBERGER<br> & ASSOCIATES, P.C.<br>6 Royal Avenue, P.O. Box 530<br>Glenside, PA 19038-0530<br>(215) 576-8690 | By:/s/ Carmella P. Keener<br>Carmella P. Keener (DSBA NO. 2810)<br>919 N. Market Street, Suite 1401<br>P.O. Box 1070<br>Wilmington, DE 19899-1070<br>(302) 656-4433<br>ckeener@rmgglaw.com<br>   Attorneys for Defendant<br>   Delaware River and Bay Authority |

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2006, I electronically filed with the Clerk of Court MOTION OF DEFENDANT, DELAWARE RIVER AND BAY AUTHORITY, FOR JUDGMENT AS A MATTER OF LAW/NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE, FOR A NEW TRIAL using CM/ECF which will send notification of such filing to the following:

Donald M. Ransom, Esquire
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

James J. Woods, Esquire
Law Office of James J. Woods, Jr., P.A.
P.O. Box 4635
Greenville, DE 19807

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

/s/ Carmella P. Keener (DSBA No. 2810)
Rosenthal, Monhait, Gross & Goddess, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com

cc:   E. Alfred Smith, Esquire (via electronic mail)