## TABLE OF EXHIBITS

1. Complaint, filed in District of New Jersey for maintenance and cure

2. Complaint, filed in the District of Delaware for Jones Act and Unseaworthiness

3. Jury Interrogatories

4. Payment of Partial Judgment

5. Memorandum and Opinion of Judge Sleet dated September 26, 2006 (D.I. 30, No. 04-1281)

6. Plaintiff's Voluntary Disclosures

7. Defendant's Interrogatories

8. Plaintiff's Answers to Interrogatories

# EXHIBIT 1

11/04/03 TUE 14:43 FAX 302 5   305    DRBA EXEC OFFICE                          ☒004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAN KOPACZ | DOCKET NO. 03CV4858(SB) |
| | CIVIL ACTION |
| v. | |
| | SEAMAN'S COMPLAINT IN ADMIRALTY FOR MAINTENANCE, CURE AND OTHER RELIEF |
| DELAWARE RIVER AND BAY AUTHORITY | FILING FEE WAIVED |
| | 28 U.S.C. §1916 |

## COMPLAINT IN ADMIRALTY

Plaintiff, Jan Kopacz, residing at 309 Union Street, Milton, Delaware, by way of Complaint against Defendant, Delaware River and Bay Authority, says:

1. Plaintiff is a seamen.

2. This action is brought pursuant to the General Maritime Law of the United States.

3. At all times material hereto defendant was doing business in Cape May, New Jersey.

4. At all times material hereto plaintiff was in the employ of the defendant as a member of the crew of defendant's vessels at the rate of pay and for the terms as set forth in his contract of employment.

5. On August 9, 2002, plaintiff, while subject to the call of defendant's vessel, was assisting in the parking of vehicles aboard defendant's ferry, M/V DELAWARE, when he was struck by a van being driven by a passenger, and this caused him to suffer various personal injuries.

6. Plaintiff was taken by ambulance from the ferry to a nearby hospital where he was treated, and he has continued to receive treatment since that time.

7. Plaintiff, by reason of his injuries, was disabled from work for some time after the accident and has continued to miss time from work on an occasional basis since he returned to work in late December, 2002.

8. Plaintiff, by virtue of his service upon the said ferry, claims maintenance and cure for the period of his disability in an amount which this Honorable Court shall deem just and proper upon the trial of this cause, which maintenance and cure have not been paid by defendant.

9. By reason of defendant's failure to pay maintenance and cure, plaintiff has suffered great pain and mental anguish and he has been required to retain counsel to pursue this claim and has incurred other expenses and suffered other losses.

10. Defendant's failure to pay maintenance was willful, wanton, malicious and without any legal justification, thereby rendering defendant liable for counsel fees and costs and punitive damages.

11. All and singular, the premises contained herein are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE,** Plaintiff prays that judgment be entered against the defendant for maintenance, cure, attorney's fees, compensatory damages, punitive damages, prejudgment interest and wages as the Court may determine to be due and owing upon the trial of this cause, and for interest, costs and such other and further relief as the Court may deem just and proper in the premises.

E. ALFRED SMITH & ASSOCIATES

*[signature]*

E. Alfred Smith
1333 Race Street, 2nd Floor
Philadelphia, PA 19107
(215) 569-8422
Attorney for Plaintiff

Date: 10/10/03

# EXHIBIT 2

08/05/04 THU 15:45 FAX 302 571 6305    DRBA EXEC OFFICE    ☒003

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by the Rules of Court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the Civil Docket Sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

04 - 911

## I. (a) PLAINTIFFS
JAN KOPACZ and CATHY KOPACZ

**DEFENDANTS**
DELAWARE RIVER AND BAY AUTHORITY and CRAIG SWEITT

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS FIRM NAME, ADDRESS AND PHONE NO.
James J. Woods, Jr., Esquire (#2035) Connolly Bove Lodge & Hutz LLP, 1007 North Orange Street, PO Box 2207, Wilmington, DE 19899
(302)888-6128

ATTORNEYS (IF KNOWN)

JUL 28 PM 4:...

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ Federal Question (U.S. Government Not A Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒1 Original Proceeding
☐2 Removed from State Court
☐3 Remanded from Appellate Court
☐4 Reinstated or Reopened
☐5 Another District (specify)
☐6 Multidistrict Litigation
☐7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☒ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Other

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 157
☐ 443 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☒ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Complaint    46 USC §688

## VII REQUESTED IN COMPLAINT:
DEMAND $ Damages and injunctive relief
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII RELATED CASE(S) IF ANY (See instructions)
JUDGE _____    DOCKET NUMBER _____

DATE July 28, 2004    SIGNATURE OF ATTORNEY OF RECORD    /s/ James J. Woods, Jr.    2035 (#)

FOR OFFICE USE ONLY
RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

08/05/04 THU 15:45 FAX 302 571 6305        DRBA EXEC OFFICE                              ☒002

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

JAN KOPACZ and CATHY KOPACZ
309 Union Street
Milton, DE  19968

                                                    SUMMONS IN A CIVIL CASE

        Plaintiff,
    v.                                              CASE NUMBER: 04-911

DELAWARE RIVER AND BAY AUTHORITY
P. O. Box 71
New Castle, DE  19702
        and
CRAIG SWETT
2085 Persimmon Court
Naperville, IL  60565
        Defendant.


TO: (Name and address of defendant)

DELAWARE RIVER AND BAY AUTHORITY
P. O. Box 71
New Castle, DE  19702

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

James J. Woods, Jr.
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
Post Office Box 2207
Wilmington, Delaware  19899-2207
Telephone: (302) 888-6218

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


PETER T. DALLEO                                     JUL 28 2004
CLERK                                               DATE

E. Yvette Watson
(BY) DEPUTY CLERK

07/30/2004 12:15 FAX 3025716420      DRBA HUMAN RESOURCES           002
FROM MNA&T/302-658-3989          (FRI) 7.30' 04 11:53/ST. 11:52/NO. 4261916142 P 2
                                                              PAGE 02/28





IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAN KOPACZ AND CATHY KOPACZ<br>309 Union Street<br>Milton, DE 19968<br><br>v.<br><br>DELAWARE RIVER AND BAY<br>AUTHORITY<br>P.O. Box 71 New Castle, DE 19720<br><br>and<br><br>CRAIG SWETT<br>2085 Persimmon Ct.<br>Naperville, IL 60565 | CIVIL ACTION<br><br>NO. 04-911<br><br>JURY TRIAL DEMANDED |

### SEAMAN'S COMPLAINT

(WAIVER OF FILING FEE 28 U.S.C. §1916)

1. Plaintiff, Jan Kopacz, is an adult individual residing at 309 Union Street, Milton, DE 19968, and is a citizen of the State of Delaware. Cathy Kopacz is his wife.

2. Defendant, Delaware River & Bay Authority, is an entity with its principal offices located in New Castle, DE 19720, and is a citizen of the State of Delaware.

3. Craig Swett is an individual residing at 2085 Persimmon Ct., Naperville, IL 60565, and is a citizen of the State of Illinois.

07/30/2004 12:15 FAX 3025716420    DRBA HUMAN RESOURCES                    ☒003
FROM MNA&T/302-658-3989         ----    (FRI) 7. 30' 04 11:53/ST. 11:52/NO. 4261916142 P 3
                                         PARCELS / DDR                    PAGE 03/08

4. At all time material hereto, Defendant owned, operated, controlled, managed, and maintained a vessel known as the M/V DELAWARE, which vessel regularly transported persons and vehicles between Cape May, NJ and Lewes, DE.

5. At all times material hereto, Mr. Kopacz was a seaman and crew member aboard the M/V DELAWARE and was employed as an Able-Bodied Seaman.

6. This Court has jurisdiction pursuant to 28 U.S.C. §1333, and the Jones Act, 46 U.S.C. §688 et seq.

7. On or about August 9, 2002, Mr. Kopacz was in the course of his employment on the M/V DELAWARE when he was struck in the back by an automobile driven by Defendant Craig Swett.

8. The ferry upon which Mr. Kopacz was working at the time of the accident, M/V DELAWARE, was then in navigable waters of the United States in Lewes, DE.

9. As a result of the aforesaid incident, Mr. Kopacz suffered severe and disabling injuries, including but not limited to, a herniated disc at L5-S1, and injuries to his cervical spine, low back, right elbow and teeth and was caused to suffer mental and psychological injuries, has been caused to suffer past, present and future pain and suffering and loss of life's pleasures and loss of bodily function; he has in the past, and will in the future, continue to suffer loss of earnings, earning

07/30/2004 12:16 FAX 3025716420    DRBA HUMAN RESOURCES                    ☒004
FROM MNA&T/302-658-3989            (FRI) 7.30'04 11:53/ST. 11:52/NO. 4261916142 P 4
                                                                       PAGE 04/08

capacity, and earning potential, and has and will expend sums of money for medical, hospital, associated care and treatment, and has suffered and will suffer loss of other benefits. Also, Mr. and Mrs. Kopacz have lost each other's comfort, support, society, and consortium.

COUNT I

**NEGLIGENCE**
(Delaware River and Bay Authority)

10. Plaintiffs incorporate by reference paragraphs 1 through 9 of this Complaint, as though the same were fully set forth herein at length.

11. Mr. Kopacz seeks to recover any and all damages he is entitled to recover from Defendant under the Jones Act and general maritime law due to the Defendant's carelessness and negligence and the unseaworthiness of the M/V DELAWARE.

12. Mr. Kopacz sought treatment for his injuries, but Defendant has refused to pay for this treatment and Mr. Kopacz's condition has worsened because his treating physicians have stopped treating him because they have not been paid.

13. As a result, the plaintiffs have sustained the damages listed in paragraph 9 above.

07/30/2004 12:16 FAX 3025716420        DRBA HUMAN RESOURCES                    ☒005
FROM MNA&T/302-658-3989            (FRI) 7.30'04 11:53/ST. 11:52/NO. 4261916142 P 5
                                   PARCELS / DDR                               PAGE 05/09

14. The Defendant's carelessness and negligence consisted of:

    a. Failing to provide a reasonably safe place to work;

    b. Failing to properly notify drivers of automobiles on the M/V DELAWARE, including Mr. Swett, that they should not back up their automobiles when they were on the ferry;

    c. Failing to properly instruct Mr. Kopacz in how to prevent cars from backing up when they were on the ferry;

    d. Failing to provide adequate systems, plans and instructions which would prevent cars from backing up when they were on the ferry;

    e. Failing to promulgate or enforce safe working standards, rules and procedures; and

    f. Failing to provide prompt and adequate medical care.

15. Due to the aforesaid carelessness and negligence of the Defendant, the plaintiffs sustained the damages listed in paragraph 9 above.

WHEREFORE, Plaintiffs seek to recover from the Defendant damages in excess of One Hundred Thousand ($100,000) Dollars.

07/30/2004 12:16 FAX 3025716420      DRBA HUMAN RESOURCES                    ☒006
FROM MNA&T/302-658-3989              (FRI) 7.30'04 11:53/ST. 11:52/NO. 4261916142 P  6
                                     PARCELS / DDR                           PAGE 06/08

## COUNT II

### UNSEAWORTHINESS
(Delaware River & Bay Authority)

16. Plaintiffs incorporate by reference paragraphs 1 through 15 of this Complaint as though the same were fully set forth herein at length.

17. The Defendant's vessel, M/V DELAWARE, was unseaworthy as a result of the following:

(a.) The vessel lacked adequate signs and directions instructing drivers not to back up while the vessels were on the ferry;

(b.) The vessel failed to possess proper and necessary appliances, gear and equipment that would prevent cars from backing up while on the ferry;

(c.) The Defendant failed to possess a sufficient number of competent and able crew members to safely load the automobiles and prevent them from backing up; and

(d.) The vessel failed to have an adequate Standard Operating Procedure which, if followed, would have prevented cars from backing up when they were on the ferry.

18. By virtue of the unseaworthiness of the M/V DELAWARE, as described above, the plaintiffs sustained the damages listed in paragraph 9 above.

07/30/2004 12:16 FAX 3025716420    DRBA HUMAN RESOURCES    ☒007
FROM MNA&T/302-658-3989                (FRI) 7. 30' 04 11:54/ST. 11:52/NO. 4261916142 P 7
                                        PARCELS / DDR                          PAGE 07/08

WHEREFORE, Plaintiffs seek to recover from the Defendant damages in excess of One Hundred Thousand ($100,000) Dollars.

### COUNT III
### (Craig Swett)

19. The plaintiffs incorporate paragraphs 1 through 18 above herein by reference.

20. A proximate cause of the plaintiffs' damages was the negligence of defendant Swett in:

    (a.) Backing his vehicle without permission from the crew and without notice to Mr. Kopacz;

    (b.) Driving carelessly, inattentively, and without keeping a proper lookout, in violation of 21 Del C. §4176 and his common-law duties.

21. As a result of Mr. Swett's negligence, the plaintiffs sustained the damages listed in paragraph 9 above.

WHEREFORE, the plaintiffs respectfully request that this Court enter judgment in their favor and against defendants, jointly and severally, in an amount that will fully compensate them, plus court costs, interests and attorney's fees.

07/30/2004 12:16 FAX 3025716420   DRBA HUMAN RESOURCES                        ⌐008
FROM MNA&T/302-658-3989            (FRI) 7. 30' 04 11:54/ST. 11:52/NO. 4261916142 P 8
                                   PARCELS / DDR                              PAGE 08/08

CONNOLLY BOVE LODGE & HUTZ, LLP

7/28/04

*James J. Woods Jr.* (signature)

James J. Woods, Jr., Esquire (I.D. #2035)
The Nemours
1007 North Orange Street
Wilmington, DE  19899

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and ESTATE OF CATHY KOPACZ, | : | |
| Plaintiffs, | : | C.A. No. 04-911 GMS |
| v. | : | Jury Trial Demanded |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JAN KOPACZ, | : | |
| Plaintiff, | : | C.A. No. 04-1281 GMS |
| v. | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| Defendant. | : | |

### JURY INTERROGATORIES

1. Do you find that Mr. Kopacz was struck and injured by the Swett vehicle on August 9, 2002?

    _____ Yes          ___✓___ No

2. If you answered "No" to Question No. 1, go directly to Question 16.

3. If you answered "Yes" to Question No. 1, do you find that the Delaware River and Bay Authority ("DRBA") was negligent?

    _____ Yes          _____ No

4. If you answered "Yes" to Question No. 3, was the DRBA's negligence a cause, no matter how slight, of plaintiff's injuries?

    _____ Yes          _____ No

5. Was the M/V DELAWARE unseaworthy?

   _____Yes                                      _____No

6. If you answered "Yes" to Question 5, was the unseaworthiness a substantial factor in causing Plaintiff's injuries?

   _____Yes                                      _____No

7. Was Craig Swett negligent?

   _____Yes                                      _____No

8. If you answered "Yes" to Question No. 7, was Swett's negligence the proximate cause of plaintiff's injuries?

   _____Yes                                      _____No

9. If you answered "No." to Question No. 4, 6 and 8. go directly to Question 16.

10. If you answered "Yes" to Question No. 4, 6 or 8, continue on to the next question.

11. Was the plaintiff contributorily negligent?

    _____Yes                                     _____No

12. If you answered "Yes" to Question No. 11, in what percentage did plaintiff's contributory negligence contribute to cause his injury?

    _____%

13. What percentage did each party you found at fault contribute to causing plaintiff's injury?

    DRBA _____     Swett _____     Kopacz _____     Total 100%

    Your answers must total 100%.

14. What is the amount of damages, if any, plaintiff is entitled to recover? _____

   Past wage loss            $_____

   Medical expenses          $_____

   Pain and suffering        $_____

   Total                     $_____

Do not subtract for any contributory negligence. The Court will do the mathematics. Just put in the total you believe plaintiff is entitled to recover.

15. Do you award anything for loss of consortium to the Estate of Cathy Kopacz?

   _____ Yes                              _____ No

   If yes, $ _____

16. Was Plaintiff injured while subject to the call of duty of his ship?

   ___✓___ Yes                                 _____ No

17. What was the amount for maintenance, if any, plaintiff is entitled to recover from DRBA for the following:

   Maintenance                                  $ 12,480

   Value of sick leave and
   annual leave                                 $ 5,763

   Medical Expenses                             $ 10,596

   Compensatory damages
   for failure to pay                           $ 47,500

   Total                                        $ 76,339

18. Was DRBA's refusal to pay plaintiff maintenance and cure unreasonable and without reasonable justification?

   √    Yes                 No