# EXHIBIT 4

# DONNA ADELSBERGER & ASSOCIATES, P.C.

**6 Royal Avenue, P.O. Box 530**
**Glenside, Pennsylvania 19038-0530**
**Phone: (215) 576-8690**
**Fax: (215) 576-8695**

DONNA L. ADELSBERGER*
SUSAN J. WIENER*
HOWARD WISHNOFF

OF COUNSEL
DAVID KELLER TREVASKIS*
MARY ELISA REEVES*

* ALSO ADMITTED TO NEW JERSEY BAR

NEW JERSEY OFFICE
One Greentree Centre,
Suite 201
Marlton, New Jersey 08053-1536
Phone:(856) 795-9700
Fax:(856) 795-1336

E-mail: mreeves@dlalawyers.com

**RESPOND TO GLENSIDE**

February 24, 2006

**VIA FEDERAL EXPRESS**
E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street - Second Floor
Philadelphia, PA  19107

> **RE:**   **Jan Kopacz v. Delaware River Bay Authority & Craig Swett**
> **U.S.D.C., District of Delaware, No. 04-911**

Dear Al:

We enclose the DRBA's check in the amount of **$28,839.00** in **partial satisfaction of the judgment** entered on February 15, 2006. This amount represents the jury's verdict for maintenance, value of sick and annual leave, and medical expenses. This payment is **without prejudice** to the DRBA's right to challenge the award of compensatory damages and the jury's finding that DRBA's refusal to pay was unreasonable. The latter issues will be the subject of post trial motions which are currently being prepared.

We also enclose a Partial Satisfaction of Judgment for execution by your local counsel. We trust that you will hold these funds in escrow pending the execution and filing by your local counsel of the Partial Satisfaction of Judgment with the Court.

Very truly yours,

DONNA ADELSBERGER & ASSOCIATES, P.C.

Mary Elisa Reeves

MER/m
cc:  Donald Ransom, Esquire (via regular mail)
    Carmella Keener, Esquire (via regular mail)
    James Greene, Esquire (via regular mail, with original Partial Satisfaction of Judgment)



| Invoice Date | Invoice Number | P.O. No. | Voucher | Invoice Description | Net Invoice Amount |
|---|---|---|---|---|---|
| | 02-21-06 | | 151629 | MAINTENANCE AND CURE | 28,839.00 |

| Vendor No. | Vendor Name | Check No. | Check Date | Check Amount |
|---|---|---|---|---|
| 11235 | JAN D. KOPACZ & E. ALFRED SMITH & | 11043 | 02/22/2006 | $28,839.00 |

**Delaware River & Bay Authority**
P.O. Box 71
New Castle, DE 19720
302-571-6300
**GENERAL FUND**



| Vendor Number | Check Date | Check Number |
|---|---|---|
| 11235 | 02/22/2006 | 011043 |

**$28,839.00**

*Pay*\*\*\*\*\*28,839 DOLLARS AND NO CENTS

*To The Order Of*    JAN D. KOPACZ & E. ALFRED SMITH &

# FILE COPY
# NON-NEGOTIABLE



# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAN KOPACZ,                              )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )    C.A. No. 04-1281 GMS
                                         )    (Consolidated with C.A. No. 04-911 GMS)
DELAWARE RIVER AND BAY                   )
AUTHORITY,                               )
                                         )
                    Defendant.           )

## MEMORANDUM

### I.      INTRODUCTION

On September 20, 2004, plaintiff Jan Kopacz filed the above-captioned action against the

Delaware River and Bay Authority ("DRBA"), pursuant to general maritime law, for injuries arising

from a workplace accident that allegedly occurred on a DRBA ferry. Kopacz contends that he is

entitled to recover damages related to unpaid "maintenance and cure,"[1] as well as punitive damages.

Presently before the court is DRBA's motion for partial summary judgment to dismiss Kopacz's

demand for punitive damages. (D.I. 20.) For the following reasons, the court will grant DRBA's

motion.

### II.     DISCUSSION

Kopacz alleges he was injured on August 9, 2002, when he was struck by a motor vehicle

while he was assisting passengers with parking aboard the M/V DELAWARE, a car ferry owned

and operated by DRBA. Although Kopacz alleges that he was unable to work due to his injuries,

---

[1]"Maintenance is the living allowance for a seaman while he is ashore recovering from
injury or illness. Cure is payment of medical expenses incurred in treating the seaman's injury or
illness." *O'Connell v. Interocean Mgmt. Corp.*, 90 F.3d 82, 84 (3d Cir. 1996) (quoting *Barnes v.
Andover Co., L.P.*, 900 F.2d 630, 633 (3d Cir. 1990)).

DRBA does not believe that the accident actually occurred, and therefore, has refused to pay maintenance and cure. Moreover, DRBA contends that, even if the accident did occur, Kopacz is barred from recovering punitive damages as a matter of law.

Under general maritime law, "[i]f [a] shipowner unreasonably refuses to pay a marine employee's claim for maintenance and cure, the employee may recover consequential damages, including lost wages, pain and suffering, and attorneys' fees and costs." *O'Connell v. Interocean Mgmt. Corp.*, 90 F.3d 82, 84 (3d Cir. 1996). Kopacz argues that an unreasonable refusal should entitle him to punitive damages as well. However, in *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), the Supreme Court held that because the Jones Act, 46 U.S.C. § 688 (2005), which "provides an action in negligence for the death or injury of a seaman," *Miles*, 498 U.S. at 29, "limits recovery to pecuniary loss . . . [i]t would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death [or injury] resulting from negligence," *id.* at 32-33.

Although *Miles* involved a wrongful death action brought under general maritime law, its holding is equally applicable in this case because a seaman's entitlement to maintenance and cure is also judicially-created cause of action in which liability is without fault. *See id.* at 25 ("the warranty of unseaworthiness [is] a strict liability obligation"); *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996) (describing general maritime law as "a species of judge-made federal common law"); *Guevara v. Mar. Overseas Corp.*, 59 F.3d 1496, 1500 (5th Cir. 1995) ("In the United States, the doctrine of maintenance and cure appears to have been recognized by Justice Story in two cases which he decided while riding on circuit."). Furthermore, the Third Circuit recently affirmed a case

2

out of the District of New Jersey, in which Judge Irenas commented in a footnote that "punitive damages may not be awarded in a seaman's personal injury case under the Jones Act." *Jackson v. Del. River & Bay Auth.*, 334 F. Supp. 2d 615, 616 n.2 (D.N.J. Feb. 27, 2004), *aff'd*, 114 Fed. Appx. 511 (3d Cir. 2004). While the issue of punitive damages was not reached on appeal, the court finds it somewhat persuasive that the Third Circuit did not see fit to point out any disagreement it may have had with Judge Irenas' conclusion on that issue. Thus, the court holds that Kopacz cannot recover punitive damages for DRBA's alleged failure to pay maintenance and cure.

To the extent Kopacz argues that the Supreme Court's decision in *Yamaha* dictates a different result, the court is not persuaded. As Kopacz acknowledges, *Yamaha* involved "punitive damages in general maritime cases where no federal statute is involved." (D.I. 25 at 9.) Indeed, the Court explicitly stated:

> When Congress has prescribed a comprehensive tort recovery regime to be uniformly applied, there is, we have generally recognized, no cause for enlargement of the damages statutorily provided. *See Miles*, 498 U.S. at 30-36 (Jones Act, rather than general maritime law, determines damages recoverable in action for wrongful death of seamen); . . . But Congress has not prescribed remedies for the wrongful deaths of *nonseafarers* in territorial waters.

*Yamaha*, 516 U.S. at 215 (emphasis added). In this case, Kopacz is a seaman by his own admission. (D.I. 25 at 3.) Therefore, *Miles* remains controlling precedent, and punitive damages are not recoverable.

## V.    CONCLUSION

For the foregoing reasons, the court will grant DRBA's motion for summary judgment on the issue of punitive damages.

Dated: September 26, 2005

/s/ Gregory M. Sleet
UNITED STATES DISTRICT JUDGE

4

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAN KOPACZ | : | CIVIL ACTION |
|  | : | DOCKET NO. 03-cv-4858 (SSB) |
| v. | : |  |
|  | : | SEAMAN'S COMPLAINT IN |
| DELAWARE RIVER AND BAY | : | ADMIRALTY FOR MAINTENANCE, |
| AUTHORITY | : | CURE AND OTHER RELIEF |
|  | : | FILING FEE WAIVED |
|  | : | 28 U.S.C. §1916 |
|  | : |  |

**PLAINTIFF'S INITIAL DISCLOSURES**

I.   **Persons with knowledge**

   1.   Plaintiff
   2.   Michael Willey, c/o DRBA
   3.   Denise Wise, c/o DRBA
   4.   John Pulli, c/o DRBA
   5.   Jack Hanley, c/o DRBA
   6.   David Oat, c/o DRBA
   7.   Brian McEwing, c/o DRBA
   8.   Mark Whittington, c/o DRBA
   9.   H. Jackson, c/o DRBA
   10.  B. Miller, c/o DRBA
   11.  Employees of State Farm Insurance Co. to be identified
   12.  Doctors who have treated Plaintiff

II.  **Relevant documents**

   1.   DRBA's Accident Report and Statements
   2.   DRBA's Investigation file
   3.   DRBA's documents to and from State Farm
   4.   Plaintiff's Personnel File
   5.   Medical Records of Plaintiff

## III. **Plaintiff's injuries**

Plaintiff suffered injuries to his neck, right elbow and low back, which have not yet resolved.  Plaintiff suffered a herniated disk at L4-5.

Plaintiff's maintenance and cure were never paid.

## IV. **Insurance coverage**

Not applicable.

E. ALFRED SMITH & ASSOCIATES

E. Alfred Smith
1333 Race Street, 2nd Floor
Philadelphia, PA 19107
(215) 569-8422
Attorney for Plaintiff

# EXHIBIT 7

NJ
01|13|04

DONNA ADELSBERGER & ASSOCIATES, P.C.
BY:    Mary Elisa Reeves, Esquire
Attorney I.D.#: MR9805
One Greentree Centre, Suite 201
Marlton, NJ 08053-1536
(856) 988-5875
Attorneys for Defendant,
Delaware River & Bay Authority

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JAN KOPACZ | : | CIVIL ACTION |
| | : | |
| 5. | : | NO. 03-CV-4858 (SSB) |
| | : | |
| DELAWARE RIVER & BAY AUTHORITY | : | |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, please respond

to the following Interrogatories within 30 days.  These Interrogatories are

continuing in character, and you are required to serve modified or supplemental

responses as you obtain further or different information after the date of your initial

answers.

**A.    Definitions.**

1.    "You and "your" means Plaintiff, his attorneys, agents, servants or
other representatives in connection with this case.

2.    "Identify" means (1) if referring to a person, the full name and home
and business addresses of such person; and (2) if referring to a document, a
complete description of the document and the name, address and title of the
person(s) who have present custody of the document; in lieu of identifying
document(s), a clear copy of each document may be attached to your answer.

3.    "Accident" or "Incident" refers to the set of circumstances described in
Plaintiff's Complaint.

1

**B.    Interrogatories.**

1.    Without reference to the Complaint or medical records, describe fully any and all pain, incapacity or disability alleged to have resulted from the work related injury upon which your claim is based.

2.    Without reference to the Complaint or medical records, identify all hospitals, doctors, nurses and/or other medical providers who have rendered services to you because of the work related injury upon which your claim is based, the inclusive dates of such services and the type of treatment received.

3.    Without reference to any attached documents, identify when and by whom were you last examined or given medical attention for the work related injury upon which your claim is based.

4.    State all days that you have missed from work as a result of the work related injury upon which your claim is based, as alleged in your Complaint at paragraph 7.

5.    State the name and address of your family physician(s) for the past

2

ten years.

6. (a)   Prior to the work related injury which is the subject of this
         lawsuit, did you suffer any injury, disease, illness or deformity
         involving any part or function of the body as to which you claim
         injury or damage in the incident here involved; and

   (b)   If your answer to the preceding interrogatory is in the
         affirmative, then state the part(s) of your body involved, the
         nature of the condition you suffered, how and when it occurred,
         and identify any doctors and/or other medical providers with
         whom you sought treatment.

   (c)   Subsequent to the work related injury which is the subject of
         this lawsuit, have you suffered any injury, illness, disability,
         disease or deformity involving any part or function of the body
         as to which you claim injury or damage in this incident.

   (d)   If your answer to the preceding interrogatory is in the
         affirmative, then state the part(s) of your body involved, the
         nature of the condition you suffered, how and when it occurred
         and identify any doctors and/or other medical providers with
         whom you sought treatment.

7.    If you have not fully recovered from the work related injury upon

3

which your claim is based, describe fully in what respects you have not fully recovered.

8.    If you claim that you are now unable to perform or participate in any activities as a result of the incident for which you are now making a claim, describe each such activity in detail, the extent to which you participated in such activity prior to the incident and the reason you can no longer participate in the activity.

9.    State with particularity all losses and/or injuries which you claim to have sustained as a result of any action and/or inaction of the Defendant with respect to the work related injury on which your claim is based.

10.    State the total amount of any wage loss claim or lost earning capacity claim that you are making in this case, and set forth the calculations upon which the claim is based, including any deductions for losses compensated by your own insurance.

11.    Describe fully and itemize any unpaid medical bills or other out-of-

4

pocket expenses for which you are making a claim against the Defendant

12.    Describe fully all other expenses incurred for which you are making a claim against the Defendant, and state the dates on which each such expense was incurred and its amount. If a claim is made for household help, also identify each such person employed, the periods of employment, and charges for services. If you have receipts or other documentation of these expenses, please attach same to your answers.

13.    Have you ever sued or made a claim for personal injury prior or subsequent to the work related injury on which this lawsuit is based? If so, state the location and cause of the other incident(s), the part(s) of your body that were injured as a result of the other incident(s); the name(s) and address(es) of all medical providers with whom you treated for your injuries as a result of the other incident(s); and the full caption, including defendant(s)'s name and address, docket number and jurisdiction of any lawsuits which resulted from prior or subsequent incidents described above.

14.    Identify all expert witnesses whom you expect to testify at the time of trial, and state the substance of the facts and opinions to which each such expert is expected to testify and a summary of the grounds for the opinion.

5

15.    For each expert identified in the preceding interrogatory answer, state the qualification of said expert, including: (a) educational background; (b) employment history; (c) whether or not the expert is board certified in his/her field of expertise; (d) the identity of any and all publications authored by the expert, including the date, title and subject; and (e) the identity of any and all professional associations in which the expert is a member, and the dates of membership.

16.    Identify all fact witnesses whom you expect to testify at the time of trial and for each such witness, please provide a brief summary of their anticipated testimony and/or the subject(s) about which they will testify.

17.    Have you ever been convicted of a crime? If your answer is yes, state the date, nature of the conviction and court of each such conviction.

18.    Did you make a claim to any health or motor vehicle insurance carrier as a result of the injuries described in your Complaint? If so, identify (1) the name and address of the carrier, (2) the policy number, and (3) whether any medical bills or expenses were covered.

DONNA ADELSBERGER & ASSOCIATES, P.C.

BY: *Mary E. Reeves*

Mary Elisa Reeves, Esquire
6 Royal Avenue
P.O. Box 530
Glenside, PA 19038-0530
(215) 576-8690
Attorney for Defendant,
Delaware River and Bay Authority

DATE:  January 13, 2004

6

## CERTIFICATION

I, Mary Elisa Reeves, certify that the within Interrogatories addressed to

Plaintiff, Jan Kopacz, was served on the below date, via first class mail, postage

prepaid, on the following party:

E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street - Second Floor
Philadelphia, PA 19107

DONNA ADELSBERGER & ASSOCIATES, P.C.

BY: _Mary E. Reeves_
Mary Elisa Reeves,
Attorney for Defendant,
Weeks Marine, Inc.

DATE: January 13, 2004

7

# EXHIBIT 8

MAR-19-04 FRI 3:10 PM                                      P. 3 AJ3
                                                          63/19/0

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY



|                          |   |                              |
|--------------------------|---|------------------------------|
| JAN KOPACZ               | : | CIVIL ACTION                 |
|                          | : | DOCKET NO. 03-cv-4858 (SSB)  |
|                   v.     | : |                              |
|                          | : | SEAMAN'S COMPLAINT IN        |
| DELAWARE RIVER AND BAY   | : | ADMIRALTY FOR MAINTENANCE,   |
| AUTHORITY                | : | CURE AND OTHER RELIEF        |
|                          | : | FILING FEE WAIVED            |
|                          | : | 28 U.S.C. §1916              |
|                          | : |                              |

### PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES

1.   It is impossible to describe "fully any and all" pain,
etc.  In summary form, the injuries suffered by Plaintiff include
the following: Right elbow injury (resolved); central and right
paracentral disc herniation at L4-L5 with various other lumbar
infirmities requiring epidural injections and potential for
surgery; 4 cracked teeth requiring root canals, resulting in
bills from dentist and endodontist.  This can be supplemented at
plaintiff's deposition, and see also the medical records.

2.   Defendant has subpoenaed all of the medical records.
If any are missing, as disclosed at Plaintiff's deposition, these
will be provided.

3.   March 18, 2004
     Dr. Mohammad Mehdi

4.   Plaintiff first returned to work after the accident on
November 25, 2002.  Plaintiff has missed days on an intermittent
basis since then.  This can be supplemented at deposition.

5.   Dr. Elisa Montross-Lopez
     Lewes Family Practice

     Her records have been subpoenaed.

6.   (a)  Yes.

     (b)  1.   Neck and upper thoracic pain
               Auto accident, 1999.  South Carolina.
               Dr. Elisa Montross-Lopez,
               General practitioner

               Dr. Michael Elrod, Chiropractor
               Lewes, DE

          2.   Shoulder impingement, neck, lower back
               Tugboat accident, February 20, 2000.
               Dr. Paul C. Peet, Center for Neurology
               Lewes, DE

               Dr. Michael Elrod
               Lewes, DE

               Dr. David Sopa, Lewes Orthopedic Center
               Lewes, DE

     (c)  No.

7.   Plaintiff is still suffering from his low back injuries
and his dental injuries.  This can be amplified at deposition.

8.   Constant pain in lower back which often flares up to an
incapacitating level, most often accompanied by severe leg pain,
both legs.  The activities which this affects can be described at
deposition.

9.   Plaintiff has already supplied the unpaid medical
bills.  As more come to hand, they will be supplied.  Plaintiff
will also claim mileage to and from the medical providers'
offices and will claim reimbursement for legal expenses incurred
in defending the Insurance Fraud claim.  This can be supplemented
at deposition.

10.  Plaintiff is seeking maintenance at the rate of 100% of
his wages for 90 days and 60% thereafter in accordance with DRBA
policy.

11.  These have been supplied to Defendant, and are
continuing with dentist and orthopedic doctor.

12.  Plaintiff will claim transportation expenses to and from the medical providers' offices, and this will be submitted and will claim reimbursement for the legal expenses incurred for defending the insurance fraud allegation.

13.  Yes.  The injury noted in 6(b)(1).  Plaintiff was also paid maintenance for the injury he suffered while working on February 20, 2000 when he was employed by Vane Line Bunkering, Inc..  This is noted in 6(b)(2).  Plaintiff suffered injuries to his neck, lower back and right shoulder.  He was paid maintenance until May 14, 2000.  Defendant has been supplied with the medicals pertaining to this accident.

14.  No decision yet.

15.  To be supplied.

16.  No decision yet.

17.  No.

18.  Claim submitted to General Electric Auto Ins. Program and to State Farm.  Both were denied.  Plaintiff recently submitted his medical bills to Blue Cross as suggested by defendant, but no answer has been received.

E. ALFRED SMITH & ASSOCIATES

E. Alfred Smith
Attorney for Plaintiff
Jan D. Kopacz

Dated: 3/19/04

MAR-23-04 12:19 PM    KOPACZ                    3014758551              P.01

## AFFIDAVIT

I, Jan C. Kopacz, being duly sworn according to law, depose and say that the foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information and belief.


Jan C. Kopacz

Sworn to and subscribed
before me this 23 day
of March        2004.


My commission expires:


Notary Public