IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ AND ESTATE OF CATHY KOPACZ, | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 04-911 GMS |
| v. | : | |
| | : | Jury Trial Demanded |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JAN KOPACZ, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 04-1281 GMS |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Upon review of Defendant Swett's opposition to Plaintiff's conditional motion for new

trial (D.I. 128), IT IS HEREBY ORDERED this _____ day of _____,

2006 that the Plaintiff's conditional motion for new trial (D.I. 128) is DENIED.


_____

_____J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ AND ESTATE OF CATHY KOPACZ, | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 04-911 GMS |
| v. | : | |
| | : | Jury Trial Demanded |
| DELAWARE RIVER AND BAY AUTHORITY,  and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JAN KOPACZ, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 04-1281 GMS |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

**OPPOSITION OF DEFENDANT CRAIG SWETT TO PLAINTIFF'S
CONDITIONAL MOTION FOR NEW TRIAL**

Defendant Craig Swett opposes Plaintiff's conditional motion for new trial and in opposition states the following:

1.    A motion for new trial may be granted at the discretion of the Court if the moving party specifically identifies grounds in its motion clearly demonstrating: (1) prejudicial error was committed in the trial of the action; (2) newly discovered evidence; (3) inadequate or excessive damages awarded in the verdict; or (4) that the verdict is against the weight of the evidence.[1]  "The Court should grant a new trial on the basis that the verdict was against the weight of the evidence only where a miscarriage of justice would result if the verdict were to stand."[2]

2.    While Plaintiff advances several arguments in support of his motion for new trial, no basis or reasoning is given to explain how anything cited by Plaintiff will justify a new trial.

3.    Specifically, Plaintiff's argument regarding the production of documents in DRBA's file and/or admissibility of certain DRBA documents, such as letters between Plaintiff's counsel and Bonnie Miller and Lamorte Burn & Co., Inc.,[3] has nothing to do with the case against Craig Swett and therefore does not justify the grant of a new trial.  Similarly, Plaintiff's arguments that the dismissal of punitive damages against the DRBA and exclusion of testimony regarding entitlement to maintenance[4] are grounds for a new trial against Mr. Swett are unfounded because they too have nothing to do with the case against Craig Swett.

---

[1]  Fed. R. Civ. Proc. Rule 59; 12 MOORE'S FEDERAL PRACTICE, §§ 59.02, 59.05[5], 59.13[1] (Matthew Bender 3d ed.).

[2]  *Cuffee v. The Dover Wipes Company*, 2005 WL 1026831, at *2 (D. Del.) attached as Exhibit 1.

[3]  *See* ¶¶ 1 and 8 of Plaintiff's Motion for New Trial, D.I. 128.

[4]  *See* ¶¶ 2 and 9 of Plaintiff's Motion for New Trial.

4.      Regarding the reading of purported admissions of Craig Swett and Bonnie Miller,[5] Plaintiff has failed to demonstrate how that testimony would affect the outcome of the case against Craig Swett or constitute any prejudice in view of the fact that Plaintiff had the ability to cross-examine Craig Swett and Bonnie Miller in open court and elicit the same testimony. If Craig Swett or Bonnie Miller changed their testimony in any way, the Plaintiff, of course, would have the right to impeach. Such impeachment was not necessary in this case because there were no discrepancies. Therefore, there was no prejudicial error.

5.      Similarly, Plaintiff has neither identified any basis upon which Mr. Kopacz's diary notes[6] could come into evidence in the first instance nor has Plaintiff identified any resulting prejudice, particularly in view of the fact that Plaintiff was permitted to testify to the content of the notes and had the notes available to refresh his recollection, had that been necessary.

6.      Regarding the Affidavit of Mr. Kopacz,[7] Plaintiff again fails to identify any resulting prejudice or error. This is particularly true considering that discipline problems of the Plaintiff were documented prior to the July 18, 2002 affidavit. Even if the Affidavit somehow supported Plaintiff's DRBA conspiracy theory, that theory was undermined by the testimony of the non-DRBA witnesses, all of whom gave testimony similar, if not identical, to the DRBA witnesses in this case.

7.      Regarding the depositions of Carol and Jessica Swett,[8] the Court was well within its discretion to permit the reading of those depositions and Plaintiff has failed to identify any resulting prejudice or error.

---

[5]  *See* ¶ 3 of Plaintiff's Motion for New Trial.

[6]  *See* ¶ 6 of Plaintiff's Motion for New Trial.

[7]  *See* ¶ 5 of the Plaintiff's Motion for New Trial.

[8]  *See* ¶ 4 of Plaintiff's Motion for New Trial.

8.      With respect to the issue of maritime jurisdiction,[9] Plaintiff again fails to articulate how the Court's decision that maritime jurisdiction does not attach to Plaintiff's claim against Craig Swett in any way affected the outcome of this case or prejudiced Plaintiff.  In particular, the jury in this case never reached any question where maritime law differs from state law (i.e., comparative negligence and admissibility of PIP eligible expenses).  Stated differently, Plaintiff fails to articulate how application of maritime jurisdiction in any way would change the results of this case if a new trial were granted.

9.      The argument that evidence concerning the prosecution of the Plaintiff for insurance fraud was excluded[10] is wholly without merit because the Delaware Department of Insurance settlement agreement reached with the Plaintiff was moved into evidence both by the Plaintiff and the DRBA and was provided to the jury.  Regardless, Plaintiff has failed to explain how this issue affected his case against Craig Swett since Plaintiff stipulated that he sought to admit his legal bills against DRBA only and not against Craig Swett.

10.     Finally, contrary to Plaintiff's arguments, the cross examination of Michael Willey regarding bias toward the Plaintiff[11] was not limited by anyone other than the Plaintiff.  To the contrary, the Court specifically permitted Plaintiff to call character witnesses to testify to Michael Willey's proposed reputation for dishonesty but Plaintiff affirmatively chose to forego calling those witnesses.

11.     Ultimately, Plaintiff has done nothing more than recite a list of evidentiary rulings unfavorable to his position.  Again,  new trials are to be granted sparingly in instances where there

---

[9]  *See* ¶ 7 of Plaintiff's Motion for New Trial.

[10]  *See* ¶ 10 of Plaintiff's Motion for New Trial.

[11]  *See* ¶ 11 of Plaintiff's Motion for New Trial.

has been prejudicial error, a verdict against the weight of the evidence or a similar miscarriage of

justice. Plaintiff has failed to articulate any basis or explanation whatsoever as to how the Court's

rulings resulted in prejudicial error or in any other way deprived Plaintiff of a fair trial. Therefore,

Plaintiff's motion for new trial should be denied.

CASARINO, CHRISTMAN & SHALK, P.A.


    /s/ Donald M. Ransom
Donald M. Ransom, Esq.
Del. Bar ID No. 2626
Chaneta Brooks Montoban, Esq.
Del. Bar ID No. 4384
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorney for Defendant Craig Swett