IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and JAN KOPACZ, Administrator of the Estate of Cathy Kopacz | : : : : | |
| Plaintiffs, | : : | C.A. No. 04-911 GMS |
| v. | : : | Jury Trial Demanded |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : : : | |
| Defendants. | : | |
| JAN KOPACZ, | : : | |
| Plaintiff, | : : | C.A. No. 04-1281 GMS |
| v. | : : : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : : : | |
| Defendant. | : | |

DEFENDANT SWETT'S MOTION FOR COSTS

Pursuant to Title 28 of the United States Code Section 1920, Federal Rule of Civil Procedure 54 and Local District Court Rule 54.1, Defendant Swett respectfully requests that the Court award taxable expenses and costs incurred by Defendant Swett against Plaintiff Jan Kopacz and, in support, states the following:

1.  Judgment was entered by the Court in favor of Defendant Swett on February 15, 2006. (D.I. 127) An Amended Judgment was subsequently entered by the Court on February 22, 2006, still in favor of Defendant Swett. (D.I. 134)

2.  Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the prevailing party is entitled to an award of costs. Title 28 of the United States Code Section 1920 gives

the costs which can be properly taxed against Plaintiff Kopacz. This includes, but is not limited to, witness fees, disbursements for witnesses, and court reporter fees. *Id*.

3.  Defendant Swett seeks an award of fees associated with the depositions of Dr. Marc Greenstein, Carol Swett, and Jessica Swett. All of these depositions were read at trial and possibly played an integral part in the jury's deliberation and subsequent verdict in favor of Defendant Swett. In addition, Defendant Swett seeks an award for fees and reimbursements incurred in procuring Michael Willey's attendance at trial.

4.  Defendant Swett was prepared to take the depositions of both Carol Swett and Jessica Swett via telephone. However, due to Plaintiff Kopacz's unwillingness to conduct those depositions via telephone, Defendant Swett had no other choice but to either travel to Illinois to take the depositions or have a video teleconference arranged. The video teleconference was scheduled and agreed to, via stipulation, by all counsel. Those depositions went forward on November 21, 2005 at the Best Western Brandywine Conference Center and plaintiff's counsel was in attendance.

5.  The costs incurred for the video teleconference were $1,083.75. In addition, a court reporter was present and a transcript was obtained for trial which cost $456.00.

6.  Second, Defendant Swett was required to travel to Huntington (Long Island), New York to take the deposition of Dr. Marc Greenstein on September 8, 2005. That deposition could have also been taken via telephone but Plaintiff Kopacz was insistent on traveling to New York to see the witness in person. Pursuant to 28 U.S.C. § 1821(b), a witness fee in the amount $40.00 was paid to Dr. Greenstein for the taking of his deposition for trial.

7.  In addition, time and mileage costs were incurred by defense counsel which

could have been avoided if Plaintiff Kopacz had agreed to take the deposition of Dr. Greenstein via telephone. A total of 9.8 hours were spent by defense counsel for traveling to and from Huntington, New York at an hourly rate of $175.00. Mileage reimbursement was $199.15 and is calculated based on the 350 miles traveled at $.445 per mile. Tolls totaled $29.40. Costs were also incurred in obtaining a court reporter and paying for the deposition transcript for use at trial which totaled $222.00.

8. Finally, the attendance of Michael Willey was another key factor at trial. Defendant Swett issued a subpoena for Mr. Willey's attendance at trial and paid the $40.00 witness fee in addition to mileage reimbursement of $71.20 for the 80 miles traveled.

9. Under Federal Rules of Civil Procedure 54 and the United States Code, Defendant Swett is entitled to an award of costs for the witness fees, depositions costs, and travel time spent which ultimately led to a judgment in favor of Defendant Swett.

WHEREFORE, Defendant Swett respectfully requests that an award of costs in the amount of $3,856.50 be entered in his favor against Plaintiff Kopacz.

                Respectfully submitted,

                CASARINO, CHRISTMAN & SHALK, P.A.

                /s/ Donald M. Ransom
                DONALD M. RANSOM, ESQUIRE
                Del. I.D. No. 2626
                800 N. King Street, Suite 200
                P.O. Box 1276
                Wilmington, Delaware 19899
                (302) 594-4500
DATED: March 8, 2006        Attorney for Defendant Craig Swett

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 04-911 GMS |
| v. | : | |
| | : | Jury Trial Demanded |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| JAN KOPACZ, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 04-1281 GMS |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

IT IS HEREBY ORDERED THIS ____ day of _____ 2006 that Defendant Swett's Motion for Costs is hereby granted.

IT IS SO ORDERED.

_____
The Hon. Gregory M. Sleet
U.S. District Court
District of Delaware