IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and JAN KOPACZ, Administrator of the Estate of Cathy Kopacz, | ) ) ) ) | C.A. No. 04-911 GMS |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| DELAWARE RIVER AND BAY AUTHORITY and CRAIG SWETT | ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) ) | |
| JAN KOPACZ | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-1281 GMS |
| v. | ) ) ) | |
| DELAWARE RIVER AND BAY AUTHORITY | ) ) ) ) | |
| Defendant. | ) | |

**Plaintiff's Preliminary Brief in Support
of Plaintiff's Conditional Motion for New Trial**

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ James S. Green

**JAMES . GREEN, ESQ. (DE0481)**
jgreen@svglaw.com
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
 Attorneys for Plaintiffs

OF COUNSEL:
E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street, Second Floor
Philadelphia, PA 19107
Date: March 8, 2006

## Table of Contents

|     |     | Page |
| --- | --- | --- |
| I.   | Background | 1 |
| II.  | The Grounds for a New Trial | 1 |
|      | 1. Denying the production of documents during discovery. | 1 |
|      | 2. Dismissal of plaintiff's punitive damages claim. | 1 |
|      | 3. The admissions of Craig Swett and Bonnie Miller. | 2 |
|      | 4. The testimony of Carol and Jessica Swett. | 2 |
|      | 5. Excluding the Affidavit. | 2 |
|      | 6. Exclusion of plaintiff's notes. | 2 |
|      | 7. Maritime jurisdiction. | 3 |
|      | 8. Exclusion of letters. | 3 |
|      | 9. Exclusion of opinion testimony. | 3 |
|      | 10. Insurance fraud allegations. | 4 |
|      | 11. Limiting the cross-examination of Willey. | 4 |
| III. | Conclusion | 5 |

## Plaintiff's Preliminary Brief in Support of
## His Conditional Motion for New Trial

### I. Background

A consolidated maintenance/Jones Act/unseaworthiness case against DRBA and a general maritime claim against an SUV driver, Craig Swett, were tried to a jury from February 6 - 13, 2006. The jury found that plaintiff was not struck and injured by the Swett vehicle, but the jury awarded maintenance and cure and compensatory damages for failure to pay maintenance.

Plaintiff timely filed a Conditional Motion for a New Trial and files this preliminary brief to comply with the briefing schedule. Plaintiff believes the Court will never reach the merits of this Motion. If it does, plaintiff will request leave to file a more complete brief. Plaintiff does not want to put in the time to fully brief these issues, although they are meritorious, unless it is absolutely necessary.

### II. The Grounds for a New Trial

1. Denying the production of documents during discovery.

Plaintiff will rely on the contentions made in his letter brief to the Court dated March 18, 2005. In particular, plaintiff believes that <u>Holmes v. Pension Plan of Bethlehem Steel Corp.</u>, 213 F.3d 124, 138-139 (3d Cir. 2000) is controlling. In <u>Holmes</u>, the Third Circuit reversed the District Court because it failed to order the production of a legal memorandum. Plaintiff believes that this Court would also be reversed on appeal for its failure to order the production of documents created in the regular course of business when no litigation was contemplated.

2. Dismissal of plaintiff's punitive damages claim.

1

Plaintiff well understands the reasons for the Court's decision, but he disagrees. If the Third Circuit reverses, a whole new trial is not necessary because the jury's verdict would enable only a trial limited to the punitive damages issue to be held.

3. The admissions of Craig Swett and Bonnie Miller.

Admissions made by a party are not hearsay. F.R.E. 801(d)(2). Admissions are always admissible, and the party's availability should not prevent the opposing party from reading admissions made in a deposition. Denying a party the right to read these admissions and forcing that party to cross-examine a party-opponent is an unwarranted intrusion into counsel's freedom to try his/her case and is unduly prejudicial.

Had counsel been able to read the deposition testimony as admissions, both parties opponents could have taken the stand to explain their testimony and counsel believes that the admissions, as read, would have been much more effective in attacking their credibility.

4. The testimony of Carol and Jessica Swett.

Counsel will rely on the averments in his Motion in Limine.

5. Excluding the Affidavit.

Much of plaintiff's case concerning the reason of DRBA for denying him maintenance was based on the change in the conduct of DRBA employees after plaintiff gave his Affidavit of July 18, 2002.

The jury's verdict rendered this issue moot, but if the Court sets aside that verdict, the prejudice to plaintiff from the exclusion of this evidence becomes very important.

6. Exclusion of plaintiff's notes.

Plaintiff was forced to rely exclusively upon memory when testifying concerning events that happened 3 ½ years ago. Admission of his notes would have provided much more reliable testimony, and they would also have shown precisely when his conversations with DRBA personnel were.

7. Maritime jurisdiction.

Plaintiff will rely on his response to Swett's Motion in Limine.

8. Exclusion of letters.

The letters were directly relevant to the reasonableness of DRBA's failure to pay maintenance and cure. These letters were written before suit was started, and they spelled out precisely what the jury found: maintenance was due irrespective of the cause because plaintiff's disability manifested itself while he was subject to the call of duty.

9. Exclusion of opinion testimony.

DRBA's counsel misled the Court into thinking that the Court had ruled on this issue during discovery. Because of time pressure the Court did not read its Opinion but relied on counsel's representation. This was error.

The discovery issue dealt with the production of materials prepared in the early days after the accident, and the Court held that these were prepared in anticipation of litigation and not discoverable.

The issue at trial was the reasonableness of DRBA's refusal to pay maintenance and cure. Schaffer and Hildebrandt are very capable lawyers who have each had more than 25 years' experience defending maritime personal injury claims. Their advice was readily available and

3

neither was in an attorney-client relationship.

It is inconceivable to plaintiff that these lawyers advised DRBA not to pay the maintenance and cure because both knew well the consequences for a failure to pay. The jury was entitled to know that DRBA had very competent advice available to it and deliberately ignored it.

10. Insurance fraud allegations.

Plaintiff was prevented from exploring the participation of DRBA in the filing of the Insurance Fraud allegation against plaintiff, and this was relevant to the lack of reasonableness on DRBA's part in its refusal to pay maintenance and cure benefits.

11. Limiting the cross-examination of Willey.

The key alleged eye-witnesses whose testimony was most damaging to plaintiff was Michael Willey. Plaintiff testified to the reasons for Willey's bias against him, and this had to do with Willey's drinking history. Drinking had nothing to do with the accident, but Willey's drinking habits had everything to do with his bad relationship with plaintiff. By excluding this testimony and telling the jury to disregard it, the Court severely prejudiced plaintiff's attempt to attack Willey's credibility.

## III. Conclusion

Plaintiff will brief these issues more fully if the Court is required to decide his Motion on the merits.

> Respectfully,
>
> SEITZ, VAN OGTROP & GREEN, P.A.
>
> /s/ James S. Green
> JAMES . GREEN, ESQ. (DE0481)
> jgreen@svglaw.com
> 222 Delaware Avenue, Suite 1500
> P.O. Box 68
> Wilmington, DE 19899
> (302) 888-0600
>   Attorneys for Plaintiffs

OF COUNSEL:
E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street, Second Floor
Philadelphia, PA 19107

Date: March 8, 2006

5

## CERTIFICATE OF SERVICE

I, JAMES S. GREEN, hereby certify that on this 9th day of March, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record.

**PLAINTIFF'S PRELIMINARY BRIEF IN SUPPORT
OF PLAINTIFF'S CONDITIONAL MOTION FOR NEW TRIAL**

/s/ James S. Green
_____
JAMES S. GREEN (ID No. 0481)
jgreen@svglaw.com

37091 v1