IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and JAN KOPACZ, Administrator of the Estate of Cathy Kopacz, | ) ) ) | C.A. No. 04-911 GMS |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| DELAWARE RIVER AND BAY AUTHORITY and CRAIG SWETT | ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) | |
| JAN KOPACZ | ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-1281 GMS |
| v. | ) ) ) | |
| DELAWARE RIVER AND BAY AUTHORITY | ) ) ) | |
| Defendant. | ) | |

**Plaintiff's Opposition to DRBA's
Motion for Judgment N.O.V. or a New Trial**

Plaintiff opposes DRBA's Motion for Judgment N.O.V. or for a New Trial and assigns in support thereof the following:

1. Both Motions were filed more than 10 days after Judgment was entered on the verdict. F.R.Civ. P. 50(b) and 59(b) specify that such Motions must be made within 10 days after the entry of judgment. Plaintiff has not researched the question of whether the Court has the power to extend these deadlines. If it does, plaintiff's objection is moot. If it does not, the Court is

without jurisdiction to consider the Motions.

2. Counsel does not recall that DRBA renewed its Motion for judgment as a matter of law at the close of all the evidence as required by F.R. Civ. P. 50(b). If the transcribed record shows that the Motion was renewed, then this objection is moot. If the transcribed record shows that DRBA did not renew its motion at the close of all the evidence, then this Court lacks jurisdiction to grant the Motion for Judgment N.O.V.

3. Compensatory damages can be awarded upon a finding that maintenance and cure were not paid; it does not require a finding that the failure to pay was unreasonable, so DRBA is incorrect in so stating.

4. There was ample evidence to support the jury's verdict awarding maintenance and cure even though the jury found that plaintiff was not struck and injured by the Swett vehicle on August 9, 2002, and some of this evidence came from DRBA's medical expert, Dr. Jeffrey Malumed.

5. The demand for maintenance and cure, from the very beginning, was based on the fact that plaintiff became disabled while subject to the call of duty of the ferry, and this was maintained throughout. This was shown in counsel's first letter to Bonnie Miller dated August 19, 2003. Plaintiff's Trial Memorandum, filed on December 19, 2005, showed that plaintiff would seek judgment by directed verdict because there was no defense to the maintenance and cure claim. The jury's verdict corroborated this. DRBA's contentions to the contrary are inaccurate.

6. There was no evidence that DRBA refused to pay maintenance and cure because they did not believe Kopacz was struck by the Swett vehicle. The evidence was just the opposite.

7. There was ample evidence to support the jury's award of compensatory damages, and DRBA's statement that there is "no evidence" is inaccurate.

In the alternative, plaintiff opposes the grant of a new trial for the following reasons:

1. The admission of the testimony concerning the FAA flight physical was discretionary and not prejudicial. Plaintiff was never asked about this during his deposition although he clearly testified that he had had a pilot's license for many years and was asked about the kinds of aircraft he was licensed to fly. Plaintiff should not be penalized for DRBA's failure to inquire about his physical status as of the time of his deposition on March 24, 2004.

2. The evidence concerning counsel's efforts to have the maintenance and cure paid before suit was started was directly relevant to the reasonableness of DRBA's refusal to pay the maintenance and cure. It was not "settlement discussions," and plaintiff was foreclosed from getting more evidence on this because defense counsel misrepresented to the Court its decision concerning an element of this during discovery.

3. The jury's verdict shows there was no prejudice due to the mention of liability insurance.

4. The negative impact on plaintiff's credit rating due to DRBA's failure to pay his medical bills was mentioned in counsel's letters to Bonnie Miller dated August 19, 2003 and John Schaffer dated September 23, 2003. Both were sent before any suit was started. DRBA's counsel failed to ask about this during plaintiff's 5 3/4 hour deposition yet only maintenance and cure were at issue. No interrogatory served by DRBA asked about plaintiff's credit status. DRBA's counsel had plenty of opportunity to inquire about this but never did so. DRBA should not be permitted to blame plaintiff for its own shortcomings. The evidence was clearly

admissible, and plaintiff gave an authorization which entitled DRBA to get his credit rating. Plaintiff's testimony upon being recalled showed that his credit rating had, in fact, been impaired.

     5. Evidence of Willey's bias was properly introduced, and the Court erroneously told the jury to ignore it.

     6. Counsel cannot meet the allegation concerning the voir dire questions of the jurors because it is not specific enough.

     7. Collateral benefits do not decrease or eliminate a shipowner's obligation to pay maintenance and cure, and such benefits were not available to Kopacz in any event. Evidence of these should not have been admitted, and the Court would have committed prejudicial error by charging as requested by DRBA. DRBA is seeking the very thing that the Supreme Court opinions say should not be permitted, as discussed more fully in plaintiff's Brief.

     8. The Court prevented plaintiff from pursuing the invasion of privacy issue, so DRBA can't claim prejudice.

WHEREFORE, plaintiff respectfully requests that the Court deny DRBA's Motions in every respect.

                              **SEITZ, VAN OGTROP & GREEN, P.A.**

                              /s/ James S. Green
                              **JAMES . GREEN, ESQ. (DE0481)**
                              jgreen@svglaw.com
                              222 Delaware Avenue, Suite 1500
                              P.O. Box 68
                              Wilmington, DE 19899
                              (302) 888-0600
                                    Attorneys for Plaintiffs

OF COUNSEL:
E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street, Second Floor
Philadelphia, PA 19107

Date: March 16, 2006

## CERTIFICATE OF SERVICE

      I, JAMES S. GREEN, hereby certify that on this 16th day of March, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record.

**Plaintiff's Opposition to DRBA's
Motion for Judgment N.O.V. or a New Trial**

      /s/  James S. Green
      _____
      JAMES S. GREEN (ID No. 0481)
      jgreen@svglaw.com