**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAN KOPACZ | : | DOCKET NO. 03-cv-4858 (SSB) |
| | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | SEAMAN'S COMPLAINT IN |
| DELAWARE RIVER AND BAY | : | ADMIRALTY FOR MAINTENANCE, |
| AUTHORITY | : | CURE AND OTHER RELIEF |
| | : | FILING FEE WAIVED |
| | : | 28 U.S.C. §1916 |
| | : | |

**PROPOSED DISCOVERY PLAN**

1. **Conference Date:**

   January 6, 2004

2. **Brief Factual Statement:**

   This is a non-jury action filed by Plaintiff to recover maintenance and cure and various other things related to Defendant's arbitrary refusal to pay Plaintiff's maintenance and cure concurrently with the need.

   Plaintiff was working as an A.B. aboard Defendant's ferry, MV DELAWARE, on August 9, 2002. He was directing cars during the loading process in Lewes, DE preparatory to making a crossing to Cape May, N.J. Plaintiff alleges that he was standing behind an SUV, with his back to the SUV, and he was waiting for 2 cars to pass in the adjacent lane. Plaintiff alleges that the SUV backed up without warning and struck Plaintiff in the back, causing injuries to Plaintiff's neck, back and elbow.

   Defendant alleges that the claim is fraudulent, as the driver of the SUV and three other eyewitnesses said that the vehicle never contacted the Plaintiff.

Plaintiff was taken by ambulance to a nearby hospital where he was treated, x-rayed and released. Plaintiff alleges that he was unable to work until December 2002.

Defendant has never paid him his maintenance and has paid none of his medical bills. Defendant alleges that maintenance and cure are not owed in this case.

3. **Discovery Undertaken:**

Plaintiff has served his Initial Disclosures and discovery requests.

Defendant intends to serve written discovery and to depose the Plaintiff, driver of the SUV and all eyewitnesses.

4. **Discovery Problems:**

There should be none since these cases are very easy to prepare.

5. **Discovery needs:**

The parties foresee that discovery may include but will not necessarily be limited to interrogatories, requests for production of documents, depositions of parties and witnesses, medical examinations of plaintiff, and subpoenas served on non-parties for various documents.

6. **Time Needed for Discovery:**

Plaintiff proposes an April 30, 2004 discovery deadline.

Defendant requests a discovery deadline of June 30, 2004.

7. **Expert Testimony:**

None needed by Plaintiff.

Defendant does not foresee the need for expert testimony but reserves the right to present an expert at the end of discovery.

8. **Dispositive Motions:**

None anticipated by Plaintiff.

Defendant anticipates that it will file a motion dismissing the claim for punitive damages, which are not recoverable as a matter of law.

9. **Ready for Trial:**

Plaintiff suggests June 1, 2004 at the latest. Plaintiff requests an expedited hearing because maintenance is involved.

Defendant suggests August 1, 2004 to allow time for expert discovery, if any, dispositive motions and pre-trial preparation.

10. **Status of Settlement Negotiations:**

There have been no settlement discussions.