IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and ESTATE OF CATHY KOPACZ, | : : : | |
| Plaintiffs, | : : | C.A. No. 04-911 GMS |
| v. | : : : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : : : | |
| Defendants, | : | |

| | | |
|---|---|---|
| JAN KOPACZ, | : : | |
| Plaintiff, | : : | C.A. No. 04-1281 GMS |
| v. | : : : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| Defendant. | : | |

**REPLY OF DEFENDANT, DELAWARE RIVER AND BAY AUTHORITY, IN FURTHER SUPPORT OF ITS POST-TRIAL MOTIONS**

As a preliminary matter, the post-trial motions of Defendant Delaware River and Bay Authority ("DRBA") were timely filed with this Court. Under Fed. R. Civ. P. 6, in computing any period of time permitted for a response, where the period allowed is less than 11 days, intermediate weekend days and holidays are not included.

DRBA relies on the legal arguments set forth at length in its brief filed in support of its post-trial motions, but files this reply to address misstatements in the record by plaintiff's counsel.

I.   **LEGAL ARGUMENT**

  A.   **DRBA's refusal to pay maintenance was based on the overwhelming evidence that the accident did not occur.**

Plaintiff's counsel contends that the DRBA's refusal to pay maintenance was not based on the overwhelming evidence that the accident did not occur. This is a ridiculous suggestion, since the DRBA has taken the position that the claim was fraudulent since day one. A review of Miller's testimony, which is now available, supports the DRBA's position. At trial, Bonnie Miller testified that the DRBA, before paying maintenance, "needed proof that Kopacz' time away from work was indeed related to an injury while at work." (N.T. 2/8/06 at p. 3, attached as Exhibit "A").

> Q:   Well, if you had paid him his maintenance he wouldn't have used his sick leave. Isn't that correct?
>
> A:   We needed proof that this time away from work was indeed related to an injury while at work. And considering all the information we had received, it wasn't proof enough to us to say that he was injured at work.

Miller went on to testify that the DRBA's decision to not pay maintenance was because they did not believe Kopacz was injured by the Swett vehicle. (N.T. 2/8/06 at pp. 4-5, attached as Exhibit "A").

The fact that the DRBA paid Kopacz his sick leave does not serve as any admission of the obligation to pay maintenance, as argued by Plaintiff's counsel. Bonnie Miller explained at trial that the DRBA would pay an employee sick leave and the time would be credited back to the employee if an on-the-job injury caused the disability. (N.T. 2/8/06 at p. 25-26). In this case, the jury agreed with the DRBA that the accident between Kopacz and the Swett vehicle did not occur. For that reason, maintenance was not paid to Kopacz, and his sick time was not returned to his accruals. The jury's verdict, therefore, in finding DRBA's conduct unreasonable in not paying maintenance, after

determining that the accident never occurred, was plain error.

There was absolutely no evidence or testimony in the record that Kopacz was injured while subject to the call of duty except for his testimony that he was hit by the Swett vehicle. Since the jury decided that he was not struck and injured by the vehicle, the DRBA's decision was reasonable. The evidence from Ms. Miller was that an employee could take sick leave for a number of reasons, including the need to care for a sick family member. The DRBA's sick leave policy was extremely liberal, and the standard for payment was much lower than payment of full wages for an on the job injury. Therefore the payment of sick leave does not support the acceptance of an on the job injury, and in fact, Ms. Miller's testimony was to the contrary.

Similarly, Dr. Malumed's testimony did not support plaintiff's argument that he suffered an injury while subject to the call of duty. In the first place, Dr. Malumed is an expert who examined Kopacz two years later, and thus he had no first hand knowledge of when or if any injury manifested. His testimony simply supported the DRBA's argument that the symptoms which Kopacz described during the months and years following the alleged incident were identical to those which plaintiff had been exhibiting since long before his employment with the DRBA. He gave no opinion as to whether any of these symptoms manifested for the first time while Kopacz was subject to the call of duty that day.

The law does not require the shipowner to pay maintenance and cure unless the seaman's injury or illness first manifests while he is in the service of the ship. If the law were otherwise, a seaman could turn any off-the-job injury or illness into a compensable work injury simply by reporting to work in an injured state. For example, if a seaman woke up one morning with the flu, or a bad back, he

could simply drag himself to work, then claim that his symptoms were occurring while on the job, and demand maintenance and cure. This result simply cannot be sanctioned by the Court. The DRBA provides medical coverage, sick leave, disability benefits and maintenance and cure to its employees, so that they are protected under any and all circumstances. To punish the DRBA for enforcing these policies would be a perversion of justice.

**B.    There was no evidence in the record of legally compensable damages.**

**1. Health Insurance Benefits**

The DRBA provided Kopacz with Blue Cross Blue Shield insurance to cover non work related injuries and illnesses. Originally, Kopacz' first attorney told the DRBA that he was making no claim for maintenance and cure. (DRBA Trial Exhibit-21, attached as Exhibit "B"). When Mr. Smith became involved, he was told that the claim was denied, and directed to the Blue Cross policy as well as his client's own PIP policy to cover medicals.[1]

The cases cited by the DRBA in its opening brief are directly on point, and support the DRBA's position that if medical coverage is available from others, especially a policy paid for by the shipowner, no cure is owed to the seaman. Shaw v. Ohio River Co., 526 F.2d 193 (3d Cir. 1975); Moran Towing & Transp. v. Lombas, 58 F.3d 24 (2d Cir. 1995). The Vaughan v. Atkinson, 369 U.S. 527 (1962) opinion cited by Kopacz dealt primarily with the issue of maintenance, not cure, and has no relevance here.

---

[1] Kopacz did pursue PIP benefits, but these were denied for the same reason that DRBA denied the maintenance and cure claim– the accident did not happen.

4

2. **The emotional and financial damages claimed by plaintiff were not disclosed in discovery and should have been excluded.**

At no time did the plaintiff disclose in discovery that his consequential damages included emotional pain and suffering as a result of calls from unpaid medical providers or the damage to his credit rating. The fact that the credit damage was mentioned in paragraph 48 of a 54 paragraph section of the pretrial should not preclude an objection to the evidence at trial,[2] especially when the type of damages being claimed were never listed in plaintiff's disclosure statement and were not identified in answer to a specific discovery request about damages. That request was made in the New Jersey action, which dealt only with plaintiff's maintenance and cure claim. The failure to mention it in discovery constituted unfair prejudice to the defendant, and is grounds for exclusion.

Moreover, Kopacz should not have been allowed to testify that he paid a higher interest rate on a home equity loan because of two doctors' bills which were unpaid, and that this higher rate was not affected by his prior bankruptcy. This constituted both hearsay and testimony which required an expert. This testimony was based on statements by an unidentified loan officer, which were offered for the truth of the statements. As such, they could not be challenged by cross examination of the loan officer or expert testimony from the defendant. This was clearly prejudicial.

3. **There was no evidence that Kopacz was denied medical treatment, or that his condition was made worse as a result.**

As previously stated, the only damages recoverable for an unreasonable failure to pay are those which compensate a seaman for an exacerbation of his physical condition caused by the lack of

---

[2] A party cannot be expected to file a motion in limine on every detail of the pretrial order, or the Court would have to try the entire case first, without a jury to make all evidentiary rulings in advance.

5

treatment. On this issue, plaintiff's counsel contends that Kopacz was denied treatment for his physical problems with Dr. Medhi following the incident. (Plaintiff's brief at p. 14). To the contrary, the evidence shows, as laid out fully in plaintiff's own brief, that the treatment with Dr. Medhi discontinued because of Kopacz' unacceptable behavior to the point that the police had to be called to Dr. Medhi's office. Kopacz immediately resumed treatment with another physician.

The opinion in Deisler v. McCormack Aggregates Co., 54 F.3d 1074 (ed Cir. 1995) does not defeat DRBA's arguments. Deisler recognized that a seaman could recover consequential damages for the wrongful failure to pay maintenance and cure, which is an actionable tort in and of itself. Consequential damages are therefore available for both a Jones Act claim and a general maritime claim seeking damages for failing to provide maintenance and cure. Deisler did not address the recovery of emotional distress damages as an element of consequential damages. Guidance on the scope of damages is governed by the opinion of the Supreme Court in Miles v. Apex Marine Corp., 498 U.S. 19 (1990), which recognized that recovery under general maritime law for failure to pay maintenance and cure must not be broader than would be permitted under the Jones Act. Moreover, the decision in Smith v. Delaware Bay Launch Service, 842 F. Supp. 770 (D. Del. 1994) is directly on point from this jurisdiction, and was affirmed on appeal by the Third Circuit. 54 F.3d 770 (3rd Cir. 1995). Kopacz' conclusory dismissal of the importance of this decision is misplaced. The cases cited in DRBA's post-trial brief support the assertion that Kopacz is not entitled to collect damages for alleged emotional distress, and no evidence was presented that Kopacz suffered any physical pain from the failure to pay maintenance and cure.

Accordingly, this Court should enter judgment as a matter of law for DRBA as there was no legally sufficient basis for the jury to find that the DRBA's conduct was unreasonable, and, there was no evidence that Kopacz suffered any compensable damages for the failure to pay maintenance and cure.

### C. DRBA's Motion for a New Trial should be Granted.

#### 1. FAA

Kopacz offered testimony that he could not have passed his FAA physical with a bad back. This testimony was unsupported by any expert opinion, and therefore could not be tested or rebutted by the DRBA. It was therefore unduly prejudicial as defendant had no prior notice of this information.

#### 2. Pre-trial letters between plaintiff's counsel and the DRBA's adjuster

Plaintiff emphasized at trial that he did not know that he was entitled to maintenance and cure, and argued that the DRBA should have volunteered this information. Therefore, the self-serving letters from his own attorney which threatened litigation were nothing more than an attempt to introduce counsel's arguments and demands into the case under the guise of being "evidence." Testimony about these letters should not have been introduced.

#### 3. Liability insurance

Similarly, plaintiff used these letters during Miller's testimony to introduce evidence that the DRBA had liability insurance to cover this claim. The DRBA objected to this evidence at the beginning of trial when arguing about the admissibility of these letters. Defendant Swett also objected to the continued mention of liability insurance, so nothing was waived.

### 4. Credit Damage

DRBA directs the Court to the argument set forth in a previous section of this reply brief.

### 5. Willey's Character

Although the Court gave an instruction to disregard the improper attack on this key witness' character, the jury nonetheless heard it and it likely factored in to their credibility assessments.

### 6. Voir Dire

A number of questions proposed by the Defendant were not asked during Voir Dire. (Attached as Exhibit "C"). Responses to questions about prior injuries and knowledge of the medical and maritime fields, among others, would have assisted the DRBA in using its preemptory challenges. Because of the limited questioning, the parties had no opportunity to even hear the voices of those jurors who did not respond affirmatively to the few questions posed by the Court. As the Kiernan v. Van Schaik, 347 F.2d 775 (3rd Cir. 1965) case made clear, counsel cannot make intelligent use of her preemptory challenges by merely studying the face of each juror.

### 7. Jury Instructions

It was clear error not to ask the jury to decide whether the DRBA, through its medical insurance program, offered Kopacz the substantial equivalent of cure.

### 8. Privacy claim

The repeated questioning of Miller and Spence Parker about the alleged invasion of privacy served no purpose other than to prejudice the jury against the DRBA. It should have been excluded.

### 9. Other errors

The DRBA does not have the entire transcript, and reserves it right to raise other errors once it is reviewed.

### III.   CONCLUSION

For all the foregoing reasons, Defendant, Delaware River and Bay Authority, respectfully requests that its post-trial motions be granted.

| | |
|---|---|
| OF COUNSEL: | ROSENTHAL, MONHAIT & GODDESS, P.A. |
| Mary Elisa Reeves, Esquire<br>DONNA ADELSBERGER<br> & ASSOCIATES, P.C.<br>6 Royal Avenue, P.O. Box 530<br>Glenside, PA 19038-0530<br>(215) 576-8690 | By:/s/ Carmella P. Keener<br>Carmella P. Keener (DSBA NO. 2810)<br>919 N. Market Street, Suite 1401<br>P.O. Box 1070<br>Wilmington, DE 19899-1070<br>(302) 656-4433<br>ckeener@rmgglaw.com<br>   Attorneys for Defendant,<br>   Delaware River and Bay Authority |

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2006, I electronically filed with the Clerk of Court REPLY OF DEFENDANT, DELAWARE RIVER AND BAY AUTHORITY, IN FURTHER SUPPORT OF ITS POST-TRIAL MOTIONS using CM/ECF which will send notification of such filing to the following:

Donald M. Ransom, Esquire
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

James J. Woods, Esquire
Law Office of James J. Woods, Jr., P.A.
P.O. Box 4635
Greenville, DE 19807

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

/s/ Carmella P. Keener (DSBA No. 2810)
Rosenthal, Monhait & Goddess, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com

cc:   E. Alfred Smith, Esquire (via electronic mail)