IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and JAN KOPACZ, Administrator of the Estate of Cathy Kopacz, | ) ) ) ) | C.A. No. 04-911 GMS |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DELAWARE RIVER AND BAY AUTHORITY and CRAIG SWETT | ) ) ) | Jury Trial Demanded |
| Defendants. | ) ) | |
| JAN KOPACZ | ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-1281 GMS |
| v. | ) ) | |
| DELAWARE RIVER AND BAY AUTHORITY | ) ) ) ) | |
| Defendant. | ) | |

**Plaintiff's First Supplemental Petition for
Allowance of Counsel Fees and Expenses**

Plaintiff, Jan Kopacz, by his counsel, respectfully petitions this Court to award counsel fees and expenses for the time spent to respond to DRBA's post-trial motions and assigns in support thereof the following:

1. Plaintiff was injured aboard DRBA's ferry on August 9, 2002.

2. Plaintiff initially made no claim for maintenance and cure because he did not know what they were and thought he should pursue only the driver because he did not think DRBA was at fault.

3. In May or June of 2003 plaintiff sought maintenance and cure from DRBA and thought that DRBA agreed to pay him for these, but payment was never forthcoming.

4. Plaintiff had to retain counsel, and counsel wrote to DRBA and to its adjuster, to whom counsel was referred, but counsel was not told why DRBA was refusing to pay.

5. DRBA continued to deny payment, and plaintiff was forced to file suit.

6. Plaintiff initially filed suit only for maintenance and cure and damages attendant upon their non-payment.

7. Such a lawsuit is non-jury and normally requires only about 2-3 hours for a plaintiff to try since the only evidence is testimony from the plaintiff and a record showing plaintiff's inability to work and when the disability began. No expert testimony is necessary.

8. DRBA defended the maintenance case on the basis that no accident involving plaintiff had happened, and it conducted an enormous amount of discovery apparently to try to mount a credibility attack. This discovery was all in the maintenance lawsuit.

9. DRBA's defense that no accident involving an SUV driven by Craig Swett occurred was not maintained in good faith for the following reasons:

> a. Their only eyewitness, Mike Willey, was asked to get a statement from another alleged eyewitness, Harry Thompson, because otherwise it would only be Willey's word against that of plaintiff.
>
> b. DRBA paid sick leave benefits to plaintiff beginning the day after the accident and continuing until his sick leave was exhausted. Sick leave is only paid if DRBA is satisfied that someone is unable to work due to physical incapacity, and it accepted all of the medical reports concerning plaintiff's condition after he left the vessel. DRBA has never challenged when plaintiff's disability began.
>
> c. In a letter dated November 4, 2003, DRBA's adjuster suggested

    that plaintiff should make a claim against his PIP carrier. A PIP
    carrier is liable only if an automobile is involved in the accident,
    so this suggestion means that from the outset DRBA believed that
    plaintiff had been struck and injured by the Swett vehicle.

  10.  DRBA had available to it at the very beginning two very experienced, capable maritime personal injury lawyers who presumably advised DRBA to pay the maintenance and cure or be liable for consequential damages, including counsel fees and costs, if it lost on this issue at a trial.

  11.  During the pendency of this litigation DRBA has been defended by an experienced maritime lawyer who presumably advised DRBA of the consequences upon a failure to pay maintenance and cure.

  12.  Presumably defense counsel billed DRBA periodically, so DRBA always knew how much time was being spent on the case, and it should certainly have known that plaintiff's counsel was spending as much or more time on the matter in light of the extensive discovery being pursued in the maintenance litigation.

  13.  Never during the litigation did DRBA ever attack the legitimacy of plaintiff's disability status for the period August 10, 2002 until November 25, 2002.

  14.  Never during the course of this litigation did DRBA ever make an effort to settle it and even told a Magistrate Judge in Wilmington during a telephone conference that no offer would ever be made.

  15.  The medical testimony at trial offered by DRBA did not in any way attack plaintiff's disability status. In fact, it established that plaintiff may have suffered a strain or sprain. On cross-examination, Swett's counsel elicited testimony which, if believed, exonerated Swett but clearly established DRBA's liability for maintenance and cure as of August 9, 2002.

16. DRBA never paid maintenance and cure benefits prior to trial.

17. After a 5 day trial the jury found that plaintiff had not been struck and injured by the Swett vehicle but that DRBA was liable for maintenance and that its refusal to pay maintenance and cure was unreasonable and without reasonable justification.

18. Following the verdict DRBA paid the maintenance and cure and the value of plaintiff's sick and annual leave, but it did not pay the compensatory damage award.

19. DRBA filed a post-trial motion, but its post-trial motion is fatally deficient in many respects, as follows:

>   a.  DRBA frequently contends that there was "no evidence" or "insufficient evidence" but the record in each instance belies this contention.
>
>   b.  On its principal argument DRBA asks the Court to accept legal reasoning that was refuted by the U.S. Supreme Court in 1932 (in Cortes) and by the Third Circuit in 1995 (in Deisler). In fact, the Third Circuit's decision in Deisler prevents this Court from accepting DRBA's contentions.
>
>   c.  On the cure issue DRBA advocates a position which is directly contrary to the Supreme Court decision in Vaughan v. Atkinson, 369 U.S. 527 (1962).
>
>   d.  DRBA also makes evidentiary arguments that it did not raise in the Pre-Trial Order; in a motion in limine; at the pre-trial conference or during the trial.

19. The post-trial motion is clearly a continuation of DRBA's intransigence and is a reflection of its instruction to counsel to continue the litigation irrespective of the lack of sound legal basis for so doing.

20. There is precedent for an award of counsel fees and expenses for post-trial efforts which are required to oppose an effort found by the Court to have been filed in bad faith and for

harassment value.  See Alvarez v. Bahama Cruise Line, Inc., 898 F.2d 312 (2nd Cir. 1990).

21.  If DRBA takes an appeal, plaintiff will move for sanctions, including counsel fees, under F.R.App.P. 38.  *See* Alvarez, *supra.*

22.  Plaintiff also seeks an award of counsel fees for the time spent objecting to DRBA's Bill of Costs and Motion for Costs.

23.  D.Del. LR. 54.1(a)(2) provides as follows:

> "Such bill of costs shall distinctly set forth each item of cost so that the nature of the charge can be readily understood and otherwise shall comply with the provisions of 28 U.S.C. § 1924."

24.  DRBA's Bill of Costs simply set forth various items but failed to identify their nature to enable the Clerk to readily understand the reason for the charge.

25.  As noted in plaintiff's objections, many of the charges are clearly not taxable under D.Del. LR. 54.1 and counsel should certainly have known that when the Bill of Costs was prepared but nevertheless prepared it in a very deceptive fashion.

26.  F.R. Civ.P. 11(a) requires documents such as Bills of Costs to be signed by counsel, and the signature certifies that to counsel's best knowledge, information and belief:

> "(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law..."

>                                         F.R. Civ.P. 11 (b)(2)

27.  A Bill of Costs seeking taxation of the costs of discovery deposition transcripts and other items as set forth in plaintiff's objections does not meet the requirements of F.R. Civ. P. 11 (b)(2), and plaintiff's counsel should not be put to the task of spending time to point out that

DRBA is trying to collect costs that are not taxable under the clear language of D.Del. LR. 54.1.

28. Refuting misrepresentations of facts and discredited legal arguments is not fun; it is unpleasant drudgery, and conduct which requires such effort should be discouraged.

WHEREFORE, plaintiff respectfully petitions the Court to award the counsel fees and expenses being sought as set forth in Exhibit 1 attached hereto.

/s/ James S. Green
**JAMES . GREEN, ESQ. (DE0481)**
jgreen@svglaw.com
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
    Attorneys for Plaintiffs

OF COUNSEL:
E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street, Second Floor
Philadelphia, PA 19107

Date: March 24, 2006

## CERTIFICATE OF SERVICE

    I, JAMES S. GREEN, hereby certify that on this 24th day of March, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record.

    /s/ James S. Green
_____
JAMES S. GREEN (ID No. 0481)
jgreen@svglaw.com