**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAN KOPACZ and ESTATE OF CATHY KOPACZ, | : | |
| Plaintiffs, | : | C.A. No. 04-911 GMS |
| v. | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| Defendants, | : | |
| JAN KOPACZ, | : | |
| Plaintiff, | : | C.A. No. 04-1281 GMS |
| v. | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| Defendant. | : | |

**OPPOSITION OF DEFENDANT, DELAWARE RIVER AND BAY AUTHORITY, TO PLAINTIFF'S PETITION FOR ALLOWANCE OF PRE-JUDGMENT INTEREST**

Defendant, Delaware River and Bay Authority ("DRBA"), respectfully moves this Court for an Order denying an award of pre-judgment interest to the Plaintiff and in support thereof, avers as follows:

1. An award of pre-judgment interest is not permitted in a Jones Act lawsuit. <u>Theriot v. J. Ray McDermott & Co., Inc.</u>, 742 F.2d 877 (5th Cir. 1984); <u>see</u> <u>also</u> <u>Monessen Southwestern Ry. Co. v. Morgan</u>, 486 U.S. 330 (1988)(pre-judgment interest is not to be awarded to a plaintiff in a FELA case).[1]

2. Under well-recognized uniformity principles in maritime law, a seaman is not

---

[1] The Jones Act grants seamen who suffered personal injury in the course of their employment the right to seek damages in the same manner as the Federal Employers' Liability Act allows claims by railroad employees. <u>American Dredging Co. v. Miller</u>, 510 U.S. 443 (1994).

entitled to a more expansive scheme of recovery under general maritime law then would be given under a controlling legislatively created cause of action, such as the Jones Act. Miles v. Apex Marine Corp., 498 U.S. 19 (1990). As the law of this case, this Court previously denied Kopacz's claim of punitive damages under general maritime law, because they are not recoverable under the Jones Act. (Memorandum and Opinion of September 26, 2005, D.I. 30, No. 04-1281). Likewise, Plaintiff is not entitled to recover pre-judgment interest under general maritime law since he would not be permitted to recover such damages under the Jones Act which covered plaintiff's cause of action.

    3.    Moreover, it is well-recognized that where an admiralty claim is tried before a jury, the award and amount of pre-judgment interest are to be determined solely by the jury. See Glynn v. Roy Al Boat Management Corp., 57 F.3d 1495 (9th Cir. 1995)(collecting cases), cert. denied, 516 U.S. 1046 (1996); Carey v. Bahama Cruise Lines, 864 F.2d 201, 208 n. 6 (1st Cir. 1988). While the entire trial transcript is not yet available, Defendant does not recall entering into any stipulation in this regard.

    4.    In the alternative, should this Court exercise its discretion to award pre-judgment interest, the amount should be based on the jury's compensatory damages award for the value of the maintenance and cure owed in the amount of $28,839. The purpose of pre-judgment interest, when awarded, is to make a plaintiff whole, not to allow Plaintiff to reap a windfall. Havis v. Petroleum Helicopters, Inc., 664 F.2d 54 (5th Cir. 1981). Accordingly, pre-judgment interest certainly should not be awarded on the consequential damages of $47,500, which was awarded specifically to compensate the plaintiff for any stress or financial hardship in light of DRBA's

failure to pay maintenance and cure.[2]  Accordingly, Plaintiff has already been made whole.

5.      Should this Court elect to award pre-judgment interest, it should only be applied to the $28,839 award.  At the clerk's rate of 4.70 % on the total of $28,839., Defendant calculates that interest on that component would be approximately $4,856.94.

WHEREFORE, Defendant, Delaware River and Bay Authority, respectfully request that this Court deny Plaintiff's petition to award pre-judgment interest.  In the alternative, interest should be awarded only on the judgment of $28,839.

| OF COUNSEL: | ROSENTHAL, MONHAIT |
| --- | --- |
| | & GODDESS, P.A. |
| Mary Elisa Reeves, Esquire | |
| DONNA ADELSBERGER | By:/s/ Carmella P. Keener |
| & ASSOCIATES, P.C. | Carmella P. Keener (DSBA NO. 2810) |
| 6 Royal Avenue, P.O. Box 530 | 919 N. Market Street, Suite 1401 |
| Glenside, PA 19038-0530 | Citizens Bank Center |
| (215) 576-8690 | P.O. Box 1070 |
| | Wilmington, DE 19899-1070 |
| | (302) 656-4433 |
| | ckeener@rmgglaw.com |
| | *Attorneys for Defendant,* |
| | *Delaware River and Bay Authority* |

---

[2] The jury's verdict of $47,500 is currently being challenged in a post-trial motion which is pending in this Court.  DRBA does not concede that this award was proper.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2006, I electronically filed with the Clerk of Court OPPOSITION OF DEFENDANT, DELAWARE RIVER AND BAY AUTHORITY, TO PLAINTIFF'S PETITION FOR ALLOWANCE OF PRE-JUDGMENT INTEREST using CM/ECF which will send notification of such filing to the following:

Donald M. Ransom, Esquire
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

James J. Woods, Esquire
Law Office of James J. Woods, Jr., P.A.
P.O. Box 4635
Greenville, DE 19807

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

/s/ Carmella P. Keener (DSBA No. 2810)
Rosenthal, Monhait & Goddess, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com