**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JAN KOPACZ and ESTATE OF CATHY KOPACZ, | : | |
| Plaintiffs, | : | C.A. No. 04-911 GMS |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : | |
| Defendants, | : | |
| JAN KOPACZ, | : | |
| Plaintiff, | : | C.A. No. 04-1281 GMS |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | |
| Defendant. | : | |

**DEFENDANT, DELAWARE RIVER AND BAY AUTHORITY'S,
MEMORANDUM OF LAW IN OPPOSITION TO
<u>PLAINTIFF'S PETITION FOR ALLOWANCE OF COUNSEL FEES</u>**

**I.      FACTS**

Special interrogatories were submitted to the jury in which the panel found that the DRBA's decision to not pay maintenance and cure was "unreasonable and without reasonable justification."  (Special Interrogatories attached as Exhibit "A").  The jury was never asked to make any other findings with regard to the DRBA's refusal to pay maintenance and cure, and this failure is fatal to Plaintiff's request for counsel fees.[1]

---

[1] Plaintiff is also making a request for costs, apparently in addition to what was included in the Bill of Costs previously filed with this Court.  Defendant contests the award of any additional costs in this matter as untimely and excessive under 28 U.S.C. § 1920 and D. Del. Loc. R. 54.1.

## II.     LEGAL ARGUMENT

### A.     The Third Circuit Standard for Award of Counsel Fees has not been met.

In order for a ship owner to be liable for attorneys' fees and costs in this circuit, it must have acted callously or recalcitrantly in refusing to pay maintenance and cure. Deisler v. McCormack Aggregates Co., 54 F3d 1074, 1087 (3d Cir. 1995)(holding that "attorney's fees and costs differ from interest, lost wages and damages for pain and suffering because attorney's fees and costs cannot be recovered unless plaintiff can first establish defendant's bad faith or recalcitrance."); accord Roberts v. S.S. Argentina, 359 F.2d 430 (2d Cir. 1966). The Supreme Court has also recognized that a seaman may recover legal expenses on top of maintenance and cure only when a shipowner takes a callous or recalcitrant view of its obligations. Vaughan v. Atkinson, 369 U.S. 527, 530-31 (1962). In Vaughan, the facts showed that the shipowner was callous, recalcitrant, willful and persistent.

In addition to the callousness and recalcitrant terminology, some courts require willful or arbitrary behavior on the part of a shipowner before awarding attorneys' fees. Whitman v. Miles, 387 F.3d 68 (1st Cir. 2004); Sullivan v. Tropical Tuna, Inc., 963 F. Supp. 42 (D. Mass. 1997); J. Victor Ward v. Inland Marine Services, Inc., 1987 A.M.C. 1282 (N.D. Fla. 1987).

The jury, and not the Court, must determine whether the shipowner has acted with callousness or recalcitrance. Incandela v. American Dredging Co., 659 F.2d 11 (2d Cir. 1981); McMillan v. Tug Jane A. Bouchard, 885 F. Supp. 452, 467 (E.D.N.Y. 1995); Bachir v. Transoceanic Cable Ship Co., 2000 WL 511621 (S.D.N.Y. 2000). The jury is the proper party to assess the shipowner's behavior for the purpose of awarding counsel fees. Plaintiff comes before this Court with a request for a six figure counsel fee and expense award, yet failed to request the jury to find the type of serious egregious conduct that would warrant such an award.

In awarding damages in maintenance and cure actions, a layered approach is typically followed, as outlined in Morales v. Garijak, Inc., 829 F.2d 1355 (5th Cir. 1987) (vacating an award of attorneys' fees because there was no evidence that the failure to pay maintenance and cure was so unreasonable as to be a basis for fees). If after investigating a claim, the shipowner unreasonably fails to pay maintenance and cure, the shipowner is liable not only for maintenance and cure, but also for compensatory damages. However, if the shipowner in failing to pay maintenance and cure has not only been unreasonable, but has been more egregiously at fault, it may be liable for attorneys' fees. This higher degree of fault has been described as callous and recalcitrant, arbitrary and capricious or willful, callous and persistent. Morales, 829 F.2d at 1358; see also Gaspard v. Taylor Diving & Salvage Co., Inc., 649 F.2d 372 (5th Cir. 1981), cert. denied, 455 U.S. 907 (1982); Gorum v. Ensco Offshore Co., 2002 WL 31528460 (E.D. La. 2002).

Likewise, this Court in Smith v. Delaware Bay Launch Service, Inc., 842 F. Supp. 770 (D. Del. 1994), aff'd, 54 F.3d 770 (3d Cir. 1995), recognized that where a shipowner "unreasonably" rejects a maintenance and cure claim, the proper recovery is to pay the maintenance and cure due and also compensatory damages for the aggravation of the seaman's condition caused by the failure to pay. There is no law in this circuit that would expand recovery for an unreasonable failure to pay to include a six figure counsel fee and expense award.

### B.   DRBA's Behavior Was Not So Egregious As To Warrant An Award Of Counsel Fees.

There is no evidence of record that DRBA acted willfully, recalcitrantly or callously in denying Kopacz's claim for maintenance and cure. To the contrary, the very basis for the DRBA's denial of maintenance and cure was confirmed by the jury when they found that

Kopacz was not struck and injured by the Swett vehicle. The DRBA did not pay maintenance and cure to Kopacz because it did not believe that the accident occurred. A prompt investigation and multiple witness interviews revealed the fact that no accident took place. There was no evidence offered by Kopacz that he was injured in some other manner while subject to the call of duty that day.[2] Clearly there was a substantial question as to Kopacz's right to receive reimbursement when the only claim presented was for injuries attributable solely due to a motor vehicle accident which never occurred. Payment was duly considered and rejected on that basis. The jury did not, and in fact could not, find that the DRBA's behavior was callous or recalcitrant, and thus no attorneys' fees should be awarded.

      **C.**      **The Amount of Counsel Fees and Costs is not justified**.

Defendant reserves its right to contest the amount of counsel fees and costs more fully in a subsequent filing to the Court should it be determined that this category of damages is justified in this matter, for the reasons stated above as well as in post-trial motions. The jury's verdict for compensatory damages for the failure to pay maintenance and cure is being challenged in pending post-trial motions, and a detailed post-trial brief and reply has been filed outlining the DRBA's position. It is neither appropriate nor economical to repeat those arguments herein.

Following the outcome of the post-trial motions and should this Court find that attorneys' fees and costs are warranted, Defendant would request a short briefing schedule to fully set forth

---

[2] Neither the DRBA's decision to pay disability and sick leave, nor the testimony of Dr. Malumed support the plaintiff's position, for the reasons outlined in DRBA's Reply Brief in further support of its post-trial motions.

its objections to the excessiveness of the claim.[3] In particular, as of the date of this filing, counsel is requesting total expenses in the amount of $195,513.03, an amount more than 2.5 times the damages awarded by the jury. Moreover, by counsel's own admission, no detailed time records were kept, and it is sheer speculation to recreate such detailed records after-the-fact. Plaintiff's counsel cites to his own correspondence of September 23, 2003 in which he warned of the consequence of seeking attorneys' fees for the failure to pay maintenance and cure. It was therefore incumbent on the part of counsel to keep complete time records prepared simultaneously with the work to be performed in order to allow for proper evaluation.

     Most importantly, counsel improperly seeks to recover his fees to prepare and try the Jones Act and unseaworthiness claims, as well as his claims against Defendant Swett. The maintenance and cure case was ready for trial in New Jersey by November, 2004, when the pre-trial conference was scheduled. All fees incurred since that date result from Plaintiff's decision to bring Swett into the lawsuit and seek damages under the Jones Act and unseaworthiness, and are not recoverable under any circumstances. Plaintiff is entitled to recover fees, if at all, only for matters specifically related to the maintenance and cure action in New Jersey, and not for the discovery and investigation developed in the Delaware lawsuit.

---

[3] Defendant would challenge both the time spent as well as the hourly fee charged, in line with the analysis and factors set forth in Peake v. Chevron Shipping Co., Inc., 2004 U.S. Dist. LEXIS 15564 (N.D. Cal. 2004). Defendant would also contest the amount and categories of expenses in the demand for costs.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court deny Plaintiff's Petition for Allowance of Counsel Fees and Costs against Defendant, Delaware River and Bay Authority.

| | |
|---|---|
| OF COUNSEL: | ROSENTHAL, MONHAIT  <br> & GODDESS, P.A. |
| Mary Elisa Reeves, Esquire <br> DONNA ADELSBERGER <br>  & ASSOCIATES, P.C. <br> 6 Royal Avenue, P.O. Box 530 <br> Glenside, PA 19038-0530 <br> (215) 576-8690 | By:/s/ Carmella P. Keener <br> Carmella P. Keener (DSBA No. 2810) <br> 919 N. Market Street, Suite 1401 <br> Citizens Bank Center <br> P.O. Box 1070 <br> Wilmington, DE 19899-1070 <br> (302) 656-4433 <br> ckeener@rmgglaw.com <br> *Attorneys for Defendant,* <br> *Delaware River and Bay Authority* |

## **CERTIFICATE OF SERVICE**

I, Carmella P. Keener, Esquire, hereby certify that on April 6, 2006, I electronically filed with the Clerk of Court DEFENDANT, DELAWARE RIVER AND BAY AUTHORITY'S, MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S PETITION FOR ALLOWANCE OF COUNSEL FEES using CM/ECF which will send notification of such filing to the following:

Donald M. Ransom, Esquire
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

James J. Woods, Esquire
Law Office of James J. Woods, Jr., P.A.
P.O. Box 4635
Greenville, DE 19807

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

/s/ Carmella P. Keener (DSBA No. 2810)
Rosenthal, Monhait & Goddess, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com