IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAN KOPACZ and JAN KOPACZ, Administrator for the Estate of Cathy Kopacz, <br><br> Plaintiff, <br><br> v. <br><br> DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, <br><br> Defendants. | C.A. No. 04-911 GMS <br><br> Jury Trial Demanded |
| JAN KOPACZ, <br><br> Plaintiff, <br><br> v. <br><br> DELAWARE RIVER AND BAY AUTHORITY, <br><br> Defendant. | C.A. No. 04-1281 GMS |

**Reply to DRBAS's Brief in Opposition to
Petition for Pre-Judgment Interest**

**1.   None of DRBA's arguments is valid.**

DRBA again tries to deny a claim because it is not recoverable under the Jones Act and cites <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19 (1990) as support. This argument does not gain strength by repetition, and it simply wastes the Court's time.

Pre-judgment interest is recoverable as part of the general maritime claim and is unrelated to the Jones Act. General maritime claims are not limited to Jones Act recoveries. <u>Cortes v.</u>

Baltimore Insular Line, Inc., 287 U.S. 367 (1932). The Cortes reasoning was applied to consequential damages for failure to pay maintenance and cure in Deisler v. McCormack Aggregates, Inc., 54 F. 3d 1074, 1084 (3d Cir. 1995), so the rule would apply with respect to pre-judgment interest.

The contention that the pre-judgment interest issue should have been submitted to the jury is also not valid. If prejudgment interest is discretionary, then it is to be submitted to the jury according to the cases cited in Glynn v. Roy Al Boat Management Corp., 57 F. 3d 1495 (9th Cir.1995). That issue has not yet been addressed in the Third Circuit.

The Third Circuit rule pertaining to prejudgment interest is that it is mandatory. It was so stated in Deisler, supra at 1087 as follows: "Interest must be allowed if plaintiff is to be truly made whole for defendant's breach of its duty to provide maintenance and cure. See Vaughen, supra."

The only task remaining is the calculation, and this is ministerial and does not require a fact finder.

Furthermore, counsel believes it would be unseemly to require testimony from someone in the Clerk's Office for the legal rate of interest for a particular period. The remainder is just mathematics.

DRBA does concede that in any event the Court has discretion to award pre-judgment interest. The existence of discretion is probably accurate but its exercise is mandated by Deisler. The maintenance and cure claim is a non-jury claim within the Court's admiralty and maritime jurisdiction. Trial of the liability issues in all of the claims was by stipulation in accordance with Fitzgerald v. U.S. Lines Co., 374 U.S. 16 (1963) which approved a single jury trial in order to

preserve judicial time and prevent duplication of recovery. All residual issues are thus reserved to the Court as an admiralty court.

The last issue deals with the amount subject to pre-judgment interest. The jury awarded compensatory damages for the failure to pay maintenance and cure and the entitlement to these arose at the same time as the failure to pay, so there is no reason to treat this recovery any differently if the seaman is to be made whole.

In addition to making the seaman whole, these damages have a punitive element to them in order to discourage shipowners from refusing to pay maintenance and cure concurrently with the need. Accordingly, all doubts must be resolved in favor of the seaman.

### Conclusion

For the foregoing reasons, plaintiff submits that the award of pre-judgment interest should be $12,931.83 as requested.

Respectfully submitted,

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ James S. Green
JAMES S. GREEN, ESQ. (DE0481)
jgreen@svglaw.com
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302)888-0600
Attorneys for Plaintiffs

OF COUNSEL:
E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street, Second Floor
Philadelphia, PA 19107

Date: April 24, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 24, 2006, I electronically filed with the Clerk of Court **Reply to DRBAS's Brief in Opposition to Petition for Pre-Judgment Interest** using CM/ECF which will send notification of such filing to counsel of record.

/s/ James S. Green
James S. Green, Esq. (DE #481)
jgreen@svglaw.com