IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAN KOPACZ, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 04-911 (GMS) |
| ) | (Consolidated with C.A. No. 04-1281 GMS) |
| DELAWARE RIVER AND BAY ) | |
| AUTHORITY, AND CRAIG SWETT, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM</u>**

**I.     INTRODUCTION**

On September 20, 2004, plaintiff Jan Kopacz filed the above-captioned action against the Delaware River and Bay Authority ("DRBA"), pursuant to general maritime law, for injuries he sustained while he was subject to the call of duty of a DRBA ferry. Beginning on February 6, 2006, the court held a five-day jury trial, at the end of which a verdict was returned partially in favor of Kopacz. Presently before the court are the DRBA's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 and motion for a new trial pursuant to Fed. R. Civ. P. 59 (D.I. 135), Kopacz's conditional motion for a new trial pursuant to Rule 59 (D.I. 128), Kopacz's motions for attorney's fees and costs (D.I. 146, 161), Craig Swett's motion for costs (D.I. 148), and the DRBA's motions for costs (D.I. 150, 151). For reasons explained below, the court will grant the DRBA's motion for judgment as a matter of law, and deny all other motions.

**II.    JURISDICTION**

As Kopacz's claim against the DRBA arises under general maritime law and the Jones Act, 46 U.S.C.A. § 688 (1975), the court has jurisdiction pursuant to both § 688 itself and 28 U.S.C.A. § 1333 (1993). The court has supplemental jurisdiction over Kopacz's state-law

negligence claim against defendant Craig Swett pursuant to 28 U.S.C.A. § 1367 (1993).

### III. STANDARD OF REVIEW

"[T]he standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-251, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). It therefore follows that, in entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. [*See* 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299 (2d ed. 1995).] That is, the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.' *Id.* at 300." *Reeves*, 530 U.S. at 151.

### IV. BACKGROUND

In 1999, Jan Kopacz applied for a job with the DRBA, an entity that owns and operates a car ferry known as the M/V DELAWARE. As part of the application process, Kopacz disclosed to the DRBA the fact that he suffers from occasional back pain. Kopacz also underwent a pre-employment physical examination, and although he has a history of back and neck injuries, he was determined to be sufficiently healthy for the DRBA's purposes.

On August 9, 2002, while he was directing traffic aboard the ferry, Kopacz claims he was accidentally struck and injured by a vehicle driven by Craig Swett. Kopacz was then taken by

ambulance to a local hospital where he was declared unfit for duty. While he was out of work, Kopacz began to use accumulated sick leave and annual leave so that he could continue receiving paychecks. However, his leave ran out before he was cleared to return to work. Thus, by the time Kopacz was permitted to return in December of 2002, he had been without income from the DRBA for a little more than a month. At trial, Kopacz testified that he fell behind on his medical bills as a result. In order to pay a portion of his mounting bills, Kopacz resorted to refinancing his house at a less-than-favorable interest rate. Kopacz contends that, instead of being forced to use up the insufficient amount of leave he had accumulated, the DRBA should have been paying him "maintenance and cure" during his recovery. He also contends that the DRBA's refusal to so pay him caused additional pain and suffering for which he is entitled compensatory damages.

The DRBA did not pay maintenance and cure to Kopacz because it believed then (and continues to believe today) that the accident with Swett never actually occurred. As it turns out, the jury agreed with the DRBA's assessment of the facts; the jury answered negatively in response to the interrogatory, "Do you find that Mr. Kopacz was struck and injured by the Swett vehicle on August 9, 2002?" Nevertheless, the jury did find that Kopacz was "injured while subject to the call of duty of his ship." Thus, Kopacz was awarded $23,076 for maintenance and cure, $5,763 for the value of his sick leave and annual leave, and $47,500 as compensation for the DRBA's failure to pay. The jury further concluded that the DRBA's refusal to pay was unreasonable and without justification. The DRBA has, since the verdict, paid the first two amounts to Kopacz (for a total of $28,839). However, it does not believe Kopacz is entitled to compensatory damages, and therefore, has refused to give him the remaining $47,500.

V.     DISCUSSION

### A.     The DRBA's Motion for Judgment as a Matter of Law

"Maintenance is the living allowance for a seaman while he is ashore recovering from injury or illness. Cure is payment of medical expenses incurred in treating the seaman's injury or illness." *O'Connell v. Interocean Mgmt. Corp.*, 90 F.3d 82, 84 (3d Cir. 1996) (quoting *Barnes v. Andover Co., L.P.*, 900 F.2d 630, 633 (3d Cir. 1990)). "A ship owner's responsibility for maintenance and cure 'extends beyond injuries sustained on board ship or during working hours to any injuries incurred in any place while the seaman is subject to the call of duty.'" *Deisler v. McCormack Aggregates Co.*, 54 F.3d 1074, 1080 (3d Cir. 1995) (quoting *Barnes*, 900 F.2d at 633). "If the shipowner *unreasonably* refuses to pay a marine employee's claim for maintenance and cure, the employee may recover consequential damages, including lost wages, pain and suffering, and attorneys' fees and costs." *O'Connell*, 90 F.3d at 84 (emphasis added). "A failure to pay maintenance and cure due an injured seaman is reasonable *if a diligent investigation indicates that the seaman's claim is not legitimate* or if the seaman does not submit medical reports to document his claim." *Morales v. Garijak*, 829 F.2d 1355, 1360 (5th Cir. 1987) (emphasis added). Kopacz argues that *any* failure to pay maintenance and cure entitles the seaman to consequential damages, not simply an *unreasonable* failure to pay. Although the Third Circuit in *Deisler* explicitly refrained from adopting *Morales*' "unreasonableness" test, *see Deisler*, 54 F.3d at 1085 (noting that the court did "not need to address the specifics of this argument as the record clearly supports a finding that [the defendant's] refusal was not reasonable"), the *Deisler* panel would have surely agreed that a defendant is not liable for consequential damages when it refuses to pay maintenance and cure for an accident it is reasonably confident never occurred. To hold otherwise would defy common sense.

Based upon the evidence adduced at trial, no reasonable jury could find that the DRBA was

unreasonable in concluding that Kopacz's claim was not legitimate, *i.e.*, that the accident did not actually occur: there were no witnesses to the accident (other than Kopacz himself), there were discrepancies between the incident reports and Kopacz's description, Kopacz continued to direct traffic after the alleged accident, Kopacz had a history of back and neck problems which (according to the expert testimony of Dr. Malumed) could have accounted for his aches and pains in the absence of an accident, etc. Indeed, the jury itself concluded that the accident did not actually occur. Furthermore, no evidence was adduced that any incident other than the alleged collision between Swett's vehicle and Kopacz could have injured him that day.

Kopacz argues that DRBA did not really refuse to pay due to its belief that the accident had not occurred. He first points to the testimony of DRBA's corporate representative, Bonnie Miller, who stated that she originally believed Kopacz had gotten the "crap" beaten out of him on the evening of August 8, and was now trying to blame his injuries on Swett. Kopacz also points out that the DRBA believed he was trying to avoid discipline for having yelled at Swett by conjuring up an accident story. These various beliefs may show that the DRBA was inconsistent in its speculation as to why Kopacz might be motivated to lie, but they do not undercut the DRBA's consistent conviction that he was in fact lying. Moreover, neither the fact that Kopacz submitted medical documentation showing that he was injured, nor the fact that the DRBA permitted him to use sick leave is particularly probative of unreasonableness because Kopacz had a long history of back problems that could have accounted for his aches and pains. The court therefore holds that the jury's answer Interrogatory No. 18 ("Was DRBA's refusal to pay plaintiff maintenance and cure unreasonable and without reasonable justification?") is unsupported by the evidence. Consequently, Kopacz is not entitled to compensatory damages for the DRBA's failure to pay maintenance and

cure, and therefore, the court will grant the DRBA's motion for judgment as a matter of law. Additionally, pursuant to the direction of Fed. R. Civ. P. 50(c)(1), the court holds that a new trial is not warranted in the event that the court's Rule 50 ruling is reversed or vacated because the allegedly-erroneous rulings pointed to by Kopacz and the DRBA were proper for the reasons stated on the record.

### B.  Motions for Attorney's Fees and Costs

Regarding Kopacz's motions for attorney's fees and costs, those types of damages "cannot be recovered unless plaintiff can first establish defendant's bad faith or recalcitrance." *Deisler*, 54 F.3d at 1087. In light of the above holding that the DRBA did not act unreasonably, an award of attorney's fees and costs to Kopacz would be improper. Therefore, his motions will be denied.

Regarding the defendants' motions for attorney's fees and costs, they argue that they are entitled to such fees and costs pursuant to Fed. R. Civ. P. 54(d). Assuming *arguendo* that Rule 54(d) does in fact entitle the defendants to fees and costs, the court is guided by the following:

> [A] district court may consider the following factors in reviewing a clerk of court's costs award: (1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them. In contrast, a district court may not consider (1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues – in and of themselves – in the underlying litigation; or (3) the relative disparities in wealth between the parties. Again, the presumption is that costs, as defined by the relevant statutes and case law, will be awarded in full measure. Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party.

*In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 468 (3d Cir. 2000).

Here, the court is unable to conclude that any of the parties pursued this litigation in bad

faith. The only remaining factor for the court to consider is the losing party's inability to pay. To the extent Kopacz might arguably be the losing party, sufficient evidence regarding his financial situation was adduced at trial to satisfy the court that he is unable to pay the thousands of dollars in fees and costs demanded by the defendants. Accordingly, the defendants motions will be denied as well.

### VI.   CONCLUSION

For the reasons stated above, the court will grant the DRBA's motion for judgment as a matter of law, and deny all other motions.

Dated: July 5, 2006                                        /s/ Gregory M. Sleet
                                                           UNITED STATES DISTRICT JUDGE

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAN KOPACZ, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   C.A. No. 04-911 (GMS) |
| | )   (Consolidated with C.A. No. 04-1281 GMS) |
| DELAWARE RIVER AND BAY | ) |
| AUTHORITY, AND CRAIG SWETT, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

IT IS HEREBY ORDERED THAT:

1. The DRBA's motion for judgment as a matter of law and motion for a new trial (D.I. 135) be GRANTED in part and DENIED in part;

2. The judgment of this court entered February 15, 2006 (D.I. 127) be AMENDED to reflect judgment in favor of the plaintiffs' only for the amount of $28,839;

3. All other motions (D.I. 128, 146, 148, 150, 151, 161) be DENIED; and

4. Motion for judgment as a matter of law in C.A. No. 04-1281 (D.I. 39) be DENIED as moot.


Dated: July 5, 2006                                   /s/ Gregory M. Sleet
                                                               UNITED STATES DISTRICT JUDGE