IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ, *et al.*, | ) | |
| | ) | C.A. No. 04-911 (GMS) |
| Plaintiffs, | ) | (Consolidated with C.A. No. 04-1281 GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE RIVER AND BAY | ) | |
| AUTHORITY and CRAIG SWETT | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BRIEF OF PLAINTIFFS IN SUPPORT OF THEIR
MOTION TO AMEND A JUDGMENT
PURSUANT TO F. R. CIV. P. 59(e)
AND FOR REARGUMENT PURSUANT TO LOCAL RULE 7.1.5**

/s/ Bernard A. Van Ogtrop
**BERNARD A. VAN OGTROP, ESQ. (DE447)**
**bvanogtrop@svglaw.com**
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
    Attorneys for Plaintiffs

OF COUNSEL:
E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street, Second Floor
Philadelphia, PA 19107

Date: July 11, 2006

**Table of Contents**

**Page(s)**

I.  Facts                                                                    1

II.  Discussion                                                       1

      A.  The standard of review.                                1

      B.  The Court lacks jurisdiction to grant DRBA judgment
as a matter of law, and the Third Circuit precedent on that is
clear and of very long standing.                                  3

      C.  The Court failed to draw all inferences in favor of
plaintiff.                                                          4

III.  Conclusion                                                        5

i

# Table of Authorities

**Case**                                                                 **Page(s)**

*Dentsply Int'l. v. Kerr Mfg. Co.,*                                         1, 2
42 F.Supp.2d 385, 419 (D.Del. 1999)

*Easter v. Grassi,*                                                          3
51 Fed.Appx. 84 (3d Cir. 2002)

*Greenleaf v. Garlock, Inc.,*                                               3
174 F.3d 352, 364-65 (3d Cir. 1999)

*Inline Connection Corp. v. AOL Time Warner Inc.,*                         1
395 F. Supp. 115 (D.Del. 2005)

*Max's Seafood Café v. Quinteros,*                                          2
176 F.3d 669, 677 (3d Cir. 1999)

*North River Ins. Co. v. CIGNA Reinsurance Co.,*                           2
52 F.3d 1194, 1218 (3d Cir. 1995)

*Schering Corp. v. Amgen, Inc.,*                                            2
25 F.Supp.2d 293, 295 (D.Del. 1998)

*Stairmaster Sports/Medical Products, Inc. v. Groupe Procycle, Inc.,*      2
25 F.Supp.2d 270, 292 (D.Del.1998)

*Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.,*
546 U.S. ____ (January 23, 2006)

*Yohannon v. Keene Corp.,*                                                  3
924 F.2d 1255, 1261 (3d Cir. 1991)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAN KOPACZ, *et al.*,          )
                                )
            Plaintiffs,     )
                                )
            v.           )
                                )
DELAWARE RIVER AND BAY   )
AUTHORITY and CRAIG SWETT   )
                                )
            Defendants.    )
                                )

C.A. No. 04-911 (GMS)
(Consolidated with C.A. No. 04-1281 GMS)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO AMEND A JUDGMENT
PURSUANT TO F. R. CIV. P. 59(e)
AND FOR REARGUMENT PURSUANT TO LOCAL RULE 7.1.5**

I.    Facts

During the trial defendant DRBA failed to renew its Rule 50 Motion at the close of all the

evidence as required by F. R. Civ. P. 50(b).

II.    Discussion

**A. The standard of review.**

The standard of review is the same for a Motion under F. R. Civ. P. 59(e) and Local Rule

7.1.5.  It was recently expressed in <u>Inline Connection Corp. v. AOL Time Warner Inc.</u>, 395 F.

Supp.2d 115 (D.Del. 2005) as follows:

> "Motions for reconsideration, as a general rule, are
> granted sparingly and only in limited circumstances.
> *See Dentsply Int'l. v. Kerr Mfg. Co.*, 42 F.Supp.2d
> 385, 419 (D.Del. 1999).  A party bringing a motion

seeking to alter or amend an order, pursuant to Fed.R.Civ.P. 59(e), must establish one of three grounds: (i) there is an intervening change in controlling law, (ii) new evidence has become available, or (iii) there is a need to correct the court's clear error of law of fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Furthermore, motions for reconsideration "should not be used to rehash arguments already briefed." *Dentsply*, 42 F.Supp.2d at 419."

> 395 F.Supp.2d at 117

Further,

"[M]otions for reargument under Delaware Local Rule 7.1.5, are granted only in narrow circumstances. A court should only grant reargument when (i) the court has patently misunderstood a party; (ii) the court has made a decision outside of the adversarial issues presented to the court by the parties, or (iii) the court has made an error not of reasoning but of apprehension. *Schering Corp. v. Amgen, Inc.*, 25 F.Supp.2d 293, 295 (D.Del. 1998). Like motions for reconsideration, motions for reargument cannot be granted in circumstances where the movant simply "rehashes material and theories already briefed and decided." *Id.* In addition, "a motion for reargument may not be used to supplement or enlarge the record" on which the court made its initial decision. *Stairmaster Sports/Medical Products, Inc. v. Groupe Procycle, Inc.*, 25 F.Supp.2d 270, 292 (D.Del.1998)."

> 395 F.Supp.2d at 117, 118

**B. The Court lacks jurisdiction to grant DRBA judgment as a matter of law, and the Third Circuit precedent on that is clear and of very long standing.**

The rule in the Third Circuit was recently restated in *Easter v. Grassi*, 51 Fed.Appx. 84

(3d Cir. 2002) as follows:

> "By moving for a judgment n.o.v., *Easter*
> essentially made a renewed motion for judgment as
> a matter of law under Federal Rule of Civil
> Procedure 50(b).  It is well established by this
> Circuit that a party cannot make such a post-trial
> motion unless the party also moved for judgment as
> a matter of law at the close of all the evidence. *See,*
> *e.g., Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 364-
> 65 (3d Cir. 1999); *Yohannon v. Keene Corp.*, 924
> F.2d 1255, 1261 (3d Cir. 1991).  A party's failure to
> move for judgment at the close of all the evidence
> results in a waiver of any right to bring a "post-trial
> attack on the sufficiency of the evidence." FN1.
> *Yohannon*, 924 F.2d at 1262 (citations omitted).
> Because Easter never filed a motion for judgment as
> a matter of law at the close of all the evidence, the
> District Court did not err in denying her post-trial
> motion insofar as it sought a judgment as a matter
> of law.  FN2.

(footnotes omitted)

The Supreme Court very recently held that the failure to file a post-trial motion as

required by Rule 50(b) deprives an appellate court of jurisdiction to review the sufficiency of the

evidence, so the Third Circuit view is clearly in line with that analysis.  *See Unitherm Food*

*Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. ____ (January 23, 2006).

Plaintiffs therefore submit that this Court's Memorandum and Order of July 5, 2006 are

clearly erroneous as a matter of law and should be withdrawn and vacated.

**C.  The Court failed to draw all inferences in favor of plaintiff.**

The Court's Memorandum sets forth a number of facts which support the jury's verdict.

All of the evidence showed that the onset of plaintiff's disability occurred when he was subject to

54953 v1

the call of duty. He left the vessel and was taken by ambulance to a local hospital where he was found not-fit-for duty, and that was accepted by DRBA. His later unfit status determinations were also all accepted by DRBA.

DRBA has never challenged the onset of disability. It had 2 experts on maintenance law available to it at the outset, and they certainly knew that what caused the disability was totally irrelevant and it mattered not one iota whether the accident happened. This was pointed out in counsel's first letter to DRBA's adjuster. The Court cited Dr. Malumed as testifying that plaintiff's long history of back problems could have caused his disability in the absence of a trauma. This is completely consistent with the jury's verdict.

The jury heard all of this testimony, and the facts cited by the Court in its Memorandum amply support its verdict that DRBA's failure to pay the maintenance was unreasonable and without reasonable foundation.

54953 v1

III.     Conclusion

For the foregoing reasons the Court's Memorandum and Order of July 5, 2006 should be

withdrawn and vacated.

Respectfully,

/s/ Bernard A. Van Ogtrop
**BERNARD A. VAN OGTROP, ESQ. (DE447)**
**bvanogtrop@svglaw.com**
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
            Attorneys for Plaintiffs

OF COUNSEL:
E. Alfred Smith, Esquire
E. Alfred Smith & Associates
1333 Race Street, Second Floor
Philadelphia, PA 19107

Date:  July 11, 2006

54953 v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2006, I electronically filed with the Clerk of Court

**Brief of Plaintiffs in Support of Their Motion to Amend a Judgment Pursuant to F.R. Civ.**

**P.59(e) and for Reargument Pursuant to Local Rule 7.1.5** by using CM/ECF which will send

notification of such filing to counsel of record.

/s/ Bernard A. Van Ogtrop
Bernard A. Van Ogtrop, Esq. (DE 447)
bvanogtrop@svglaw.com