IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and ESTATE OF CATHY KOPACZ,<br>　　　　　Plaintiffs,<br><br>v.<br><br>DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT,<br>　　　　　Defendants, | : : : : : : : : : : | C.A. No. 04-911 GMS |
| JAN KOPACZ,<br>　　　　　Plaintiff,<br><br>v.<br><br>DELAWARE RIVER AND BAY AUTHORITY,<br>　　　　　Defendant. | : : : : : : : : : | C.A. No. 04-1281 GMS |

**DEFENDANT DELAWARE RIVER AND BAY AUTHORITY'S OPPOSITION TO PLAINTIFF'S FOURTH SUPPLEMENTAL PETITION FOR COUNSEL FEES AND EXPENSES**

Irrespective of the outcome of Plaintiff's Motion to Amend the Judgment and for Reargument, Plaintiff is not entitled to recover any fees and expenses. As noted by the District Court in its well-reasoned opinion denying plaintiff's prior motions for attorneys' fees and costs, such damages cannot be awarded "unless plaintiff can first establish defendant's bad faith or recalcitrance." Opinion at 6, *quoting Deisler v. McCormack Aggregates Co.*, 54 F.3d 1074, 1087 (3rd Cir. 1995). Since the jury found that the accident did not occur, and the Court found that DRBA was not unreasonable in refusing to pay maintenance and cure, there can be no finding of bad faith and no award of attorneys' fees.

Moreover, the DRBA relies on the arguments made in its oppositions to plaintiff's earlier motions for fees and expenses, including, but not limited to, the argument that there can be no recovery of any post trial fees once maintenance and cure have been paid in full. The DRBA also reserves it right to challenge the amount of fees and expenses.[1]

| OF COUNSEL: | ROSENTHAL, MONHAIT & GODDESS, P.A. |
|---|---|
| Mary Elisa Reeves, Esquire<br>DONNA ADELSBERGER<br>& ASSOCIATES, P.C.<br>6 Royal Avenue, P.O. Box 530<br>Glenside, PA 19038-0530<br>(215) 576-8690 | By:/s/ Carmella P. Keener<br>Carmella P. Keener (DSBA No. 2810)<br>919 N. Market Street, Suite 1401<br>P.O. Box 1070<br>Wilmington, DE 19899-1070<br>(302) 656-4433<br>ckeener@rmgglaw.com<br>*Attorneys for Defendant,*<br>*Delaware River and Bay Authority* |

---

[1] Among other challenges, the DRBA maintains that the amount requested is grossly excessive. Plaintiff has consistently maintained that "the onset of [his] disability, irrespective of cause, triggered the obligation to pay maintenance." DI 146 at ¶ 2, pg. 2. If that was the case, it would not have been necessary to spend $200,000 to pursue such a claim, which could have easily been resolved as a matter of law. If all of the contentious factual issues were indeed relevant to the maintenance and cure question, no award of fees and expenses is warranted because the Court has already found that there was a legitimate dispute as to those facts, which was ultimately decided in the DRBA's favor. The DRBA has never conceded that the verdict awarding maintenance and cure was correct, however, it chose not to challenge that particular award for strategic and economic reasons.

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2006, I electronically filed with the Clerk of Court **DEFENDANT DELAWARE RIVER AND BAY AUTHORITY'S OPPOSITION TO PLAINTIFF'S FOURTH SUPPLEMENTAL PETITION FOR COUNSEL FEES AND EXPENSES** using CM/ECF which will send notification of such filing to the following:

Donald M. Ransom, Esquire
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

James J. Woods, Esquire
Law Office of James J. Woods, Jr., P.A.
P.O. Box 4635
Greenville, DE 19807

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

/s/ Carmella P. Keener (DSBA No. 2810)
Rosenthal, Monhait & Goddess, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com