IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and ESTATE OF CATHY KOPACZ, | : : : | |
| Plaintiffs, | : | C.A. No. 04-911 GMS |
| v. | : : : | |
| DELAWARE RIVER AND BAY AUTHORITY, and CRAIG SWETT, | : : | |
| Defendants, | : : | |
| JAN KOPACZ, | : : | |
| Plaintiff, | : | C.A. No. 04-1281 GMS |
| v. | : : : | |
| DELAWARE RIVER AND BAY AUTHORITY, Defendant. | : : : | |

**DEFENDANT DELAWARE RIVER AND BAY AUTHORITY'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND JUDGMENT AND FOR REARGUMENT**

Plaintiff's Motion to Amend and for Reargument does not add anything to the record before the Court, and simply repeats arguments made in his opposition to the DRBA's post trial motions. As noted in his own brief, this type of motion practice is inappropriate and his motion should be rejected on that basis alone. *See Inline Connection Corp. v. AOL Time Warner Inc.*, 395 F. Supp. 2d 115 at 117-118 (D. Del. 2005), cited in Plaintiff's Brief at pg. 1 and 2.

Turning to the merits of the Motion, plaintiff raises two issues. First, he makes the unsupported statement that the DRBA waived its right to file a post trial motion for judgment as a matter of law, and even goes so far as to suggest that this waiver is "undisputed." Nothing could be further from the truth, and plaintiff has failed to offer any evidence that this issue was waived.

To the contrary, the right to challenge the maintenance and cure claims was specifically discussed with the Court and preserved during the conference held in chambers to discuss the Jury Verdict Sheet, and the interrogatories contained therein. The Court suggested that the jury could be instructed to enter a general verdict for both defendants if the jury answered "no" to the first question, "Do you find that Mr. Kopacz was struck and injured by the Swett vehicle?" Although counsel for DRBA certainly found that suggestion to be attractive, she expressed her concern that such a verdict might open the door for a new trial that would not otherwise be necessary. After some discussion, it was concluded that a new trial might be avoided on the maintenance and cure issues if the jury were instructed to answer those questions on the verdict sheet, because then either party could address any adverse verdict through post trial motions and/or appeals. D.I.167. This discussion alone sufficiently preserved the issues for trial.

Moreover, to the best of trial counsel's recollection, all of the necessary post trial motions were otherwise reserved before the aforementioned conference even took place. (*See* Affidavit of Mary Elisa Reeves attached hereto at Exhibit A). Trial counsel has also consulted with the other lawyers present in the courtroom that day, and both Susan Weiner, Esquire, co-counsel for the DRBA, and Donald Ransom, Esquire, counsel for Craig Swett, specifically recall that the Court acknowledged that all such motions were preserved. Plaintiff has presented no evidence to the contrary, and has not even bothered to order the transcripts of the trial.[1] Therefore, the Plaintiff's waiver argument must fail.

---

[1] Since it is the plaintiff who argues that there has been a waiver, defendant believes that it is plaintiff's burden to produce evidence in support of his position. To the extent that the Court disagrees and desires additional transcripts from defendant, the DRBA will endeavor to isolate and order the other relevant portions of the transcript. Otherwise, the DRBA will rest on its briefs and the evidence cited therein.

Finally, the plaintiff argues that the Court failed to draw all inferences in his favor, and recites various facts which allegedly support the jury's verdict. At best, the recited facts support only the jury's finding that Kopacz was entitled to maintenance and cure, but do not and can not support the reasonableness of the DRBA's decision to contest that entitlement. In other words, the Court's decision did not address the jury's award of maintenance and cure to the plaintiff, but was limited to the award of consequential damages, which are not recoverable if the failure to pay was based on a legitimate belief that the accident did not occur. Opinion at 4.

In the unlikely event that the Court decides to vacate its June 6, 2006 decision, the DRBA moves for reconsideration of its motion for a new trial, which is not dependent on whether any motions were made during the trial itself and does not require the Court to evaluate all evidence in the light most favorable to the prevailing party. *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 365 (3rd Cir. 1999). The District Court can order a new trial whenever it finds that the verdict is against the weight of the evidence on any issue. *Id.* at 365-366. In fact, in *Greenleaf*, the Third Circuit reversed the District Court's denial of a new trial when it could find no rationale way to reconcile the jury's verdict on one issue with the facts of the case, and with the jury's own finding on a related issue. *Id.* at 367.

In addition to its motion for judgment as a matter of law, the DRBA moved for a new trial on the issue of the reasonableness of its decision not to pay maintenance and cure for all of the reasons set forth in its Rule 50 motion, as well as for other errors detailed in the brief. (DRBA Brief at 12). If the Court were to find that the DRBA waived its right to challenge the sufficiency of the evidence pursuant to Rule 50, it would then be required to review the DRBA's Rule 59 challenge. Therefore, DRBA argues in the alternative that the Court should grant its motion for a new trial on

the grounds that the jury's award of compensatory damages was against the weight of the evidence, as well as for the other reasons set forth in DRBA's original motion.

| OF COUNSEL: | ROSENTHAL, MONHAIT & GODDESS, P.A. |
|---|---|
| Mary Elisa Reeves, Esquire<br>DONNA ADELSBERGER<br>& ASSOCIATES, P.C.<br>6 Royal Avenue, P.O. Box 530<br>Glenside, PA 19038-0530<br>(215) 576-8690 | By:/s/ Carmella P. Keener<br>Carmella P. Keener (DSBA NO. 2810)<br>919 N. Market Street, Suite 1401<br>P.O. Box 1070<br>Wilmington, DE 19899-1070<br>(302) 656-4433<br>ckeener@rmgglaw.com<br>*Attorneys for Defendant,*<br>*Delaware River and Bay Authority* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2006, I electronically filed with the Clerk of Court **DEFENDANT DELAWARE RIVER AND BAY AUTHORITY'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND JUDGMENT AND FOR REARGUMENT** using CM/ECF which will send notification of such filing to the following:

Donald M. Ransom, Esquire
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

James J. Woods, Esquire
Law Office of James J. Woods, Jr., P.A.
P.O. Box 4635
Greenville, DE 19807

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

/s/ Carmella P. Keener (DSBA No. 2810)
Rosenthal, Monhait & Goddess, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com