IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| <u>v.</u> | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| ———————————————— | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, | : | |
| | : | |
| Defendant. | : | |
| ———————————————— | : | |

## JURY INSTRUCTIONS

DATED: 2/7/06

## TABLE OF CONTENTS

1.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.    JURORS' DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3.    THE PARTIES AND THEIR CONTENTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4.    EVIDENCE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5.    CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6.    DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

7.    CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8.    NUMBER OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

9.    EXPERT WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

10.   DEPOSITION OR PRIOR TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

11.   MULTIPLE DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

12.   VERDICT BASED ON EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

13.   CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

14.   BURDEN OF PROOF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

15.   SUMMARY OF APPLICABLE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

16.   DAMAGES GENERALLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

17.   DAMAGES FOR MENTAL SUFFERING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

18.   DAMAGES - MEDICAL EXPENSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

19.   EFFECT OF INSTRUCTIONS AS TO DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . 21

20.   DELIBERATION AND VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

21.   CONDUCT OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

22.    COURSE OF THE TRIAL .............................................. 26

23.    TRIAL SCHEDULE ................................................... 27

# 1. **INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Though each of you have been provided a copy of these instructions, it is important that you focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## 2. JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if plaintiff has carried his burden to prove that the defendants are liable.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

### 3. THE PARTIES AND THEIR CONTENTIONS

The parties in this case are Jan D. Kopacz, an individual who lives in Milton, DE. Mr. Kopacz is the Plaintiff. There are two Defendants. One is a bi-state agency called Delaware River and Bay Authority, which operates ferries between Lewes, DE and Cape May, New Jersey. It also operates the bridge between the two states and several airfields in New Jersey. The other Defendant is Craig D. Swett, an individual who lives in Napierville, Illinois.

Mr. Kopacz was employed as a seaman by the Delaware River and Bay Authority, and was working on board a ferry owned by Delaware River and Bay Authority on the day of the alleged incident. Mr. Swett was a passenger on the ferry that day. Mr. Kopacz alleges after he had directed Mr. Swett to park his vehicle on the ferry, Mr. Swett proceeded to back up, striking Mr. Kopacz, in the back, causing his knees to buckle and his hand to strike the Swett vehicle. Both defendants deny that the Swett vehicle struck or caused injury to Mr. Kopacz.

Mr. Kopacz claims damages from the Delaware River and Bay Authority under Maritime Law. Under a federal statute known as the Jones Act, a seaman is entitled to recover damages from his employer to compensate him for any lost wages, medical expenses and pain and suffering if the negligence of the employer in any way caused or contributed to his injuries. He can also recover these damages if the vessel was unseaworthy, and the unseaworthy condition was a substantial cause of his injury.

Mr. Kopacz also has a different claim against DRBA, and this is for something called maintenance and cure, which is a seaman's equivalent of workers' compensation. A seaman is entitled to be paid the cost of his board and lodging while he is disabled, in addition to his medical expenses, if he becomes ill or injured while in the service of the vessel caused by something other than his own wilful misconduct.

Finally, plaintiff has a separate claim for negligence against Mr. Swett, the driver of the vehicle which allegedly struck him.  This claim is also brought under the general maritime law. Again, both the DRBA and Mr. Swett deny that the incident took place, and in the alternative claim that any injuries were caused by Mr. Kopacz' own negligence.

**4. EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not in evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

### 5.  <u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## 6. DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct evidence and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 7. CREDIBILITY OF WITNESSES

You are the sole judges of each witness' credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimonhy he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

8

## 8.  NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## 9. **EXPERT WITNESSES**

There have been expert witnesses brought to testify before you. Expert testimony is the testimony of persons who are skilled in some art, science, profession or business, which skill or knowledge is not common and which has come to such expert by reason of special study or experience in such art, science, profession or business. The value of such testimony depends on the learning and skill of the expert an varies with the circumstances of each case. You should take into consideration the expert's means of knowledge and the reasons he or she has assigned for the opinions that he or she has given and give credence to his or her testimony if you find the expert's qualifications sufficient and his or her reasons satisfactory. The testimony of an expert is to be considered like any other testimony and is to be tried by the same tests and should receive just as much weight and credit as you may deem it to be entitled to in connection with all the evidence of the case.

## 10. <u>DEPOSITION OR PRIOR TESTIMONY</u>

During the trial of this case, certain testimony was presented to you by way of deposition or prior testimony consisting of sworn recorded statement or answers to questions asked of a witness in advance of a trial by one or more of the lawyers for the parties to the case. The testimony of a witness may be presented in writing or on video when that witness cannot be present to testify in court or is a party or was an employee or agent of a party when he or she testified under oath.

Such testimony is entitled to the same consideration and is to be judged as to credibility and weight and otherwise as if the witness had been present and had testified from the witness stand.

11

### 11. **MULTIPLE DEFENDANTS**

There are several defendants in this action.  You may find that some are liable while others are not.  Each defendant is entitled to a fair consideration of his or her own defense.  If you find against one defendant, that shouldn't affect your consideration of other defendants.  Unless I tell you otherwise, all my instructions apply to every defendant.

## 12.  <u>VERDICT BASED ON EVIDENCE</u>

I instruct you that your verdict must be based entirely and exclusively on the evidence in this case, and that you cannot be governed by passion, prejudice, or any motive whatsoever except a fair and impartial consideration of the evidence.  Further, you must not allow sympathy which you might have or entertain for any of the parties to influence you in arriving at your decision.  The Court does not charge you not to sympathize with the plaintiff or the defendants, because it is only natural and human to sympathize with persons involved in litigation.  But the Court does charge you not to allow that sympathy to enter into the consideration of the case or to influence your verdict.

13

### 13.  <u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

14

## 14.  **BURDEN OF PROOF**

This is a civil case.  Plaintiff has the burden of proving his claims and damages by what is called a preponderance of the evidence.  Proof by a preponderance of the evidence means proof that something is more likely true than not.  It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses.  If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party.  In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt.  That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiff has met his burden of proof on various issues.

### 15. <u>SUMMARY OF APPLICABLE LAW</u>

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which plaintiff must prove to make his case:

As to unseaworthiness Plaintiff need only prove that the ship, or any part of it, was unseaworthy and that the unseaworthiness was a substantial factor in producing his injuries. A ship is unseaworthy if it, or any part of it, is not reasonably fit for the purpose intended. This does not mean a ship that must weather every conceivable storm or withstand every conceivable peril but a ship that is reasonably fit for the purpose intended.

As to the Jones Act , that is a federal statute passed by Congress in 1920 which permits a seaman to sue his employer and recover money damages for any injury caused to him by the shipowner's negligence. Mr. Kopacz need only prove that the shipowner's negligence played any part, even the slightest, in causing the injury in order to recover.

As to Defendant Swett, Mr. Kopacz must prove that he was negligent. Generally, negligence is the doing of something that a reasonably prudent person would not do or failing to do something a reasonably prudent person would do.

If you find that Mr. Swett was negligent, you must also find that his negligence was a proximate cause of Mr. Kopacz's injuries in order for him to recover.

If you find that either defendant was negligent or that the vessel was unseaworthy, then you will be asked to decide whether Mr. Kopacz was also negligent. At the end of the case, if you find against either defendant, you will be asked to assign a percentage of negligence to each of the parties. You will hear more about this in the instructions that I give you at the end of the case.

16

In addition to the foregoing, Mr. Kopacz has a claim only against DRBA for what the law calls "maintenance and cure." Maintenance is generally the cost of board and lodging while the seaman is disabled and cure is the cost of his medical expenses. A seaman is entitled to be paid maintenance and cure if he becomes ill or disabled while in the service of a vessel due to a cause other than his own wilful misbehavior. Mr. Kopacz claims that he was disabled for several months as a result of this injury, and that the DRBA wrongfully failed to pay him maintenance and cure. You will be asked to decide if the DRBA wrongfully and unreasonably withheld maintenance and cure from Mr. Kopacz, you may award compensatory damages for failure to pay. You will receive further instructions on this issue at the end of the trial before your deliberations.

### 16. **DAMAGES GENERALLY**

I will now discuss the award of damages in this case. I should say preliminarily that my instructions on damages are not to be intended as any indication by the Court as to whether damages should or should not be awarded in this case. You must first determine the liability on the part of the defendants. If you determine that the defendants violated any rights of the plaintiff and that any such violation was also the direct cause of damages to him, you must then consider the instructions that I am about to give you.

The object and purpose of an award of damages in a civil action is just, fair, and reasonable compensation for any harm and injury done in the past to plaintiff and for any damages he may suffer in the future as a result of the alleged wrongs. Certain guiding principles of law with regard to these damages should be employed by you in arriving at the amount of any award you might find to be warranted.

First damages to be recoverable must be proved with reasonable probability and not left to speculation. Damages are speculative when there is a mere possibility rather than a reasonable probability that an injury exists now or in the future.

If you determine based on the evidence and on the instructions which I have given you, that the defendants are liable to Jan Kopacz, then you should award him such sums of money which will reasonably and fully compensate him for the elements of damages from the applicable law that you find to exist by a preponderance of the evidence.

18

## 17. <u>DAMAGES FOR MENTAL SUFFERING</u>

One type of damages you may consider is emotional distress, mental suffering and inconvenience. You are instructed that there is no set standard or yardstick to measure the monetary value of such suffering, but you must use your common experience and good judgment in arriving at a sum of money which would reasonably compensate plaintiff for the emotional distress, mental suffering and inconvenience you find he has experienced in the past and that which you find he will experience in the future which were proximately caused by defendants' violations.

While plaintiff carries the burden of proving his damages by a preponderance of the evidence, he is neither required nor permitted to claim and prove with mathematical precision exact sums of money representing his damages for such suffering. It is required only that a plaintiff furnish evidence of sufficient facts and circumstances to permit you, the jury, to make a probable estimate of those damages.

In evaluating such an award, you should look to the evidence and consider the length of time of the suffering, whether it will continue into the future, and whether it was or will be continuous or intermittent. Your award should be just and reasonable in light of the evidence and sufficiently reasonable to compensate him.

The law does not describe any definite standard by which to compensate an injured person for such an injury, nor does it require that any witness should have expressed an opinion as to the amount of damages that would compensate for such injury. Nor are the attorneys permitted to suggest figures to you.

19

## 18.  DAMAGES - MEDICAL EXPENSES

The plaintiff, Jan Kopacz, claims that as a result of the injuries sustained by him due to the actions of the defendants, he has incurred medical expenses.  If you find in favor of him, then you may award to him the sum or sums you deem reasonable to compensate him for the reasonable and necessary expenses he incurred for his medical bills, and doctor bills, and other related expenses.

### 19.  EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you about damages should not be considered as my suggesting which party is entitled to your verdict in this case.  Instructions about the measure of damages are given for your guidance only if you find that any award of damages is appropriate.

## 20. <u>DELIBERATION AND VERDICT</u>

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. Do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all tiems that you are not partisans. You are judges - judges of the facts, not me. Your sole interest is to seek the truth from the evidence in the case.

In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony

and evidence. Now let me finish up by explaining how much you may communicate questions or messages to the court.

Once you start deliberating, do not talk to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Deputy Clerk. She will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.

**21. CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

24

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**22.** **COURSE OF THE TRIAL**

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(2)    These preliminary instructions to you;

(3)    Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(4)    The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5)    My final instructions on the law to you;

(6)    The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(7)    Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

26

**23. TRIAL SCHEDULE**

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take <u>3</u> days to try. We will normally begin the day at 9:00 A.M. promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 P.M. There will be a fifteen minute break at 11:00 A.M. and another fifteen minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 p.m. We will post a copy of this schedule for the your convenience in the jury deliberation room.