IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ and ESTATE OF CATHY KOPACZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. 04-911-GMS |
| | ) | |
| DELAWARE RIVER AND BAY AUTHORITY and | ) | |
| CRAIG SWETT, | ) | |
| | ) | |
| Defendants. | ) | |

## CLERK'S TAXATION OF COSTS

This matter was tried before the Honorable Gregory M. Sleet and a jury. The jury rendered their verdict on February 14,2006 (DI 125) and judgment was entered on February 15,2006 (DI 127). The judgment was entered in favor of plaintiff, Jan Kopacz ("Kopacz"), and against defendant, Delaware River and Bay Authority ("DRBA") in the amount of $76,339.00. Judgment also was entered in favor of defendant Craig Swett and against the plaintiff.

DRBA filed a post-trial motion requesting judgment as a matter of law, judgment NOV and a new trial (DI 135). The relief sought by DRBA included a request for judgment in its favor on the issue of compensatory damages. DRBA's motion states it "paid $28,839.00 to Kopacz in partial satisfaction of the judgment..." (DI 135, p3). DRBA did not pay Kopacz the $47,500.00 awarded for compensatory damages. By Memorandum and Order of July 5,2006, Judge Sleet ruled that "Kopacz is not entitled to compensatory damages" and granted DRBA's motion for judgment as a matter of law (DI 175, pp 5-6). Kopacz appealed the Court's decision ( DI 184, 188). An appellate mandate issued which affirmed Judge Sleet's ruling (DI 205).

District of Delaware Local Rule (LR) 54.1 (as amended effective June 30,2007) provides that the Clerk may tax costs in favor of the prevailing party. The docket reflects seven "bill of costs" docket entries prior to September 24,2007 (i.e., DI 144, 145, 147, 152, 163, 164, and 171). It appears that these seven bills of costs are moot and need not be considered by the Clerk. Pending before the Clerk is a bill of costs filed by DRBA on September 24, 2007 (DI 202) and a "corrected" bill of costs filed on October 3,2007 (DI 204). The corrected bill of costs will be considered by the Clerk as it amended an incorrect citation referenced in the prior filing. Kopacz filed objections to the bill of costs on October 2, 2007 (DI 203).

DRBA prevailed on appeal and requests costs be taxed for items related to the appeal. The total amount claimed is $1,329.31. DRBA filed the bill of costs before the appellate mandate was filed. The mandate has since been filed and timeliness is not an issue.

1

The Clerk has considered DRBA's corrected bill of costs, as well as Kopacz's objections thereto, and

Therefore,

**IT IS ORDERED that,**

I.   DRBA's request that the Clerk tax costs for the "Preparation and Transmission of the Record" is **DENIED.**

**A)** DRBA cites Fed. R. App. P. 39(e). The rule states "costs on appeal" are "taxable in the district court". The costs claimed by DRBA appear to be "costs on appeal". However, for the reasons set forth below, the Clerk will not tax these costs.

**B)** DRBA has submitted an invoice from Quality Copy in the amount of $63.53. The costs referenced in the invoice are apparently for a "Supplemental Appendix" (DI 204, p.1).

**C)** The September 12,2007 appellate judgment, accompanying the appellate mandate, specifically taxed costs in favor of the appellee (DRBA). The costs taxed by the appellate court include costs for a "Supplemental Appendix".

**D)** The record does not indicate whether there is more than one supplemental appendix for which DRBA may claim costs. The Clerk assumes there is only one supplemental appendix. Based upon this assumption, the Clerk finds the costs in question were previously taxed by the Third Circuit Court of Appeals. Therefore, to avoid taxing the same costs twice, the Clerk will deny DRBA's request.

**E)** Even if the Clerk's assumption was made in error, the request is also denied for the following reasons:

**1)** DRBA has failed to distinctly set forth whether the cost of the supplemental appendix was, or was not, taxed by the Third Circuit Court of Appeals . Therefore, the request is vague and fails to comply with LR 54.1(a)(2).

**2)** Kopacz argues that when Judge Sleet decided post-trial motions he "specifically found that it would be inequitable" to impose costs upon Kopacz (DI 203, p.2). Therefore, Kopacz objects to DRBA's request.

**3)** Kopacz's reliance upon the Court's ruling, as the basis for his objection, raises a legal issue. Resolution of legal issues is a matter reserved for the Court, not the Clerk.

2

**II.**          DRBA's request for the "Reporter's Transcript" is **DENIED.**

    **A)** DRBA requests a total of $1,265.78 for "Reporter's Transcript."   The requested costs appear to be associated with the appeal.

    **B)** DRBA cites  Fed. R. App. P. 39(e).  As previously noted, Rule 39(e) permits "costs on appeal" to be taxed by the district court.

    **C)**  Kopacz states no objection to DRBA's reliance upon Rule 39(e).  Kopacz, however, objects on the following grounds:

        **1)** Kopacz argues that  DRBA's timing, regarding the purchase of the transcripts, precludes the taxing of these costs.

        **2)** Kopacz argues that costs should not be taxed based upon an inability to pay. As discussed above, Kopacz asserts that when Judge Sleet decided post-trial motions he "specifically found that it would be  inequitable" to impose costs upon Kopacz (DI 203, p.2).

        **3)** Apparently Kopacz is referring to Judge Sleet's  Memorandum and Order, wherein the Court stated,  "To the extent Kopacz might arguably be the losing party, sufficient evidence regarding his financial situation was adduced at trial to satisfy the court that he is unable to pay the thousands of dollars in fees and costs demanded by defendants."  (DI 175, p. 7).

    **D)** Kopacz's reliance upon the Court's ruling, as the basis for his objection, raises a legal issue.  Resolution of legal issues is a matter reserved for the Court, not the Clerk.

    **E)**  Whereas this is a matter for judicial determination, the Clerk will deny DRBA's request for costs of the "Reporter's Transcript".

For the reasons stated above, DRBA's entire bill of costs is **DENIED.**

Dated: July 21, 2008

3

Peter T. Dalleo,  Clerk
U.S. District Court for the
District of Delaware


By _Brian K. Blackwell_

Brian K. Blackwell
Deputy Clerk


cc:     The Honorable Gregory M. Sleet
        Carmella P. Keener, Esq.
        Bernard A. Van Ogtrop, Esq.
        Peter T. Dalleo, Clerk